# LaMONICA HERBST & MANISCALCO, LLP

Salvatore LaMonica
Gary F. Herbst °
Joseph S. Maniscalco
David A. Blansky
Adam P. Wofse ◊
Melanie A. FitzGerald *
Holly R. Holecek ‡
Jacqulyn S. Loftin

Rachel M. Hollywood, Esq., Of Counsel

*MOVING FORWARD. STAYING AHEAD.*®

3305 Jerusalem Avenue
Wantagh, New York 11793

Phone (516) 826-6500
Facsimile (516) 826-0222

WWW.LHMLAWFIRM.COM

Jordan Pilevsky ◊
Rachel P. Stoian +
Nicholas C. Rigano

Also admitted in CA   +
Also admitted in CO   °
Also admitted in CT   *
Also admitted in MA   ‡
Also admitted in NJ   ◊

August 6, 2015

***Via Electronic Filing***
Honorable Carla E. Craig, Chief Judge
U.S. Bankruptcy Court, EDNY
Conrad Duberstein Courthouse
271 Cadman Plaza East, Suite 1595
Brooklyn, NY  11201-1800

       **Re:**  Brian Denker
          Case No. 15-41069-CEC
          <u>**Chapter 11**</u>

To the Honorable Chief Judge Craig:

  On August 5, 2015, our firm was retained to represent Edward John Denker Youngs in the above-mentioned chapter 11 proceeding. Mr. Youngs is the estranged spouse of the debtor—Brian Denker (the "<u>Debtor</u>").

  On July 24, 2015, the Debtor submitted an application seeking the entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directing the examination of, and the production of documents by, Mr. Youngs (the "<u>2004 Application</u>") [docket no. 30].  The 2004 Application was submitted by Notice of Presentment with the proposed Order to be presented to the Court on August 11, 2015 with objection due by August 4, 2015.

  The Debtor never served Mr. Youngs with a copy of the 2004 Application as reflected by his failure to file an affidavit of service on the docket. The service of the 2004 Application was inadequate, and as a result Mr. Youngs was prejudiced by his inability to file a timely objection.

  Further, the 2004 Application is devoid of any information pertaining to the status of the pending litigation between Mr. Youngs and the Debtor. Prior to the filing, the Debtor and Mr. Youngs were in the midst of a matrimonial action pending in the New York State Supreme Court (the "<u>Matrimonial Action</u>"). The Matrimonial Action, which was in the discovery phase, was stayed upon the Debtor's voluntary filing. Yet, upon the filing date, the Debtor filed the instant

**LAMONICA HERBST & MANISCALCO, LLP**
      **ATTORNEYS AT LAW**

Ltr. re 2004 Application
August 6, 2015
Page 2

2004 Application demanding the production of documents by, and the examination of, Mr. Young. It is clear that the Debtor is attempting to circumvent the stayed Matrimonial Action and obtain discovery from Mr. Youngs in connection with such action. This is clearly an impermissible use of Bankruptcy Rule 2004 and the bankruptcy process in general.

      Lastly, the proposed Order annexed to the 2004 Application fails to list the documents that the Debtor is seeking to obtain from Mr. Young. As it currently reads now, the proposed Order directs Mr. Youngs to produce documents set forth in "Exhibit A" annexed to the 2004 Application. The only exhibit annexed to the 2004 Application is the proposed Order, which does state the documents being sought from Mr. Young. Therefore, the Debtor has failed to provide Mr. Youngs with notice of the scope of his investigation.

      For the reasons set forth above, Mr. Youngs requests an opportunity to submit an objection to the present 2004 Application and requests an immediate hearing on the matter.

      Thank you for your attention to this matter.

      Respectfully submitted,

      *s/ Jacqulyn S. Loftin*
      Jacqulyn S. Loftin

cc:    Edward John Denker Youngs (*via electronic mail*)
       Louis F. Simonetti, Esq. (*via electronic mail*)
       Lawrence Morrison, Esq. (*via electronic mail)*

*M:\Documents\Company\Cases\Youngs, Edward\Ltr to Chambers re Bankr. R. 2004 App.doc*