MORRISON TENENBAUM PLLC  
Lawrence F. Morrison, Esq.  
87 Walker Street, Floor 2  
New York, New York 10013  
(212) 620-0938  

Presentment Date: 9/11/15 at 12:00 Noon  
Objections due: 9/7/15 at 5:00 p.m.  
Hearing Date, if necessary: 9/16/15 at 3:00 p.m.  

*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT  
**EASTERN DISTRICT OF NEW YORK**  
-----------------------------------------------------------X

In re:  

BRIAN DENKER,  

                Debtor.  

-----------------------------------------------------------X

Chapter 11  

Case No. 15-41069 (CEC)

## NOTICE OF PRESENTMENT

**PLEASE TAKE NOTICE**, that Brian Denker (the "**Debtor**"), by his attorneys, Morrison Tenenbaum PLLC., will present the annexed motion and proposed order granting the motion of the Debtor for entry of an Order **pursuant to 11 U.S.C. § 1112(a) granting Debtor's motion to convert his bankruptcy proceeding from Chapter 11 to one under Chapter 7**, to Honorable Carla E. Craig, Chief United States Bankruptcy Judge, in her Chambers located at the United States Bankruptcy Court, 271 Cadman Plaza East, Room 3529, Brooklyn, New York 11201, on September 11, 2015 at 10:00 a.m. (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the annexed Order must be made in writing and shall be filed with the Clerk of the Court, with a copy delivered to the Chambers of the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, in her Chambers located at the United States Bankruptcy Court, 271 Cadman Plaza

East, Room 3529, Brooklyn, New York 11201 and served upon counsel to the Debtor, Morrison Tenenbaum PLLC, 87 Walker Street, Floor , New York, New York 10013; and (ii) the Office of the United States Trustee, 271 Cadman Plaza East, Brooklyn, New York 11201, in order that they be received in hand by no later than 5:00 p.m., on September 7, 2015. If any objections are received, a hearing will be held on September 16, 2015 at 3:00 p.m.

**PLEASE TAKE FURTHER NOTICE**, that unless timely objections are filed, the Order may be approved and entered by the Bankruptcy Court without a hearing.

**PLEASE TAKE FURTHER NOTICE**, that if objections are timely filed and served, or if the Court so directs, a hearing will be held before the Honorable Carla E. Craig in her Courtroom on a date to be determined.

Dated: New York, New York
       August 21, 2015

**MORRISON TENENBAUM PLLC**

By: _/s/ Lawrence Morrison_
    Lawrence F. Morrison, Esq.
    87 Walker Street, 2nd Floor
    New York, NY 10013
    (212) 620-0938

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                          Chapter 11

    BRIAN DENKER,                          Case No. 15-41069 (CEC)

                      Debtor.
-------------------------------------------------------------X

## DEBTOR'S MOTION TO CONVERT
## FROM CHAPTER 11 TO CHAPTER 7

      Brian Denker, the above-captioned debtor and debtor in-possession herein (the "**Debtor**"), by and through his undersigned attorneys, submits this motion in support of an Order, pursuant to Section 1112(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), converting the Debtor's chapter 11 case to a chapter 7 case ("Motion"), and respectfully represents and alleges:

### BACKGROUND

    1.    On March 13, 2015 (the "**Petition Date**"), the Debtor filed a voluntary Petition for relief under chapter 11 of the Bankruptcy Code and an Order for Relief was entered.

    2.    The Debtor is an individual who is the Rabbi. His financial difficulties resulted from his husbands charging of credit cards without his knowledge or consent. The Debtor is no longer in a position to file a feasible plan of reorganization.

### JURISDICTION AND VENUE

    3.    This Court has jurisdiction over this case and this Motion, as a core proceeding, pursuant to 28 U.S.C. § 157 and1334. Venue of this Motion in this District is proper pursuant to 28 U.S.C. § 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28

U.S.C. § 157(b). The statutory predicates for this Motion are § 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017.

## DISCUSSION

4.      By way of this Motion, the Debtor respectfully seeks an Order converting his chapter 11 case to a chapter 7 case. A request for conversion of a chapter 11 case is governed by Section 1112(a) of the Bankruptcy Code, which provides, in pertinent part, that:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title unless—
> (1) the debtor is not a debtor in possession;
> (2) the case originally was commenced as an involuntary case under this chapter; or
> (3) the case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a).

5.      Section 1112(a) of the Bankruptcy Code provides that a debtor in possession may convert a chapter 11 case to chapter 7 unless the case was commenced by an involuntary petition or was converted to chapter 11 upon someone else's request.

6.      The Debtor respectfully submits that he is a debtor in-possession, that the case was not commenced by an involuntary petition, nor was it converted to chapter 11 upon someone else's request, and thus the Debtor has a right to convert the chapter 11 case to chapter 7.

7.      The Debtor seeks conversion from chapter 11 to chapter 7 because he was unsuccessful in his attempt to generate the income necessary to fund a plan of reorganization, and such a conversion is in the best interests of the creditors and the estate.

## CONCLUSION

8.     Based upon the foregoing, the Debtor respectfully requests that an Order be entered, pursuant to § 1112(a) of the Bankruptcy Code, converting this chapter 11 proceeding to a chapter 7 case, and granting such other and further relief as this Court deems just and proper.

9.     Because there are no novel issues of law presented by this Motion and the relevant points of authority have been set forth herein, the Debtor respectfully requests that the court waive the requirement that the Debtor file a memorandum of law in support of this Motion.

10.    No prior application for the relief sought herein has been made by the Debtor in this or any other Court.

Dated: New York, New York
       August 3, 2015

                          MORRISON TENENBAUM PLLC

                          By:  /s/ Lawrence Morrison
                               Lawrence Morrison
                               87 Walker Street, Floor 2
                               New York, NY  10013
                               (212) 620-0938

                        Attorneys for Debtor


                         /s/ Brian Denker
                        Brian Denker, Debtor

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In re:**                                                                                      Chapter 11

       BRIAN DENKER,                                           Case No. 15-41069 (CEC)

                   Debtor.
-------------------------------------------------------------X

### ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7

Upon the motio (the "**Motion**") of the Debtor for an order converting the above-referenced case from Chapter 11 to Chapter 7, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is

**FURTHER ORDERED** that service by United States First Class mail of a copy of this Order and the Motion upon which it is granted on (a) the United States Trustee; (b) all creditors of the Debtor; (c) all relevant taxing authorities; and (d) all creditors who have served on the Debtor and have filed with this Court a request for notice in this case.

Dated: New York, New York
       September__, 2015

                                                                   _____
                                                                   HONORABLE CARLA E. CRAIG
                                                                   CHIEF UNITED STATES BANKRUPTCY JUDGE