**LaMonica Herbst & Maniscalco, LLP**  3305 Jerusalem Avenue, Suite 201  Wantagh, New York 11793  Tel: 516.826.6500  Salvatore LaMonica, Esq.  Jacqulyn S. Loftin, Esq.  *Attorneys for Edward John Denker Youngs*

**Hearing Date: October 22, 2015 at 2:30 p.m.**  Objections Due: October 15, 2015

UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT OF NEW YORK  
-------------------------------------------------------x  
In re:

BRIAN DENKER,

        Debtor.  
-------------------------------------------------------x

Chapter 11  
Case Number 15-41069-CEC

### NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY PURSUANT TO §362(d)(1) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE,** that upon the motion (the "Motion") of Edward John Denker Youngs ("Mr. Youngs"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, will move this Court before the Honorable Chief Judge Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court located at 271 Cadman Plaza, East, Brooklyn, New York, **on October 22, 2015 at 2:30 p.m.**, or as soon thereafter as counsel may be heard, seeking the entry of an Order, substantially in the form annexed hereto as Exhibit "A", vacating the automatic stay, under 11 U.S.C. § 362(d)(1) (the "Bankruptcy Code"), to allow the continuation of the matrimonial proceedings pending in the New York State Supreme Court, Suffolk County (the "State Court"), in an action captioned: Edward John Denker-Youngs v. Brian H. Denker-Youngs, Index No. 14-16968, for the State Court to make a final determination regarding the termination of the marriage between the Debtor and Mr. Youngs and all related issues and granting such other, further and different relief as this Court deems proper.

**PLEASE TAKE FURTHER NOTICE**, that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and

Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Judge Carla E. Craig, United States Bankruptcy Chief Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for Mr. Youngs, Attn: Jacqulyn S. Loftin, Esq., no later than **October 15, 2015 at 5:00 p.m.**, as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with §§ (b) as set forth in this paragraph.

Dated: September 21, 2015
       Wantagh, New York

                                      **LaMONICA HERBST & MANISCALCO, LLP**
                                      Attorneys for Mr. Youngs

                    By:    *s/ Salvatore LaMonica*
                           Salvatore LaMonica, Esq.
                           Jacqulyn S. Loftin, Esq.
                           3305 Jerusalem Avenue, Suite 201
                           Wantagh, New York 11793
                           Ph. 516.826.6500

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Salvatore LaMonica, Esq.
Jacqulyn S. Loftin, Esq.
*Attorneys for Edward John Denker Youngs*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

BRIAN DENKER,

                Debtor.
--------------------------------------------------------x

        Chapter 11
        Case Number 15-41069-CEC

# MOTION TO VACATE THE AUTOMATIC STAY
# PURSUANT TO §362(d)(1) OF THE BANKRUPTCY CODE

**TO:**   **The Honorable Carla E. Craig**
       **United States Bankruptcy Chief Judge**
       **United States Bankruptcy Court**
       **Eastern District of New York**

Edward John Denker Youngs ("Mr. Youngs"), by and through his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby moves for the entry of an Order, substantially in the form annexed hereto", vacating the automatic stay, under 11 U.S.C. § 362(d)(1) (the "Bankruptcy Code"), to allow the continuation of the matrimonial proceedings pending in New York State Supreme Court, Suffolk County (the "State Court"), in an action captioned: Edward John Denker-Youngs v. Brian H. Denker-Youngs, Index No. 14-16968 (the "Matrimonial Action"), for the State Court to make a final determination regarding the termination of the marriage between the Debtor and Mr. Youngs and all related issues in connection with the Matrimonial Action and granting such other, further and different relief as this Court deems proper and represents as follows:

**PRELIMINARY STATEMENT**

1.  As more fully set forth herein, Mr. Youngs requests relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1), so that he may proceed with the Matrimonial Action, to allow the State Court to make certain determinations, including, but not limited to, the equitable distribution of property at issue in the matrimonial action and the nature and extent of support and maintenance to be awarded. Mr. Youngs respectfully submits that cause exists to grant the relief requested herein.

**FACTUAL BACKGROUND**

**A.    The Chapter 11 Bankruptcy Proceeding:**

2.  On March 13, 2015 (the "Filing Date"), Brian Denker (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.  The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4.  The initial meeting of creditors, pursuant to Bankruptcy Code § 341, took place on May 4, 2015.

