UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

BRIAN H. DENKER
        Debtor

----------------------------------------------------------------X

Brian H. Denker-Youngs,
        *Plaintiff*
        v.
Lawrence Morrison, Morrison Tenenbaum, PLLC
        *Defendant*

Jacqulyn Somers Loftin, LaMonica Herbst Maniscalco
counsel to non-debtor spouse Edward J Denker-Youngs
        *Defendant*

Chapter 11
Case Number 15-41069

COMPLAINT FOR AN
PRELIMINARY INJUNCTION
AND RESTRAINING ORDER

---

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
## AND TEMPORARY RESTRAINING ORDER

     I, BRIAN H. DENKER-YOUNGS, am the debtor in the above captioned Chapter 11 case before this honorable court, appearing this 3rd day of October 2015, submits this Order to Show Cause before this honorable court seeking a preliminary injunction and temporary restraining order pursuant to United States Bankruptcy Code:29 Rule: 65 Local Rule: 9075-1 and respectfully represents and alleges:

### BACKGROUND

1. On March 13, 2015, your deponent filed a voluntary Petition for relief at the advisement of retained counsel known herein as Lawrence Morrison, Esq. of Morrison Tenenbaum, PLLC and to which Mr. Morrison filed on your deponent's behalf.

2. It was and still has been Morrison's conveyance throughout that a Chapter 11 Bankruptcy filing was appropriate and would serve to provide much needed relief

3

given your deponent's current financial entanglements and debts caused by his estranged spouse. Having been trawled into such substantial debt with no real assets remaining, as Edward too has drained all the equity in our home, the only true real estate property I own, your deponent was given the conveyance that though Chapter 11, I would be afforded the help of Mr. Morrison and this honorable court to explore, find, and litigate to take back monies taken and pay them to the debts owed and clear my name.

3. To my knowledge, nothing of the such has occurred and further, without mention or informing of the same, upon logging into PACER independently on Friday, October 2, 2015 much to my shock the case had converted to a Chapter 7 from 11 with a trustee assigned. This comes immediately subsequent to demanding a meeting w Mr. Morrison's office the same day wanting updates to the filing objections to claims of my estranged spouse as a sizable creditor to my estate, and his motion for relief when in fact we (to my understanding and of information by Mr. Morrison) awaiting a date on this honorable court's calendar for a hearing on a 2004 Application filed back in July.

4. Such does not seem to be occurring however and I still remain victim to such unauthorized thefts, involuntary debt assignments, equity skimming, forgery and other unlawful financial and economic acts committed against your deponent by Edward John Denker-Youngs.

5. Your deponent has become suspicious as to how accurate Mr. Morrison's representations to your deponent has actually been given several pending updates as

to expectation to which have been set by Mr. Morrison with respect to the proceedings before this court.

6. Your deponent is a bit on alert and suspect of much given happenings within the matrimonial actions between your deponent and his estranged spouse to which much had been found between his counsel and the presiding Supreme Court Justice to be conjured up in collusion and continually talked about with respect to your deponents filing as the excuse for one reason after another. It is important to mention that my estranged spouse's Uncle and the presiding Justice are and have been connected through professional and personal networks including the Justices' election campaign.

7. Your deponent respectfully submits to this honorable court, that your deponent can furnish evidence of the same but more importantly seeks the courts further guidance and direction as debtor how to best proceed based upon the facts stated herein.

## THE BANKRUPTCY ESTATE AND EDWARD J DENKER-YOUNGS AS CREDITOR

1. Edward J Denker-Youngs on August 6, 2015, some five months subsequent to your deponents filing of a petition with this honorable court first appears and submits a claim by and through his counsel of LaMonica Herbst & Manisealeo, LLP, attached hereto labeled *exhibit A.*

2. Edward J Denker-Youngs submits a creditor statement of claims which filled with lies and fiction, seeking unjustly a claim against property to which is not separate and far from such.

