**MORRISON TENENBAUM PLLC**
Lawrence Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

       BRIAN DENKER.,

                  Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 15-41069 (CEC)

### APPLICATION IN SUPPORT OF AN ORDER GRANTING MORRISON TENENBAUM, PLLC LEAVE TO <u>WITHDRAW AS COUNSEL OF RECORD TO THE DEBTOR</u>

Morrison Tenenbaum PLLC ("MT"), as and for its application for entry of an Order, pursuant to §105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 2090-1(d), granting MT leave to withdraw as counsel of record to Debtor Brian Denker in connection with this proceeding, respectfully represents and alleges as follows:

### <u>JURISDICTION AND VENUE</u>

1.    This Court has jurisdiction over this case and this application pursuant to 28 U.S.C. §157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges. The statutory predicates for the relief sought herein are §105(a) of the Bankruptcy Code and Local Bankruptcy Rule 2090-1(d).

2.    Consideration of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1409.

Case 1-15-41069-cec    Doc 55    Filed 10/06/15    Entered 10/06/15 09:58:34

## BACKGROUND

3. On March 13, 2015 the Debtor, Brian Denker filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. No receiver, examiner or creditor's committee had been appointed.

4. On May 13, 2015 an order authorization the retention of MT as counsel to the Debtor was entered.

5. The Debtor -after consultation with counsel- agreed to convert the Chapter 11 case to chapter 7. On October 1, 2015, an Order granting Debtor's motion to convert from a case under Chapter 11 to a case under Chapter 7 was entered.

6. The Debtor and counsel had a good working relationship until the Debtor and counsel had a disagreement about the procedure for addressing a motion for stay relief which is scheduled for October 22, 2015. Counsel was clear that issues relating to the matrimonial proceeding had to be addressed in matrimonial court. The Debtor wanted to file an improper objection which MT would not do.

7. Counsel and the Debtor met on October 2, 2015 at counsel's offices. The Debtor thanked counsel for meeting with him in the annexed email. Shockingly on October 5, 2015, without consulting counsel, the Debtor filed several motions and discharged counsel.

8. <u>The Debtor has a history of strife with attorneys and upon information and belief has fired three prior to my discharge.</u>

## DISCUSSION

9. MT has been discharged by the debtor and Local Bankruptcy Rule 2090-1(d) provides that "An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be

relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters"

10. MT has cause to withdraw from its representation of the Debtor pursuant to the New York Code of Professional Responsibility, which requires a lawyer to withdraw from representing a client if the client discharges its lawyer. Disciplinary Rule 2-110(B)(4).

11. Again our firm was discharged yesterday. The Second Circuit has stated that "the Model Code provides guidance for the court as to what constitutes „good cause" to grant leave to withdraw as counsel." *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999); *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, No. 91-CV-221, 1994 WL 660533, at *4 n.1 (N.D.N.Y. November 18, 1994) (citing *Armstrong v. McAlpin*, 625 F.2d 433, 446 n.26 (2d Cir. 1980), vacated on other grounds, 449 U.S. 1106 (1981)); see also *Joseph Brenner Assocs. v. Starmaker Entertainment, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (citing New York implementation of Model Code in affirming district court's decision granting counsel's withdrawal motion).

12. MT has a duty to withdraw as the Debtor's counsel, as he is discharged by his client, pursuant to the Disciplinary Rule 2-110(B)(4).

13. In addressing motions to withdraw as counsel, courts typically consider whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Brown v. National Survival Games, Inc.*, 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y 1994). Here, there will be no delay as there are no motions or proceedings currently scheduled in the above-captioned matters.

14. It is respectfully submitted that MT has demonstrated satisfactory cause to be permitted to withdraw as counsel of record to the Debtor. Accordingly, MT should be granted leave to withdraw as counsel to the Debtor as to all future matters related to this proceeding.

