CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 OCT -8 P 3: 14

RECEIVED

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re:

BRIAN H. DENKER

Debtor

Chapter 13

Case Number 15-41069

---------------------------------------------------------------X

**AFFIDAVIT IN OPPOSITION AND FUTHER IN SUPPORT OF AN IMMEDIATE NEED FOR INJUNCTIVE RELIEF – TRO's REQUESTED**

I, Brian H. Denker-Youngs, am the debtor in the above captioned case herein appear this 8th day of October 2015 before this honorable court in reply to an Order to Show Cause filed by counsel Lawrence Morrison of Morrison Tenenbaum PLLC. with this court on October 6, 2015.

Your deponent herein submits this affidavit and cross-order to show cause with TRO's requested in opposition to counsel's Order to Show Cause having come upon further information to relay to the court and therefore herein submits seeking an Order of immediate injunctive relief pending party's appearance and determinations before this honorable court, October 22, 2015 2:30pm Ordering:

1. The within filing and petition before the United States Bankruptcy Court, Eastern District of New York is stayed.
2. All proceedings against the debtor Brian H. Denker-Youngs and Suffolk County, New York are hereby stayed until further notice pending determination of any violation by the court of the bankruptcy stay.

3. Application of Lawrence Morrison for leave to withdraw is hereby denied.

4. Debtors cross-order is hereby granted discharging with cause Lawrence Morrison and holding him in contempt of this honorable court.

5. And it is Further Ordered, the return of funds paid by the debtor herein to Lawrence Morrison of Morrison and Tenenbaum, PLLC in the sum of Ten Thousand Dollars ($10,000) to be paid over to new counsel as the court might direct / recommend within five (5) days from the date of this order.

Respectfully submitted:

October 8, 2015

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:

BRIAN H. DENKER

Debtor

Chapter 11

Case Number 15-41069

-----------------------------------------------------------X

**AFFIDAVIT IN OPPOSITION AND FUTHER IN SUPPORT OF AN IMMEDIATE NEED FOR INJUNCTIVE RELIEF – TRO's REQUESTED**

I, Brian H. Denker-Youngs, am the debtor in the above captioned case herein and was represented by counsel Lawrence Morrison of Morrison Tenenbaum PLLC. Appearing this 8th day of October 2015, in response to an application submitted before this honorable court by Order to Show Cause on October 6, 2015 by Mr. Morrison seeking consent with leave to withdraw as counsel to your deponent. Your deponent herein submits this affidavit in opposition of an order with leave to withdraw as counsel and submits the attached herein, further in support of your deponents Order to Show Cause, discharging counsel Lawrence Morrison with cause and in further support and appeal to this honorable court for the need of immediate injunctive relief pending party's appearance and determinations before this honorable court, therefore moves the court by cross-order to show cause, pending the October 22, 2015 2:30pm return, your deponent respectfully requests this court issue an order for injunctive relief further finding sufficient cause holding all parties, Lawrence Morrison, Edward J. Denker-Youngs, attorneys for Edward J. Denker-Youngs Jaqulyn Loftin, Esq. and Salvatore LaMonica, Esq of LaMonica Herbst &

Maniscalco, LLP., and Louis Simonetti in contempt of this honorable court, in violation of the automatic stay pursuant to 11 USC 322, matters both herein and in proceedings against your deponent in Suffolk County Supreme Court.

**BACKGROUND**

1. Your deponent was referred to Lawrence Morrison, of Morrison and Tenebaum by "crime victim advocate" James Ingoglia of Raiser & Kenniff, P.C. Attached hereto labeled *exhibit A* is the email referring Mr. Morrison along with receipts for monies paid to Mr. Morrison including a retainer of Ten Thousand Dollars ($10,000.00) via Fidelity Cash Management Account on March 10, 2015 and a wire transfer of One Thousand, One Hundred Ninety Two Dollars ($1,192.00) to Morrison Tenebaum PLLC. for the filing of a Chapter 11 petition.

