UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                          Chapter 11

     BRIAN H. DENKER-YOUNGS,              Case No. 15-41069 (CEC)

                            Debtor.
------------------------------------------------------------**X**

## **AFFIRMATION OF LAWRENCE MORRISON**

     Lawrence Morrison, being duly sworn, deposes and says:

     1.     I am a principal of Morrison Tenenbaum PLLC, counsel to the Debtor in this

action, and as such I have personal knowledge of the facts of this matter.  This affirmation is

submitted in response to the Debtor's motion requesting the Court to deny my motion to

"withdraw" as counsel and grant the Debtor's motion to "discharge" me as counsel and to return

to him the $10,000 retainer.

     2.     The Debtor's Chapter 11 case was filed on March 13, 2015.  An order authorizing

my law firm's retention was signed on May 6, 2015 *nunc pro tunc* to the date of the filing.

     3.     At our initial consultation, held prior to the filing of the Chapter 11 case, the

Debtor and I had discussed multiple options which were available to the Debtor, including the

filing of a Chapter 7 case.  The Debtor, however, insisted that he wanted to make his best efforts

to pay his obligations and opposed the filing of Chapter 7.  I so informed the Court at the initial

status conference held on May 13, 2015.

     4.     I next appeared with the Debtor for his Initial Debtor Interview ("**IDI**") on which

date he answered all questions addressed to him.  I also appeared with the Debtor at his 341(a)

meeting held on May 4, 2015, on which date the Debtor again readily answered all questions

addressed to him.

5.      At no time between the date of the filing of the Chapter 11 Petition and Friday, October 2, 2015 did the Debtor voice any unhappiness with the legal services being provided. In fact, on Saturday, October 3, 2015, the Debtor e-mailed me as follows, a copy of which is attached as Exhibit "A":

> "thank you for taking time to meet with me today.  just curious in terms of timeliness / process, when do we updates schedules with all creditors or any missing debts?  what info do you need to get from me?  do i continue to file monthly Op reports?"

### CONVERSION TO CHAPTER 7 WAS WITH THE DEBTOR'S CONSENT

6.      On August 4, 2015, after consulting with the Debtor, our firm filed a motion to convert the case to chapter 7.  The Debtor was advised of the filing and approved the filing of that motion.  I am prepared, if permitted by the Court, to discuss the conversations I had with the Debtor.  I am concerned, however, with any disclosure of attorney/client privileged communication without court approval.

7.      Prior to our meeting on October 1, 2015, the Debtor insisted that our firm file a document that was drafted by the Debtor and entitled "Objection to Motion to Vacate the Automatic Stay," a copy of which is attached as Exhibit "B", in response to a stay relief motion filed by his estranged husband, Edward J Denker-Youngs.  I read the objection and disagreed with its content and so advised the Debtor.  I then arranged for the Debtor to come to our office on Friday, October 2, 2015 so we could discuss the stay relief issue and the proposed Objection, and to go over some revisions that needed to be made to the filed Schedules.

### THE SHOCKING DECEPTION OF THE DEBTOR

8.      When the Debtor came to meet me on October 2, 2015, he did not disclose that he was recording the conversation.  As evidenced by the transcript he filed with the Court, at no

2

time during our meeting did the Debtor advise of any disagreement or unhappiness with our work and never discussed the conversion of his chapter 11 case to chapter 7.

9.      When he left the meeting he shook my hand and we agreed that I would make the required changes to the filed Schedules and also if there was a legal basis to oppose stay relief we would put something together.  In fact, as evidenced by  in the annexed email dated October 3, 2015, the Debtor gave me the false impression that he wanted to continue the working relationship with our firm.

10.     On Monday, October 5, 2015, much to my surprise, the Debtor unexpectedly filed several motions with the Court with multiple exhibits.  It became apparent to me that the Debtor clearly knew when he met us that he was going to be filing these motions, but had had any intention of disclosing it to me.

