

Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

BRIAN H. DENKER – YOUNGS

        Debtor

-------------------------------------------------------------X

Chapter 7

Case Number 15-41069

## NOTICE OF MOTION BY DEBTOR TO COMPEL TRUSTEE TO ABANDON PROPERTY

PLEASE TAKE NOTICE that the debtor, Brian H. Denker-Youngs, will make an

application before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the

United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3529, Brooklyn, New York

11201, on the 2nd day of December, 2015, at 1:45 p.m., or as soon thereafter as parties may be

heard, to compel Trustee Richard McCord to abandon some real property that the debtor co-

owns located at 33 Pennington Drive, Huntington NY 11743.

Upon debtor's affidavit in support of the motion, together with the exhibits

attached thereto, sufficient cause thereof that upon the sale of said property, there would not be

any significant equity that would result for which creditors to take interest. Debtor therefore

petitioned before the court as an interested party, petitioning to homestead and exempt such

property of the bankruptcy estate.

PLEASE TAKE FURTHER NOTICE, that objections to the motion herein, if

any, shall be made in writing, filed with the United States Bankruptcy Court at the website



address listed above (with a copy delivered directly to the Chambers of the Honorable Carla E.

Craig) and served upon the undersigned so as to be received no later than November 25, 2015.

Dated: October 28, 2015

Brian H. Denker-Youngs
25 Boerum Street  #18E
Brooklyn, NY 11206
t. 917-373-5019

Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:
BRIAN H. DENKER ~YOUNGS                           Chapter 7

        Debtor                                   Case Number 15-41069

-----------------------------------------------------------X

## MOTION TO COMPEL TRUSTEE TO
## ABANDON PROPERTY

Comes now the "debtor", BRIAN H. DENKER-YOUNGS, on this 28th day of October 2015 by

Notice of Motion, the debtor moves this honorable court pursuant to 11 U.S. Code § 554 and

Bankruptcy Rule 6007(b) to compel the Trustee to abandon certain real property located at: 33

PENNINGTON DRIVE, HUNTINGTON NY 11743.

### BACKGROUND

1.      The debtor entered into bankruptcy under Chapter 11 on March 13, 2015 upon the filing

of a voluntary petition filed by Lawrence Morrison of Morrison & Tenenbaum PLLC, under his

proactive advisement as a logical measure toward addressing insurmountable debt to which

debtor alleges having been subject to economic domestic abuse and various other forms of

fraudulent acts inclusive of identity theft, involuntary debt assignment, unauthorized credit card

usage and forgery committed by the non-debtor's spouse Edward J. Denker-Youngs and mother-

in-law. Copy of debtor's formal complaint filed with the Suffolk County District Attorney's

Office Bureau of Economic Crimes upon discovering the same and is attached hereto labeled *exhibit A.*

2.      The debtor is co-owner of some real property located at 33 Pennington Drive, Huntington, NY 11743 to which was purchased October 12, 2012. Certified and true copies of the first page of the Mortgage security instrument and accompanying documentation establishing ownership and interest in said property is attached hereto labeled *exhibit B.*

3.      A total approximate amount of $91,000 was the down payment on the purchase of the house to which Debtor has a separate property claim as debtor had withdrawn $44,222.41 from debtor's pre-marital 401(k) retirement savings. Proof of withdrawal of said funds and copies of checks used to purchase the real property are attached here to as *exhibit C.*

4.      Not only is debtor's spouse's "separate property claim" fictitious, Suffolk County Public records and supporting documents attached hereto as *exhibit D* show debtor's spouse not only had no equity in his prior home but in 2003 and 2006 committed such acts to which mirror mortgage fraud.

### Estimated Value of 33 Pennington Drive, Huntington NY 11743

5.      Debtor is of the belief and to which is further supported by attached referenced composites, that value of this real property is approximately $500,000-$520,000; possibly a little less given there presently are several unfinished renovations primarily for lack of financial resources to finish all of the renovations needed. This is a direct result of the non-debtor spouses' gregarious dissipation, hiding and expending of marital funds on making costly improvements to his mother's home without debtors' knowledge that in fact "we were paying for it."

6.      At present, debtor believes such improvements to the property that are required to be finished for a sale would include, natural gas lines installed for hookup to the kitchen stove top, a new boiler as the property is an oil home heating system, and other minor improvements

including closures of apparent leaks in the roof or ceiling.   Debtor has also learned that on Jan 5, 2015 while having exclusive occupancy, the non-debtor spouse received a summons for an alleged violation of town code to which the Town of Huntington actioned in the Third District Court in Huntington, NY by Assistant Town Attorney (at the time) Jake Turner. Debtor was only first made aware of the same almost four months after non-debtor spouse received the summons and appeared before the court and Mr. Turner on June 17, 2015 receiving an ACOD as joint property owner and for the fact that Timothy Fallon of Simonetti & Associates, counsel to the non-debtor spouse, made such representations to Mr. Turner that the non-debtor spouse hired an expediter and would be curing whatever town requirements he had violated.

7.      On October 22, 2015, debtor received paperwork and followed up with Mr. Turner only to learn that the non-debtor spouse and his counsel has not cured nor remedied their violation and further have since my last communication with Mr. Turner, non-debtor spouse has had three (3) adjournments and done absolutely nothing. Henceforth, notwithstanding debtor's obligations as co-property owner, the Town as is noted in the complaint are all aware that the non-debtor is in residence due to debtors involuntary and forced relocation from the property.

8. Henceforth, all of this will affect the sale of the property and certainly the value for which attached hereto as *exhibit E* to benchmark a value for the property located at 33 Pennington Drive, Huntington NY 11743.

## CLAIMS AGAINST THE PROPERTY

9.      There is approximately a current mortgage remaining on the real property of approximately $346,000 to JP Morgan Chase Bank.

10.     There is a home equity line of credit through Bethpage Federal Credit Union as a secondary mortgagor on the property with a balance owed currently in the amount of $123,737 as is exhibited in the attached *exhibit F*

11.     Debtor by and with the attached *exhibit G* has homestead and sought to exempt said real property to an amount equal to $148,000.

12.     Henceforth, debtor believes there is no equity remaining of value in the home to be of interest to the debtor's bankruptcy estate.

### AS AND FOR THE NEED FOR DEBTOR TO RETAIN THE REAL PROPERTY

13.     Debtor and non-debtor spouse are in dispute in the State Supreme Court over the liability and obligation of the Home Equity Line of Credit issued jointly however alleged the non-debtor spouse lived off of the Home Equity Line of Credit while stashing marital income into retirement accounts and trusts setup for his sole benefit.

14.     NYS Domestic Relations Law is such that there is no fixed percentage that the non-titled spouse is to receive as his/her share of the pension. Generally, the non-titled spouse will not receive more than 50% of the pension rights accrued during the marriage and in a marriage of short duration will often receive considerably less.

15.     Parties were married a little over three (3) years, notwithstanding that the non-debtor spouse had substantial deferments upward near Twenty-Thousand Dollars ($20,000) per year without disclosing the same to the debtor that went right into a retirement plan for the non-debtor spouses' benefit as is exhibited in the attached *exhibit H*, copy of non-debtor spouses 2013 W-2. Henceforth, an approximately $60,000 in marital income to which should have been used toward marital bills was withheld from the household preventing such debts included in this bankruptcy from being paid due to non-debtor spouses' hiding of such assets.

16.     Non-debtor spouse also took and lived off of loans from his retirement as is shown in the attached *exhibit I*, a loan in the amount of Twenty-Thousand Dollars to which was never divulged having been done and rather the non-debtor spouse was taking marital income and paying himself back on his on loans rather than pay for marital debts included in this bankruptcy.

Such that it is assumed such loans may have been taken by the non-debtor spouse each year attesting to an additional Sixty Thousand ($60,000) of marital income withheld and hidden by the non-debtor spouse rather than pay toward marital debts.

17.    The Non-debtor spouse also upon information and belief also allegedly converted an additional Two Hundred and Seventeen Thousand Dollars ($217,000+) of marital income together with his mother, having comingled such monies and funds without the debtors knowledge, paid for her day to day bills and living and even what appears to be several costly improvements to her home (which the non-debtor is co-Trustee and inherits) while living off of debtors' income, credit lines and continued to take it upon himself and assign debts to the debtor within days of each and every operation all while the debtor was ill, fighting for his life having undergone a required five major operations.  The non-Debtor spouse also withdrew a cumulative total over two years alone, of the little funds he did actually contribute, $15,000 in cash with an additional discovery of forged checks totaling nearly $10,000. Said checks bare the debtor's spouses as signatory but in fact the handwriting belongs to and mirrors that of his mother Matje G. Youngs. Thus debtor's spouse has little (if any) basis for claims as what has been converted and stolen exceeds by far that to which anyone will even see liquidated if this property sells.


**THERE EXISTS NO EQUITY, THUS NO REAL URGENCY TO LIST THE PROPERTY**


18.    The Trustee, Ronald McCord in error on appearance before the Honorable Justice Carla E. Craig on October 22, 2015 represented that the State of New York was ready to rule on the dissolution of the debtor and non-debtor spouses' marriage and equitable distribution, this is not only absolutely incorrect, however listing the house for sale and/or physically selling it would

violate a direct order of the Honorable Justice Carl J. Landicino by way of an Order to Show Cause attached hereto as *exhibit J.*

19. There is a concurrent action in Kings County Supreme Court before the Honorable Carl J. Landicino for the annulment of the marriage on the grounds of fraud, economic domestic abuse and grand larceny as had been reported to the Suffolk County District Attorney in November 2014 to which responded with needed a referral of the case by the matrimonial judge.

20. Parties are scheduled to appear November 5, 2015 before the Honorable Judge Landicino and pursuant to an additional Order to Show Cause as well, to which aside from a direct order of the court to which all automatic orders not discarding any assets were to remain in effect, the court will be ruling however, on referring the case to both the United States Attorney and Kings County District Attorney's Office for formal inquiries into allegations of fraud, grand larceny, public corruption and conspiracy by the non-debtor spouse against the debtor.

21. Debtor believes the only reason Mr. McCord and Ms. Loftin make such proactive appeals for relief is so the property can be sold quick and/or debtors' name removed as owner which finalizes and destroys and possible enumeration for the thefts by being granted a larger equitable distribution of the property. Such is only a pure vindictiveness. by the non-debtor spouse to which is the only logical reasoning Ms. Loftin and Mr. McCord would have in making such erroneous conveyances before this court.

22. Debtor also reminds this honorable court as was noted on appearance October 22, 2015, the court clarified the same for counsel that their reasoning for requesting such relief is moot and not required for the actions counsel is speaking of.

**WHEREFORE**, for the reasons set forth herein, together with the supporting exhibits attached and there being no obvious equity or value to extract from the sale of such real property which debtors repayment would come, debtor prays this honorable court compel the Trustee to abandon the real property located at 33 Pennington Drive, Huntington NY 11743, Granting the same as debtor's exemption and homestead as requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion to Strike was furnished to Richard McCord, Trustee via facsimile on the 28th day of October 2015 with copies to the Chambers of the Honorable Justice Carl E. Craig of the United States Bankruptcy Court, Eastern District of New York and the United States Trustee and non-debtor spouse Edward J. Denker-Youngs.

ANNE E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20__

Date: October 28, 2015

Respectfully Submitted,

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

Sworn to before me this 28 day of Oct ,
2015



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion to Strike was furnished to

Richard McCord, Trustee via facsimile on the 28th day of October 2015 with copies to the

Chambers of the Honorable Justice Carl E. Craig of the United States Bankruptcy Court, Eastern

District of New York and the United States Trustee and non-debtor spouse Edward J. Denker-

Youngs.


Date:  October 28, 2015                                  Respectfully Submitted,



                                                        Brian H. Denker-Youngs
                                                        25 Boerum Street #18E
Sworn to before me this TRANSFERING day of 28 Oct       Brooklyn, NY 11206
2015    Notary Public State of New York
             No. 01SC6139034
        Qualified in Nassau County
     Term Expires December 27, 20 17



Brian H. Denker-Youngs, Debtor-in-Possession
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
In re:
BRIAN H. DENKER-Youngs                                    Chapter 7

       Debtor                                    Case Number 15-41069

--------------------------------------------------------------X


      TAKE NOTE, interested parties to which have received only NOTICE of the

motion together with the debtor's affidavit may view the referenced exhibits online at the ECF

website for which this motion in its' entirety is available for viewing.


      Together with supporting exhibits on the 29th day of October, 2015 debtor caused

service of the motion herein together with its affidavit and this note to be delivered upon:


      Richard McCord
      Jacqulin Loftin, *counsel to non-debtor spouse*
      Honorable Justice Carla E. Craig
      US Trustee


and further effective service of just the affidavit together with the note herein and copy of the

Motion of Notice on those parties only with direct interest and / or secured claims of the within

property at 33 Pennington Drive, Huntington NY 11743.

      Sworn before me this ____ day of October 2015

____ E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20__

                                 Brian H. Denker-Youngs

# Suffolk County District Attorney of the State of New York
## BUREAU OF ECONOMIC CRIMES

**Date: November 3, 2014**

## PETITIONER INFORMATION

| DENKER-YOUNGS, | BRIAN | H. |
|---|---|---|
| (Last) | (First) | (Initial) |

**33 PENNINGTON DRIVE**

Address: (Street)                                        (Apt. #)

| HUNTINGTON | SUFFOLK | NY | 11743 |
|---|---|---|---|
| (City) | (County) | (State) | (Zip Code) |

Telephone: (Home) **516.462.0895**                (Office) **347.644.9482**

## ATTORNEY(s) FOR PETITIONER(s):

Name:    **MEYERS**                **NATASHA D.**

| | (Last) | (First) | | (Initial) |
|---|---|---|---|---|

Office Address:            **55 ELM STREET**

(Street)

| HUNTINGTON | SUFFOLK | NY | 11743 |
|---|---|---|---|
| (City) | (County) | (State) | (Zip Code) |

Telephone: **631-784-7722**

## OFFENDER:

Name:    **DENKER-YOUNGS**          **EDWARD**          **JOHN**

| | (Last) | (First) | (Initial) |
|---|---|---|---|

Address:                **33 PENNINGTON DRIVE**

| 11743 | NY | Suffolk | | HUNTINGTON |
|---|---|---|---|---|
| (Zip Code) | (State) | (County) | | (City) |

Telephone: **631.790.7086**          DOB: ████          SS #: ████

## OFFENDER (2):

Name:    **YOUNGS**                **MATJE**                **G.**

| | (Last) | (First) | (Initial) |
|---|---|---|---|

Address:                **316 W NECK ROAD**

(Street)

| 11743 | NY | Suffolk | | HUNTINGTON |
|---|---|---|---|---|
| (Zip Code) | (State) | (County) | | (City) |

Telephone: **631.673.6207**          DOB ████          SS # ████



## CONTACT WITH OTHER AGENCIES

Have you contacted any other agency, such as a Bar Association or District Attorney's Office, concerning this matter? **I have not.**

If so, state the name of the agency:

What action was taken by the agency?

## COURT ACTION TAKEN

Have you taken any civil or criminal action against the offender? **I have attempted to make a police report with the 2ⁿᵈ Police Precinct however because Edward J. Denker-Youngs and I are married they responded by stating that this was a civil matter. On October 10, 2014, Ms. McCormick and I had an opportunity to speak about this matter and a matrimonial action the Edward has filed against me the day after confronting him. Ms. McCormick did request that I submit for intake a written summation and copies of any evidence I had for which the Economic Crimes Bureau would review and that in fact your offices could work in tandem with the Supreme Court and matrimonial counter-claim.**

If so, please name the court and provide the index number: **The Supreme Court of the State of New York; County of Suffolk - Index No.: 016968/14**

What action was taken by the court? **Offender has been served with NOTICE OF DISCOVERY AND INSPECTION, NOTICE OF DISCOVERY AND INSPECTION FOR ELECTRONIC DEVICES, and DEMAND FOR EXPERT WITNESS AND DISCLOSURE.**

**PLEASE TAKE NOTE** PETITIONER hereby submits this petition establishing a criminal complaint against EDWARD JOHN DENKER-YOUNGS and MATJE G. YOUNGS herein the "OFFENDER(s)" and requests with immediate effect the issuance of an ORDER OF PROTECTION AND RELIEF to the extent within the authority given to the office of District Attorney, Economic Crimes Bureau for the State of New York, County of Suffolk. PETITIONER asserts upon information and belief to the best of his knowledge, beginning November 2011 and continuing thereafter, THROUGH ACTS OF FRAUD, COERCION AND GRAND LARCENY, the OFFENDER(s), engaged and concealed signally and jointly conspired in criminal acts economic in nature causing harm to the PETITIONER by way of unsurmountable debt, expending significant marital waste, assuming unnecessary debt obligations without the PETITIONER's knowledge or consent, withdrawing, withholding , concealing through comingling of marital funds with those of his mother, restricting access and transparency to account records, statements and/or disclosing of the existence of the same, violating § 812 and § 821 of the FAMILY COURT ACT and 530.11 of CRIMINAL PROCEDURE law in the State of New York, County of Suffolk.

