UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                      Chapter 7

      BRIAN H. DENKER-YOUNGS,                      Case No. 15-41069 (CEC)

                              Debtor.
------------------------------------------------------------X

TO:   THE HONORABLE CARLA E. CRAIG
       CHIEF UNITED STATES BANKRUPTCY JUDGE

      Morrison Tenenbaum PLLC ("MT" or the "Applicant"), as attorneys for Brian H.

Denker-Youngs (the "Debtor"), submits this first and final application for compensation (the

"Application") seeking the entry of an order pursuant to sections 105, 330, and 331 of title 11,

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and the Guidelines issued on June 4, 2013 (the

"Guidelines"), pursuant to general Order 613 awarding applicant an allowance of compensation

as an administrative claim pursuant to Bankruptcy Code § 503(b)(2) in the amount of $11,646.00

and respectfully sets forth and represents as follows:

**PRELIMINARY STATEMENT, JURISDICTION AND STATUTORY PREDICATES**

      1.     By this Application, MT seeks (a) a final allowance and award of compensation

for the professional services rendered as chapter 11 attorneys for the Debtor for the period of

March 11, 2015 through and including October 1, 2015[1] (the "Application Period") in the

amount of $11,412.00, and (b) reimbursement of actual and necessary expenses incurred by MT

during the Application Period in connection with the rendering of its services in the amount of

$Waived.

---

[1] The date of conversion of the case to chapter 7.

2.      Jurisdiction over these proceedings and this Application is based upon 28 U.S.C. §§ 157(a) and 1334, and the Order of the United States District Court for the Eastern District of New York. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105, 330 and 331, and Bankruptcy Rule 2016.

## BACKGROUND

4.      On March 13, 2015 (the "Petition Date"), Brian H. Denker-Youngs (the "Debtor''") filed a voluntary chapter 11 petition (the "Petition") in this Court to address obligations the Debtor claimed were incurred by his estranged husband.

5.      On April 7, 2013, the Debtor filed an application to retain MT as chapter 11 counsel.  The Court entered an order on May 13, 2015 authorizing the retention of MT as counsel to the Debtor *nunc pro tunc* to the Petition Date.

6.      The Debtor remained in Chapter 11 until an order was entered converting the case to Chapter 7 on October 1, 2015.

## THE APPLICATION

7.      This Application is Applicant's first and final application requesting allowance of compensation and reimbursement of expenses, and this Application is made pursuant to Bankruptcy Code §§ 330 and 331.

8.      Applicant is a firm of two attorneys, concentrating in the practice of, among other areas, reorganization, bankruptcy and litigation and insolvency related matters.  Applicant has extensive experience in representing debtors, creditors and creditors' committees in bankruptcy proceedings before numerous Bankruptcy Courts, including the Southern and Eastern Districts of

New York.  As a result of Applicant's extensive experience, Applicant submits that the services it rendered in this case, as set forth below, were efficient, economical and effective.

9.    A chart setting forth the categories of services rendered to the Debtor by Applicant is annexed hereto as **Exhibit A**.  Annexed hereto as **Exhibit B** is a chart setting forth the amount of time each professional and para-professional expended and the current hourly billing rate for each individual.  The hourly rates for each of Applicant's employees and professionals is the same rate Applicant charges its clients for similar services rendered in bankruptcy and non-bankruptcy matters.  Applicant believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience.

10.    This Application contains a summary of the legal services which Applicant rendered during the Application Period.  In light of the extensive services rendered by Applicant on behalf of the Debtor, Applicant has summarized the major categories of services which were rendered, the principal problems confronted, and the services rendered.  For a detailed itemization of the actual services rendered by Applicant on behalf of the Debtor during the Application Period, the Court and interested parties are referred to the time records annexed hereto as **Exhibit C**.  The certification of Lawrence Morrison, in compliance with the Guidelines and General Order 613, dated June 4, 2013 Re: Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases is annexed hereto as **Exhibit D**.

**PROFESSIONAL SERVICES RENDERED**

11.    During the Application Period, Applicant rendered a wide range of professional services which were substantial, necessary and beneficial to the Debtor.  Throughout the Application Period, Applicant was required to devote substantial professional time and resources to address a variety of issues in the Debtor's case.