5.  On July 24, 2015, the Debtor submitted an application seeking the entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the examination of, and the production of documents by, Mr. Youngs (the "2004 Application") [docket no. 30]. The 2004 Application was submitted by Notice of Presentment with the proposed Order to be presented to the Court on August 11, 2015 with objection due by August 4, 2015.

6.  The Debtor failed to serve Mr. Youngs with a copy of the 2004 Application as reflected by his failure to file an affidavit of service on the docket. The service of the 2004

Application was inadequate, and as a result Mr. Youngs was prejudiced by his inability to file a timely objection.

7. As a result, on August 6, 2015, Mr. Youngs, through is counsel, electronically submitted a letter to the Court requesting an opportunity to submit an objection to the 2004 Application and requested an immediate hearing on the matter.

8. In response on August 6, 2015, the Debtor filed an affidavit of service dated August 6, 2015 in connection with the 2004 Application [docket no. 35] and the Debtor consented to an extension of the time to allow Mr. Youngs to file an objection. To date, the parties are waiting on the Court to schedule a hearing.

9. On August 4, 2015, the Debtor filed a motion seeking the entry of an Order converting the case from Chapter 11 to one under Chapter 7 of the Bankruptcy Code. There were no objections to the relief sought and the Order Converting the Debtor's case was presented to the Court for entry on September 11, 2015.

B. **The Matrimonial Action**

10. On August 26, 2014, Mr. Youngs commenced the Matrimonial Action in the State Court. Mr. Youngs sought a final determination regarding the termination of the marriage between the Debtor and Mr. Youngs and all related issues in connection with the Matrimonial Action.

11. Prior to the Filing Date, Mr. Youngs was prepared to move forward with the Matrimonial Action and the parties were in the midst of the information gathering and discovery phase. Both Mr. Youngs and the Debtor also submitted applications seeking the exclusive use and occupancy of the marital residence located at 33 Pennington Drive, Huntington, New York

(the "Marital Residence"). Mr. Youngs also sought the State Court's approval to sell the Marital Residence.

12. On December 11, 2014, the State Court conducted a hearing on the matter. After testimony from both sides, the State Court determined that Mr. Youngs should be granted exclusive use of occupancy.

13. Specifically, in an Order dated June 23, 2015, the State Court ruled that Mr. Youngs shall have the exclusive use and occupancy of the Marital Residence pending the Matrimonial Action, but denied Mr. Youngs application directing the sale of the Marital Residence. The Order also held that Mr. Youngs must advance all carrying charges of the Marital Residence, including, but not limited to the mortgage(s), property taxes and homeowner's insurance subject to reallocation after trial.

14. The Court further held that all other pending issues can be resolved by a speedy trial and at the next conference. The Order further directs the parties to enter into a final discovery schedule and establish trial dates.

15. It is clear that State Court is the appropriate Court to address these pending issues in connection with the Matrimonial Action, and more importantly the State Court is prepared to do so immediately.

16. Further, Mr. Youngs will be prejudiced if such requested relief is not granted. The Debtor's bankruptcy could go on for years, especially given the fact that the Debtor is now seeking to convert the case to one under chapter 7 and a Trustee will be appointed. It is quite possible that the Chapter 7 Trustee may commence avoidance actions under chapter 5 of the Bankruptcy Code, which could only prolong the process.

17. While Mr. Youngs does not oppose the conversion, Mr. Youngs is only requesting the he able to proceed with the long-standing Matrimonial Action so that the marriage can be terminated and all related issues can be resolved. As set forth above, Mr. Youngs is required to pay all the costs in connection with the Marital Residence, yet it prohibited from selling the property. This is a costly burden on Mr. Youngs, and one that can easily be resolved if Mr. Youngs is granted relief from the automatic stay and the Matrimonial Action can proceed.

18. Accordingly, Mr. Youngs further submits that cause exists under Bankruptcy Code § 362(d) for the relief requested herein and respectfully requests that the Court grant such relief.

**BASIS FOR THE RELIEF REQUESTED**

19. Bankruptcy Court § 362(d)(1) provides that "on request of a party in interest . . . the court shall grant relief from the stay . . . . such as by terminating, annulling, modifying, or conditioning such stay for cause . . . " 11 U.S.C. § 362(d)(1). In determining whether to lift the automatic stay and allow a creditor to continue litigation in another forum, the Court weighs certain factors. Specifically, the Court has adopted the following twelve factors:

> (1) whether relief would result in partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are

> ready for trial in another proceeding; and (12) the impact of the stay on the parties and the balance of harms.