3. Your deponent over the course of a year now has come to discover the true fraud and conman that Edward J Denker-Youngs is, and the same is what appears to be of the marriage. In fact, Edward J Denker-Youngs to much surprise your deponent has discovered has a past history of unlawful acts including that of mortgage fraud as can be established via the Suffolk County Public Record for 99 W Shore Road, Huntington NY 11743 to which is attached as *exhibit B* and showcases that in 2003 Edward J Denker-Youngs (aka Edward J Youngs) added a second mortgagor to the record as E J Youngs, one of many and several apparent active aliases used by the Edward J Denker-Youngs.

4. In 2006, Edward J Denker-Youngs submits the attached Universal Loan application labeled *exhibit C* and secures financing of nearly $305,000 with false claims of the original value of the home being $625,000, to which has never in the history of the property been the case. Also to take note through the Suffolk County Public Record, Edward J Denker-Youngs refinanced the property frequently that Edward J Denker-Youngs thereby never having any equity in the home.

5. In 2009, Edward J Denker-Youngs and your deponent met and by August 2010, began creating communal and joint property as is exhibited in the attached labeled *exhibit D* to which is an initial banking statement from Bethpage Federal Credit Union and joint car insurance policies from Geico respectively. Thus the instant matter herein stretches beyond a time frame to which parties were legally married, therefore this filing is independent of the marriage and Edward J Denker-Youngs must be a willing and cooperative part of the process to determine the best approach for administration of the estate and not simply given a "get out of jail card" to pass go; especially since the debts

before me that I am tied to are namely caused by him but nonetheless, my responsibility to which is important that such is addressed.

6. Further indicative of Edward's conniving conduct, in November 2011, just three months after legally wedding your deponent and without my knowledge, Edward J Denker-Youngs refinanced the 99 W Shore Road property for $295,000 and thereafter in/around February 2012, began to encourage your deponent that we should move and purchase a new home with a pool.

7. Your deponent in good faith, starting what I believe was to be a new life with my spouse, withdrew as the down payment toward a home purchase, $44,000 from my separate 401(k) retirement account. Affixed hereto labeled *exhibit E* are statements regarding the same in accompanied by checks for the closing on the current property known as the marital home and for which your deponent claimed as an exemption and homestead in his bankruptcy petitions as counseled by Mr. Morrison as being applicable under what he referred to as a "Fresh start" and explained as able to be provided to your deponent thereafter all bankruptcy proceedings conclude. However, ironically your deponent noticed on PACER as there being no assets listed to which I submit perhaps I am not with full knowledge or if such a claim is too preliminary absent an examination of Edward J. Denker-Youngs as your deponent represents that there is liquid funds as is showcased in his statement of net worth and to which were siphoned from your deponents joint accounts.

8. As is illustrated to the attached *exhibit F*, the mortgage application with Chase and accompanying conditions to which indicates that the Edward J Denker-Youngs had a lien of $191,000 not a credit, to which also illustrated, he could not close title on the property

at the time of sale. Edward J Denker-Youngs's sworn statement of Net worth is attached hereto labeled *exhibit G*. To which within the statement of Net worth, not only does it claim that placed $190k separate property (to which never existed) toward renovations, there exists obviously more than enough assets to pay the debts, I suspect because that is where he siphoned monies rather than pay your deponents bills as he led your deponent to believe he had been doing.

9. Also, is the matter of his credit statement of a claim to which is attached hereto an labeled *exhibit H*, in direct contradiction, Edward J Denker-Youngs now claims a $160,000 separate property claim. He simply cannot get an exact figure because one does not exist as he has NO separate property entitlement and absent his initial filing of a summons and complaint for divorce, forfeits his right to claim such an entitlement.

10. Attached hereto as *exhibit I*, further establishes Edward J Denker-Youngs intention to lie as your deponent has affixed such examples of payments made by your deponent to which Edward J Denker-Youngs claims he has been forced to pay (and actually did the total opposite), as such this honorable court should find is claim frivolous and dismiss it in its' entirety.