## CONCLUSION

15. Based upon the foregoing, MT respectfully requests that the Application be granted in its entirety and that the Court grant such other and further relief as the Court deems just, equitable and proper.

16. No previous request for the relief sought in this application has been made to this or any other Court.

Dated: New York, New York
October 6, 2015

                        **MORRISON TENENBAUM, PLLC**

                        By: /s/Lawrence F. Morrison
                            Lawrence F. Morrison, Esq.
                            87 Walker St, Floor 2
                            New York, New York 10013
                            Tel: (212) 620-0938

# EXHIBIT A

## AFFIRMATION IN SUPPORT

MORRISON TENENBAUM PLLC
Lawrence Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

BRIAN DENKER.,

      Debtor.
-------------------------------------------------------------x

         **Chapter 11**

         **Case No. 15-41069 (CEC)**

## AFFIRMATION

Lawrence Morrison, an attorney duly admitted to practice in the State of New York, affirms the following under the penalty of perjury.

1. My firm is counsel to the Debtor. My firm has been discharged as counsel to the Debtor on Monday, October 5, 2015.

2. The reason I am proceeding by order to show cause instead of regular motion is there is an urgency that I be allowed to withdraw at once based on the deterioration of the relationship between lawyer and client, it is critical that the hearing be held as soon as possible as the debtor has filed several motions dealing with his estranged husband without my knowledge or consent and I require court permission to withdraw prior to these motions being adjudicated.

Dated: New York, New York
   October 6, 2015

                */s/ Lawrence Morrison*
                Lawrence Morrison

# EXHIBIT B

## PROPOSED ORDER TO SHOW CAUSE

MORRISON TENENBAUM PLLC
Lawrence Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

BRIAN DENKER.,

                         Debtor.
-------------------------------------------------------x

                                        **Chapter 11**

                                        **Case No. 15-41069 (CEC)**

## ORDER TO SHOW CAUSE WHY MORRISON TENENBAUM, PLLC SHOULD NOT BE ALLOWED LEAVE TO WITHDRAW AS COUNSEL TO DEBTOR

Upon the application of Morrison Tenenbaum PLLC dated October 6, 2015, the annexed Declaration of Lawrence Morrison, dated October 6, 2015, and all the prior proceedings herein, it is hereby;

**ORDERED**, that Debtor Brian Denker show cause at a hearing before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge for the Eastern District of New York, in Courtroom 3529 at the Courthouse located at 271 Cadman Plaza East, Brooklyn, New York 11291, on the October __, 2015 at _____ why an Order should not be entered granting leave for Morrison Tenenbaum PLLC to be relieved in as counsel to Debtor in case number 15-41069 (CEC); and it is further

Case 1-15-41069-cec    Doc 55    Filed 10/06/15    Entered 10/06/15 09:58:34

**ORDERED** that service of a copy of this Order upon Brian Denker, the United States Trustee's Office and the Chapter 7 Trustee by overnight delivery on or before October 7, 2015, shall be deemed good and sufficient thereof.

**EXHIBIT C**

**EMAIL FROM CLIENT**



Lawrence Morrison <lmorrison@m-t-law.com>

## thank you
1 message

**Rabbi Dr. Brian H. Denker-Youngs, D.D.** <rabbibriand@moderndivinities.com>  Sat, Oct 3, 2015 at 1:08 AM
Reply-To: rabbibriand@moderndivinities.com
To: Lawrence Morrison <lmorrison@m-t-law.com>

thank you for taking time to meet with me today. just curious in terms of timelines / process, when do we update schedules with all creditors or any missing debts? what info do you need to get from me? do i continue to keep filing monthly Op reports?

--

My sincere best,


**BRIAN H. DENKER-YOUNGS, D.D**
Rabbi & CEO
t: 347.644.9482
e: rabbibriand@moderndivinities.com


## Modern Divinities, Corp.
Modern Matrimonies | Modern Memorials | Modern Simchas | Modern Events Unlimited

www.moderndivinities.com

proud recipient of