2. Attached hereto and labeled *exhibit B* is the retainer for services and that of my email and edits back to his paralegal Marco sent on April 2, 2015 at 7:51pm. along with supporting emails regarding the subject matter to which your deponent clearly displays the understanding by which counsel had conveyed the appropriateness, need and applicability for filing a Chapter 11 petition, the benefits and process to which would provide relief under United States Bankruptcy laws. Your deponent also respectfully requests the court pay specific attention to the summary of comments in the tracked changes pages of the retainer marked by a feature of Adobe Acrobat for Number 2 and 4 and 5. Inclusive of which also clearly outlines your deponent understanding and expectations of the scope of Mr. Morrison's representation and work retaining him on such a filing and petition for Chapter 11 bankruptcy. To that extent, your deponent also wishes to point out that the retainer no where makes mention of representation of your deponent in a Chapter 7

filing and to which challenges Mr. Morrison's authority and position to have converted the Chapter 11 to a 7 without a modified retainer and/or agreement in place to clarify and spell out such representation in proceeding as such.

**NEGLEGINT IN REPRESENTATION OF THE DEBTOR**

3. Mr. Morrison, his paralegal Marco and your deponent exchanged various documents as required using a drop box folder setup and as exhibited in the attached *exhibit C* to which your deponent has included the scan of schedules and edits marked up on the schedules on/around March 27, 2015 at 8:44pm to Mr. Morrison as is shown in the screen shot of the file dropbox folder. As this honorable court will take note of, the edits and changes your deponent made are not effected in the least from these schedules.

4. As is illustrated and consistent throughout such emails affixed to and labeled *exhibit D* your deponent kept revisiting and informing Lawrence Morrison and his paralegal as to the Home Equity Line of credit on March 11, 2015, March 13, 2015, March 24, 2015, March 30, 2015, March 31, 2015, April 23, 2015, July 16, 2015, August 9 2015, and October 1, 2015.

5. Your deponent and my understanding as to why a Chapter 11 filing was necessary, the relief and advantage vs. dis-advantage of filing and what would occur in the process is clearly illustrated in email communications to which ironically although Mr. Morrison provides this honorable court one email of a "thank you" for meeting with your deponent. Mr. Morrison fails to provide the remaining emails for that day that were exchanged and are attached hereto labeled *exhibit E.*

6. Within those emails this honorable court will notice your deponent calling out again to missing debts from the schedules, the correct "legal name" of your deponent, but even more specifically, your deponent recapped the summation of the meeting to which took place on

October 2, 2015 at Mr. Morrison's office, to which he replied at 1:19pm "We are going to put some opposition together and I will at the claim." as well as at 1:38pm acknowledging the missing creditors again and asking for their addresses.

7. Your deponent met with Mr. Morrison and his paralegal on October 1, 2015 at 87 Walker Street in New York City, knew it would be best to capture and document the meeting, and did so by recording the meeting via an audio recorder application from his mobile phone. The certified transcribed minutes of the meeting are attached hereto labeled *exhibit F*. Audio is available should the honorable court require the same.

8. Counsel in his order to show cause references your deponent having a "history of strife" with firing of three attorney's in the matrimonial action. To which I had explained previously several times and although as the Appellate Court Law Clerk told my estranged husband's matrimonial attorney, it is my lawful right to hire/fire as many attorneys as I deem fit. I have offered the following to which I stand by as explanation of having fired three attorneys. When lies and falsehoods is what prevails as has in the matrimonial action as my estranged spouse and his attorneys have not conveyed one iota of truth in any statement that has come out of their mouths, your deponent can only hold accountable one and only one individual for the reason lies prevail over the truth; that one individual is your deponent's attorney(s) for not perhaps doing their job well or protecting and safeguarding your deponent's interests from lies. Perhaps that makes me a bad client and stubborn as I am not willing to acquiesce defeat to lies, but having been down the journey and road I have health wise, I hold my name and my integrity too important to not give something my all and defend the truth, even if I must do so alone and gives an adversary something to hold against me (firing counsel who don't do their jobs well).

**COURT DOCKET IRONIES AND COINCIDENCES WITH RESPECT TO TIMELINES**

9. Independent of all of the above, the court dockets speaks for themselves in that there perhaps is more to meets the eye than what appears at the surface and further seeks to establish the same as attached and labeled *exhibit G* is the docket from the case herein. Attached as well labeled *exhibit H* are print outs of the court docket for the Suffolk County Supreme action dated April 5, 2015, August 23, 2015, September 22, 2015, October 2, 2015, and October 6, 2015 respectively.