11.     In response and it having become obvious that the Debtor was not listening or asking for our legal advice, we promptly filed an order to show cause to withdraw as counsel. The show cause order was signed and entered on the docket on October 6, 2015 and thereafter served on the Debtor.

12.     Unfortunately the Debtor has a history of strife with at least three other law firms known to me and recently also has sought to disqualify the Chapter 7 Trustee.  I believe that the Debtor is asking for the retainer back solely to use to fund new counsel.

## **HEARING SET ON OUR FEES**

13.     Contemporaneously herewith we have filed a Notice of Hearing to apply the retainer against the services related to and/or rendered in the Debtor's Chapter 11 case.

14.     The hearing on our fees is scheduled for December 2, 2015. I am seeking the sum of $11,646.00, all subject to the Court's approval.

15.     There is no dispute that the Debtor was receiving monthly fee statements from me and had never objected to our fees.

16.     I respectfully submit that to the extent that the Debtor is asserting any allegation that I acted improperly, I deny this. I have always addressed the Debtor's concerns in a reasonable amount of time and have provided good legal advice.  It was only after I refused to file a pleading that the Debtor had drafted that our relationship turned sour.

**WHEREFORE**, it is respectfully requested that the court grant our motion to withdraw as counsel, deny the cross-motion not allowing our firm to withdraw as counsel and direct that we be discharged for cause, together with such other further relief as this Court deems just and proper.

Dated: New York, New York
         October 22, 2015

*/s/ Lawrence Morrison*
Lawrence Morrison

4

**Exhibit A**



Lawrence Morrison <lmorrison@m-t-law.com>

## thank you
1 message

**Rabbi Dr. Brian H. Denker-Youngs, D.D.** <rabbibriand@moderndivinities.com>

Sat, Oct 3, 2015 at 1:08 AM

Reply-To: rabbibriand@moderndivinities.com
To: Lawrence Morrison <lmorrison@m-t-law.com>

thank you for taking time to meet with me today. just curious in terms of timelines / process, when do we update schedules with all creditors or any missing debts? what info do you need to get from me? do i continue to keep filing monthly Op reports?
--


My sincere best,


**BRIAN H. DENKER-YOUNGS, D.D**
Rabbi & CEO
t: 347.644.9482
e: rabbibriand@moderndivinities.com



## Modern Divinities, Corp.

Modern Matrimonies | Modern Memorials | Modern Simchas | Modern Events Unlimited

www.moderndivinities.com

proud recipient of

**Exhibit B**

Brian H. Denker-Youngs, Debtor-in-Possession                    Hearing Date: October 22, 2015 at 2:30pm
25 Boerum Street Apt 18E                                        Objection Date: October 15, 2015
Brooklyn, NY 11206
Tel. 917.373.5019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

BRIAN H. DENKER                                    Chapter 11

             Debtor                                Case Number 15-41069

-----------------------------------------------------------------------X

## VERIFICATION

I, Brian H. Denker-Youngs, being duly sworn, deposes and says that I am the debtor in the above

reference action and; that I have read the foregoing Objection to Mr. Young's motion for relief

and knows the contents thereof, that the same is true to my own knowledge, except as to the

matters therein stated to be alleged on information and belief, and that as to those matters I

believe to be true.


Sworn before me

_____                    _____

                                           BRIAN H. DENKER-YOUNGS, *Petitioner Pro Se*

                                           25 BOERUM STREET  # 18E

                                           BROOKLYN, NY 11206

_____

Date


1

Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

Hearing Date: October 22, 2015 at 2:30pm
Objection Date: October 15, 2015

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X

In re:

BRIAN H. DENKER

        Debtor

Chapter 11

Case Number 15-41069

---------------------------------------------------------X

## OBJECTION TO MOTION TO VACATE AUTOMATIC STAY

PLEASE TAKE NOTICE, I Brian H. Denker-Youngs, debtor in the above referenced case herein appearing this 2nd day of October 2015, and herein **object** to the motion filed with this honorable court on September 21, 2015 to provide Edward J Denker-Youngs relief by way of lifting the stay as your deponent not only believes it was filed intentionally to mislead this honorable court, but in fact is entirely fiction as is illustrated by the attached docket for Kings County Supreme Court Index No. 54013-2015 captioned Brian H. Denker-Young vs. Edward J. Denker-Youngs, aka E J Youngs, aka Edward J Youngs, aka, John J. Denker-Youngs, aka E John Youngs, etc., a matrimonial action before the County of Kings to which several applications remain open with return dates of November 2, 2015 and having been served summons upon Edward J Denker-Youngs seven (7) times between August 28, 2015 and September 8, 2015.