PETITIONER alleges the OFFENDER(s) withdrew, transferred and assumed such debts inclusive of credit card balance transfers, cash loans against personal and real marital assets, pension and life insurance policies, perpetrated thousands of dollars in marital waste, comingled marital earnings with those OFFENDER (2) listed above and transferred such funds to undisclosed and concealed joint accounts both OFFENDER(s) maintained without access or transparency to various financial, credit and institutional banking /investment accounts, withholding martial income received each month without access or transparency to the PETITIONER, took possession of and cashed payments received by OFFENDERS' Health Insurer failing to make known or re-issue payment on behalf of the PETITIONER to several healthcare providers; concealed and withheld marital income and earnings and issued checks without PETITIONER's knowledge or consent accumulating unsurmountable debts which at present time has bankrupted the PETITIONER.

With the filing of this complaint, PETIONITER seeks any and all lawful and allowable protection as is provided for under § 812 and § 821 of the FAMILY COURT ACT and 530.11 of the CRIMINAL PROCEDURE laws for the State of New York, County of Suffolk with immediate full force and effect from all direct and in-direct past, present and future acts of financial and economic abuse by way of action, representation or direct performance by and/or any such person(s), associate(s), accomplice(s), relation(s) to the OFFENDER(s) named herein.

PETIOTIONER calls upon the authority and powers granted to your office and jurisdiction, the initiation of a criminal investigation, availing all possible resources in launching such inquiries as to identifying and securing, freezing, placing liens, and dismantling of trusts, any and all barriers that are or may have been created in preventing by way of entitlement, remedy or the return of all monies, credit and financial devices allowable by the laws of the State of New York and within your office's ability which have unjustly been taken from the PETITIONER and jointly the DENKER-YOUNGS marital estate alike, by the OFFENDER(s) act(s) of Fraud, Grand Larceny and Coercion.

PETITIONER demands swift and immediate action to charge and hold accountable those parties deemed the OFFENDER(s) who have committed such acts along with any and all accomplice(s) which (may) have signally or cooperatively assisted, acted and perpetrated each and any act alleged which has contributed to and caused direct or in-direct past, present or future economic crimes and handicaps against the PETITIONER.

## PARTIES

1. THE PETITIONER BRIAN H. DENKER-YOUNGS, an individual domiciled in the State of New York and having a known address of 33 Pennington Drive, Huntington, New York 11743.

2. THE OFFENDER EDWARD J. DENKER-YOUNGS, aka Edward John Denker-Youngs, aka Edward Denker-Youngs, aka, E J Youngs, aka Edward J Youngs, aka Edward Youngs, aka John Youngs, aka John Denker-Youngs, aka E John Youngs, an individual domiciled in the State of New York and having a known address of 33 Pennington Drive, Huntington, New York 11743.

3. THE OFFENDER MATJE G. YOUNGS, an individual domiciled in the State of New York and having a known address of 316 W Neck Rd, Huntington, New York 11743.

4. ¹DENKER-YOUNGS became parties to a solemnized same-sex marriage on July 30, 2011 in Lake Ronkonkoma, New York, herein "DENKER-YOUNGS"

---

¹ ref: Marriage Equality Act. ch. 95 2011 (codified as amended NY Dom Rel. § 10-a, 10-b, 11, 13)

## STATEMENT OF FACTS

5.  DENKER-YOUNGS first met one another on February 09, 2009 after several online and telephone communications which took place over the course of two months originating from an online same-sex dating website.

6.  PETITIONER memorializes the time frame of February 09, 2009 thru August 13, 2010 whereby DENKER-YOUNGS had engaged in an intimate relationship which led to both parties voluntarily becoming domiciled together at a known address of 99 West Shore Road, Huntington, NY 11743.

7.  DENKER-YOUNGS began to create community property through financial entanglement and comingling of earned income and shared financial and credit vehicles on/around August 13, 2010 for the purposes of and not limited to, the purchases, acquisitions, improvements and overall day-to-day maintenance and fiscal obligations associated with 99 West Shore Road, Huntington, NY 11743.

8.  With full force and effect, PETITIONER restates facts 5 – 7, establishing August 13, 2010 as to the time and place for which he defines the DENKER-YOUNGS marital property to have existed whereas PETITIONER did in fact contribute toward the appreciation, improvement and sale of some real property located at 99 West Shore Road, Huntington, NY 11743

9.  Prior to amended NY Dom Rel. § 10-a, 10-b, 11, 13, no such legal or judiciary ruling of same-sex marital property existed, nor has there ever been a marital agreement written or verbal between DENKER-YOUNGS designating separate property except for that of the PETITIONER's Brooklyn Co-Op.

10. On July 30, 2011 DENKER-YOUNGS took part in a gathering and public display of celebration, each declaring clear statement and specific statements of intent to be acknowledged and legally recognized as "married" for which such declarations had been solemnized by the State of New York given amend NY Dom Rel. § 10-a, 10-b, 11, some thirty (30) days prior and in effect some four (4) days prior to such gathering.

11. DENKER-YOUNGS maintained joint accounts with financial banking institutions at Bethpage Federal Credit Union (Checking Account #4███4223, Savings Account #█████7410) and JPMorgan Chase Bank, N.A. (Checking Account #█████680).

12. PETITIONER verifies and admits to having maintained and at all times having disclosed to OFFENDER the existence of separate accounts held at Citibank N.A. (Checking Account #:-█████5160) and Bank of America which was closed during the early part of 2014 and no longer exists.

13. OFFENDER maintained to PETITIONER the existence of only two separate accounts at the financial institution of Bank of America (Checking Account #: ▓▓▓▓3181, Savings Account #: ▓▓▓▓4215).

14. On July, 13 2012, some eleven (11) months and two (2) weeks after entering into a legally solemnized marriage with the PETITIONER, and some twenty-three (23) months after becoming domiciled together, OFFENDER sold a certain real-property located at 99 West Shore Road, Huntington, NY 11743 for Four-Hundred and Ninety Thousand Dollars ($490,000), receiving a net proceed of One Hundred and Ninety-One Thousand, Five Hundred and Ninety-Nine Dollars ($191,599).

15. On October 12, 2012, DENKER-YOUNGS closed on the purchase of some real-property located at 33 Pennington Drive, Huntington, NY 11743, for a purchase price of Four Hundred and Fifty-Five Thousand Dollars ($455,000), assuming a debt home mortgage with Chase Home Mortgages in the amount of Three Hundred and Sixty Four Thousand Dollars ($364,000).

16. On/about May 2012, DENKER-YOUNGS opened, maintained, and managed by the OFFENDER, a new joint JP Morgan Chase Bank, N.A. checking account (Account #: ▓▓▓680) for the purpose of managing martial finances, income and debt obligations.

17. DENKER-YOUNGS received a Home Equity Line of Credit from Beth Page Federal Credit Union in the approximate amount of One Hundred and Twenty Five Thousand Dollars ($125,000) on October 2, 2013, one year after purchasing and renovating the real property at 33 Pennington Drive, Huntington, NY 11743.

18. DENKER-YOUNGS have a current debt obligation of the Home Equity Line of Credit with Beth Page Federal Credit Union equal to One Hundred and Twenty-Four Thousand, Thirty-Six Dollars and Sixty Five cents ($124,093.65).

19. PETITIONER has and is gainfully employed with privately held research and management consulting firm Frost & Sullivan, receiving an annual salary of Ninety-Three Thousand Six Hundred Dollars ($93,600).

20. OFFENDER has and is gainfully employed with the Oyster Bay–East Norwich School District as a Sixth-Grade History Teacher for the Oyster-Bay East Norwich James Vernon Elementary School receiving upon information and belief a compensation of around One Hundred Twenty One Thousand Dollars ($121,000) a year.

21. Prior to 2011, upon information and belief, OFFENDER for a period of no less than eighteen (18) years was gainfully employed for summer months as an Assistant Camp Director with the East Woods summer camp program receiving additional compensation of approximately Eight Thousand Dollars ($8,000)

22. DENKER-YOUNGS respectively earned additional monthly income from external ad-hoc jobs thereafter establishing a consistent monthly net income of nearly Twelve Thousand Dollars ($12,000).

23. DENKER-YOUNGS' monthly household expenses totaled a rough estimate of Seven Thousand, Four Hundred Ninty-Three Dollars and Thirty-Two cents ($7493.32) leaving on average a remaining Five Thousand Six-Hundred and Six Dollars and Sixty-Eight cents ($5,606.68) per month.[2]

24. Beginning December of 2011, PETITIONER faced several serious health issues and had undergone several surgeries and hospitalizations including a Posterior Inter-body Lumbar Fusions (PILF) L4-S1 (Northshore-LIJ Huntington Hospital 1/7/2013), an Anterior Inter-body Lumbar Fusion (AILF) L4-S1 (Northshore-LIJ Manhasset 05/15/2013), Hernia repair along with abdominal wall reconstructive surgery and abdominal scar revision (Northshore-LIJ Manhasset 09/09/2013), three (3) stress fracture repairs to the lower left extremity (2011-2013), Gastrointestinal bleed – Northshore-LIJ Manhasset 12/25/2011), Gaul bladder removal (St. Francis Hospital 07/16/2014), and a stroke (Northshore-LIJ Huntington and Manhasset 09/26/2014).

25. OFFENDER has commenced a contested matrimonial action with The Supreme Court of the State of New York, County of Suffolk on August 27, 2014 – Index #: 016968/14.

26. OFFENDER had filed a Family Offense Petition (File No. 139662) against the PETITIONER with the Family Court of the State of New York alleging PETITIONER has conducted himself in such a way for which the OFFENDER alleged being harassed and in a signed statement conveys a denial of such allegations contained herein and hence force.[3]

27. OFFENDER had petitioned and received a modified Temporary Order of Protection against the PETITIONER – file # 139662.

28. Appearing for the PETITIONER in the matrimonial action is Natasha Meyers, Esq. of The Meyers Law Group, P.C. located at 55 Elm Street in Huntington, NY.

29. Appearing for the OFFENDER in the matrimonial action is Louis Simonetti, Esq. of Louis Simonetti & Associates located at 144 Woodbury Road, Woodbury, NY 11797.

---

[2] Appendix A: Denker-Youngs Household Monthly Budget
[3] Appendix B: Order of Protection and Family Offense Petition File No. 139662 / Docket No. 0-1417074

PETITIONER, BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED
COMPLAINT ALLEGES:

30. The management and general oversight of DENKER-YOUNGS' household and marital finances, debt
obligations and the day-to-day handling of mail and household related items had been handled from the time
DENKER-YOUNGS became domiciled thru September 2014 by the OFFENDER.

31. PETITIONER routinely and consistently without bias relied upon representations made by the OFFENDER(s)
as being complete, factual and truthful.

32. Upon information and belief, some three (3) month's after entering into a legal solemnized marriage, the
OFFENDER without knowledge or consent of the petitioner, re-financed some real property located at 99
West Shore Road, Huntington, NY 11743 assuming a debt obligation from Chase Home Mortgage for an
amount greater than the total pay-off amount of the existing mortgage loan and greater than the very first
mortgage obligation in 2001; equal in the sum of Two Hundred Ninety-Five Thousand Dollars ($295,000).[4]

33. Upon information and belief at the time DENKER-YOUNGS formalized a Chase Mortgage loan application
for the purchase of some real property located at 33 Pennington Drive, Huntington, NY 11743, the financial
institution delivered upon summation, conveying DENKER-YOUNGS Asset/Liabilities to be a net worth of
Six-Hundred Ninety Thousand, Two-Hundred and Ninety-Two Dollars ($690,292), liabilities of Fifty-Eight
Thousand, Three-Hundred and Seven Dollars ($58,307), liquid assets equal to Two-Hundred and Sixty-Three
Thousand, Five Hundred and Ninety-Nine Dollars ($263,599.00).[5]

34. PETITIONER represents DENKER-YOUNGS committed and delivered at closing a down payment equal to
Ninety-One Thousand Dollars ($91,000).

35. PETITIONER represents he provided for a separate monetary contribution to the down payment of an original
contract of sale on some real property which fell through in April 2012. Such separate monetary contribution
originated from an early, first-time home buyer withdrawal from a Vanguard 401k retirement account in the
amount of Forty-Four Thousand Sixty Four Dollar ($44,064).

36. PETITIONER reiterates allegation 35 and puts forth copies of an initial escrow payment bank check drawn
upon his Bank of America Checking Account to the attorney of record for escrow by Brian Denker to Michael

[4] Appendix C: Mortgage Loan Application November 2011
[5] Appendix D: Mortgage Loan Asset / Liabilities Statement – Denker-Youngs, April 2012

McCarthy and the escrow return on/about the end of August 2012 to Brian and Edward DENKER-YOUNGS in the amount of Thirty-One Thousand Dollars ($31,000).[6]

37. PETITIONER represents that the remainder of funds withdrawn from his Vanguard 401k retired account was utilized by DENKER-YOUNGS for associated obligations including but not limited to credit card debt reduction, legal fees and home furnishings / improvements for DENKER-YOUNGS.

38. On/about February 2013, PETITIONER had come to view a year-end statement provided by Shelter Rock Church indicating monthly charitable gifts paid out on a consistent and regular basis each month by the OFFENDER without PETITIONER's knowledge or consent surmounting more than $300 a month.

39. PETITIONER memorializes a discussion with the OFFENDER for which OFFENDER's mother was present on/about February 16, 2013 regarding the non-consensual giving to Shelter Rock Church for which was to cease and therein OFFENDER's mother reiterating such acts by the OFFENDER as being " her son's biblical obligation."

40. OFFENDER has of February 2013 thru present day maintained, although unverified to the PETITIONER that no further monies has been given to such religious institutions or charities.

41. PETITIONER attests beginning December 24, 2009 during a Christmas Eve gathering at 99 West Shore Road, Huntington, NY 11743 and continuing thru present day, OFFENDERS' mother Matje G. Youngs has on many occasions publically and verbally represented her disdain and disapproval remarking statements such as "Only the special Jews know that the messiah has come"; "you'll never know peace until you give yourself to the Lord Jesus Christ"; "Pride is the demise of man", and many other degrading, discriminatory outbursts against homosexuality and the punishment that awaits homosexuals.

42. PETITIONER conveys that both him and OFFENDER attended couples' counseling that began in February 2014 with Lynn Adler, LCSW in Huntington, NY where OFFENDER's mother and her on-going behavior and intrusion in the DENKER-YOUNGS' marriage was a huge contention for the PETITIONER.

43. Upon information and belief, PETITIONER establishes having learnt of non-disclosed income OFFENDER had been receiving and withheld, failing to disclose the receipt of the same from South Shore Home Health Services, Inc. compensating for hours OFFENDER's brother is supervised and cared for by the OFFENDER or DENKER-YOUNGS.[7]

---

[6] Appendix E: Copies of Bank of America Escrow Check Denker-Youngs to McCarthy and Escrow Check McCarthy to Denker-Youngs
[7] Appendix F: Copy of July 18, 2014 Pay Stub to Edward J. Denker-Youngs from South Shore Home Health Services, Inc.

44. OFFENDER's brother is known to be a 47-year old male with Down syndrome domiciled at 316 W Neck Road, Huntington, NY 11743 and residing full-time under the care of OFFENDER(2), Matje G. Youngs.

45. Upon information and belief, PETITIONER began to question and doubt representations made by the OFFENDER(s) regarding the health of marital and household finances around June 2014 whereas, PETITIONER began to sporadically examine and audit the DENKER-YOUNGS JP Morgan Chase Bank, N.A. joint checking account and transactions therein.