3

12.    The Applicant filed the Chapter 11 petition and schedules and statement of financial affairs of behalf of the Debtor.  The Applicant filed and served its application to be retained as counsel in the chapter 11 case.  The Applicant conferred with the Debtor regarding the effect of the automatic stay in this Chapter 11 case.  The Applicant appeared at the initial debtor interview and at the 341(a) meeting on behalf of the Debtor. The Applicant prepared served and filed a bar date motion on behalf of the Debtor. The Applicant appeared at status conferences and reviewed and filed monthly operating reports on behalf of the Debtor. The Applicant drafted and filed and served a 2004 application on behalf of the Debtor. The Applicant filed and served an application to convert the case to chapter 7 after consultation and approval of the Debtor.

13.    On October 6, 2015, shortly after conversion of the case to chapter 7, Applicant filed a motion to be relieved as counsel to the Debtor after the deterioration of the relationship with the Debtor who has had an acrimonious relationship with several prior attorneys.   On October 30, 2105, the Court granted the motion to be relieved as counsel.

## **LEGAL STANDARD**

14.    Bankruptcy Code § 330(a)(1 )(A) provides that the level of compensation that the court may award to a professional, including the debtor's attorney, should be "reasonable compensation for actual, necessary services rendered by the  . . . attorney and by any paraprofessional person employed by any such person .... " 11 U.S. C. § 330(a)(1 )(A).

15.    In awarding compensation to retained professionals pursuant to Bankruptcy Code §§ 330 and 331, courts take into account the cost of comparable non-bankruptcy services, among other factors. *In re Busy Beaver Bldg. Center, Inc.*, 19 F.3d 833, 848 (3d Cir. 1994) ("[T]he principal purpose of the 1978 amendments to section 330 was to compensate bankruptcy attorneys at the same level as non-bankruptcy attorneys."). *See also* H.R. Rep. No. 95-595, 95th

4

Cong., 1st Sess. 329 (1977) ("Bankruptcy specialists, however, if required to accept fees in all cases that are consistently lower than fees they could receive elsewhere, will not remain in the bankruptcy field."); 124 Cong. Rec. H11, 091-92 (daily ed. Sept. 28, 1978); § 17, 408 (daily ed. Oct. 6, 1978).

16.     When reviewing fee applications, courts generally use the "lodestar" approach, pursuant to which the court first establishes a reasonable hourly rate of compensation based on the value of the services provided and the cost of comparable services, and then multiplies such rate by the reasonable number of compensable hours. *See Busy Beaver*, 19 F.3d at 849, n.21.  *See also In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991) (stating courts employ lodestar approach "with the 'strong presumption' that the lodestar product is reasonable under § 330") (citations omitted); *In re Gena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990).

17.     When determining whether services for which compensation is sought were reasonable, courts should only disallow fees where "a [c]ourt is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive." *In re Drexel*, 133 B.R. at 23. *See also Nicholas v. Oren* (*In re Nicholas*), 2011 Bankr. LEXIS 4498, at *16 (Bankr. E.D.N.Y. 2011) ("[C]ourts are 'not to penalize attorneys by viewing the efforts of counsel with the benefit of '20120 hindsight.'" (quoting *In re Drexel*, 133 B.R. at 23)).

18.     Additionally, Bankruptcy Code § 503(b) provides that, after notice and a hearing, administrative expenses can be awarded and paid including "compensation and reimbursement awarded under section 330(a)." 11 U.S.C. § 503(b)(3).

19.     Bankruptcy Code § 504 prohibits professional persons receiving compensation under Bankruptcy Code § 503 from sharing or agreeing to share: "(1) any such compensation or reimbursement with another person; or (2) any compensation or reimbursement received by another person under such sections." 11 U.S.C. § 504(a).

20.     Applicant respectfully requests that this Court consider that the services required to be performed have been efficiently performed with effective results.  Applicant has expended substantial time rendering professional services to the Debtor in furtherance of the rights and interests of the members of the Debtor.  Unfortunately the Applicant was forced to withdraw as counsel as a result of the deterioration of the relationship with the Debtor.

21.     All services for which compensation and reimbursement of expenses are requested by Applicant were performed for, and on behalf of, the Debtor.  No agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received for the services rendered in connection with Applicant's representation of the Debtor, and no action prohibited by Bankruptcy Code § 504 has been made by Applicant.