*In re Cole*, 202 B.R. 356, 361 ft. 6 (S.D.N.Y. 1996)(*citing In re Sonnax Indus., Inc.*, 907 F.2d at 1286. Ultimately, a decision to lift the stay is within the discretion of the United States Bankruptcy Court and must be determined on a case-by-case basis. *See also In re Owen (Owen v. Owen)*, 1996 U.S. Dist. LEXIS 18042 * 2 (N.D.N.Y. 1996).

**A.      Cause Exhibits to Grant the Movant's Requested
         Relief to Lift the Automatic Stay**

20.     Cause has been found to exist in cases involving pending matrimonial actions. This is especially true because "[t]he state matrimonial court is the competent forum to adjudicate the respective responsibilities, obligations and property entitlement of the parties before it, and the Bankruptcy Court should not interfere with the court's customary process." *Id.* (*citing In re Levine*, 84 B.R. 22 (S.D.N.Y. 1988)); and *In Re Kaplan*, 18 B.R. 1018 (E.D.N.Y. 1982). In fact, it is well-recognized that a bankruptcy court should not dispose of property unless and until the State Court in pending matrimonial action make a determination as to the non-debtor spouse's interest in said property. *See e.g. Szyszko v. Szyszko*, 2001 U.S. Dist. LEXIS 9527 (E.D. Ill.)(holding that the bankruptcy court should have waited to determine of the sale of the martial residence under 11 U.S.C. §363(h) was authorized until after the state court determined the non-debtor and spouse's interest); *see also In the Matter of Palmer*, 78 B.R. 408 (E.D.N.Y. 1987) (recognizing that the adjudication of all rights, duties and entitlements as between the debtor and spouse are with the exclusive province of the state matrimonial court); *In re Persley*, 2008 Bankr. LEXIS 204 (Dist. Columbia)(granting relief from the automatic to have the superior court determined the non-debtor spouse interest in stock).

21. In this instance, Mr. Youngs submits that cause exists to allow him to proceed with the Matrimonial Action. Specifically, New York matrimonial courts are empowered and can direct the distribution of marital property between the spouses in the final divorce decree. *See In re Cole*, 202 B.R. 356 (S.D.N.Y. 1996); *see also, e.g., In the Matter of Palmer*, 78 B.R. 402 (E.D.N.Y. 1987). Significantly, the spouses' respective rights in marital property do not vest under New York law until entry of a judgment dissolving the marriage. *Id*. Here, since the Debtor's bankruptcy intervened before the judgment of divorce was entered, the State Court was stayed from making further determinations as to the equitable distribution of martial property. Since the State Court is the forum which defines and distributes the marital property in accordance with equitable distribution statutes, it would substantially prejudice Mr. Youngs if the Court does not afford him the relief requested herein. *Id*.

22. Finally "[t]he nature of the claim also militates in favor of relief." *Id*. Generally, bankruptcy courts defer to the state courts in matrimonial actions to promote judicial economy and out of respect for the state court's expertise in domestic relations issues. *Id*.

23. Accordingly, Mr. Youngs respectfully requests that this Court afford the relief requested herein.

24. For the reasons set forth herein, Mr. Youngs submits that his request be granted for an Order: (i) vacating the automatic stay, under Bankruptcy Code § 362(d)(1), to allow the continuation of the Matrimonial Action pending in the State Court to make final determinations relative to the parties' rights, including, but not limited to, the equitable distribution of property and the nature and extent of support and maintenance to be awarded; and (ii) granting the Movant such other, further, and different relief as this Court deems just and proper.

**WHEREFORE**, Mr. Youngs respectfully requests that the Court grant the motion for relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1) and such other, further and different relief as to the Court may deem just and proper.

Dated: September 21, 2015
       Wantagh, New York

                    **LaMONICA HERBST & MANISCALCO, LLP**
                    Attorneys for Mr. Youngs

By:    *s/ Salvatore LaMonica*
       Salvatore LaMonica, Esq.
       Jacqulyn S. Loftin, Esq.
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       Ph. 516.826.6500

*M:\Documents\Company\Cases\Youngs, Edward\Motion to Lift Stay\Motion to Vacate Automatic Stay.docx*