11. Yet again and consistent Edward J Denker-Youngs tells this honorable court a tale to which is far from forthcoming and honest as Edward J Denker-Youngs is also the named defendant in Brian H. Denker-Youngs vs Edward John Denker-Youngs, aka Edward J Denker-Youngs, aka Edward J Youngs aka E J Youngs, aka E John Youngs, aka John Youngs, aka John J Denker-Youngs etc. Kings County Index No. 54013-2015, an action for the annulment of the Denker-Youngs marriage pursuant to DLR § 7 alleging acts of financial fraud and economic domestic abuse against your deponent by the Edward J

Denker-Youngs and his mother Matje G Youngs. Attached hereto labeled *exhibit J* is said summons with verified complaint and the docket.

12. Your deponent also wishes to point out attached hereto *exhibit K* is an invoice displaying the date Discovery Demands were sent to my estranged spouse and emails as well from your deponent's attorney at the time Natasha Meyers's paralegal Donna to whom confirms that your deponent may drop off the files for Edward J Denker-Youngs' discovery requests dating back to November 2014, some five months prior to filing a voluntary petition for bankruptcy. Edward and his attorneys for a year now have yet to furnish one iota of true and accurate documents to which this attempt at lifting a stay is a part of a plan your deponent believes by which Edward and his attorneys will thereafter try to force a default judgment of sorts and never turn over documentation. As this honorable court will note, consistently the bankruptcy proceeding was used as Edward's excuse to "discovery being stayed" even though, such demands were in place for five months prior to the filing of a petition.

13. Attached hereto labeled *exhibit L* is also a letter dated October 1, 2015 by Edward J Denker-Youngs' matrimonial attorney to the Appellate Court Second Department to which confirms and verifies the matrimonial proceeding in Suffolk County Supreme is being held in abeyance on appeal pending this court's authorization to proceed. Confirmation of the same also provided thereto. As such, the Supreme Court couldn't rule on a final dissolution of the marriage technically.

14. Clearly a decision on the final dissolution of the Denker-Youngs marriage is far from being ready or even near to, given the allegations of fraud and theft transacted by the Edward J Denker-Youngs against your deponent that has placed your deponent in such a

precarious financial hole to which your deponent suspects funds are indeed available in Edward J Denker-Youngs secret retirement trusts that he had been setting up without your deponent's knowledge and to which upon finding out is what had prompted the summons for divorce.

15. As such, this honorable court should deny Edward J Denker-Youngs petition in its' entirety and further maintain the stay in place as there is a clear underhanded deceit happening behind your deponents' back.

16. Your deponent simply wishes to figure out how and what to do about insurmountable debt that has buried me under more than I have or am worth, yet that I had not had the benefit of transaction, benefiting or self-inflicting but nonetheless, to whose name and integrity still is tarnished by.

## AS AN FOR EXTENDING THE STAY PURSUANT TO AN ALLEGED VIOLATION OF USC § 362

17. On November 6, 2014, subsequent to suffering a stroke on September 26, 2014, your deponent submitted an order to show cause to the Suffolk County Supreme Court inclusive of which was a request for exclusive use and occupancy of the marital home to which your deponent worked and lived from. Such order to show cause is attached hereto and labeled *exhibit M*.

18. The court thereafter ordered the Edward J Denker-Youngs to review and return with counsel one week thereafter with a reply to which the Edward J Denker-Youngs and his counsel from Simonetti & Associates adjourned until filing an ex parte cross-order on December 10, 2014, some five and one-half weeks later, to which an ad-hoc conference

was called the next day December 11, 2014. The 'so-ordered' transcript is attached hereto and labeled *exhibit N*.

19. On that day, the court ordered your deponent vacate his home in 48-hours and to which a hearing on the matter was to commence January 15, 2015 but as a result of the Edward J Denker-Youngs and his counsels' continued games including a March 16, 2015 "no show", such hearing did not commence until post-petition April 30, 2015.

20. The hearing on the matter concluded May 30, 2015 and a signed order was issued by the court on June 23, 2015 to which is attached hereto and labeled *exhibit O* and is currently on appeal as referenced earlier in the Appellate Division Second Department.