10. Your deponent calls the courts attention to a few ironies. Viewing the printout from August 23, 2015, the dockets displays as *last appearance* being August 20, 2015 with a *next scheduled* conference on October 8, 2015. On the printout dated September 22, 2015, the docket displays now a *last appearance* of September 18, 2015 and *next scheduled* appearance of October 19, 2015, taking note no indication of a "motion 5."

11. Directing attention to the print out dated October 2, 2015, now a *last* appearance of an appearance of September 18, 2015 and *next scheduled* appearance of October 19, 2015 **with a motion 5**.

12. Motion 5 is an order attached and labeled *exhibit I* to which indicates a signed Order of September 18, 2015 for which your deponent was not present, was not filed by your deponent, although indicated as filed by the Defendant. Further, as indicated in *exhibit J* Motion 5 had only first been added to the docket on October 2, 2015 weeks after it had been signed and subsequent to the Supreme Court County of Kings court appearance before the Honorable Justice Carl J. Landicino. Further indicative of manipulation of the dockets and filings, of even date, Terence Schurer despite the Order to Show Cause of the Suffolk County Supreme Court relieving counsel, Mr. Schurer is still listed as "active" counsel to your deponent despite the reality that

your deponent has no representation and is further restrained from motion practice given the courts discretionary stay and indicating upon service of any orders filed, a stay of 30 days goes in effect.

13. Also to be found ironic, as displayed in *exhibit M* dated April 5, 2015 are the true and accurate file dates of the various motions. Displayed in *exhibit N* October 6, 2015 are the dates and all motions listed as having been submitted Mach 30, 2015. In comparison to this courts docket, on March 30, 2015 a significant amount of "TERMINATIONS" are listed and indicated for the same day.

14. Your deponent is reminded of the initial bankruptcy petition filing to which was by Mr. Morrison's advisement that we needed to do so "ASAP" and ironically looking back occurred on the cusp of what was supposed to be the hearing around exclusive use and occupancy of the marital home and for which neither my estranged spouse and his counsel appeared in court without any notice or request for adjournment. Your deponent was ejected from his own home and home-based businesses on December 11, 2014 with an order from the bench and no opportunity to be heard until April 30, 2015. To which your deponent believes is a violation of his 14th Amendment Constitutional right. To that extent, attached hereto labeled *exhibit O* are supporting references regarding the same and an approximation of current loss of business as a result of the involuntary displacement to which Mr. Morrison has been kept abreast of.

15. Of even more bizarre findings, is that attached and labeled *exhibit P*, the honorable court will take notice that the "full submitted" dates for all the submit dates for motion 1 on March 5, 2015 was December 10, 2014 *(pre-petition)*, and thereafter were on March 20, 2015 as indicated were all changed to March 30, 2015 submit dates *(post-petition)*. Your deponent again is not an attorney and may be misunderstanding a bit here however, it certainly appears quite ironic that

there are these coincidences and to my understanding reading materials regarding the United States Bankruptcy Regulations of the Automatic Stay, to which I knew nothing about until post petitioning of what such a stay even was, according to 11 U.S.C. § 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay against the following activities: any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

16. Attached hereto as exhibit Q is Motion #1 in Suffolk County Supreme Index No: # 169698 and *exhibit R*, motion #3 (paragraphs 5, 7-10) submitted by your deponent and to which references debts owed to your deponent as well as *exhibit S* (paragraphs 8-10,31-36,40-43), your deponents reply papers to his estranged spouses cross-order in opposition to Motion #1.

17. Of even more particular interest attached hereto and labeled *exhibit T* are various emails pertaining to the matrimonial proceeding between your deponent and Mr. Morrison. In particular is his email of March 16, 2015 to which he inquires "did your attorney inform the court of the filing." Your deponent is now suspicious if the encouragement by counsel and timing of filing et al was not all a setup and trick orchestrated by your deponents estranged spouse and his counsel.

18. Attached hereto labeled *exhibit U* is Louis Simonetti's Affidavit in Opposition (page 3, paragraphs 15-16) which not only refers to a counter-claim filed against your deponent June 2, 2015 (to which Morrison was aware of and did nothing) but to which Simonetti discusses your deponent's bankruptcy filing and further advises matters should be "stayed against the debtor."