Index No. 054013-2015 is a complaint for annulment on the grounds of fraud and economic abuse to which alleges the movant in 2003 committed mortgage fraud on a property he

2

previously owned and then later thereafter in 2006 filed a Universal Loan Application securing a

loan for funds exceeding that to what he originally paid for the house. Thereafter immediately

after marrying your deponent without my knowledge or consent, he re-financed the home in

November 2011 for $295,000. Similar acts thereafter have transacted on your deponents home

in Huntington, NY to which Mr. Youngs lies to this honorable court regarding his separate

property. Mr. Youngs' was in debt to the bank $191,000 as is available for examination to which

he has been using your deponents money, hard work, lines of credit to live off, employed tactics

to which he opened accounts in your deponents name and conducted balance transferred

impersonating your deponent and forged checks with his mother Matje G Youngs stealing funds

and transferred debts upwards of thousands of dollars at a time into living trusts and secret

403(b) retirement trusts.

Further, Mr. Youngs has not even furnished nor turned over any documents for

discovery in the matrimonial actions and to which as Mr. Morrison has claimed during the July

appearance we were trying to attempt to determine the validity of such debts but my estranged

spouse again has removed me from accessing account statements and refused to turn over any

documentation or cooperate. As such, I am left in the dark therein. Further there is a home

equity line of credit in excess of $123,000 that is owe on the home all syphoned and dissipated

by my estranged spouse. TransUnion has removed it from my credit file as an account take over

but it still remains on other reporting agencies.

Further, unbeknownst to me, my estranged spouse re-submitted the mortgage loan

prior to us closing on the house removing me from the mortgage application without my

knowledge or consent. In order to appropriately assess my true financial state, a full forensic

accounting must be employed to which I have petitioned the lower Supreme Court in Suffolk

County and have come to know that my estranged spouse is acquainted with the presiding Honorable Justice David T Reilly to which an accounting has been denied however is on appeal at the Second Department, Appellate Court awaiting clearance for the bankruptcy courts to proceed with the appeal. As such, at this time I object to the motion being granted on the grounds that it is fiction but further move this court to provide permission for the appellate division of the Second Department to move forward with review of the appeal and to which with the courts permission I am happy to serve a copy of the same upon the honorable court and the US Department of Justice Bankruptcy Trustee.

WHEREFORE, debtor Brian H. Denker-Youngs asks this honorable court issue an Order:

1. Denying Edward J Denker-Youngs's motion for relief.

2. Further holding Edward J. Denker-Youngs and counsel in contempt of court with such penalty as the court deems just and proper

3. Directing within ten (10) days Edward J Denker-Youngs, spouse to the debtor is to submit to debtors 2004 Application and deliver such statements and documents as is requested

4. Denying Edward J. Denker-Youngs claim as creditor in its entirety.

Respectfully Submitted,

October 1, 2015

Brian H Denker-Youngs, Debtor

4

To:    Jacqulyn Somers Loftin
       LaMonica Herbst Maniscalco
       3305 Jerusalem Avenue Suite 201
       Wantagh, NY 11793

       Honorable Chief Justice Carla E. Craig
       Chambers
       United States Bankruptcy Court
       260 Cadman Plaza West
       Brooklyn, NY 11215

       William Curtin
       Office of the United States Trustee
       Eastern District of NY (Brooklyn Office)
       U.S. Federal Office Building
       201 Varick Street, Suite 1006
       New York, NY 10014