46. Upon information and belief, PETITIONER alleges the review of the DENKER-YOUNGS' JP Morgan Chase Bank, N.A. joint checking account yielding on several occasions, questionable and bizarre banking transactions conducted by the OFFENDER including deposits initially represented to be that of the OFFENDERS' bi-weekly salary to be the movement and transferring of funds from other DENKER-YOUNGS' checking accounts and lines of credit raising question as to the whereabouts of OFFENDERS' income.[8]

47. Upon information and belief, PETITIONER made inquiries and thereafter requested on/about August 15, 2014 the OFFENDER submit to a household audit after becoming aware an overdraft occurrence in July 2014 of the DENKER-YOUNGS, JP Morgan Chase Bank, NA checking account. OFFENDER has yet to submit to such performance or request.

48. Upon information and belief, on/about August 15, 2014 PETITIONER gained access to and examined the DENKER-YOUNGS Bethpage Federal Credit Union Home Equity Line of Credit (Account #: 9981700249), and only at that time first becoming aware as to such line of credit being drawn upon by the OFFENDER without knowledge or consent of the PETITIONER by an additional amount greater than Ninety-Thousand Dollars ($90,000), assuming additional and unnecessary debt obligations of the PETITIONER and DENKER-YOUNGS for a sum equal to One Hundred and Twenty-Four Thousand, Thirty-Six Dollars and Sixty Five cents ($124,093.65).[9]

49. Upon information and belief, PETITIONER alleges on January 13, 2013 the OFFENDER wrote a check payable to DENKER-YOUNGS without knowledge or consent from a BETH PAGE FEDERAL CREDIT UNION joint checking account affixing his name as a secondary endorser in the amount of Three-Thousand Dollars ($3000).

---

[1] Appendix G: March 13,2013 Chase Bank NA, Denker-Youngs joint checking deposit

[2] Appendix H: Attached printout from Bethpage Federal Credit Union Home Equity Line of Credit – Account #: 9981700249

50. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on October 10, 2013 in the amount of Seven Thousand Five Hundred Forty Dollars and Thirty Four cents ($7,540.34).

51. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on October 28, 2013 in the amount of Sixteen Thousand One Hundred and Eighteen Dollars ($16,118).

52. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on October 15, 2013 in the amount of Eleven Thousand Seven Hundred Dollars ($11,700).

53. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on November 17, 2013 in the amount of Sixteen Thousand One Hundred Seventeen Dollars and Seventy-Two Cents ($16,117.72).

54. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on December 5, 2013 in the amount of Ten Thousand Two Hundred Dollars ($10,200.).

55. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on January 13, 2014 in the amount of Ten Thousand Nine Hundred Twenty-Five Dollars ($10,925.00).

56. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▓▓▓▓▓39039) on February 14, 2014 in the amount of Five Thousand Nine Hundred Eighteen Dollars ($5,918.00).

57. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: ▬▬▬▬▬▬39039) on March 18, 2014 in the amount of Two Thousand Five Hundred Dollars ($2,500.00).[10]

58. Upon information and belief, PETITIONER asserts concurrent payments had been initiated by the OFFENDER to the same Chase Credit Card (Account #: ▬▬▬▬▬39039) from DENKER-YOUNGS' Chase Joint checking account.

59. Upon information and belief, PETITIONER asserts during the time period of October 2013 and October 2014, OFFENDER withdrew and paid onto Chase Credit Card (Account #: ▬▬▬▬▬▬39039) an amount estimated to be Eighty-One Thousand Nineteen Dollars and Forty Cents ($81,019.41).

60. Upon information and belief, PETITIONER asserts without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Citibank Credit Card on April 15, 2014 in the amount of Nine Thousand Dollars ($9,000.00).[11]

61. Upon information and belief, PETITIONER in collecting personal information for the pending matrimonial action, discovered on/about January 2, 2013, some five (5) days prior to PETITIONER's first spinal operation, a balance transfer of Four Thousand Dollars ($4,000) from Chase Card Services account ending in #9039 to his Discover MasterCard, not transacted by himself or with his knowledge or consent.[12]

62. On November 1, 2013, PETITIONER inquired with Discover MasterCard services as to the transaction for which representatives convey that archived notes establish the balance transfer having been conducted by telephone and for which during such transaction, the caller represented to the Discover representative as being the PETITIONER.

63. Upon information and belief, Chase Card Services primary account holder for an account ending in 9039 belongs to the OFFENDER.

64. Upon information and belief, PETITIONER alleges on/about August 26, 2014 discovering two (2) 403b brokerage portfolio account statements for which never had been disclosed by the OFFENDER and the contributions and/or withdrawals never made known to the PETITIONER by the OFFENDER.

---

[10] Appendix I: Copies of checks referenced in Petitioner allegations 45-54

[11] Appendix J: Copy of check referenced in Petitioner allegation 57

[12] Appendix K: Discover Statement January 2013

65. Upon information and belief, separate portfolio summary statements for the concurrent time period of September 2013-December 2013 provides for active transactions by OFFENDER or such assignee on his behalf and portfolio balances combined of more than Two Hundred Thousand Dollars ($200,000).[13]

66. Upon information and belief, PETITIONER disclosed having learnt of one of the two portfolios to the OFFENDER, requesting discloser of such assets and made direct inquiry and demand as to the performance of utilizing such funds for the pay down of the unconsented and undisclosed debts assumed by the OFFENDER without the PETITIONER's knowledge or consent.

67. Upon information and belief, OFFENDER on August 25, 2014 communicated with, blind copying the PETITIONER, Glen Gordon, a unknown party to the PETITIONER, as to potentially making an early withdrawal as requested by the PETITIONER.

68. Upon information and belief, the contents of a subsequent electronic communication between Gordon and the OFFENDER, its contents for which contained a conveyance of the OFFENDER being party to a legal marriage and by way of said communication delivered upon Gordon the DENKER-YOUNGS marriage certificate[14].

69. Upon information and belief, on August 26, 2014, OFFENDER met with Louis Simonetti, Esq of Louis Simonetti & Associates, now "attorney for plaintiff" in a contested matrimonial action against the PETITIONER filed with the Supreme Court of the State of New York, County of Suffolk; Index #: 016968/14.

70. PETITIONER establishes that between the time period of June 2014 and present having discovered, examined reviewed and duplicated various communications, statements, and check stubs found within the DENKER-YOUNGS marital home presenting some twenty-eight (28) additional banking, investment, insurance, credit and retirement accounts in the OFFENDER's name with cumulative monetary sums / values greater than Three-Hundred, Eighty-Thousand Dollars ($380,000).

71. Upon information and belief, PETITIONER asserts that between the time period of June 2014 and present having discovered, examined reviewed and duplicated communications relating to cash loans drawn by the OFFENDER without PETITIONER's knowledge or consent against retirement and life insurance.[15]

72. Upon information and belief, PETITIONER asserts having discovered an additional Bank of America checking account held by OFFENDER's mother for which bi-directional account transactions exists (Bank of America Checking Account number ending in 6856).[15]

---

[13] Appendix L: Oppenheimer 2013 Statement and CCGA Statement of December 2013

[14] Appendix M: Email communication August 25, 2014 and February 2012 between Gordon and OFFENDER

[15] Appendix N: Nationwide Life Insurance – June 2014 Notice of Payment Due addressed to OFFENDER at his mother's residence.

73. Upon information and belief, PETITIONER asserts that on September 1, 2014, the OFFENDER had in his possession a piece of paper folded in such a fashion to hide the name of the OFFENDER, but for which its contents being a printout of Citibank, N.A. accounts (Checking Account #:▓▓▓▓▓3584 and Savings Account #:▓▓▓▓▓592), accounts never known to the PETITIONER.[17]

74. PETITIONER asserts that despite several requests for disclosure by the OFFENDER, OFFENDER maintains having no knowledge or information a majority of allegations referenced herein and has conveyed the potential of needing to inquire with his mother, a joint account holder on many of the financial and investment accounts held by the OFFENDER or on some, held by his mother with the OFFENDER and for which monies had been concealed, comingled and hidden from the PETITIONER, hereby establishing Matje G. Youngs as OFFENDER(2), an accessory to acts of fraud, coercion and grand larceny against the PETITIONER.

75. Upon information and belief, PETITIONER asserts having found several letters within the DENKER-YOUNGS marital home written by the OFFENDERS' family, with the majority from his mother to the OFFENDER over the course of years, spanning back as far as 1998 and as recent as November 2011 upon learning of the OFFENDERS' intent to marry the PETITIONER, conveying warnings of impending "harm" and her fight to save her son as a result of defying "G-d's word" by keeping a lifestyle and the company of such friends (eluding to OFFENDERS' lifestyle as a gay male).[18]

76. Upon information and belief, PETITIONER asserts having found an electronic letter dated back to July 30, 2000 addressed to Green Street Financial with representations made by the OFFENDERS' mother suggesting that OFFENDER and his mother have as routine handling of finances always comingled their respective monies together.[19]

77. Upon information and belief, PETITIONER asserts that a review and comparison of DENKER-YOUNGS' individual credit reports as is reported by credit reporting agency Experian to the same time and place of March 2013 and August 2014, PETITIONER's debt obligations are reported with an increase of some amount equal to One Hundred Eight Thousand Dollars ($108,000) while OFFENDER's reported debt obligations have decreased by some amount equal to One Hundred Seventy-Seven Thousand Dollars ($177,000).

---

[16] Appendix O: Bank of America Account Statement – January 2014
[17] Appendix P: Citibank Screen Printout OFFENDER had on his person September 1, 2014
[18] Appendix Q: Copies of a few of many handwritten letters from OFFENDERS' mother to OFFENDER regarding lifestyle choice and religious defiance.
[19] Appendix R: Letter found in OFFENDERS' file cabinet within DENKER-YOUNGS marital home to Green Street Financial dated July 30, 2000.



78. Upon information and belief, PETITIONER alleges having found some twenty to thirty unopened pieces of mail in the OFFENDERS' office at the DENKER-YOUNGS' marital residence containing explanation of health benefits, past due bills, letters of collection and check stubs with copies of checks the OFFENDER cashed, whereas PETITIONER alleges OFFENDER with intent ignored and withheld payment to providers retaining insurance monies for his own use and expending marital assets, and credit lines to deliver when he did, payment against such debts.[20]

**WHEREFORE,** THE PETITIONER BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED COMPLAINT AGAINST OFFENDER – EDWARD JOHN DENKER-YOUNGS:

PETITIONER herein, calls upon the Suffolk County District Attorney's Office, Economic Crimes Bureau upon review of the allegations contained herein and preliminary evidence presented, to aide and assist with immediate effect to issue an ORDER OF PROTECTION from the OFFENDER, EDWARD JOHN DENKER-YOUNGS launching an investigation and inquiries for the purpose of holding accountable those who have committed, enabled and perpetrated such economic crimes of GRANCY LARCENY, FRAUD AND COERCION again the PETITIONER and DENKER-YOUNGS' marital estate.

**WHEREFORE,** THE PETITIONER BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED COMPLAINT AGAINST OFFENDER – MATJE G.YOUNGS:

PETITIONER herein, calls upon the Suffolk County District Attorney's Office, Economic Crimes Bureau upon review of the allegations contained herein and preliminary evidence presented, to aide and assist with immediate effect to issue an ORDER OF PROTECTION from the OFFENDER, MATGE G. YOUNGS, launching an investigation and inquiries for the purpose of holding accountable those who have committed, enabled and perpetrated such crimes of AGGRAVATED HARASSMENT, MENACING, STALKING, COERCION, GRANCY LARCENY, for the purpose of committing CRIMES of HATE and DISCRIMINATION again the PETITIONER and DENKER-YOUNGS' marital being.

---

[20] Appendix S: Copies of just a few of the many medical bills, communications found in OFFENDERS' office related to outstanding payments due to healthcare providers on behalf of the PETITIONER spanning 2013 – 2014.

 

Date: 09/20/2012

████2307

Respond to: JPMorgan Chase Bank, N.A.

## LOCK-IN AGREEMENT

APPLICANT: EDWARD J DENKER-YOUNGS/ BRIAN H DENKER-YOUNGS

PROPERTY: 33 PENNINGTON DR, HUNTINGTON, NY 11743

MORTGAGE AMOUNT: $364,000.00 TERM: 30 years MORTGAGE TYPE/PROGRAM: Conventional/FHLMC 30 YR Fixed

---

**PLEASE READ THE TERMS AND CONDITIONS OF THIS AGREEMENT CAREFULLY.** In this Agreement "I", "me", "my" means all of the applicants who sign below. The words "you", "your" and "Lender" mean JPMorgan Chase Bank, N.A..

☒ I. **FLOAT OPTION** I DO NOT WANT to lock-in my interest rate, discount points and fees at this time. I understand that interest rates, discount points and fees are subject to change and that it is my responsibility to monitor Lender's loan terms during the period in which I choose to float. Before my loan can close, I must lock-in an interest rate, discount points and fees. I may lock-in at any time during the term of my float, but this lock-in MUST be received at least two business days prior to closing.

To lock-in my interest rate, discount points and fees, I will contact my loan officer or Mortgage Consultant.

☐ II. **LOCK-IN OPTION** I DO WANT to lock-in my interest rate, discount points and fees at this time. I HAVE ELECTED THE _____ DAY _____ OPTION AS DETAILED BELOW.

> The rate and points stated in this agreement are based on several factors, including but not limited to: loan amount, documentation type, loan type, occupancy type, property type, credit score, and loan to value (which is your loan amount compared to your property value). The final rate and points may be higher or lower based on information relating to factors such as those listed above, which may be determined after the date of this agreement.
>
> INTEREST RATE: _____%
>
> DISCOUNT POINTS AND ORIGINATION FEES:
>
> | | | |
> |---|---|---|
> | ORIGINATION FEE: | _____% | $0.00 |
> | DISCOUNT POINTS: | _____% | $0.00 |
> | OTHER: | _____% | $0.00 |
>
> EXPIRATION DATE: _____
>
> LOCK-IN FEE: $_____  (_____%)          FLOAT DOWN FEE: $_____
> EXTENDED LOCK-IN FEE: $_____          RATE CAP FEE: $_____
>
> NOTE: LOCK-IN, EXTENDED LOCK-IN AND, DEPENDING ON THE OPTION SELECTED, RATE CAP FEES, PAID PRIOR TO CLOSING WILL BE CREDITED AT CLOSING FIRST TOWARD TOTAL DISCOUNT POINTS AND THEN TOWARD CLOSING COSTS.

☐ If checked, the interest rate is adjustable and subject to change. The initial interest rate shall be the rate specified above. I hereby acknowledge that an Adjustable Rate Mortgage ("ARM") Disclosure describing the features of my ARM has been provided to me.

### SELECT A LOCK-IN OPTION

☐ **15, 30, 45, 60 or 90 DAY LOCK:** I have selected the 15, 30, 45, 60, or 90 Day Lock Option as specified above which locks in my interest rate and/or points for the loan program for the applicable time period.

☐ **45 OR 60 DAY LOCK FLOAT DOWN OPTION:** I have selected the 45 or 60 Day Lock Float Down Option which allows me to lock in for 45 or 60 days, as specified above. If the interest rate and/or points for the loan program and lock period I have selected decrease during the 30 calendar days prior to my loan closing (but no later than 48 business hours prior to my loan closing), then I may obtain a new lower rate and/or points (the "Float Down Rate"). I may only select a Float Down Rate that corresponds to my original lock period. For example, if my original lock-in is for 60 days, my Float Down Rate must be selected from the then current 60-day rate options that correspond to my loan program. My new Expiration Date will be the earlier of my original Expiration Date or the date 30 calendar days from my election of the Float Down Rate.

☐ **RATE CAP OPTION:** I have selected the Rate Cap Option which allows me both to lock-in for a period of 90, 120, 150, 180, 270 or 360 days as specified above and the opportunity to close at a rate and/or points lower than my locked rate and/or points as specified below.

---

Lock-In Agreement
C- 5220NA (12/10).01 (replaces 7/10)

201208204.0.0.0.4002-J20110828Y

1116322307

Page 1 of 2



*TRUE + CERTIFIED COPY*

*TL   10-12-12*

Return To: JPMorgan Chase Bank, N.A.
Collateral Trailing Documents
P.O. Box 8000 - Monroe, LA 71203

**CERTIFIED TRUE COPY**

Prepared By: Glenda Nicholson
1820 E Sky Harbor Circle S Flr 2
Phoenix, AZ 85034

# Mortgage

## Words Used Often in This Document.

(A) *"Security Instrument."* This document, which is dated October 12, 2012, together with all Riders to this document, will be called the Security Instrument.