22.     No previous application or motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

23.     It is impracticable to set forth in a fee application a detailed description of each and every service rendered to the Debtor. MT, however, believes that this Application appropriately sets forth the more significant matters handled and provides this Court with a comprehensive overview of the scope of the services rendered. Thus, MT submits the fees sought herein are reasonable and the services rendered were necessary, effective, efficient and economical.

24.    Therefore, MT respectfully requests that this Application for allowance and payment of fees and reimbursement of expenses be granted in all respects.

**WHEREFORE**, MT seeks the entry of an order (i) approving its first and final fee application for the award and allowance for compensation for services rendered to the Debtor in the amount of $11,412.00 as an administrative claim pursuant to Bankruptcy Code § 503(b)(2), (ii) authorizing and directing the reimbursement of expenses in the amount of $waived , and (iii) granting such further relief as this Court may deem just and proper.

Dated: New York, New York
        November 10, 2015

MORRISON TENENBAUM PLLC

By:    */s/ Lawrence F. Morrison*
        Lawrence F. Morrison
        87 Walker Street, Floor 2
        New York, NY  10013
        (212) 620-0938

**EXHIBIT A**

**CATEGORY LIST**

**Chapter 7 - Case No. 15-41069 (CEC)**

|    | CATEGORY | TOTAL HOURS | AMOUNT CHARGED |
|----|----------|-------------|----------------|
| 1. | Case Administration | 26.3 | $10,174.50 |
| 2. | Motions/Pleadings | 2.5 | $1,237.50 |
| **TOTAL** | | | $11,412.00 |

# EXHIBIT B

## PROFESSIONALS

### Chapter 11- Case No.: 15-41069  (CEC)

**March 13, 2015 through and including October 1, 2015**

| LEGAL PROFESSIONAL | NEW YORK BAR ADMISSION YEAR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| *Partner* | | | | |
| Lawrence Morrison | 1998 | 21.6 | $495.00 | $10,692.00 |
| | | | | |
| *Paralegal* | N/A | | | |
| Marcos Coto-Batres | | 7.2 | $100.00 | $720.00 |
| | | | | |
| **TOTAL** | | | | **$11,412.00** |
| **Blended Hourly Rate** | | | **$396.25** | |

**EXHIBIT C**

Denker Time Records

| Date | Timekeeper | Activity | Description | Hours |
|------|-----------|----------|-------------|-------|
| 03\11\2015 | LFM | A | Review and respond to correspondence by client. | 0.20 |
| 03\12\2015 | LFM | A | Review and respond to correspondence by client. | 0.20 |
| 03/13/2015 | LFM | A | Review and respond to correspondence by client. | 0.20 |
| 03/27/2015 | LFM | A | Review state court docket per client regarding status of matrimonial proceeding. | 0.50 |
| 03/31/2015 | LFM | A | Research client's question regarding automatic stay. | 2.70 |
| 04/01/2015 | MC | A | Edits to the retainer and application for retention. | 0.50 |
| 04/05/2015 | LFM | A | Review and finish drafting retention. | 2.70 |
| 04/06/2015 | LFM | A | Conference with client to review impact of the automatic stay. | 0.50 |
| 04/08/2015 | MC | A | Application for Retention of LFM: edits and file with court. | 0.80 |
| 04/17/2015 | LFM | A | Prepare for and appear at IDI. | 3.10 |
| 05/04/2015 | LFM | A | Review file; meet with Ashley to prepare for 341a. | 1.00 |
| 05/13/2015 | LFM | A | Prepare for and appear at status conference. | 2.50 |
| 05/29/2015 | LFM | A | Review and revise bar date motion. | 1.00 |
| 05/30/2015 | LFM | A | Call with client to discuss discovery in bankruptcy versus matrimonial case. | 0.50 |
| 06/05/2015 | LFM | A | Call with client and Jim Ingoglia re status of insurance on the property. | 0.40 |
| 06/08/2015 | MC | A | Compile, organize and file April & May MOR with Bankruptcy Court. | 1.50 |
| 06/22/2015 | LFM | A | Lawrence Morrison: Call with client to discuss status of matrimonial case. | 0.40 |
| 06/23/2015 | LFM | A | Review bar date motion, upload order and proposed notice. | 1.00 |
| 07/06/2015 | MC | A | Review redact and file amended May and April MORs. | 1.00 |
| 07/07/2015 | LFM | A | Correspondence with UST re adjournment. | 0.20 |
| 07/07/2015 | LFM | A | Draft and file letter of adjournment. | 0.50 |
| 07/07/2015 | LFM | A | Call with court to adjourn status conference. | 0.30 |
| 07/10/2015 | LFM | A | Review signed bar date and notice. | 0.90 |
| 07/24/2015 | MC | A | Prepare service to Edward on Express notice. | 0.30 |
| 07/29/2015 | MC | A | Prepare service of Notice to Edward Youngs by first class mail. | 0.30 |
| 07/30/2015 | MC | A | Amendments to schedules. | 0.80 |
| 08/04/2015 | MC | A | Call with client. | 0.50 |
| 08/06/2015 | MC | A | Draft Affidavits of Service of Notice of Presentment of Edward Youngs; have same notarized and revert to LFM; file with court. | 1.00 |
| 08/06/2015 | MC | A | Call with client. | 0.20 |
| 08/19/2015 | LFM | M | Prepare for and appear at status conference. | 2.50 |
| 08/21/2015 | LFM | A | Call with client to discuss status of Chapter 11 proceeding. | 0.30 |
| 10/01/2015 | MC | A | Call with client regarding matrimonial and bankruptcy stay relief. | 0.30 |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                          Chapter 11