21. Your deponent's affidavit of the same is attached here to and labeled *exhibit P*.

22. To your deponent's understanding having been ejected from his home without a hearing for five and one-half months is a violation of my constitutional rights to due process under the 14th amendment and further upon review of applicable case law references, suggests as well that the Suffolk Supreme Court's Order of June 23, 2015 would have violated the automatic stay and be void. Your deponent has been unable as a result of the order and directives to enter his own home since December 11, 2014. (In re: *the stay is automatic upon filing of the petition commencing a case under Code chapters 7 (liquidation), 9 (municipal debt adjustment), 11 (reorganization), 13 (individual debt adjustment), or chapter 15 (cross-border cases) with respect to foreign main proceedings. See e.g. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002); "the automatic stay requires an immediate freeze of the status quo by precluding and nullifying post-petition actions"; and In re Best Payphones, Inc., 279 B.R. 92 (Bankr. S.D.N.Y. 2002), administrative law judge's post-petition decision in proceeding*

*commenced pre-petition 'but concluded after debtor's chapter 11 filing' was void and without effect because it violated automatic stay.)*

## IN FURTHER SUPPORT OF YOUR DEPONENTS MOTION FOR A 2004 APPLICATION

23. Your deponent became suspicious of some underhanded scheme when on September 17, 2015 your deponent received the following Order to Show cause to which is attached and labeled *exhibit Q* from his former counsel Terence Christian Schurer, Esq after on August 22 and 23, 2015 having received two different emails to which was an entire left field departure from our discussed and agreed approach in the matrimonial action. Your deponent now realizes looking at the words he chose to capitalize and put in quotes that he in fact was attempting to warn your deponent. Please see *exhibit R* attached. Words like "lifted", "stay", "short-term", NOT, YOU. et al.

24. In response, your deponent filed an emergency order to show cause in Kings Court before the Honorable Justice Carl J Landicino to which is attached hereto and labeled *exhibit S*. Within that very order pursuant to Supreme Court Civil Rules and Procedure, Justice Landicino has directed automatic stays pursuant to domestic relations law to remain in effect hence, no distribution of any property or assets even with the lift of a stay can occur at this juncture pending a November 5, 2015 return date. Your deponent asks this court to please acknowledge the same for the record.

25. Your deponent also thereafter in sending such copies to Mr. Morrison keeping him informed and seeing the Edward J Denker-Youngs petition to lift the stay, only first

realized and remembered how Mr. Morrison was proactively "referred to me" opposed to me going and finding him and began to suspect something might be wrong to the extent I am concerned that no incorrect or misleading conveyances be conveyed by any means to this honorable court on my behalf.

26. As such it dawned upon me that perhaps not everything was being conveyed in my representation and so on October 1, 2015 and October 2, 2015, I began to send and forward copies of documents pertinent my bankruptcy case to Mr. William Curtin's email. Of particular example, none of the home equity debts are event listed on the schedules and are in excess of nearly $123,000. Your deponents has medical debts due to Edward's cashing and withholding of medical insurance reimbursement checks in excess of nearly $20,000 and those are absent the schedules as previously informed to Mr. Morrison back in March.

27. I also have recalled that there were several revisions to the schedules and filings that in email attached hereto as *exhibit T* I had alerted and called out to Mr. Morrison about several times and realized never seeing updates from him or hearing from him. When I alerted him to my objection of my estranged spouse's motion to lift of the stay, I got no response. I got even more suspicious when he began to tell me about the October 14, 2015 hearing to get signoff to change over to Chapter 7 in spite of the 2004 Application he submitted for which he told me would allow us to find any of the stolen money my estranged spouse (the Edward J Denker-Youngs) took and that which his mother also stole from me which could go to help pay down the debts that are ranked up in my name. Attached hereto as *exhibit U* is the note regarding the notice to convert scheduled for October 14, 2015, to which I appeal to this honorable court to allow me a brief extension

to work with the US Trustee to determine where my money has gone as I suspect was all syphoned into retirement trusts by my estranged spouse. Attached and labeled *exhibit V* is a list of accounts and institutions with account numbers I believe he has had (at least prior to last August 2014) which is mother on all of them.