19. Attached here to and labeled *exhibit V* is your deponent's estranged spouses "Affidavit in Opposition" to the Second Department Appellate Court to which is sworn to and signed September 9, 2015 to which the entire affidavit is outright fiction but specific to the action herein, referring to page 12, paragraph 29, your deponent's estranged spouse once again as his

counsel so frequently leveraged for months to their benefit cites the automatic stay of your deponent's bankruptcy estate "Unfortunately, discovery has not been commenced in this matter because the Appellant has been fixated on the issue of exclusive use and occupancy. In addition, he then proceeded to fraudulently file for Bankruptcy, thus staying all equitable distribution in our matter, including discovery. So even if we wanted to proceed with the exchange of documents we cannot do so. The Appellant references several checks and deposits and withdrawals, without seeing the transactions and the context in which they were made, I have no idea what the purpose of them was."

20. Further, attached hereto labeled *exhibit W* is your deponent's estranged spouses' attorney's letter of August 6, 2015 [document 37] representing to the court "The matrimonial action which was in discovery phase, was stayed upon the Debtor's voluntary filing. Yet, upon the filing date, the Debtor filed the instant 2004 Application demanding the production of documents by and the examination of. Mr Youngs." and further your estranged spouses declaration [document no. 45] to which is dated August 14, 2015 stating "As a result of the Debtor's filing, the Matrimonial Action has been stayed" and "...to allow the Matrimonial action to proceed so that the State Court can make finial determinations in connection with the parties rights, including but not limited to the equitable distribution of property and the nature and extent of support and maintenance to be awarded and granting such and other, further relief as this Court deems proper." As already established discovery requests and demands were exchanged five months prior to the filing of a petition in October and November to which your deponent complied but his estranged spouse for five months thereafter never did.

21. It is becoming by the day to me every more clearer that your deponent has been setup by his estranged spouse and counsel to coerce me into filing a petition for bankruptcy, leverage the

stay to their benefit and to which to further alienate me from any rights of property, support, examination of assets and to be left with debt upon debt. Further supported by the ironic fact your deponent is the petitioner in this case however, has not once used the automatic stay as an excuse or benefit to any means, yet the only thing that is focal point of my estranged spouse and his counsel is citing the automatic stay as excuses for justifying non-performance. Yet, ironically post-petition, after your deponent being ousted from his own home, denied due process and further financially impacted by being displaced from his businesses and his property to which was filed initially as property of your deponent's bankruptcy estate and homestead exemption, the Suffolk Count State Courts, your deponents estranged spouse and his counsel secure an order of exclusive use occupancy. *(In re Best Payphones, Inc., 279 B.R. 92 (Bankr. S.D.N.Y. 2002), administrative law judge's post-petition decision in proceeding commenced pre-petition 'but concluded after debtor's chapter 11 filing' was void and without effect because it violated automatic stay.)*

22. I am also quite concerned that so many creditors despite reminders were missing from schedules inclusive of a significant number of debts including Bethpage Federal Home Equity Line of Credit for $123,737, the Law Office of Anthony Capetola $46,800, Northshore LIJ approx $17,000, Martin Handler $5,000 approx, Natasha Meyers $10,000 and Verizon $323

23. Also of particular concern is my estranged husband's accusation that I have "fraudulently" filed for bankruptcy. To that extent I am beginning to suspect that this was a setup to which he has attempted to circumvent discovery of the hidden funds, and absent listing so many significant debts, it ensures with a discharge that I am still in debt thereafter, and retain bad

credit to not even be able to consider vying to receive our home in the divorce and again deters any attention away from examining his financial records and transactions all the same.

**COUNSEL'S POSITION ON MARITAL ISSUES AND THE BANKRUPTCY PETITION**

24. As outlined in the certified transcripts of the October 2, 2015 meeting with Lawrence Morrison with respect to your deponents' estranged spouses claim as creditor as well as motion to lift the stay and there being no legal reason to object to it (page 19 line 9 - of exhibit F) and email of September 9, 2015 replying "please let this go for now, we can deal with this later."

25. Mr. Morrison claims to be disinterested in the matrimonial action but your deponent has been invoiced even by Mr. Morrison for "matrimonial updates" as well as is illustrated in the various emails event to the extent there is the email inquiring if my attorney informed the court of the filing, and thereafter in respect to complaints about the exclusive use and occupancy being obtained unethically, under manipulation and lies, as well as Mr. Morrison's inquiry re: getting an order directing the sale of the house from April 2015.