(B) *"Borrower."* EDWARD J DENKER-YOUNGS and BRIAN H DENKER-YOUNGS, Married, whose address is 25 BOERUM ST APT 18E, BROOKLYN, NY 11206 sometimes will be called Borrower and sometimes simply "I" or "me."

(C) *"Lender."* JPMorgan Chase Bank, N.A. will be called Lender. Lender is a corporation or association which exists under the laws of the United States. Lender's address is 1111 Polaris Parkway, Floor 4J, Columbus, OH 43240 .

(D) *"Note."* The note signed by Borrower and dated October 12, 2012, will be called the Note. The Note shows that I owe Lender three hundred sixty four thousand and 00/100 Dollars (U.S. $364,000.00) plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by November 1, 2042.

(E) *"Property."* The property that is described below in the section titled "Description of the Property," will be called the Property.

(F) *"Loan."* The Loan means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G) *"Sums Secured."* The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the Sums Secured.

(H) *"Riders."* All Riders attached to this Security Instrument that are signed by Borrower will be called Riders. The following Riders are to be signed by Borrower [check box as applicable]:

This Property is or will be principally improved by a one- or two-family house or dwelling only.

Section: 090.00 Block: 05.00 Lot: 031.000 Unit: _____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP9
Wolters Kluwer Financial Services                   201210114.0.0.4002-J20110929Y

1118322307
Form 3033 1/01
03/11
Page 1 of 20

10/12/2012

RIDER ATTACHED TO AND MADE PART HEREOF THAT CERTAIN

MORTGAGE BETWEEN

EDWARD J DENKER-YOUNGS and BRIAN H DENKER-YOUNGS, Married

AND

    JPMorgan Chase Bank, N.A.

Dated: _10 | 12 | 12_

---

1. In addition to the hazard insurance required, if the property is located in a Special Flood Hazard area, I will obtain and maintain flood damage insurance coverage equal to the lower unpaid principal balance of the Note or the maximum amount available from time under the National Flood Insurance Act of 1986 as amended.

2. The premises mortgaged herein are improved with a _ONK_ family residence only.

3. The real property mortgaged herein was conveyed to me by a deed which is to be recorded before the mortgage.

Borrower

| | | | |
|---|---|---|---|
| _EDWARD J DENKER-YOUNGS_ | 10/12/12 | _BRIAN H DENKER-YOUNGS_ | 10/12/12 |
| EDWARD J DENKER-YOUNGS | Date | BRIAN H DENKER-YOUNGS | Date |
| | Seal | *Non-Applicant Title Holder | Seal |

---

MORTGAGE RIDER – NEW YORK
CB-3155 (3/97).02

201210114.0.0.4002-J20110929Y

1118322307

Page 1 of 1

*7H.D1118322307.1163*

The entity that collects the Periodic Payments and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that I be given written notice of any change of the Loan Servicer. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by RESPA or Applicable Law. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to me will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither I nor Lender may commence, join or be joined to any court action (as either an individual party or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 15 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action. If Applicable Law provides a time period which will elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to me under Section 22 and the notice of the demand for payment in full given to me under Section 22 will be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20. All rights under this paragraph are subject to Applicable Law.

**21. Continuation of Borrower's Obligations to Maintain and Protect the Property.** The federal laws and the laws of New York State that relate to health, safety or environmental protection are called "Environmental Law." Environmental Law classifies certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Section 21. These substances are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Law and the substances considered hazardous for purposes of this Section 21 are called "Hazardous Substances." "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law. An "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not do anything affecting the Property that violates Environmental Law, and I will not allow anyone else to do so. I will not cause or permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. I also will not do, nor allow anyone else to do, anything affecting the Property that: (a) is in violation of any Environmental Law; (b) creates an Environmental Condition; or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The promises in this paragraph do not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property (including, but not limited to, Hazardous Substances in consumer products). I may use or store these small quantities on the Property. In addition, unless Environmental Law requires removal or other action, the buildings, the improvements and the fixtures on the Property

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                  201210114.0.0.0.4002-J20110929Y



1118322307
Form 3033 1/01
03/11
Page 16 of 20
Initials:
*HLD1118322307*1123*

.are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

I will promptly give Lender written notice of: (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance; and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If I learn, or any governmental or regulatory authority, or any private party, notifies me that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

Nothing in this Security Instrument creates an obligation on Lender for an Environmental Cleanup.

**Non-Uniform Covenants.** I also promise and agree with Lender as follows:

**22. Lender's Rights If Borrower Fails to Keep Promises and Agreements.** Except as provided in Section 18 of this Security Instrument, if all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another Person may acquire the Property. This is known as "Foreclosure and Sale." In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(A) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(B) Lender sends to me, in the manner described in Section 15 of this Security Instrument, a notice that states:

1. The promise or agreement that I failed to keep or the default that has occurred;
2. The action that I must take to correct that default;
3. A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;



NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services     201210114.0.0.0.4002-J20110929Y

1118322307
Form 3033 1/01
03/11
Page 17 of 20

4. That if I do not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;

5. That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

6. That I have the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(C) I do not correct the default stated in the notice from Lender by the date stated in that notice.

**23. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

**24. Agreements about New York Lien Law.** I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a trust fund; and (b) use those amounts to pay for "Cost of Improvement" (as defined in Section 13 of the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a trust fund means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

**25. Borrower's Statement Regarding the Property [check box as applicable].** ☒ This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                201210114.0.0.0.4002-J20110929Y

1118322307
Form 3033 1/01
03/11
Page 18 of 20

*HLD1118322307

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 20 of this Security Instrument and in any Rider signed by me and recorded with it.

Borrower

_Edward J Denker-Youngs_          10/12/12
EDWARD J DENKER-YOUNGS          Date
                                                                        Seal

_Brian H Denker-Youngs_          10/12/12
BRIAN H DENKER-YOUNGS *          Date
*Non-Applicant Title Holder          Seal

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          1118322307
VMP®                                                                                                                Form 3033 1/01
Wolters Kluwer Financial Services          201210114.0.0.0.4002-J20110929Y          03/11
                                                                                                                Page 19 of 20

*HLD1118322307112*

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 20 of this Security Instrument and in any Rider signed by me and recorded with it.

Borrower

_____    10/12/12
EDWARD J DENKER-YOUNGS              Date
                                    Seal

_____    10/12/12
BRIAN H DENKER-YOUNGS *             Date
*Non-Applicant Title Holder         Seal

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP®

Wolters Kluwer Financial Services                    201210114.0.0.0.4002-J20110928Y

1116322307
Form 3033 1/01
03/11
Page 19 of 20

Acknowledgment

State of New York

County of Suffolk

On ___Oct 12, 2012___ before me, the undersigned, personally appeared
_____Edward J Denker - Youngs_____
_____Brian H Denker - Youngs_____

personally known or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature(s) on the instrument, the individual(s), or the person(s) upon behalf of which the individual(s) acted, executed the instrument.

_____

*Notary Public*
*My commission expires:*

PATRICIA A. LAMB
Notary Public, State of New York
No. 01LA4677420
Qualified in Nassau County
Commission Expires Jan 31, 2015

Tax Map Information: 090.00-031.000-05.00

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                201210114.0.0.0.4002-J20110929Y



# 2012 FORM 1099-R

Distributions From Pensions, Annuities, Retirement or
Profit-Sharing Plans, IRAs, Insurance Contracts, etc.



Page 1 of 2                                    1-800-523-1188

BRIAN H DENKER-YOUNGS
99 W SHORE RD
HUNTINGTON    NY 11743-2076

Form 1099-R is issued for each person who has
received a distribution from a profit-sharing or
retirement plan.

Recipients Taxpayer Identification Number
XXX-XX-2227

---

| PAYER'S name, street address, city, state, and ZIP code | 1 Gross distribution $ 44,222.41 | OMB No. 1545-0119 | Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|---|
| **VANGUARD FIDUCIARY TRUST COMPANY** P.O. BOX 1101 VALLEY FORGE PA 19482 | 2a Taxable amount $ 44,222.41 | **2012** Form 1099-R | |
| | 2b Taxable amount not determined ☐ | Total distribution ☐ | |
| PAYER'S federal identification number 23-2186884 | RECIPIENT'S identification number XXX-XX-2227 | 3 Capital gain (included in box 2a) $ 0.00 | 4 Federal income tax withheld $ 0.00 | **COPY 1** |
| RECIPIENT'S name (first, m., last), street address (including apt. no.), city, state, and ZIP code **BRIAN H DENKER-YOUNGS** 99 W SHORE RD HUNTINGTON    NY 11743-2076 | 5 Employee contributions /Designated Roth contributions or insurance premiums $ 0.00 | 6 Net unrealized appreciation in employer's securities $ 0.00 | **For State, City, or Local Tax Department** |
| | 7 Distribution code 1 | IRA/SEP/ SIMPLE ☐ | 8 Other $ % | |
| | 9a Your percentage of total distribution % | 9b Total employee contributions $ 0.00 | |
| 10 Amount allocable to IRR within 5 years $ 0.00 | 11 1st year of desig. Roth contrib. | | |
| Account Number    093656 2012 0000449237 FROST & SULLIVAN 401(K) PLAN | 12 State tax withheld $ 0.00 | 13 State/Payer's state no. NY 232186884 | 14 State distribution $ 44,222.41 |
| | 15 Local tax withheld $ 0.00 | 16 Name of locality | 17 Local distribution $ 0.00 |

FORM 1099-R    Department of the Treasury - Internal Revenue Service

---

| PAYER'S name, street address, city, state, and ZIP code | 1 Gross distribution $ 44,222.41 | OMB No. 1545-0119 | Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|---|
| **VANGUARD FIDUCIARY TRUST COMPANY** P.O. BOX 1101 VALLEY FORGE PA 19482 | 2a Taxable amount $ 44,222.41 | **2012** Form 1099-R | |
| | 2b Taxable amount not determined ☐ | Total distribution ☐ | |
| PAYER'S federal identification number 23-2186884 | RECIPIENT'S identification number XXX-XX-2227 | 3 Capital gain (included in box 2a) $ 0.00 | 4 Federal income tax withheld $ 0.00 | **COPY B** |
| RECIPIENT'S name (first, m., last), street address (including apt. no.), city, state, and ZIP code **BRIAN H DENKER-YOUNGS** 99 W SHORE RD HUNTINGTON    NY 11743-2076 | 5 Employee contributions /Designated Roth contributions or insurance premiums $ 0.00 | 6 Net unrealized appreciation in employer's securities $ 0.00 | **Report this income on your federal tax return. If this form shows federal income tax withheld in box 4, attach this copy to your return** |
| | 7 Distribution code 1 | IRA/SEP/ SIMPLE ☐ | 8 Other $ % | |
| | 9a Your percentage of total distribution % | 9b Total employee contributions $ 0.00 | |
| 10 Amount allocable to IRR within 5 years $ 0.00 | 11 1st year of desig. Roth contrib. | | |
| Account Number    093656 2012 0000449237 FROST & SULLIVAN 401(K) PLAN | 12 State tax withheld $ 0.00 | 13 State/Payer's state no. NY 232186884 | 14 State distribution $ 44,222.41 |
| | 15 Local tax withheld $ 0.00 | 16 Name of locality | 17 Local distribution $ 0.00 |

FORM 1099-R    Department of the Treasury - Internal Revenue Service

OFFICIAL CHECK

**citibank**

11210108

FCK 00192 FAK 043          $10.00 ONL PIC          DATE 10 / 12 / 13
007-03  CH. Ser.N    11210108      * * * * * 48 , 063 . 63 * * *

'AY    *\*\*\*FORTY-EIGHT THOUSAND SIXTY-THREE AND 63/100 DOLLARS\*\*\*

O
HE       \*\*\*David Cernese\*\*\*\*
RDER
F

4MS OF REGISTED      Edward I Youngs and Brian Denise Youngs     Drawer: Citibank, N.A.
DCPESS                                                By _____ D. Mawick
                                                     AUTHORIZED SIGNATURE

⑃112101085⑃  ⑆031100209⑆  :  3876292⑃



OFFICIAL CHECK

citibank
Citibank, N.A.

112241027

PAY

TO
THE
ORDER
OF

NAME OF REMITTER
ADDRESS          EDWARD J YOUNG
                 BRIAN SCHULL YOUNG

Drawer: Citibank, N.A.

AUTHORIZED SIGNATURE

**MARC GERBER ATTORNEY AT LAW, P.C.**
**IOLA - ATTORNEY ESCROW ACCOUNT**
425 BROADHOLLOW RD STE 217
MELVILLE, NY 11747

1119

DATE 10/12/12

PAY TO THE ORDER OF Daniel Gale $ 9,100.00

Nine Thousand One Hundred and 00/00 —— DOLLARS

Capital One Bank

⑈001119⑈ ⑆021407912⑆752 72 39030⑈

**MARC GERBER ATTORNEY AT LAW, P.C.**
**IOLA - ATTORNEY ESCROW ACCOUNT**
425 BROADHOLLOW RD STE 217
MELVILLE, NY 11747

1120

DATE 10/12/12

PAY TO THE ORDER OF Cold Spring Harbor Realty $ 9,100.00

Nine Thousand One Hundred and 00/00 —— DOLLARS

Capital One Bank

⑈001120⑈ ⑆021407912⑆752 72 39030⑈

**MARC GERBER ATTORNEY AT LAW, P.C.**
**IOLA - ATTORNEY ESCROW ACCOUNT**
425 BROADHOLLOW RD STE 217
MELVILLE, NY 11747

1124

DATE 10/12/12

PAY TO THE ORDER OF David Cerwese $ 22,755.00

Twenty Two Thousand Seven Hundred Fifty Five and 00/00 — DOLLARS

Capital One Bank

⑈001124⑈ ⑆021407912⑆752 72 39030⑈

**MARC GERBER ATTORNEY AT LAW, P.C.**
**IOLA - ATTORNEY ESCROW ACCOUNT**
425 BROADHOLLOW RD STE 217
MELVILLE, NY 11747

1121

DATE 10/12/12

PAY TO THE ORDER OF Title Land Agency Inc $ 1,820.00

One Thousand Eight Hundred Twenty and 00/00 —— DOLLARS

**MARC GERBER ATTORNEY AT LAW, P.C.**
**IOLA - ATTORNEY ESCROW ACCOUNT**
425 BROADHOLLOW RD STE 217
MELVILLE, NY 11747

1123

DATE 10/12/12

PAY TO THE ORDER OF: Marc Gerber, Esq                    $2,500.00

Two Thousand Five Hundred and 00/100 ———— DOLLARS

**CapitalOne Bank**

⑆001123⑆ ⑆021407962⑆752 72 39030⑆

---

**OFFICE OF FREDERICK J. GIACHETTI, PC**
**CHASE ATTORNEY TRUST ACCOUNT**
18 FAIRVIEW STREET
HUNTINGTON, NY 11743

**CHASE ○**
JPMorgan Chase Bank, N.A.
www.Chase.com
1-2-210

6719

10/12/2012

TITLELAND AGENCY INC                    $ **910.00

Hundred Ten and 00/100————————————————————— DOLLARS

DENKER 12-CMMC-69998
SALTSMAN-12-CMMC-69666

AUTHORIZED SIGNATURE

⑆006719⑆ ⑆021000023⑆ 907987697⑆

---

**AW OFFICE OF FREDERICK J. GIACHETTI, PC**
**CHASE ATTORNEY TRUST ACCOUNT**
18 FAIRVIEW STREET
HUNTINGTON, NY 11743

**CHASE ○**
JPMorgan Chase Bank, N.A.
www.Chase.com
1-2-210

6718

10/12/2012

TO THE ORDER OF    FREDERICK J. GIACHETTI                    $ **885.00

ght Hundred Eighty-Five and 00/100————————————————— DOLLARS

DENKER - YOUNGS 12-CMMC-69993

AUTHORIZED SIGNATURE

⑆006718⑆ ⑆021000023⑆ 907987697⑆

03-Feb-15                                                                02Feb15-74

## THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION
## GROUP ID G02Feb15-74
### Sequence number 001480879961  Posting date 18-Sep-12  Amount 31000.00





**EXHIBIT E2**

RE: Chase Mortgage

Please see attached paid in full binder .