      BRIAN H. DENKER-YOUNGS,                    Case No. 15-41069 (CEC)

                                    Debtor.
-------------------------------------------------------------X

**CERTIFICATION UNDER GUIDELINES FOR FEES
AND DISBURSEMENTS FOR FIRST AND FINAL APPLICATION OF
MORRISON TENENBAUM PLLC FOR ALLOWANCE OF PROFESSIONAL
COMPENSATION FOR THE PERIOD OF MARCH 13, 2015 THROUGH
AND INCLUDING OCTOBER 1, 2015, AND REIMBURSEMENT OF EXPENSES**

      Lawrence Morrison, a member of the firm of Morrison Tenenbaum PLLC (the "Applicant"), hereby submits this certification in compliance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §§ 330 and 331, adopted on June 4, 2013 (the "Guidelines"), General Order 613 , dated June 4, 2013 Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Administrative Order" and, collectively with the Guidelines, the "Guidelines").

      1.        Applicant served as counsel to the Debtor.

      2.        I submit that I have read the foregoing Applicant's First and Final Application for Allowance of Compensation and Reimbursement of Expenses dated November 10, 2015 (the "Application") and to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the mandatory guidelines set forth in the Administrative Order. Moreover, to the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought within the Application fall within the requirements set forth in the Guidelines.

3.      Additionally, this Certification is submitted pursuant to Rule 2016(a) of the Federal Rules of Bankruptcy Procedure in support of the Application.

4.      All services for which Applicant seeks compensation are professional and paraprofessional services performed for and on behalf of the Debtor and not on behalf of any other person or entity.

5.      In accordance with 18 U.S.C. § 155, neither I nor any partner, associate or counsel of Applicant has entered into any agreement, express or implied, with any other party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtor's estate.

6.      In accordance with Bankruptcy Code § 504, no agreement or understanding exists between me, Applicant, or any partner, associate or counsel thereof, on the one hand, and any other person or entity, on the other hand, for the division of the compensation Applicant may receive or has received for services rendered in connection with this case, nor will any division of fees prohibited by Bankruptcy Code § 504 be made by me or any partner, associate or counsel of Applicant.

7.      The fees and disbursements sought in the Application are billed at the rates in accordance with the practice customarily employed by Applicant and generally accepted by Applicant's clients in bankruptcy and non-bankruptcy matters.

8.      Applicant is waiving expenses.

Dated: New York, New York
         November 10, 2015

                              MORRISON TENENBAUM PLLC


                              By:___/s/ Lawrence F. Morrison_____
                                 Lawrence F. Morrison
                                 87 Walker Street, Floor 2

New York, NY  10013
(212) 620-0938