28. As evidence of the same with respect to my estranged husband's conduct to steal and defraud me, embezzle money, ruin my credit and put me in debt, please see *exhibit W* checks from our Home Equity Line of Credit written without my knowledge or consent to a Chase credit card ending in x9030 to which is accompanied a letter from Chase regarding both claims on payments from our previous joint Chase checking and the credit card, illustrating that I am neither an account holder or authorized user. Further is my Discover credit card bill of January 2013 to which had no balance and then an unauthorized balance transfer of $4000.

29. *Exhibit X* are checks I discovered in our checking account upon a recent rebuild from the bank that are not my estranged spouses' handwriting but indicative of that of his mother Matje G Youngs to whom began a "living trust" just prior to our legalized marriage.

30. Further reinforcing my suspicions, attached as *exhibit Y* are copies of Edward's 2013 tax return, his pay stub and the public record as a teacher that is available. Obviously another example to his dishonesty with our federal government is displayed but further is the sizable deferments much to your deponent's surprise to which was being re-directed and never toward bills.

31. As was also referenced in subsequent court submission, my estranged husband's uncle Arthur Van Nostrand was tied to Justice Reilly's election campaign to the Supreme Court and to which as of the past 30 days, has been making several changes and entries to the

matrimonial docket as is evidence in *exhibit Z*, print outs via eTrack notifications and online eTrack from April 2015, September 22, 2015, September 30, 2015 and October 2, 2015 respectively with all alterations.

WHEREFORE, your deponent respectfully requests that this honorable court **ORDERS:**

1. With immediate effect, a preliminary injunction of your deponent's bankruptcy estate in prohibiting the conversion from Chapter 11 to 7 pending a 2004 Application and deposition of Edward J Denker-Youngs and confirmation to which such examinations as to if there is / isn't liquid funds to which creditors may be paid prior to liquidation and discharging of any debts

2. A temporary restraining order of all proceedings in the Suffolk County Supreme Court against your deponent as "defendant" are stayed from proceeding forward on any equitable distribution of assets until such determinations of available funds and debts of the within proceeding are determined.

3. Granting permission for the State of New York Supreme Court – Second Department, Appellate Division proceed with their review of debtor's appeal and Order to Show cause, currently being held in abeyance

4. Any and other such relief this court deems just and proper.

Respectfully Submitted:

October 5, 2015

Sworn before me this 5 day of October, 2015
STATE OF NEW YORK
COUNTY OF KINGS
SIGNED BEFORE ME ON 10/5/2015
BRIAN HOWARD DENKER-YOUNGS

Brian H. Denker-Youngs
25 Boerum Street #18
Brooklyn, NY 11206
t. 917-373-5019

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2019

15

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

BRIAN H. DENKER                                    Chapter 11
       Debtor                                       Case Number 15-41069
-------------------------------------------------------------X

Brian H. Denker-Youngs,
                *Plaintiff*
      v.

Lawrence Morrison, Morrison Tenenbaum, PLLC
               *Defendant*                                 VERIFICATION

Jacqulyn Somers Loftin, LaMonica Herbst Maniscalco
counsel to non-debtor spouse Edward J Denker-Youngs
               *Defendant*

_____

I, BRIAN H. DENKER-YOUNGS, being duly sworn, deposes and says that I am the PLAINTIFF, appearing Pro Se, in the within action; that I am familiar with the foregoing Order to Show Cause and knows the contents thereof, that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe to be true.

Date:      New York, New York

October 5, 2015

                                  BRIAN H. DENKER-YOUNGS
                                  25 BOERUM STREET #18E
                                  BROOKLYN, NY 11206

STATE OF NEW YORK
COUNTY OF KINGS
SIGNED BEFORE ME ON 10/5/2015
BRIAN HOWARD DENKER-YOUNGS

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2019

1