**SUDDEN CONVERSION FROM CHAPTER 11 TO 7 AND THE TRUSTEE**

26. Your deponent has learned that with the conversion of a petition from a Chapter 11 to 7 (as was done by Morrison pre-mature to the October 14 scheduled presentment which was cancelled on the docket) such conversion automatically does away with the petition for a 2004 Application and hearing. Ironic upon examining the docket [doc No. 47] filed on October 1, 2015, said order has a line crossing out your deponents deposition date of this honorable courts order to which is dated July 31, 2015. As such your deponent herein

challenges the validity of the conversion of the case by Mr. Morrison having "altered" a signed court order.

27. For reference to this honorable court, attached hereto labeled *exhibit W,* your deponent on October 1, 2015 sent the attached letter to Mr. Curtin conveying my concerns as to something going on.

28. Your deponent asks this honorable court recall his affidavit in fact testifying to the attached *exhibit X* where as your deponent is suspect of his estranged spouses Uncle, as being acquainted with Justice Reilly (presiding matrimonial judge in Suffolk County) and to whom is good friends with Northport Village Justice Paul Senzer; in looking up assigned Trustee to which was added on October 1, 2015, Ricahrd J McCord, attached hereto and labeled *exhibit Y* also is known as the Honorable Richard J McCord, Village Justice of Glen Cove, New York, a town within minutes away from the Huntington, Northport vicinity of the Northshore of Long Island.

29. Your deponent is unaware of what the process is as to how such Trustees are assigned however, ironically in connection to the pre-mature conversion, the missing debts and avoidance by Morrison on certain issues, your deponent finds it questionable as to both why a Long Island Trustee is assigned to a Kings County bankruptcy and ironic as displayed attached, reasonably one could assume Justice Senzer and McCord have or are acquainted at some point in time to which would make his appointment to your deponent's estate one to which I raise issue with.

30. While I know alleging such allegations is serious, I cannot help but given the irony of sudden conversions, the association in Suffolk County to which in open court my estranged spouse lied and no reference to the same and thereafter continues to lie even within the

United States Bankruptcy Court to the extent such a Trustee assigned seems almost too ironic.

31. Your deponent appeals to this honorable court to please not allow further injustices and potential harms come onto your deponent without really dissecting what is occurring herein.

WHEREFORE, your debtor Brian H. Denker-Youngs asks this honorable court to issue interim relief Ordering:

1. An immediate stay and injunction of the within proceeding in the bankruptcy court until all parties may appear and be heard; further.
2. Ordering a stay of all proceedings against your deponent in Suffolk County until all parties may appear and be heard and a determination to be made of an violation by the court of the bankruptcy stay; further
3. Denying counsels application for permission to withdraw as counsel with leave rather,
4. Granting your deponent's cross order and application finding sufficient cause herein, discharging with cause, Lawrence Morrison of Morrison and Tenenbaum, PLLC as counsel to the debtor.
5. Ordering the return of funds paid by the debtor herein to Lawrence Morrison of Morrison and Tenenbaum, PLLC in the sum of Ten Thousand Dollars ($10,000) to be paid over to new counsel as the court might direct / recommend within five (5) days from the date of this order.
6. Any and all other relief this court deems just and proper.

Respectfully Submitted,

10/8/15

Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

In re:

BRIAN H. DENKER

Debtor

Chapter 11

Case Number 15-41069

--------------------------------------------------------------X

VERIFICATION

I, BRIAN H. DENKER-YOUNGS, being duly sworn, deposes and says that I am the debtor in the above reference action and; that I have read the foregoing Cross-Order to Show Cause Denying Counsel's Application to Withdraw and Granting Debtor's Cross-Order to Discharge Counsel with Cause, the contents thereof, that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe to be true.

Sworn before me

______________________

10/7/2015
Date

RHONDA M JAMISON
Notary Public - State of New York
NO. 01JA6285731
Qualified in Kings County
My Commission Expires Jul 8, 2017

______________________
BRIAN H. DENKER-YOUNGS, *Debtor*
25 BOERUM STREET # 18E
BROOKLYN, NY 11206