K Bell Associates, Inc.
Insurance Specialists
(631) 659-3005
(631) 659-3326 Katie's Extension
(631) 367-7079 Fax
Bellassociates@optonline.net

**From:** Mercier, Alexa J [mailto:alexa.j.mercier@chase.com]
**Sent:** Friday, September 28, 2012 3:24 PM
**To:** bellassociates@optonline.net
**Cc:** Jones, Rhonda M
**Subject:** Chase Mortgage

Mr. Bell,

Please see below for our mortgagee information and let me know if there's anything you need.

Brian and John Denker-Youngs
33 Pennington Dr.
Hungtinton, NY  11743

Loan number is #⬛⬛⬛2307 and our mortgagee clause is
    JPMorgan Chase Bank, N.A.
    Its successors and/or assigns, as their interest may appear
    P. O. Box 47020
    Doraville, GA 30362
PLEASE STATE GUARANTEED REPLACEMENT COST ON THE DEC PAGE
Our anticipated settlement date is 10/11/2012. The customers will be escrowing.

Let me know if you need anything else from me

Thank you

This transmission may contain information that is privileged, confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. Although this transmission and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by JPMorgan Chase & Co., its subsidiaries and affiliates, as applicable, for any loss or damage arising in any way from its use. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

Exhibit A18

## *First American Title Insurance Company of New York*

Policy No. __5011436-0027373e__

Title No. __NYTG-09125959__                          Date of Issue __October 12, 2012__

Name(s) of Insured Homeowner(s): __Edward J. Denker-Youngs and Brian H. Denker-Youngs__

Owner's Statement of Coverage:

In consideration of the payment of the additional premium for the issuance of this Rider to the Policy as hereinafter defined, the Company insures the named homeowner against loss or damage not exceeding the market value of the premises at the time of loss, in accordance with the Conditions of the Policy not inconsistent with the provisions of this Rider, and subject to the matters excepted from coverage in Schedule B.

DEFINITIONS:

(a)     The Policy is the policy issued to the named insured herein in the amount of the original purchase price paid for the insured premises.

(b)     Time of loss shall be such date as the homeowner shall have actual knowledge of facts giving rise to a claim under the Policy.

(c)     A homeowner is a natural person, fee owner and resident of real property used predominately for residential purposes and containing no more than 4 dwelling units, a residential condominium unit, or a residential co-operative leasehold interest. The benefits of this Rider shall be available only to the named insured provided the named insured is a homeowner as defined herein at the date of the issuance of this Rider and at the date any claim under this Rider is made.

(d)     Market value at time of loss shall be such value of the insured premises as is determined by three arbitrators or any two of them, one of whom should be chosen by the insured and one by the Company, and the two so chosen selecting the third arbitrator. Such value shall exclude the market value of any improvements made to the premises subsequent to the date of the Policy. The above valuation procedure shall also apply in the event the insured premises is a residential cooperative leasehold interest.

CONDITIONS:

(a)     Notwithstanding anything herein to the contrary, in the event of a loss, partial or total, the insured shall have the option to elect to value such loss under the terms of this Rider or under the terms and amount of the Policy.

(b)     All other provisions of the Policy, not inconsistent with the provisions of this Rider, shall remain in full force and effect.

(c)     This Rider and the Policy is the entire contract between the named insured and the Company.

IN WITNESS WHEREOF, First American Title Insurance Company of New York has caused this Endorsement to be signed and sealed on its date of issue set forth herein.

Dated: October 12, 2012

Countersigned                          First American Title Insurance Company of New York

TitleLand Agency, Inc.

By: _____          By: _____

Authorized Signatory                          James M. Orphanides, President

TIRSA MARKET VALUE POLICY RIDER(5/1/07) TO BE USED WITH ALTA 2006 OWNER'S POLICY
(NEW YORK STATE ONLY)

Feb 28 14 11:49p      Denker-Youngs                    631-271-8610          p.1

Edward John Denker-Youngs

33 Pennington Drive

Huntington, NY 11743

February 28, 2014

Loan Number: ████ 2307


Chase Mortgage


To whom it may concern:


This note is to inform you that my spouse, Brian H. Denker-Youngs, is allowed access to information for this loan. We own the house together and pay the loan together.


Sincerely,

*Edward J. Denker-Youngs*

Edward J. Denker-Youngs

Cell - 631-790-7086
Home  631-271-8610


# CHASE

32370  Page 1 of 1



Customer Service                    1-866-405-3352
Monday - Thursday              8 a.m. - midnight (ET)
Friday                              8 a.m. - 10 p.m. (ET)
Saturday                           8 a.m. - 5 p.m. (ET)
Hearing Impaired (TTY)          1-800-582-0542

chase.com


ılıllıllılıllllıllılıllılıllllılıllılıllılıllılıllı

32370 MSD 239514 C - 8RE
EDWARD J DENKER-YOUNGS
33 PENNINGTON DR
HUNTINGTON NY 11743-7122

Mortgage Loan Statement

| Loan Number | ████ 07 |
| --- | --- |
| Statement Date | 02/04/2014 |
| Property Address | 33 Pennington Dr Huntington, NY 11743 |
| **Total Payment Due** | **$2,732.35** |
| **Payment Due Date** | **3/1/2014** |

A late charge of $32.16 may apply if received after 03/16/2014

**MORTGAGE CONDITIONAL APPROVAL: CONDITIONS**          **CHASE** 

April 25, 2012                                          Loan Number: ▮▮▮5989
EDWARD J DENKER-YOUNGS, BRIAN H DENKER-YOUNGS

**TO MOVE TO THE NEXT STEP IN THE MORTGAGE APPROVAL PROCESS, WE NEED TO RECEIVE ADDITIONAL INFORMATION FROM YOU.**

You have been conditionally approved. We've listed the conditions that need to be satisfied so that we can complete your application. You'll see what you need to take care of, what we'll do after we receive your information, and what other companies (such as title or appraisal companies) will provide.

**You will need to gather and return the following:**

We must receive all the necessary information before we can complete the processing of your application. (We've also enclosed a *Follow-up Checklist* for you to use that shows the same conditions you are responsible for meeting.)

 ☐ EDWARD DENKER-YOUNGS to provide a copy of HUD-1 Settlement Statement showing all liens for property pending sale will be satisfied and minimum net proceeds required to cover balance of borrower funds to close in the amount of $191,599.00.

☐ Source of funds for deposit on purchase must be verified.

☐ BRIAN DENKER-YOUNGS to provide most recent 2 months statements for savings account with BETHPAGE FCU in the amount of $10,000.00

☐ EDWARD DENKER-YOUNGS to provide most recent 2 months statements for checking account with BANK OF AMERICA in the amount of $5,000.00

☐ EDWARD DENKER-YOUNGS to provide most recent 2 months statements for checking account with BETHPAGE FCU in the amount of $1,000.00

☐ EDWARD DENKER-YOUNGS to provide most recent 2 months statements for savings account with BANK OF AMERICA in the amount of $6,000.00

☐ BRIAN DENKER-YOUNGS to provide most recent 2 months statements for checking account with BANK OF AMERICA in the amount of $50,000.00

☐ Provide a copy of HUD-1 Settlement Statement showing all liens for property pending sale will be satisfied and will cover balance of borrower funds to close.

☐ Obtain satisfactory 12 month mortgage payment history for all properties owned. Verify with a credit report, Verification of Mortgage or 12 months cancelled checks. If privately held note, obtain copy of note and copies of front and back of 12 months cancelled checks.

☐ EDWARD DENKER-YOUNGS to sign and date the Application Disclosure C5219NA.

☐ EDWARD DENKER-YOUNGS to sign and date the Loan Application (1003).

☐ BRIAN DENKER-YOUNGS to sign and date the Application Disclosure C5219NA.

☐ BRIAN DENKER-YOUNGS to sign and date the Loan Application (1003).

☐ Provide a signed Borrower Authorization Form at time of application.

☐ Provide most recent computer generated paystub for EDWARD DENKER-YOUNGS showing a minimum of 30 days' earnings.

☐ Provide most recent year W-2 for EDWARD DENKER-YOUNGS.

☐ Provide most recent computer generated paystub for BRIAN DENKER-YOUNGS showing a minimum of 30 days' earnings.






☐ All borrower(s) must complete, sign and date an IRS form 4506-T at time of application.

☐ All borrower(s) must complete, sign and date an IRS form 4506-T at time of closing.

☐ Provide completed and signed purchase contract with all amendments on subject property.

☐ Borrower to provide evidence of adequate homeowner's insurance coverage prior to closing.

**We will obtain and review the following:**

• No secondary (subordinate) financing is permitted.

• This loan must close on or before the Overall Document Expiration Date.

• Chase to perform a verbal verification of employment for borrower(s) within 10 business days of signing closing documents for each current employer reported on the loan application.

**We will request the following from other companies:**

• Obtain one interior/exterior appraisal form 1004/70.

• Obtain interior/exterior appraisal to establish value sufficient to support loan amount requested.

• Chase to review and approve the HUD-1 Settlement statement, prepared by the Settlement Agent before any fund can be disbursed.

• At closing, provide the borrower(s) with a finalized copy of the Fannie Mae 1003 application form.

• Title Commitment to be issued with no liens, judgments, or delinquent taxes against the property or Borrower(s).

**IMPORTANT! Your Conditional Approval will expire on July 24, 2012. To move to the next step in the approval process, please return your information within 3 days.**

Note: Approval is subject to receipt and verification of all documents provided to the satisfaction of Chase.

## PROOF OF CLAIM STATEMENT

For the reasons outlined in the annexed Verified Complaint filed in the matrimonial proceedings pending in the New York State Supreme Court, Suffolk County in an action captioned: Edward John Denker-Youngs v. Brian H. Denker-Youngs, Index No. 14-16968 concerning the termination of the marriage between the Debtor and Mr. Youngs and all related issues. The claimant has an unliquidated claim in connection with the matrimonial action for equitable distribution and other property claims including, without limitation: i) the marital residence located at 33 Pennington Drive, Huntington, NY 11743; ii) separate property claim in the amount of $161,000; iii) the distribution of retirement accounts in the aggregate amount of approximately $52,000; iv) a claim for a loan against claimant's pension during the marriage in the approximate amount of $10,000; v) payments made in connection with the upkeep of the marital residence, including, but not limited to, mortgage payments, property taxes, homeowner insurance, HELOC loan payments, LIPA bills, as well as payments for health and car insurance for the Debtor from October 2014 through December 2014 in the aggregate amount of approximately $13,000; vi) repairs and other various expenses incurred in obtaining a Certificate of Occupancy for the pool house located on the marital residence, including, but not limited to, a survey, architect and an expediter fee in the aggregate amount of approximately $7,000; vii) a claim for wasteful dissipation of marital assets in the aggregate amount of approximately $9,000; viii) payments by claimant to Debtor's business account from October 2014 to the present time in the approximate aggregate amount of $2,600; and ix) related attorneys' fees in the amount of approximately $7,000.

This claim is being filed without prejudice to, and with a reservation of all rights, claims and remedies provided to claimant in connection with the marital proceeding. The claimant further reserves the right to amend and/or supplement this proof of claim at any time and in any manner, and to file additional proofs of claim for additional claims, which may be based on the respective rights and obligations in connection with the matrimonial proceeding. The claimant further reserves, without limiting the generality of the foregoing, the right to amend and/or supplement the calculations of amounts owing to claimant. The claimant further reserves the right to file additional proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties.

The filing of this proof of claim shall not constitute a waiver or release of any of the claimant's rights, including, without limitations: (a) claimant's right against debtor or any other person, entity or property; (b) claimant's right to contest the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the claimant; claimant's right to move or withdraw the reference with respect to the subject matter of this claim or otherwise; and (d) claimant's election of remedies or choice of law.



# Suffolk County Clerk's Office

## *Mortgages*

Tax Map = 0400-026.00-02.00-057.000

| Liber | Page | Date | Tax Map No | Mortgagor Name | Mortgagee Name | AMOUNT | TAX |
|-------|------|------|-----------|----------------|----------------|--------|-----|
| M00019990 | 228 | 12/12/2001 | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | ABN AMRO MORTGAGE GROUP INC | 270,000.00 | 2,675.00 |
| M00020275 | 229 | 1/7/2003 9: | 0400-026.00-02.00-057.000 | ABN AMRO MORTGAGE GROUP INC | YOUNGS, EDWARD J | | |
| M00020321 | 115 | 3/3/2003 10 | 0400-026.00-02.00-057.000 | YOUNGS, E J | FLEET NATIONAL BANK | 285,000.00 | 2,825.00 |
| M00020530 | 150 | 10/14/2003 | 0400-026.00-02.00-057.000 | FLEET NATIONAL BANK | YOUNGS, E J | | |
| M00020546 | 913 | 10/28/2003 | 0400-026.00-02.00-057.000 | YOUNGS, E J / YOUNGS, EDWARD J | FLEET NATIONAL BANK | 297,000.00 | 2,945.00 |
| M00021477 | 396 | 2/15/2007 ; | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC / COLDWELL BANKER MORTGAGE | 304,527.22 | 3,167.25 |
| M00021780 | 307 | 1/8/2009 10 | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | JP MORGAN CHASE BANK N A | 12,385.06 | 100.20 |
| M00021780 | 308 | 1/8/2009 10 | 0400-026.00-02.00-057.000 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC / COLDWELL BANKER MORTGAGE | JPMORGAN CHASE BANK N A | | |
| M00021780 | 309 | 1/8/2009 10 | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | JP MORGAN CHASE BANK N A | 305,000.00 | 0.00 |
| M00022144 | 735 | 12/7/2011 ( | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | JPMORGAN CHASE BANK N A | 3,308.43 | 24.75 |
| M00022144 | 736 | 12/7/2011 ( | 0400-026.00-02.00-057.000 | YOUNGS, EDWARD J | JPMORGAN CHASE BANK N A | 295,000.00 | 0.00 |
| M00022231 | 428 | 7/30/2012 1 | 0400-026.00-02.00-057.000 | KAMP, HALEY | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC / MORTGAGE MASTER INC | 392,000.00 | 4,086.00 |
| M00022241 | 307 | 8/24/2012 ( | 0400-026.00-02.00-057.000 | JPMORGAN CHASE BANK N A | YOUNGS, EDWARD J | | |

## GREAT STREET FINANCIAL GROUP, INC.

Lender:

Address:

Applicant(s):  **Edward J. Youngs**

Property Address:  **99 West Shore Road**
**Huntington, NY 11743**

| | | |
|---|---|---|
| Sales Price: | **300,000.00** |
| Base Loan Amount: | **270,000.00** |
| Total Loan Amount: | **270,000.00** |
| Interest Rate: | **7.250 %** |
| Type of Loan: | **Conventional** |
| Preparation Date: | **July 10, 2001** |
| Loan Number: | ███071 |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - actual charges may be more or less. Your transaction may not involve a fee for every item listed.
The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will be receiving at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for items paid at settlement.

| | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | 1100 | TITLE CHARGES: | |
|---|---|---|---|---|---|---|
| 1. | Origination Fee | $ 0.00 | | 1101. | Closing or Escrow Fee | $ 0.00 |
| 2. | Discount Fee | $ 0.00 | | 1102. | Abstract or Title Search | $ 250.00 |
| 3. | Appraisal Fee | $ 275.00 | | 1103. | Title Examination | $ 200.00 |
| 4. | Credit Report | $ 16.24 | | 1105. | Document Preparation Fee | $ 0.00 |
| 5. | Lender's Inspection Fee | $ 0.00 | | 1106. | Notary Fee | $ 0.00 |
| 6. | Mortgage Insurance Application Fee | $ 0.00 | | 1107. | Attorney's Fee | $ 575.00 |
| 7. | Assumption Fee | $ 0.00 | | 1108. | Title Insurance | $ 1,872.80 |
| 8. | Mortgage Broker Fee | $ 0.00 | | | | $ |
| 9. | Tax Related Service Fee | $ 0.00 | | | | $ |
| 1. A | Application Fee | $ 150.00 | | | | $ |
| 2. | Commitment Fee | $ 0.00 | | | | $ |
| 3. | Lender's Rate Lock-In Fee | $ 0.00 | | | | $ |
| 4. A | Processing Fee | $ 250.00 | | 1200 | GOVERNMENT RECORDING AND TRANSFER CHARGES: | |
| 5. | Underwriting Fee | $ 0.00 | | 1201. | Recording Fee | $ 180.00 |
| 6. | Wire Transfer Fee | $ 0.00 | | 1202. | City/County Tax/Stamps | $ 0.00 |
| 0 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | 1203. | State Tax/Stamps | $ 2,025.00 |
| . A | Interest    @ $54.3750/day for 15 days | $ 815.63 | | 1204. | Intangible Tax | $ 0.00 |
| . A | Mortgage Insurance Premium for 1 months | $ 117.00 | | | | $ |
| . | Hazard Insurance Premium | $ 1,080.00 | | | | $ |
| . | County Property Taxes | $ 3,250.00 | | | | $ |
| . | Flood Insurance | $ 0.00 | | 1300 | ADDITIONAL SETTLEMENT CHARGES: | |
| | | $ | | 1301. | Survey | $ 0.00 |
| | | $ | | 1302. | Pest Inspection | $ 0.00 |
| 0 | RESERVES DEPOSITED WITH LENDER: | | | 1303. A | Lender Adminstration Fee | $ 460.00 |
| 1. | Hazard Ins.    @ $90.0000/mo. for 2 months | $ 180.00 | | 1304. | Flood Certification Fee | $ 21.00 |
| 2. | Mortgage Ins.   @ $117.0000/mo. for 1 months | $ 117.00 | | 1305. | Courier Fee | $ 16.75 |
| 3. | Tax & Assmt.   @ $541.6700/mo. for 3 months | $ 1,625.01 | | 1306. | Survey Endorsement | $ 100.00 |
| 5. | Flood Insurance | $ 0.00 | | | TOTAL ESTIMATED SETTLEMENT CHARGES: | $ 13,576.43 |
| 6. | Aggregate Escrow Adjustment | $ 0.00 | | | | |

"/B" designates those costs to be paid by Seller/Broker.    "A" designates those costs affecting APR.  "F" designates financed costs.

| TOTAL ESTIMATED MONTHLY PAYMENT: | | | TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | |
|---|---|---|---|---|
| Principal & Interest | $ 1,841.88 | | | |
| Real Estate Taxes | $ 541.67 | | Down Payment | $ 30,000.00 |
| Hazard Insurance | $ 90.00 | | Estimated Closing Costs  (Not Financed) | $ 6,391.79 |
| Flood Insurance | $ | | Estimated Prepaid Items / Reserves | $ 7,184.64 |
| Mortgage Insurance | $ 117.00 | | Total Paid Items (Subtract) | $ |
| Other | $ | | Other | $ |
| TOTAL MONTHLY PAYMENT | $ 2,590.55 | | Cash From Borrower | $ 43,576.43 |

THIS SECTION IS COMPLETED ONLY IF A PARTICULAR PROVIDER OF SERVICE IS REQUIRED.    Listed below are providers of service which we required you to use.    The charges indicated in the Good Faith Estimate above are based upon the corresponding charge of the below designated providers.

| ITEM NO. | NAME & ADDRESS OF PROVIDER | TELEPHONE NO. | NATURE OF RELATIONSHIP |
|---|---|---|---|
| | | | |
| | | | |

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA).    Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential property and the Lender will take a first lien on the property.

*Edward J. Youngs  7/30/01*

## ADJUSTMENTS - PURCHASER AND SELLER

### CREDITS TO SELLERS

| | Amount |
|---|---|
| Purchase Price------------------------ | $300,000.00 |
| Property Taxes-------------------- | $      70.00 |
| **TOTAL AMOUNT DUE SELLER** | $300,070.00 |

### CREDITS TO PURCHASER

| | |
|---|---|
| Amount Paid Down----------------------- | $  20,000.00 |
| **BALANCE DUE SELLER** | $280,070.00 |

### BALANCE DUE SELLER PAID AS FOLLOWS:

| | |
|---|---|
| Mortgage proceeds------------------------------------- | $257,625.07 |
| Certified check to seller---------------------------- | $  19,300.00 |
| Personal check to seller---------------------------- | $    3,144.93* |
| **TOTAL**----------- | $280,070.00 |

*paid to Moir & Saltz, as attorneys for holdover escrow

### BANK EXPENSES

| | |
|---|---|
| Bank Attorney Fee---------------------- | $      600.00 |
| Prepaid Interest-------------------------- | $      780.00 |
| Flood Certification Fee-------------------- | $       21.00 |
| Administration Fee------------------------ | $      460.00 |
| Processing Fee------------------------- | $      250.00 |
| Credit Report----------------------- | $       32.56 |
| PMI First Payment------------------------ | $      117.00 |
| Express Mail Fee------------------------------- | $       16.75 |
| Tax Escrow------------------------------- | $   1,632.21 |
| Insurance Escrow------------------------------ | $      250.50 |
| Aggregate Adjustment--------------------- | $       (.09) |
| **TOTAL BANK EXPENSES** | $   4,159.93 |

# CLOSING STATEMENT

----------------------------------------------------

JOHN HALLIGAN

                                    SELLER

- to -

EDWARD JOHN YOUNGS

                                    PURCHASER

----------------------------------------------------

DATE OF CLOSING: November 15, 2001

PREMISES: 99 West Shore Road, Huntington, New York 11743

PLACE OF CLOSING: Office of Mara Manin
                  9 East Carver Street, Huntington, New York 11743
                  (631)351-1818

PRESENT AT CLOSING:

        PURCHASER: Edward John Youngs

        ATTORNEY FOR PURCHASER: Maria I. Moir for Moir & Saltz, LLP
                  155 W. Carver St., Suite 2,
                  Huntington, NY 11743
                  (631) 549-3131

        SELLER:  John Halligan

        ATTORNEY FOR SELLER: C. Stephen Hackeling for Macco Hackeling & Stern
                  164 Main Street, Huntington, NY 11743
                  (631)549-7900

        BANK ATTORNEY/CLOSER: Mara Manin

        TITLE CLOSER: Karen Joseph  for TitleServ

        BROKER: Doris Johnson for The Buyer Agent
                  Kathy Yeager for Coldwell Banker Sammis



## Interest Rate Confirmation Agreement

Edward J Youngs

99  WEST SHORE ROAD
HUNTINGTON, NY  11743

✓ **Please Review**
❑ **Requires Signature**

2/13/2006
**Loan Number:** ▇7224

Dear:  Edward J Youngs

This is a confirmation of the rate lock option you selected on 02/13/2006 .  Please acknowledge receipt of this confirmation by signing and returning this document with your application package.  A copy has been included for your records.

This confirmation of your interest rate is not a commitment to provide financing and is valid only for the Loan Information listed below.  If any of the Loan Information changes, your rate and the applicable margin, origination fee, discount points and/or commitment fee listed in the Statement of Terms are subject to change regardless of the lock option you have selected.    .

We will process your loan application and be ready to close on or before the expiration of this agreement, unless an event beyond our control delays the process.  You may be required to close four (4) business days prior to the expiration of the agreement to allow for the three (3) day right of rescission.

---

✓ **Loan Information**

**Property Address:**  99  WEST SHORE ROAD
HUNTINGTON, NY  11743

**Total Monthly Debt:**  $ 664.00
**Total Monthly Income:**  $ 6,583.33
**Self Employed:**  *x indicates yes*
Edward J Youngs

**Occupancy Type:**  Owner Occupied
**Market Value:**  $ 625,000.00
**Loan Amount:**  $ 304,527.22

**Loan Type:**  Conventional
**Loan Term:**  360
**Program:**   30 yr Fixed (L30)

---

✓ **Statement of Terms**

**Interest Rate:**                    6.351%
**Lock Expiration Date:**     04/14/2006
**Closing Date:**                  02/24/2006

**Rate Lock Option:**  LOCK
**Rate Lock Period:**  60

**PMI Required:**   NO

**Escrow Account Required:** YES

**Origination Fee:**          0.000%
**Discount Points:**          0.000%
**Commitment Fee:**          0.000%
**\*Total:**                          0.000%

**Adjustable Rate Mortgage Information**

*\*Please refer to the Good Faith Estimate for other costs and fees that may apply.*

**Lender Contribution**
**To Closing Costs:**        $ 0.00
**Up-Front Money Paid:**    $ 0.00
**Initial Monthly Payment:** $ 1,895.08

# ACTIVITY STATEMENT

**MORTGAGE SERVICE CENTER**
P.O. BOX 5452
MT LAUREL, NJ  08054-5452



**LOAN NUMBER:** ███ 7224

**CURRENT INTEREST RATE:** 6.35100

623305P1    A1 A2          A8    CB

EDWARD J YOUNGS
99 W SHORE RD
HUNTINGTON NY  11743-2076

If you have any questions:
Please call us at: 888-418-0364
Our fax number is: 856-917-8300
Please email us at:
 CUSTOMERSERVICE@MORTGAGEQUESTIONS.COM

Property Address: 99    WEST SHORE RD
HUNTINGTON NY 11743

Today and everyday you have the opportunity to view activities that have occurred on your loan within the last 24 months.  Visit www.MortgageQuestions.com 24 hours a day, 7 days a week to view tax information, escrow information, payment history and more!

*Log on to MortgageQuestions.com today instead of making a call!*

Want an easier way to manage your account? Try the Message Center at MortgageQuestions.com.  It enables you to receive personalized e-mail alerts regarding mortgage payment confirmations, tax payment notifications, year-end statements and more. Plus, sign up for the Message Center today – and you can take advantage of a very special promotion running now through September 30, 2006.  Get all the exciting details at MortgageQuestions.com.

## ACTIVITY FOR THE PERIOD  01/01/06  TO  06/30/06

| Description of Activity | Date Processed | Loan Amount Reduced by: | Interest | ESCROW Increased (+) or Reduced (-) by: | Other fees/ Charges | TOTAL |
|---|---|---|---|---|---|---|
| INITIAL PRIN. | 03/06 | $304,527.22- | $0.00 | $0.00 | $0.00 | $0.00 |
| INITIAL ESCROW | 03/06 | $0.00 | $0.00 | $4,714.88 | $0.00 | $4,714.88 |
| INT. ON ESCROW | 03/06 | $0.00 | $0.00 | $6.46 | $0.00 | $6.46 |
| PAYMENT | 04/06 | $283.37 | $1,611.71 | $725.08 | $0.00 | $2,620.16 |
| EXTRA PRINCIPAL | 04/06 | $30.00 | $0.00 | $0.00 | $0.00 | $30.00 |
| CITY TAX | 05/06 | $0.00 | $0.00 | $3,989.79- | $0.00 | $0.00 |
| PAYMENT | 06/06 | $285.03 | $1,610.05 | $725.08 | $0.00 | $2,620.16 |
| PAYMENT | 06/06 | $286.54 | $1,608.54 | $725.08 | $0.00 | $2,620.16 |
| INT. ON ESCROW | 06/06 | $0.00 | $0.00 | $15.83 | $0.00 | $15.83 |

| BALANCE END OF PERIOD | | $303,642.28 | | $2,922.62 | | |

623305    9378284200    I           CB

| | | YTD PRINCIPAL | $884.94 |
|---|---|---|---|
| 2ND PRINCIPAL BAL | $.00 | YTD INTEREST PAID | $6,227.02 |
| YTD TAXES PAID | $3,989.79 | YTD LATE CHARGES | $.00 |

## DIRECT DEBIT: AUTHORIZATION AGREEMENT REQUEST FORM

## Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [X] the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or [ ] the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Edward J Youngs

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| MORTGAGE APPLIED FOR: | [ ] VA   [X] Conventional   [ ] Other: | | Agency Case Number | Lender Case No. |
|---|---|---|---|---|
| | [ ] FHA   [ ] USDA/Rural Housing Service | | | |

| Amount | Interest Rate * | No. of Months | AMORTIZATION TYPE: | |
|---|---|---|---|---|
| $ 304,527.22 | 6.351 % | 360 | [X] Fixed Rate   [ ] Other (explain): | [ ] GPM   [ ] ARM (type): |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address | County | No. of Units |
|---|---|---|
| 99 WEST SHORE ROAD HUNTINGTON, NY 11743 | SUFFOLK | 1 |

| Legal Description of Subject Property | Year Built |
|---|---|
| | 1961 |

| Purpose of Loan | [ ] Purchase   [ ] Construction   [ ] Other (explain): | Property will be: |
|---|---|---|
| | [X] Refinance   [ ] Construction-Permanent | [X] Primary Residence   [ ] Secondary Residence   [ ] Investment |

**CONSTRUCTION OR CONSTRUCTION-PERMANENT LOAN.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ 277,016.00 | $ | $ | $ |

**REFINANCE LOAN.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [ ] made [ ] to be made |
|---|---|---|---|---|
| | $ 625,000.00 | $ 277,016.00 | | Cost: $ |

| Title will be held in what Name(s)   Edward J Youngs | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| | TENANTS BY SEVERALTY | [X] Fee Simple   [ ] Leasehold |

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

### III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name | Edward J Youngs | Borrower's Name |

| Social Security Number | Home Phone (631) 271-8610 | DOB (MM/DD/YYYY) | Yrs. School 0 | Social Security Number | Home Phone | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| [ ] Married [X] Unmarried (include single, divorced, widowed) [ ] Separated | Dependents no. 0   ages | | | [ ] Married [ ] Unmarried (include single, divorced, widowed) [ ] Separated | Dependents no.   ages | | |

| Present Address   [X] Own [ ] Rent 4.25 No. Yrs. | Present Address [ ] Own [ ] Rent _____ No. Yrs. |
|---|---|
| 99 West Shore Road , HUNTINGTON NY 11743 United States | |

PREVIOUS ADDRESSES, IF LESS THAN TWO YEARS

| Mailing Address, if different from Present Address   [X] Own [ ] Rent _____ No. Yrs. | Mailing Address, if different from Present Address [ ] Own [ ] Rent _____ No. Yrs. |
|---|---|
| 99 West Shore ROAD , HUNTINGTON NY 11743 | |

| Mailing Address, if different from Present Address   [ ] Own [ ] Rent _____ No. Yrs. | Mailing Address, if different from Present Address [ ] Own [ ] Rent _____ No. Yrs. |
|---|---|

* Refer to Rate Contract
CM21 (020306).1

Page 1 of 4

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

## IV. EMPLOYMENT INFORMATION

| Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|
| Employer ☐ Self Employed | | Yrs. on this job | Employer ☐ Self Employed | | Yrs. on this job |
| OYSTER BAY EAST NORWICH CSD | | 10.1 | | | |
| 1 Mccouns Lane OYSTER BAY NY 11771 United States | | Yrs. employed in this line of work/profession | | | Yrs. employed in this line of work/profession |
| DATES EMPLOYED: From:01/13/1996 To | | .0 | DATES EMPLOYED: From: To | | |
| Position/Title/Type of Business | Business Phone | | Position/Title/Type of Business | Business Phone | |
| Teacher | (516)624-6500 | | | | |

### PREVIOUS EMPLOYERS IF LESS THAN TWO YEARS

| Employer ☐ Self Employed | Dates | Employer ☐ Self Employed | Dates |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone | Position/Title/Type of Business | Business Phone |

| Employer ☐ Self Employed | Dates | Employer ☐ Self Employed | Dates |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone | Position/Title/Type of Business | Business Phone |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 6,583.33 | $ | $ 6,583.33 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | $ 1,895.08 |
| Bonuses | | | | Other Financing (P&I) | | 0.00 |
| Commissions | | | | Hazard Insurance | | 91.67 |
| Dividends/Interest | | | | Real Estate Taxes | | 750.00 |
| Net Rental Income | | | | Mortgage Ins. / LDPF | | 0.00 |
| Other (before completing, see the notice in "describe other income", below) | | | | Homeowner Assn. Dues | | 0.00 |
| | | | | Other: Other Present | | 0.00 |
| Total | $ 6,583.33 | $ | $ 6,583.33 | Total | $ | $ 2,736.75 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

DESCRIBE OTHER INCOME    Notice:    Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | |
|---|---|
| B | |

## VI. ASSETS AND LIABILITIES

### SCHEDULE OF REAL ESTATE OWNED

| Property Address (S = Sold, PS = Pending Sale, R = Rental) | Type Of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 99 WEST SHORE ROAD, HUNTINGTON NY 11743 | O | $ | $ 277,016.00 | $ | $ 2,126.00 | $ | $ -2,126.00 |
| | O | | | | | | |
| | Totals | $ | $ 277,016.00 | $ | $ 2,126.00 | $ | $ -2,126.00 |

### ADDITIONAL NAMES UNDER WHICH CREDIT HAS PREVIOUSLY BEEN RECEIVED

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.

Completed [ ] Jointly [x] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | Monthly Pmt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase | $ | | | | |
| | | **LIABILITIES** | | | |
| BANKS, S & L, CREDIT UNIONS | | NASSAU EDUC | | $ Payment/Months | $ |
| IT | | | | 362.00 | 16,059.00 |
| SAVE | 1.00 | Acct. no. ████ 202 | | 44 | |
| | | CHASE | | $ Payment/Months | $ |
| | | | | 159.00 | 7,987.00 |
| | | Acct. no. ████ 510 | | 50 | |
| TOTAL | $ 1.00 | AMEX | | $ Payment/Months | $ |
| | | | | 55.00 | 2,736.00 |
| | | Acct. no. ████ 3312 | | 50 | |
| | | HSBC/BOSE | | $ Payment/Months | $ |
| | | | | 24.00 | 2,350.00 |
| | | Acct. no. ████ 0337 | | 98 | |
| TOTAL | $ | CITI | | $ Payment/Months | $ |
| | | | | 30.00 | 2,066.00 |
| | | Acct. no. ████ 2823 | | 69 | |
| | | CBUSASEARS | | $ Payment/Months | $ |
| | | | | 26.00 | 1,300.00 |
| | | Acct. no. ████ 7084 | | 50 | |
| TOTAL | $ | AMEX | | $ Payment/Months | $ |
| | | | | 8.00 | 387.00 |
| | | Acct. no. ████ 011 | | 48 | |
| | | | | $ Payment/Months | $ |
| | | Acct. no. | | | |
| TOTAL | $ | | | $ Payment/Months | $ |
| Stocks & Bonds | $ | | | | |
| | | Acct. no. | | | |
| | | | | $ Payment/Months | $ |
| Gift | | | | | |
| | | Acct. no. | | | |
| | | | | $ Payment/Months | $ |
| Life insurance net cash value | $ | | | | |
| Face amount $ | | Acct. no. | | | |
| SUBTOTAL LIQUID ASSETS | $ 1.00 | | | $ Payment/Months | $ |
| Real estate owned | $ | | | | |
| Vested interest in retirement fund | $ | Acct. no. | | | |
| Net worth of business(es) owned | $ | | | $ Payment/Months | $ |
| Automobiles owned | $ | | | | |
| | | Acct. no. | | | |
| | | | | $ Payment/Months | $ |
| Other Assets | $ | Acct. no. | | | |
| Personal Property | | Alimony/Child Support/Separate Maintenance Payments Owed to: | | $ | |
| | | Job Related Expense (child care, union dues, etc.) | | $ | |
| | | TOTAL MONTHLY PAYMENTS | | 664.00 | $ |
| TOTAL ASSETS a. | $ 625,001.00 | NET WORTH (a minus b) | $ 592,116.00 | TOTAL LIABILITIES b. | $ 32,885.00 |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | |
| f. Estimated closing costs | |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| Employer Paid Fees | |
| | |
| m. Homequity Credit Line | See Good Faith Estimate |
| Loan amount (exclude PMI, MIP, Funding Fee Financed) | |
| PMI, MIP, Funding Fee financed | |
| n. Loan amount (add m & n) | |
| o. Cash from/ to Borrower (subtract j, k, l & o from i) | |

## VIII. DECLARATIONS

|  | Borrower | | Co-Borrower | |
|---|---|---|---|---|
|  | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | X | | X |
| b. Have you been declared bankrupt within the past 7 years? | | X | | X |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | X |
| d. Are you a party to a lawsuit? | | X | | X |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | | X | | X |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | | X | | X |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | X |
| h. Is any part of the down payment borrowed? | | X | | X |
| i. Are you a co-maker or endorser on a note? | | X | | X |
| j. Are you a U.S. citizen? | X | | X | |
| k. Are you a permanent resident alien? | | X | | X |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | X | |
| m. Have you had an ownership interest in a property in the last three years? | X | | X | |
| (1) What type of property did you own -- principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| (2) How did you hold title to the home -- solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | S | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulation, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

### BORROWER

[ ] I do not wish to furnish this information

**Ethnicity:** [X] Hispanic or Latino   [ ] Not Hispanic or Latino

**Race:**
[ ] American Indian or Alaska Native
[ ] Asian
[ ] Black or African American
[ ] Native Hawaiian or Other Pacific Islander
[X] White

**Sex:** [ ] Female   [X] Male

### CO-BORROWER

[ ] I do not wish to furnish this information

**Ethnicity:** [X] Hispanic or Latino   [ ] Not Hispanic or Latino

**Race:**
[ ] American Indian or Alaska Native
[ ] Asian
[ ] Black or African American
[ ] Native Hawaiian or Other Pacific Islander
[X] White

**Sex:** [ ] Female   [X] Male

| To be Completed by Interviewer | | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | | Coldwell Banker Mortgage |
| [ ] Face-to-Face Interview | Interviewer's Name (print or type) | |
| [ ] Mail | Manuza Hamon | |
| [X] Telephone | Interviewer's Signature | Date |
| [X] Internet | Manuza Hamon   02/13/2006 | |
| | Interviewer's Phone Number (incl. area code) | 3000 Leadenhall Road |
| | (800) 236-3268 | Mount Laurel, NJ 08054 |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04



### Find a local agent

# Recently Sold Price: $455,000

## 33 Pennington Dr, Huntington, NY

**3 bd, 2.5 ba, -- sq. ft.**   ✎ Edit

Update your home facts for more accurate comparables.

### Next: Get a professional opinion

### Find a local agent





Case 1-15-41069-cec    Doc 86    Filed 10/28/15    Entered 10/28/15 16:14:14

10/24/2015    www.propertyshark.com/mason/Reports2/print.html?propkey=8512236&cats=../Property-Report/sections/notes,property_photos,../Property-Report/sec...

Market Your Commercial Listing for FREE. 

Have your listing displayed in front of thousands of potential buyers by posting it in our commercial for sale section. This enables you to:

**Market your listing for free** - no subscription required.
**Reach a targeted audience** - thousands of real estate investors visit our commercial for sale section each month.
**Promote your listing in great detail** - specify the type of property, upload photos, floor plans and much more.

# C. Sales & Value

## C1. Title History

| Recorded date | Type | Amount | Party1 | Party2 |
|---|---|---|---|---|
| 11/2/2012 | Deed | $455,000 | Cernese David Alexander | Denker Youngs Brian H (Tenants Entirety)<br>Denker Youngs Edward J (Tenants Entirety) |
| 3/3/2011 | Deed | $0 | | Not Available |

## C2. Distressed Property History

Sorry, no records were found!

## C3. Sales History

| Recorded date | Type | Amount | Party1 | Party2 |
|---|---|---|---|---|
| 11/2/2012 | Deed | $455,000 | Cernese David Alexander | Denker Youngs Brian H (Tenants Entirety)<br>Denker Youngs Edward J (Tenants Entirety) |
| 3/3/2011 | Deed | $0 | | Not Available |

## C4. Valuation Model

Our database has 0 properties that meet the following criteria:

- Sold within the last 18 months
- In the 11743 zip code
- Property class One Family Year-Round Residence
- Sale price over $25,000

Expecting more results? Occasionally the actual use and recorded building use are different. Maybe you should be looking at a different building class.

Browse more recently sold properties
in the neighborhood!

## Location

| | |
|---|---|
| Property address | **33 Pennington Dr** |
| | **Huntington, NY** |
| Section, Block, & Lot | **90-500-31** |
| Parcel ID | **213260** |

## Neighborhood

| | |
|---|---|
| Municipality | **Huntington** |
| School district | **Huntington** |

## Last Sale

| | |
|---|---|
| Sale date | **10/12/2012** |
| Sale price | **$455,000** |

## Owner

| | |
|---|---|
| Full name | **Edward J Denker-Youngs** |
| Address | **33 Pennington Dr** |
| City state zip | **Huntington, NY 11743-7122** |

## Market Value and Taxes

| | |
|---|---|
| Roll year | **2014** |
| Land market value | **$68,181** |
| Improvement market value | **$403,181** |
| Total market value | **$471,363** |
| Property tax | **$12,649.24** |

## Land

| | |
|---|---|
| Acreage | **1.11** |
| Property class | **One Family Year-Round** |
| | **Residence (210)** |

# A4. Maps

**MOVOTO**   Neighborhood, City, Zip or Address   🔍   Homes ⌄   Agents ⌄   Local Info ⌄   Learn ⌄   72 ⌄   📞

# Veteran Home Loans

Get Your VA Loan Quote Today. PreQualify for $0 Down up to $417K!

○ ●



Movoto Real Estate » New York » Huntington » 33 Pennington Dr

Back to Search   ◀ Prev | Next ▶

## 33 Pennington Dr
## Huntington, NY 11743

| Sold | $539,166 Estimated Value ❓ | 0 Beds | 0 Baths | 0 Sq. Ft. |



📷 12 Photos



## Mortgage Rates Hit
## 2.97% APR
Calculate New Payment

| 30-Year Fixed | 3.63% | 3.75% APR |
| 15-Year Fixed | 2.75% | 2.78% APR |
| 5/1 ARM | 2.63% | 2.97% APR |
| Refinance | $225,000 loan | $904/mo |

| | Price: | **$539,166** |
| | Loan Payment: | $1,907/mo |
| | Beds: | 0 |
| | Baths: | 0 |
| | Size: | 0Sq. Ft. |
| | $/Sq. Ft.: | - |
| | Type: | Single Family House |
| | Neighborhood: | - |
| | School District: | Huntington Union Free School District |
| | Views: | 0 |

**lendingtree**   Calculate Payment

### Awesome Similar Homes

Real Estate listings near 33 Pennington Dr



**26 Golf Ln, Huntington, NY**
**$749,000**
Beds: 4
Baths: 3
Sqft: 3,490
DOM: 1644
📷 15



**6 Rancher Pl, Huntington, NY**
**$599,000**
Beds: 4
Baths: 2
Sqft: -
DOM: 1547
📷 19

**9 Donald Ln, Huntington, NY**
**$285,000**
Beds: 3
Baths: 2
Sqft: -
DOM: 1668
📷 11

1 Bedrm Cottage Inc.: Bath, Liv. Rm., Solid House (Well Built- 3Rm Cottage W/Bath Laundry.....Heated Gunite Pool W/Waterfall..Long Driveway Holds 16 - 20 Cars ?

### Request More Information on Active Listings in 11743



Name
Brian Denker

Phone

**Have a Question?**

Comments
Please have a Movoto specialist contact me with more information about listings in 11743.

Or Call Toll-Free 888-766-8686
Privacy Policy  Terms of Use

Go

**MOVOTO**

### Request More Information

for 33 Pennington Dr, Huntington, NY

Name:
Brian Denker

Email:
rabbibriand@gmail.com

Phone:

Comments:

## House Features for 33 Pennington Dr

| Feature | Description |
| --- | --- |
| Parking | 2 |
| Property Type | Det |
| Floor Plan | Attic |
| Dining Room | L-Shaped |
| Basement | Full |
| Flooring | Wood Floor |
| Heating | Oil, Hw |
| Driveway | Pvt |

**Listing courtesy of Peters, Anne M of Cold Spring Harbor Realty**



**Homes For Sale**    **Real Estate News**                    For

| City, Zip, Neighborhood, Address or MLS# | Search |

New York Metro Area > 11724 > Cold Spring Harbor > **33 Pennington Drive, Huntington, NY 1174**



Imagery ©2015 , DigitalGlobe | Report a map error

## 33 Pennington Drive Huntington, NY 11743

| $446,845 LOW | $525,700 VALUE ESTIMATE | $604,555 HIGH |

| | | | |
|---|---|---|---|
| Value Estimate | $525,700 | Beds | -- |
| Payment Estimate | $1,949/mo ▼ | Baths Full | -- |
| Rent Estimate | $3,030 | Baths Half | -- |
| Tax Estimate | $13,825 | Sq Ft | -- |
| HomeScore | 81 | Lot Size | 1.00 |
| InvestorScore | 37 | Construction | |
| Last Sale Date | 11/02/2012 | Style | -- |
| Last Sale Price | $455,000 | Year Built | -- |

[ Get Homesnap ]    [ Edit Home Facts ]    [ Share Home ▼ ]

33 Pennington Drive is located in the Cold Spring Harbor area of Huntington, NY. At this time, the property has an estimated value of $525,700 and yearly taxes of $13,825. Similar homes nearby sell for around $550,000.

## COLD SPRING HARBOR MARKET TRENDS

 **Homes**.com

For Sale    For Rent    **Foreclosures**    Home Values    **Mortgage**    Local Pros    Q&A    ·Your Account ▼

## 33 Pennington Dr, Huntington NY, 11743    ← Back to Results    🔍

Home Values > New York > Huntington > 33 Pennington Dr

### Request a Free Home Estimate

 **Carmen & Richie Team**
631-402-5551

Full Name:

Email Address:

Phone Number:

I'd like a free home estimate for 33 Pennington Dr found on Homes.com.

**Find Out More**



MAP                    STREET

## $525,700  Is This Your Home? ▶
Off Market Est. Value

0 Bedrooms • 0 Bathrooms

 ♡ Save

Est. Mortgage **$2,008/mo** ▶

## Get These Great Deals

 dish    Get DISH For as Low as $19.99    ^    +

### Connect with Local Refinancing Experts

Connect with experts in your area to refinance your mortgage.

☑ **Absolute Home Mortgage Corp**
888-398-6982

☑ **Maple Tree Funding**
866-581-6378

Loan Type:    ○ Purchase  ⦿ Refinance

**Continue**

Learn more about being a featured lender



Link to Yahoo Maps
Link to MapQuest Maps
Link to Live Search Maps

# A5. Sale & Property History

## Property History

| Event | | Amount | Date |
|---|---|---|---|
| **Deed Transfer recorded** | | $455,000 | 10/12/2012 |
| *Buyer* | Brian H Denker Youngs And Edward J Denker Youngs | | |
| *Seller* | David Alexander Cernese | | |

# A9. For Sale

**Post Ad**

 

## Uniform Residential Loan Application

_application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower, applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [X] the income or assets of a person other than the Borrowe (including the Borrower's spouse will be used as a basis for loan qualification or [X] the income or assets of the Borrower's spouse or other person who ha community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse o other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in : community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan._

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

| Borrower | | Co-Borrower | |
|---|---|---|---|

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA [X] | Conventional [ ] | Other (explain): | | Agency Case Number | | Lender Case Number |
|---|---|---|---|---|---|---|---|
| | FHA [ ] | USDA/Rural Housing Service [ ] | | | | | |

| Amount | Interest Rate | No. of Months | Amortization [X] Fixed Rate [ ] | Other (explain): |
|---|---|---|---|---|
| $ 430,000.00 | 3.875 % | 360 | Type: GPM [ ] | ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) | No. of Units |
|---|---|
| HUNTINGTON, NY 11743 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| | 2000 |

| Purpose of Loan | [X] Purchase | Construction [ ] | Other (explain): | Property will be: |
|---|---|---|---|---|
| | Refinance [ ] | Construction-Permanent [ ] | | [X] Primary Residence   Secondary Residence [ ]   Investment [ ] |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | made [ ] | to be made [ ] |
|---|---|---|---|---|---|---|
| | $ | $ | | Cost: $ | | |

| Title will be held in what Name(s) EDWARD J AND. BRIAN H DENKER YOUNGS | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| | Joint Tenants | [X] Fee Simple   Leasehold (show expiration date) [ ] |

| Source of Down Payment, Settlement Charges, and/or Subordinate Financing (explain) Retirement Funds |
|---|

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | | Co-Borrower's Name (include Jr. or Sr. if applicable) | |
| EDWARD J DENKER-YOUNGS | | BRIAN H DENKER-YOUNGS | |

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| | (631)271-8610 | | | | (516)462-0895 | | 14 |

| [X] Married   [ ] Unmarried (include single, divorced, widowed)   [ ] Separated | Dependents (not listed by Co-Borrower) no. 0  ages | [X] Married   [ ] Unmarried (include single, divorced, widowed)   [ ] Separated | Dependents (not listed by Borrower) no. 0  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) [X] Own  Rent 11Y  No. Yrs. | Present Address (street, city, state, ZIP) [ ] Own  Rent 9M  No. Yrs. |
|---|---|
| 99 W SHORE RD, HUNTINGTON, NY 11743 | 99 W SHORE RD, HUNTINGTON, NY 11743 |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|
| 99 W SHORE RD, HUNTINGTON, NY 11743 | 99 W SHORE RD, HUNTINGTON, NY 11743 |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) [ ] Own  Rent  No. Yrs. | Former Address (street, city, state, ZIP) [ ] Own  Rent 2Y  No. Yrs. |
|---|---|
| | 25 BOERUM ST. APT 18E, BROOKLYN, NY 11206 |

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer [ ] Self Employed | Yrs. on this job | Name & Address of Employer [ ] Self Employed | Yrs. on this job |
| OYSTER BAY SCHOOL DIST. | 17Yrs. | FROST & SULLIVAN | 9Yrs. |
| JAMES H VERNON SCHOOL 800 OYSTER B, | Yrs. employed in this line of work/profession | 55 BROAD ST STE 7, NEW YORK, NY 10004 | Yrs. employed in this line of work/profession |
| EAST NORWICH, NY 11732 | 17.00 | | 9.00 |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| TEACHER | (516)624-6559 | VICE PRESIDENT & GLOBAL HEAD | (516)255-5474 |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer [ ] Self Employed | Dates (from - to) | Name & Address of Employer [ ] Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income | | Monthly Income |
| | $ | | $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer [ ] Self Employed | Dates (from - to) | Name & Address of Employer [ ] Self Employed | Dates (from - to) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. income* | $  9,250.00 | $  8,750.00 | $  18,000.00 | Rent | $ | //////// |
| Overtime | | | | First Mortgage (P&I) | 1,473.00 | $  2,022.02 |
| Bonuses | | | | Other Financing (P&I) | 0.00 | |
| Commissions | | | | Hazard Insurance | 149.00 | 148.79 |
| Dividends/Interest | | | | Real Estate Taxes | 742.00 | 1,000.00 |
| Net Rental Income | 0.00 | 0.00 | 0.00 | Mortgage Insurance | 0.00 | |
| Other (before completing, see the notice in "describe other income." below) | | | | Homeowner Assn. Dues | 0.00 | |
| | | | | Other: | 0.00 | |
| Total | $  9,250.00 | $  8,750.00 | $  18,000.00 | Total | $  2,364.00 | $  3,170.77 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B)

B/C    or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| | Monthly Amount |
|---|---|
| | $ |
| | |
| | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.

Completed [ x ] Jointly    [ ] Not Jointly

| ASSETS | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address, and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities, which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Description | | | | |
| Cash deposit toward purchase held by: | $ | LIABILITIES | $ Payment/Months | $ |
| | | Name and address of Company | | |
| **List checking and savings accounts below** | | CAP ONE | 40.00 | 213.00 |
| Name and address of Bank, S&L, or Credit Union | | | 5 | |
| BANK OF AMERICA | | | | |
| 9 WEST 57TH ST | | | | |
| NEW YORK, NY 10019 | | Acct. no. ********0030 | | |
| | | Name and address of Company | $ Payment/Months | $ |
| 5544 | $  50,000.00 | US DEPT OF EDUCATION | 11.00 | 877.00 |
| Name and address of Bank, S&L, or Credit Union | | | 79 | |
| BETHPAGE FCU | | | | |
| 99 W SHORE RD | | | | |
| HUNTINGTON, NY 11743 | | 192. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| 5214 | $  10,000.00 | MOHELA/DEPT OF ED | 8.00 | 889.00 |
| Name and address of Bank, S&L, or Credit Union | | | 111 | |
| BANK OF AMERICA | | | | |
| 9 WEST 57TH ST | | | | |
| NEW YORK, NY 10019 | | 2KMO | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. 254 | $  6,000.00 | MOHELA/DEPT OF ED | 30.00 | 2,095.00 |
| Name and address of Bank, S&L, or Credit Union | | | 69 | |
| See Continuation Sheet | | | | |
| | | 2KMO | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $  6,000.00 | KOHLS/CAP1 | 25.00 | 174.00 |
| Stocks & Bonds (Company name/number & description) | $ | | 6 | |
| | | Acct. no. ********4293 | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | BOBS DS FURN | 35.00 | 824.00 |
| Face amount: $ | | | 23 | |
| **Subtotal Liquid Assets** | $  263,599.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $  685,000.00 | Acct. no. ********7147 | | |
| Vested interest in retirement fund | $ | Name and address of Company | $ Payment/Months | $ |
| Net worth of business(es) owned (attach financial statement) | $ | | 3,293.00 | 350,931.00 |
| Automobiles owned (make and year) | $ | See Continuation Sheet | | |
| | | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | //////// |



# Bethpage 
### Federal Credit Union

## Home Equity Line of Credit Summary - ███████249 CONTINUED

### Transactions for Home Equity Line of Credit - ██████249

| Date | Description | | | Credits | Debits | Balance |
|------|-------------|--|--|---------|--------|---------|
| Credit Limit | Available Credit | Days In Period | Average Daily Balance | Daily Periodic Rate | Annual Percentage Rate | Note Rate |
| 125,000.00 | 1,263.35 | 31 | 123,736.65 | 0.005452 % | 1.990000 % | 1.990000 % |

B6C (Official Form 6C) (4/13)

In re    **Brian Denker**                                                    Case No.    **15-41069**
                                        Debtor .

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **33 Pennington Dr, Huntington, NY 11743** | **NYCPLR § 5206** | **150,000.00** | **350,000.00** |

|  | Total: | **150,000.00** | **350,000.00** |
|---|---|---|---|

  **0**    continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

## Copy B-To Be Filed With Employee's FEDERAL Tax Return.

**2013** 1545-0008

| a Employee's social security number | 1 Wages, tips, other comp 106759.14 | 2 Federal income tax withheld 16978.54 |
|---|---|---|
| | 3 Social security wages 113700.00 | 4 Social security tax withheld 7049.40 |
| b Employer ID number 11-6002020 | 5 Medicare wages and tips 115759.14 | 6 Medicare tax withheld 1678.51 |

c Employer's name, address, and ZIP code

OYSTER BAY - EAST NORWICH CSD
1 MCCOUNS LANE
OYSTER BAY NY 11771

d Control number
02   560

e Employee's name, address, and ZIP code
EDWARD JOHN DENKER-YOUNGS
33 PENNINGTON DRIVE
HUNTINGTON, NY 11743

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst for box 12 DD  20238.72 |
| 13 Stat employee | 14 Other FLEX  7403.79 | 12b Code 249.79 |
| Retirement Plan X | | 12c Code E  9000.00 |
| Third-party sick pay | | 12d Code |

| NY 116002020 | 106759.14 | 5920.66 |
|---|---|---|
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement    Dept. of the Treasury - IRS
This information is being furnished to the Internal Revenue Service

---

## City, or Local Income ... Return.

1545-0008

| a Employee's social security number | 1 Wages, tips, other comp 106759.14 | 2 Federal income tax withheld 16978.54 |
|---|---|---|
| | 3 Social security wages 113700.00 | 4 Social security tax withheld 7049.40 |
| b Employer ID number 11-6002020 | 5 Medicare wages and tips 115759.14 | 6 Medicare tax withheld 1678.51 |

c Employer's name, address, and ZIP code

OYSTER BAY - EAST NORWICH CSD
1 MCCOUNS LANE
OYSTER BAY NY 11771

d Control number
02   560

e Employee's name, address, and ZIP code
EDWARD JOHN DENKER-YOUNGS
33 PENNINGTON DRIVE
HUNTINGTON, NY 11743

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst for box 12 DD  20238.72 |
| 13 Stat employee | 14 Other FLEX  7403.79 | 12b Code C  249.79 |
| Retirement Plan X | | 12c Code E  9000.00 |
| Third-party sick pay | | 12d Code |

| NY 116002020 | 106759.14 | 5920.66 |
|---|---|---|
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement    Dept. of the Treasury - IRS

---

## Copy C-For EMPLOYEE'S RECORDS (See Notice To Employee.)

**2013** OMB No. 1545-0008

| a Employee's social security number | 1 Wages, tips, other comp 106759.14 | 2 Federal income tax withheld 16978.54 |
|---|---|---|
| | 3 Social security wages 113700.00 | 4 Social security tax withheld 7049.40 |
| b Employer ID number 11-6002020 | 5 Medicare wages and tips 115759.14 | 6 Medicare tax withheld 1678.51 |

c Employer's name, address, and ZIP code

OYSTER BAY - EAST NORWICH CSD
1 MCCOUNS LANE
OYSTER BAY NY 11771

d Control number
02   560

e Employee's name, address, and ZIP code
EDWARD JOHN DENKER-YOUNGS
33 PENNINGTON DRIVE
HUNTINGTON, NY 11743

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst for box 12 DD  20238.72 |
| 13 Stat employee | 14 Other FLEX  7403.79 | 12b Code C  249.79 |
| Retirement Plan X | | 12c Code E  9000.00 |
| Third-party sick pay | | 12d Code |

| NY 116002020 | 106759.14 | 5920.66 |
|---|---|---|
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement    Dept. of the Treasury - IRS
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

## Copy 2-To Be Filed With Employee's State City, or Local Income Tax Return.

**2013** OMB No. 1545-0008

| a Employee's social security number | 1 Wages, tips, other comp 106759.14 | 2 Federal income tax withheld 16978.54 |
|---|---|---|
| | 3 Social security wages 113700.00 | 4 Social security tax withheld 7049.40 |
| b Employer ID number 11-6002020 | 5 Medicare wages and tips 115759.14 | 6 Medicare tax withheld 1678.51 |

c Employer's name, address, and ZIP code

OYSTER BAY - EAST NORWICH CSD
1 MCCOUNS LANE
OYSTER BAY NY 11771

d Control number
02   560

e Employee's name, address, and ZIP code
EDWARD JOHN DENKER-YOUNGS
33 PENNINGTON DRIVE
HUNTINGTON, NY 11743

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst for box 12 DD  20238.72 |
| 13 Stat employee | 14 Other FLEX  7403.79 | 12b Code C  249.79 |
| Retirement Plan X | | 12c Code E  9000.00 |
| Third-party sick pay | | 12d Code |

| NY 116002020 | 106759.14 | 5920.66 |
|---|---|---|
| 15 State Employer's state ID no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement    Dept. of the Treasury - IRS

4UPPERFI    ★ NTF 0492

31-Dec-14

30Dec14-590

**THIS ITEM IS PART OF A STATEMENT RECONSTRUCTION**
**GROUP ID G30Dec14-590**
**Sequence number 002180100288  Posting date 04-Feb-13 Amount 20000.00**



NYS Teachers Retirement System
10 Corporate Woods Dr
Albany NY 12211-2395

JP MORGAN CHASE BANK, NA
Syracuse, NY

Check No.
600128521

Date: 01/31/2013

Pay Amount: $20,000.00 ****

Pay    ****TWENTY THOUSAND AND 00/100 DOLLARS****

To The
Order Of

EDWARD J DENKER-YOUNGS
33 Pennington Dr
Huntington, NY 11743-7122

Aida M Brewer
Division of the Treasury
Department of Taxation and Finance

⑈600128521⑈ ⑆0213002150: 601855273⑈



590013



At an I.A.S. Part 50
Supreme Court of the State
of New York, held in and for the
County of Kings at the Courthouse located
360 Adams Street, Brooklyn, New York
on the 25th day of September, 2015

COURT OF THE STATE OF NEW YORK
KINGS

----------------------------------------

....NKER-YOUNGS                          Docket No: 54013/15

    Plaintiff  *Pro Se*               ORDER TO SHOW CAUSE

    -against-

....HN DENKER-YOUNGS, aka
....ENKER-YOUNGS, aka E J YOUNGS,

    Defendant

----------------------------------------

...on the review of Plaintiff's Order to Show cause, the verified affidavit in support of

...o se, <u>BRIAN H. DENKER-YOUNGS</u> and supporting exhibits attached thereto,

...re this court in the County of Kings, on this 25th day of <u>SEPTEMEBER, 2015</u>, finding

...e thereof, it is so ORDERED:

...: <u>EDWARD J. DENKER-YOUNGS</u> show cause before this Court at 360 ADAMS

...OOKLYN New York, on the 5th day of November, 2015 at

...o'clock in the morning ~~a afternoon~~ of that day, or as soon thereafter as the parties

...vhy an order should not be made:

...pointing counsel for the Plaintiff pursuant to Judiciary law § 35(8)

...ing an Order of Consolidation, consolidating Suffolk County Supreme Court Index No.

...698/2014 into the within action establishing Kings County as the just and property

...1e for trial by jury in determining final judgement for dissolving the Denker-Youngs

...riage and granting Plaintiff ancillary relief of an annulment.

...ling Maria Aliberitis, Esq and the firm of Simonetti & Associates in contempt of court

disqualifying the firm from representing the Defendant in the within action given their

No Interim
Relief granted

willful misrepresentation, misconduct and contributing behavior to concealing alleged acts

f fraud in further extending litigations, driving up legal expenses and victimizing the

laintiff.

suing an Order of Commitment and Arrest of the Defendant, Edward John Denker-

oungs to face charges and such allegation of unlawful acts to which Defendant be deemed

iswerable to a jury of his peers in a court of law within Kings County New York for such

ts against the victim Brian Denker-Youngs and this honorable court.

eezing all accounts and assets placing judicial liens until such time as an appropriate

counting and judgement is rendered hereon in on all accounts and assets thereof Edward

Denker-Youngs aka Edward Youngs, et al. and Matje G Youngs also known as the Matje

Youngs trust.

ecting that any and all barriers to entry be undone and with immediate effect your

onent be provided access to enter the marital home, all service providers and utilities as

such assets to which he may commence and restart services to the community in the

acity as a Rabbi to which was based and operated out of the marital home in

itington, NY as well as his business services of www.longislandchuppah.com.

ipelling the Defendant to deliver upon this court no later than ten (10) days from the

of this order for on an assigned/approved forensic accounting all certified true and

rate statements and images for all required and requested financial accounts and

utions subject to discovery.

and all other relief that this honorable court deems just and proper.

No interim

Relief Granted

2

**FURTHER ORDERED**, until such time as parties may be heard before this court in the

f Kings, that all matters and appearances including that pending in the County of Suffolk

. 169698/2014 are stayed;

is **further ORDERED**, that the Defendant by reason of his misconduct and disobedience and,

nd refusal to comply with said order be and hereby is committed and directed to be

ed in the Kings County jail of the City of New York in which he shall be found there to

arged with contempt until parties may be heard;

is **further ORDERED**, that the Sheriff of the City or County of upon delivery of a copy of

certified by the Clerk of the Court, shall on receipt thereof, and without further process, take

ef Defendant **EDWARD JOHN DENKER-YOUNGS** and deliver such to the

ioner of Corrections of the City of New York, to be detained in close custody until parties

ard before this honorable court and he shall otherwise be discharged by law.

is **further ORDERED** that any and all institutions and accounts thereof in possession of

he Defendant Edward J Denker-Youngs aka Edward Youngs, et al. and Matje G Youngs also

the Matje G Youngs trust are hereby to be held and be frozen by Order of this court

s further **ORDERED** that that service with police assistance of County or Sherriff's office a

is order together with the papers upon which it is granted upon EDWARD J. DENKER-

on or before the _____ day of SEPTEMBER, 2015,

**further ORDERED** a copy of this order together with the papers upon which it is granted

ith the senior Clerk of the Court, County of Suffolk by personal service on or before the

of September 2015,

*Denied*

*No 202.7*
*notice Denied*

This Order and the papers upon which it is Granted

s further **ORDERED** a copy of ~~the orders~~ herein to be delivered upon Simonetti & Associates

Personally

at 144 Woodbury Road, Woodbury NY, counsel for the Defendant on or before

O+h day of September 2015 by Personal delivery be deemed sufficient

d. It is further Ordered that all applicable automatic

; pursuant to the Uniform Civil Rules for the Supreme Court 202.16-c(c)

– remain in effect.

September 25 2015.

ENTER

SUPREME COURT JUSTICE

HON. CARL J LANDICINO