(2013)

# CIVIL COVER SHEET

...civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...ted by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the ...se of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. PLAINTIFFS**
...N H DENKER-YOUNGS

b) County of Residence of First Listed Plaintiff KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

c) Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**
EDWARD J DENKER-YOUNGS, AKA JOHN YOUNGS, AKA E J YOUNGS AKA JOHN J DENKER-YOUNGS AKA EDWARD YOUNGS AKA E JOHN YOUNGS, MATJE G YOUNGS &/ TRUST OF

County of Residence of First Listed Defendant SUFFOLK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: CONVERSION / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Brief description of cause: PARTIES TOGETHER WORKED TO ECONOMICAL ABUSE & ACCESS TO FUNDS AND CONVERTED I

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 452,900.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE CARL J LANDICINO DOCKET NUMBER 54301-2015

DATE 9/23/15 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

FILED: KINGS COUNTY CLERK 09/29/2015 06:12 PM
INDEX NO. 512259/2015
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 09/29/2015



## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, BRIAN H. DENKER-YOUNGS, counsel for PLAINTIFF PRO SE, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [x] monetary damages sought are in excess of $150,000, exclusive of interest and costs,
- [ ] the complaint seeks injunctive relief,
- [ ] the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: NO

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? YES

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? NO

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? YES

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☒ Yes (If yes, please explain) ☐ No

US BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

I certify the accuracy of all information provided above.

Signature: [signature]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.

BRIAN H. DENKER-YOUNGS,

Plaintiff,

-against-

EDWARD JOHN DENKER-YOUNGS aka JOHN YOUNGS, aka EJ YOUNGS, aka EDWARD J YOUNGS, aka E JOHN YOUNGS, aka JOHN J DENKER-YOUNGS, EDWARD JOHN YOUNGS and MATJDE G. YOUNGS and/or THE LIVING TRUST OF MATJE G. YOUNGS,

Defendants.

**VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES**

Signature Requirement Pursuant to NYCRR 130.1(a):

LOUIS F. SIMONETTI, JR.

To:

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

Notice of Settlement:
Please take notice that a(n) of which the within is a true copy will be presented for settlement to the Hon. one of the Judges of the within named court, on ,2015 at a.m.

Notice of Entry:
Please take notice that the within is a true copy of a(n) duly entered in the office of the clerk of the within named court on or about , 2015.

Dated:

Yours etc.,

**SIMONETTI & ASSOCIATES**
*Attorneys for Defendant*
*Edward John Denker-Youngs*
144 Woodbury Road
Woodbury, New York 11797
Phone: 516-248-5600
Fax: 516-470-9019

**Subject:** NYSCEF Alert: Kings - Tort - <ASSIGNMENT OF INDEX NUMBER> 511259/2015 (Brian H Denker-Youngs - v. - Edward John Denker-Youngs)
**From:** efile@nycourts.gov
**Date:** 9/15/2015 9:29 AM
**To:** bhdenker@gmail.com

***Kings County Supreme Court***
***ASSIGNMENT OF INDEX NUMBER***

This is an AUTOMATED NOTICE.
On 09/12/2015, at 12:28:47 AM, the case commenced by the following electronic filing:

Document number: **1**
Document type: **SUMMONS Summons**
Caption: **Brian H Denker-Youngs - v. - Edward John Denker-Youngs**

was assigned the following index number:

Index Number: **511259/2015**
Date of Filing: **09/12/2015**

---

**Filing User Information**
User Name: **Brian Denker-Youngs**
Phone Number: **9173735019**
Fax Number:
Email Service Address: **bhdenker@gmail.com**
Work Address: **25 Boerum Street, Brooklyn, NY, 11206**

---

**Payment Information**
Amount of payment: **$210**
Date of payment: **09/12/2015**
Payment method: **VISA/MC**
Authorization code: **05480G**
Payment Comments:

---

**E-mail Service Notifications Sent**

Suffolk County District Attorney of the State of New York
BUREAU OF ECONOMIC CRIMES

Date: November 3, 2014

ETITIONER INFORMATION

DENKER-YOUNGS (Last) BRIAN (First) H. (Initial)

ddress: 33 PENNINGTON DRIVE (Street) (Apt. #)

HUNTINGTON (City) SUFFOLK (County) NY (State) 11743 (Zip Code)

elephone: (Home) 516.462.0895 (Office) 347.644.9482

TTORNEY(s) FOR PETITIONER(s):

ame: MEYERS (Last) NATASHA D. (First) (Initial)

ffice Address: 55 ELM STREET (Street)

HUNTINGTON (City) SUFFOLK (County) NY (State) 11743 (Zip Code)

elephone: 631-784-7722

FFENDER:

ame: DENKER-YOUNGS (Last) EDWARD (First) JOHN (Initial)

ddress: 33 PENNINGTON DRIVE

11743 (Zip Code) NY (State) Suffolk (County) HUNTINGTON (City)

elephone: 631.790.7086 DOB: [redacted] SS #: [redacted]

FENDER (2):

ame: YOUNGS (Last) MATJE (First) G. (Initial)

ddress: 316 W NECK ROAD (Street)

11743 (Zip Code) NY (State) Suffolk (County) HUNTINGTON (City)

elephone: 631.673.6207 DOB: [redacted] SS #: [redacted]

## CONTACT WITH OTHER AGENCIES

Have you contacted any other agency, such as a Bar Association or District Attorney's Office, concerning this matter? **I have not.**

If so, state the name of the agency:

What action was taken by the agency?

## COURT ACTION TAKEN

Have you taken any civil or criminal action against the offender? **I have attempted to make a police report with the 2nd Police Precinct however because Edward J. Denker-Youngs and I are married they responded by stating that this was a civil matter. On October 10, 2014, Ms. McCormick and I had an opportunity to speak about this matter and a matrimonial action the Edward has filed against me the day after confronting him. Ms. McCormick did request that I submit for intake a written summation and copies of any evidence I had for which the Economic Crimes Bureau would review and that in fact your offices could work in tandem with the Supreme Court and matrimonial counter-claim.**

If so, please name the court and provide the index number: **The Supreme Court of the State of New York; County of Suffolk - Index No.: 016968/14**

What action was taken by the court? **Offender has been served with NOTICE OF DISCOVERY AND INSPECTION, NOTICE OF DISCOVERY AND INSPECTION FOR ELECTRONIC DEVICES, and DEMAND FOR EXPERT WITNESS AND DISCLOSURE.**

**PLEASE TAKE NOTE** PETITIONER hereby submits this petition establishing a criminal complaint against EDWARD JOHN DENKER-YOUNGS and MATTIE G. YOUNGS herein the "OFFENDER(s)" and requests with immediate effect the issuance of an ORDER OF PROTECTION AND RELIEF to the extent within the authority given to the office of District Attorney, Economic Crimes Bureau for the State of New York, County of Suffolk. PETITIONER asserts upon information and belief to the best of his knowledge, beginning November 2011 and continuing thereafter, THROUGH ACTS OF FRAUD, COERCION AND GRAND LARCENY, the OFFENDER(s), engaged and concealed signally and jointly conspired in criminal acts economic in nature causing harm to the PETITIONER by way of unsurmountable debt, expending significant marital waste, assuming unnecessary debt obligations without the PETITIONER's knowledge or consent, withdrawing, withholding , concealing through comingling of marital funds with those of his mother, restricting access and transparency to account records, statements and/or disclosing of the existence of the same, violating § 812 and § 821 of the FAMILY COURT ACT and 530.11 of CRIMINAL PROCEDURE law in the State of New York, County of Suffolk.

PETITIONER alleges the OFFENDER(s) withdrew, transferred and assumed such debts inclusive of credit card balance transfers, cash loans against personal and real marital assets, pension and life insurance policies, perpetrated thousands of dollars in marital waste, comingled marital earnings with those OFFENDER (2) listed above and transferred such funds to undisclosed and concealed joint accounts both OFFENDER(s) maintained without access or transparency to various financial, credit and institutional banking /investment accounts, withholding martial income received each month without access or transparency to the PETITIONER, took possession of and cashed payments received by OFFENDERS' Health Insurer failing to make known or re-issue payment on behalf of the PETITIONER to several healthcare providers; concealed and withheld marital income and earnings and issued checks without PETITIONER's knowledge or consent accumulating unsurmountable debts which at present time has bankrupted the PETITIONER.



...th the filing of this complaint, PETIONITER seeks any and all lawful and allowable protection as is provided under § 812 and § 821 of the FAMILY COURT ACT and 530.11 of the CRIMINAL PROCEDURE laws for State of New York, County of Suffolk with immediate full force and effect from all direct and in-direct past, ...sent and future acts of financial and economic abuse by way of action, representation or direct performance by ...d/or any such person(s), associate(s), accomplice(s), relation(s) to the OFFENDER(s) named herein.

...TIOTIONER calls upon the authority and powers granted to your office and jurisdiction, the initiation of a ...minal investigation, availing all possible resources in launching such inquiries as to identifying and securing, ...ezing, placing liens, and dismantling of trusts, any and all barriers that are or may have been created in ...venting by way of entitlement, remedy or the return of all monies, credit and financial devices allowable by the ...s of the State of New York and within your office's ability which have unjustly been taken from the ...TITIONER and jointly the DENKER-YOUNGS marital estate alike, by the OFFENDER(s) act(s) of Fraud, and Larceny and Coercion.

...TITIONER demands swift and immediate action to charge and hold accountable those parties deemed the ...FENDER(s) who have committed such acts along with any and all accomplice(s) which (may) have signally or ...operatively assisted, acted and perpetrated each and any act alleged which has contributed to and caused direct in-direct past, present or future economic crimes and handicaps against the PETITIONER.

## PARTIES

THE PETITIONER BRIAN H. DENKER-YOUNGS, an individual domiciled in the State of New York and having a known address of 33 Pennington Drive, Huntington, New York 11743.

THE OFFENDER EDWARD J. DENKER-YOUNGS, aka Edward John Denker-Youngs, aka Edward Denker-Youngs, aka, E J Youngs, aka Edward J Youngs, aka Edward Youngs, aka John Youngs, aka John Denker-Youngs, aka E John Youngs, an individual domiciled in the State of New York and having a known address of 33 Pennington Drive, Huntington, New York 11743.

THE OFFENDER MATIE G. YOUNGS, an individual domiciled in the State of New York and having a known address of 316 W Neck Rd, Huntington, New York 11743.

[1]DENKER-YOUNGS became parties to a solemnized same-sex marriage on July 30, 2011 in Lake Ronkonkoma, New York, herein "DENKER-YOUNGS"

...of Marriage Equality Act, ch. 95 2011 (codified as amended NY Dom Rel. § 10-a, 10-b, 11, 13)

STATEMENT OF FACTS

5. DENKER-YOUNGS first met one another on February 09, 2009 after several online and telephone communications which took place over the course of two months originating from an online same-sex dating website.

6. PETITIONER memorializes the time frame of February 09, 2009 thru August 13, 2010 whereby DENKER-YOUNGS had engaged in an intimate relationship which led to both parties voluntarily becoming domiciled together at a known address of 99 West Shore Road, Huntington, NY 11743.

7. DENKER-YOUNGS began to create community property through financial entanglement and commingling of earned income and shared financial and credit vehicles on/around August 13, 2010 for the purposes of and not limited to, the purchases, acquisitions, improvements and overall day-to-day maintenance and fiscal obligations associated with 99 West Shore Road, Huntington, NY 11743.

8. With full force and effect, PETITIONER restates facts 5 – 7, establishing August 13, 2010 as to the time and place for which he defines the DENKER-YOUNGS marital property to have existed whereas PETITIONER did in fact contribute toward the appreciation, improvement and sale of some real property located at 99 West Shore Road, Huntington, NY 11743

9. Prior to amended NY Dom Rel. § 10-a, 10-b, 11, 13, no such legal or judiciary ruling of same-sex marital property existed, nor has there ever been a marital agreement written or verbal between DENKER-YOUNGS designating separate property except for that of the PETITIONER's Brooklyn Co-Op.

10. On July 30, 2011 DENKER-YOUNGS took part in a gathering and public display of celebration, each declaring clear statement and specific statements of intent to be acknowledged and legally recognized as "married" for which such declarations had been solemnized by the State of New York given amend NY Dom Rel. § 10-a, 10-b, 11, some thirty (30) days prior and in effect some four (4) days prior to such gathering.

11. DENKER-YOUNGS maintained joint accounts with financial banking institutions at Bethpage Federal Credit Union (Checking Account #[redacted]4223, Savings Account #[redacted]7410) and JPMorgan Chase Bank, N.A. (Checking Account #[redacted]680).

12. PETITIONER verifies and admits to having maintained and at all times having disclosed to OFFENDER the existence of separate accounts held at Citibank N.A. (Checking Account #[redacted]5160) and Bank of America which was closed during the early part of 2014 and no longer exists.

OFFENDER maintained to PETITIONER the existence of only two separate accounts at the financial institution of Bank of America (Checking Account #:[redacted]3181, Savings Account #:[redacted]4215).

On July, 13 2012, some eleven (11) months and two (2) weeks after entering into a legally solemnized marriage with the PETITIONER, and some twenty-three (23) months after becoming domiciled together, OFFENDER sold a certain real-property located at 99 West Shore Road, Huntington, NY 11743 for Four-Hundred and Ninety Thousand Dollars ($490,000), receiving a net proceed of One Hundred and Ninety-One Thousand, Five Hundred and Ninety-Nine Dollars ($191,599).

On October 12, 2012, DENKER-YOUNGS closed on the purchase of some real-property located at 33 Pennington Drive, Huntington, NY 11743, for a purchase price of Four Hundred and Fifty-Five Thousand Dollars ($455,000), assuming a debt home mortgage with Chase Home Mortgages in the amount of Three Hundred and Sixty Four Thousand Dollars ($364,000).

On/about May 2012, DENKER-YOUNGS opened, maintained, and managed by the OFFENDER, a new joint JP Morgan Chase Bank, N.A. checking account (Account #:[redacted]680) for the purpose of managing martial finances, income and debt obligations.

DENKER-YOUNGS received a Home Equity Line of Credit from Beth Page Federal Credit Union in the approximate amount of One Hundred and Twenty Five Thousand Dollars ($125,000) on October 2, 2013, one year after purchasing and renovating the real property at 33 Pennington Drive, Huntington, NY 11743.

DENKER-YOUNGS have a current debt obligation of the Home Equity Line of Credit with Beth Page Federal Credit Union equal to One Hundred and Twenty-Four Thousand, Thirty-Six Dollars and Sixty Five cents ($124,093.65).

PETITIONER has and is gainfully employed with privately held research and management consulting firm Frost & Sullivan, receiving an annual salary of Ninety-Three Thousand Six Hundred Dollars ($93,600).

OFFENDER has and is gainfully employed with the Oyster Bay–East Norwich School District as a Sixth-Grade History Teacher for the Oyster-Bay East Norwich James Vernon Elementary School receiving upon information and belief a compensation of around One Hundred Twenty One Thousand Dollars ($121,000) a year.

Prior to 2011, upon information and belief, OFFENDER for a period of no less than eighteen (18) years was gainfully employed for summer months as an Assistant Camp Director with the East Woods summer camp program receiving additional compensation of approximately Eight Thousand Dollars ($8,000)

22. DENKER-YOUNGS respectively earned additional monthly income from external ad-hoc jobs thereafter establishing a consistent monthly net income of nearly Twelve Thousand Dollars ($12,000).

23. DENKER-YOUNGS' monthly household expenses totaled a rough estimate of Seven Thousand, Four Hundred Ninety-Three Dollars and Thirty-Two cents ($7493.32) leaving on average a remaining Five Thousand Six-Hundred and Six Dollars and Sixty-Eight cents ($5,606.68) per month.[2]

24. Beginning December of 2011, PETITIONER faced several serious health issues and had undergone several surgeries and hospitalizations including a Posterior Inter-body Lumbar Fusions (PILF) L4-S1 (Northshore-LIJ Huntington Hospital 1/7/2013), an Anterior Inter-body Lumbar Fusion (AILF) L4-S1 (Northshore-LIJ Manhasset 05/15/2013), Hernia repair along with abdominal wall reconstructive surgery and abdominal scar revision (Northshore-LIJ Manhasset 09/09/2013), three (3) stress fracture repairs to the lower left extremity (2011-2013), Gastrointestinal bleed – Northshore-LIJ Manhasset 12/25/2011), Gaul bladder removal (St. Francis Hospital 07/16/2014), and a stroke (Northshore-LIJ Huntington and Manhasset 09/26/2014).

25. OFFENDER has commenced a contested matrimonial action with The Supreme Court of the State of New York, County of Suffolk on August 27, 2014 – Index #: 016968/14.

26. OFFENDER had filed a Family Offense Petition (File No. 139662) against the PETITIONER with the Family Court of the State of New York alleging PETITIONER has conducted himself in such a way for which the OFFENDER alleged being harassed and in a signed statement conveys a denial of such allegations contained herein and hence force.[3]

27. OFFENDER had petitioned and received a modified Temporary Order of Protection against the PETITIONER – file # 139662.

28. Appearing for the PETITIONER in the matrimonial action is Natasha Meyers, Esq. of The Meyers Law Group, P.C. located at 55 Elm Street in Huntington, NY.

29. Appearing for the OFFENDER in the matrimonial action is Louis Simonetti, Esq. of Louis Simonetti & Associates located at 144 Woodbury Road, Woodbury, NY 11797.

---

[2] Appendix A: Denker-Youngs Household Monthly Budget

[3] [illegible]



PETITIONER, BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED COMPLAINT ALLEGES:

The management and general oversight of DENKER-YOUNGS' household and marital finances, debt obligations and the day-to-day handling of mail and household related items had been handled from the time DENKER-YOUNGS became domiciled thru September 2014 by the OFFENDER.

PETITIONER routinely and consistently without bias relied upon representations made by the OFFENDER(s) as being complete, factual and truthful.

Upon information and belief, some three (3) month's after entering into a legal solemnized marriage, the OFFENDER without knowledge or consent of the petitioner, re-financed some real property located at 99 West Shore Road, Huntington, NY 11743 assuming a debt obligation from Chase Home Mortgage for an amount greater than the total pay-off amount of the existing mortgage loan and greater than the very first mortgage obligation in 2001; equal in the sum of Two Hundred Ninety-Five Thousand Dollars ($295,000).[1]

Upon information and belief at the time DENKER-YOUNGS formalized a Chase Mortgage loan application for the purchase of some real property located at 33 Pennington Drive, Huntington, NY 11743, the financial institution delivered upon summation, conveying DENKER-YOUNGS Asset/Liabilities to be a net worth of Six-Hundred Ninety Thousand, Two-Hundred and Ninety-Two Dollars ($690,292), liabilities of Fifty-Eight Thousand, Three-Hundred and Seven Dollars ($58,307), liquid assets equal to Two-Hundred and Sixty-Three Thousand, Five Hundred and Ninety-Nine Dollars ($263,599.00).[2]

PETITIONER represents DENKER-YOUNGS committed and delivered at closing a down payment equal to Ninety-One Thousand Dollars ($91,000).

PETITIONER represents he provided for a separate monetary contribution to the down payment of an original contract of sale on some real property which fell through in April 2012. Such separate monetary contribution originated from an early, first-time home buyer withdrawal from a Vanguard 401k retirement account in the amount of Forty-Four Thousand Sixty Four Dollar ($44,064).

PETITIONER reiterates allegation 35 and puts forth copies of an initial escrow payment bank check drawn upon his Bank of America Checking Account to the attorney of record for escrow by Brian Denker to Michael

---

[illegible] C - Mortgage Loan Application November [illegible]



McCarthy and the escrow return on/about the end of August 2012 to Brian and Edward DENKER-YOUNGS in the amount of Thirty-One Thousand Dollars ($31,000).[6]

37. PETITIONER represents that the remainder of funds withdrawn from his Vanguard 401k retired account was utilized by DENKER-YOUNGS for associated obligations including but not limited to credit card debt reduction, legal fees and home furnishings / improvements for DENKER-YOUNGS.

38. On/about February 2013, PETITIONER had come to view a year-end statement provided by Shelter Rock Church indicating monthly charitable gifts paid out on a consistent and regular basis each month by the OFFENDER without PETITIONER's knowledge or consent surmounting more than $300 a month.

39. PETITIONER memorializes a discussion with the OFFENDER for which OFFENDER's mother was present on/about February 16, 2013 regarding the non-consensual giving to Shelter Rock Church for which was to cease and therein OFFENDER's mother reiterating such acts by the OFFENDER as being " her son's biblical obligation."

40. OFFENDER has of February 2013 thru present day maintained, although unverified to the PETITIONER that no further monies has been given to such religious institutions or charities.

41. PETITIONER attests beginning December 24, 2009 during a Christmas Eve gathering at 99 West Shore Road, Huntington, NY 11743 and continuing thru present day, OFFENDERS' mother Marje G. Youngs has on many occasions publically and verbally represented her disdain and disapproval remarking statements such as "Only the special Jews know that the messiah has come"; "you'll never know peace until you give yourself to the Lord Jesus Christ"; "Pride is the demise of man", and many other degrading, discriminatory outbursts against homosexuality and the punishment that awaits homosexuals.

42. PETITIONER conveys that both him and OFFENDER attended couples' counseling that began in February 2014 with Lynn Adler, LCSW in Huntington, NY where OFFENDER's mother and her on-going behavior and intrusion in the DENKER-YOUNGS' marriage was a huge contention for the PETITIONER.

43. Upon information and belief, PETITIONER establishes having learnt of non-disclosed income OFFENDER had been receiving and withheld, failing to disclose the receipt of the same from South Shore Home Health Services, Inc. compensating for hours OFFENDER's brother is supervised and cared for by the OFFENDER or DENKER-YOUNGS.[7]

---

[6] Appendix E: Copies of Bank of America Escrow Check Denker-Youngs to McCarthy and Escrow Check McCarthy to Denker-Youngs

[7] Appendix F: Copy of July 18, 2014 Pay Stub to Edward J. Denker-Youngs from South Shore Home Health Services, Inc.

OFFENDER's brother is known to be a 47-year old male with Down syndrome domiciled at 316 W Neck Road, Huntington, NY 11743 and residing full-time under the care of OFFENDER(2), Matje G. Youngs.

Upon information and belief, PETITIONER began to question and doubt representations made by the OFFENDER(s) regarding the health of marital and household finances around June 2014 whereas, PETITIONER began to sporadically examine and audit the DENKER-YOUNGS JP Morgan Chase Bank, N.A. joint checking account and transactions therein.

Upon information and belief, PETITIONER alleges the review of the DENKER-YOUNGS' JP Morgan Chase Bank, N.A. joint checking account yielding on several occasions, questionable and bizarre banking transactions conducted by the OFFENDER including deposits initially represented to be that of the OFFENDERS' bi-weekly salary to be the movement and transferring of funds from other DENKER-YOUNGS' checking accounts and lines of credit raising question as to the whereabouts of OFFENDERS' income.[8]

Upon information and belief, PETITIONER made inquiries and thereafter requested on/about August 15, 2014 the OFFENDER submit to a household audit after becoming aware an overdraft occurrence in July 2014 of the DENKER-YOUNGS, JP Morgan Chase Bank NA checking account. OFFENDER has yet to submit to such performance or request.

Upon information and belief, on/about August 15, 2014 PETITIONER gained access to and examined the DENKER-YOUNGS Bethpage Federal Credit Union Home Equity Line of Credit (Account #: 9981700249), and only at that time first becoming aware as to such line of credit being drawn upon by the OFFENDER without knowledge or consent of the PETITIONER by an additional amount greater than Ninety-Thousand Dollars ($90,000), assuming additional and unnecessary debt obligations of the PETITIONER and DENKER-YOUNGS for a sum equal to One Hundred and Twenty-Four Thousand, Thirty-Six Dollars and Sixty Five cents ($124,093.65).[9]

Upon information and belief, PETITIONER alleges on January 13, 2013 the OFFENDER wrote a check payable to DENKER-YOUNGS without knowledge or consent from a BETH PAGE FEDERAL CREDIT UNION joint checking account affixing his name as a secondary endorser in the amount of Three-Thousand Dollars ($3000).

---

endix G: March 15,2013 Chase Bank NA, Denker-Youngs joint checking deposit

[illegible]

50. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on October 10, 2013 in the amount of Seven Thousand Five Hundred Forty Dollars and Thirty Four cents ($7,540.34).

51. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on October 28, 2013 in the amount of Sixteen Thousand One Hundred and Eighteen Dollars ($16,118).

52. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on October 15, 2013 in the amount of Eleven Thousand Seven Hundred Dollars ($11,700).

53. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on November 17, 2013 in the amount of Sixteen Thousand One Hundred Seventeen Dollars and Seventy-Two Cents ($16,117.72).

54. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on December 5, 2013 in the amount of Ten Thousand Two Hundred Dollars ($10,200.).

55. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on January 13, 2014 in the amount of Ten Thousand Nine Hundred Twenty-Five Dollars ($10,925.00).

56. Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]39039) on February 14, 2014 in the amount of Five Thousand Nine Hundred Eighteen Dollars ($5,918.00).

Upon information and belief, PETITIONER alleges without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Chase Credit Card (Account #: [redacted]9039) on March 18, 2014 in the amount of Two Thousand Five Hundred Dollars ($2,500.00).[16]

Upon information and belief, PETITIONER asserts concurrent payments had been initiated by the OFFENDER to the same Chase Credit Card (Account #: [redacted]39039) from DENKER-YOUNGS' Chase Joint checking account.

Upon information and belief, PETITIONER asserts during the time period of October 2013 and October 2014, OFFENDER withdrew and paid onto Chase Credit Card (Account #: 4[redacted]59039) an amount estimated to be Eighty-One Thousand Nineteen Dollars and Forty Cents ($81,019.41).

Upon information and belief, PETITIONER asserts without knowledge or consent, OFFENDER issued payments from DENKER-YOUNGS' Bethpage Federal Credit Union Home Equity Line of Credit to OFFENDER's Citibank Credit Card on April 15, 2014 in the amount of Nine Thousand Dollars ($9,000.00).[17]

Upon information and belief, PETITIONER in collecting personal information for the pending matrimonial action, discovered on/about January 2, 2013, some five (5) days prior to PETITIONER's first spinal operation, a balance transfer of Four Thousand Dollars ($4,000) from Chase Card Services account ending in #9039 to his Discover MasterCard, not transacted by himself or with his knowledge or consent.[18]

On November 1, 2013, PETITIONER inquired with Discover MasterCard services as to the transaction for which representatives convey that archived notes establish the balance transfer having been conducted by telephone and for which during such transaction, the caller represented to the Discover representative as being the PETITIONER.

Upon information and belief, Chase Card Services primary account holder for an account ending in 9039 belongs to the OFFENDER.

Upon information and belief, PETITIONER alleges on/about August 26, 2014 discovering two (2) 403b brokerage portfolio account statements for which never had been disclosed by the OFFENDER and the contributions and/or withdrawals never made known to the PETITIONER by the OFFENDER.

---

pendix I: Copies of checks referenced in Petitioner allegations 45-54

pendix J: Copy of check referenced in Petitioner allegation 57

[illegible]

65. Upon information and belief, separate portfolio summary statements for the concurrent time period of September 2013-December 2013 provides for active transactions by OFFENDER or such assignee on his behalf and portfolio balances combined of more than Two Hundred Thousand Dollars ($200,000).[13]

66. Upon information and belief, PETITIONER disclosed having learnt of one of the two portfolios to the OFFENDER, requesting discloser of such assets and made direct inquiry and demand as to the performance of utilizing such funds for the pay down of the unconsented and undisclosed debts assumed by the OFFENDER without the PETITIONER's knowledge or consent.

67. Upon information and belief, OFFENDER on August 25, 2014 communicated with, blind copying the PETITIONER, Glen Gordon, a unknown party to the PETITIONER, as to potentially making an early withdrawal as requested by the PETITIONER.

68. Upon information and belief, the contents of a subsequent electronic communication between Gordon and the OFFENDER, its contents for which contained a conveyance of the OFFENDER being party to a legal marriage and by way of said communication delivered upon Gordon the DENKER-YOUNGS marriage certificate[14].

69. Upon information and belief, on August 26, 2014, OFFENDER met with Louis Simonetti, Esq of Louis Simonetti & Associates, now "attorney for plaintiff" in a contested matrimonial action against the PETITIONER filed with the Supreme Court of the State of New York, County of Suffolk: Index #: 016968/14.

70. PETITIONER establishes that between the time period of June 2014 and present having discovered, examined reviewed and duplicated various communications, statements, and check stubs found within the DENKER-YOUNGS marital home presenting some twenty-eight (28) additional banking, investment, insurance, credit and retirement accounts in the OFFENDER's name with cumulative monetary sums / values greater than Three-Hundred, Eighty-Thousand Dollars ($380,000).

71. Upon information and belief, PETITIONER asserts that between the time period of June 2014 and present having discovered, examined reviewed and duplicated communications relating to cash loans drawn by the OFFENDER without PETITIONER's knowledge or consent against retirement and life insurance.[15]

72. Upon information and belief, PETITIONER asserts having discovered an additional Bank of America checking account held by OFFENDER's mother for which bi-directional account transactions exists (Bank of America Checking Account number ending in 6856).[15]

---

[13] Appendix L: Oppenheimer 2013 Statement and CCGA Statement of December 2013

[14] Appendix M: Email communication August 25, 2014 and February 2012 between Gordon and OFFENDER

[15] Appendix N: Nationwide Life Insurance – June 2014 Notice of Payment Due addressed to OFFENDER at his mother's residence.

Case 1-15-41069-cec Doc 86 Filed 10/28/15 Entered 10/28/15 16:14:14

Upon information and belief, PETITIONER asserts that on September 1, 2014, the OFFENDER had in his possession a piece of paper folded in such a fashion to hide the name of the OFFENDER, but for which its contents being a printout of Citibank, N.A. accounts (Checking Account #:[redacted]3584 and Savings Account #:[redacted]592), accounts never known to the PETITIONER.[17]

PETITIONER asserts that despite several requests for disclosure by the OFFENDER, OFFENDER maintains having no knowledge or information a majority of allegations referenced herein and has conveyed the potential of needing to inquire with his mother, a joint account holder on many of the financial and investment accounts held by the OFFENDER or on some, held by his mother with the OFFENDER and for which monies had been concealed, comingled and hidden from the PETITIONER, hereby establishing Matje G. Youngs as OFFENDER(2), an accessory to acts of fraud, coercion and grand larceny against the PETITIONER.

Upon information and belief, PETITIONER asserts having found several letters within the DENKER-YOUNGS marital home written by the OFFENDERS' family, with the majority from his mother to the OFFENDER over the course of years, spanning back as far as 1998 and as recent as November 2011 upon learning of the OFFENDERS' intent to marry the PETITIONER, conveying warnings of impending "harm" and her fight to save her son as a result of defying "G-d's word" by keeping a lifestyle and the company of such friends (eluding to OFFENDERS' lifestyle as a gay male).[18]

Upon information and belief, PETITIONER asserts having found an electronic letter dated back to July 30, 2000 addressed to Green Street Financial with representations made by the OFFENDERS' mother suggesting that OFFENDER and his mother have as routine handling of finances always comingled their respective monies together.[19]

Upon information and belief, PETITIONER asserts that a review and comparison of DENKER-YOUNGS' individual credit reports as is reported by credit reporting agency Experian to the same time and place of March 2013 and August 2014, PETITIONER's debt obligations are reported with an increase of some amount equal to One Hundred Eight Thousand Dollars ($108,000) while OFFENDER's reported debt obligations have decreased by some amount equal to One Hundred Seventy-Seven Thousand Dollars ($177,000).

---

ppendix O: Bank of America Account Statement – January 2014

ppendix P: Citibank Screen Printout OFFENDER had on his person September 1, 2014

ppendix Q: Copies of a few of many handwritten letters from OFFENDERS' mother to OFFENDER regarding lifestyle choice and religious defiance.

[illegible] DENKER-YOUNGS marital home to Green Street Financial dated July 30, 2000.



Case 1-15-41069-cec Doc 86 Filed 10/28/15 Entered 10/28/15 16:14:14

78. Upon information and belief, PETITIONER alleges having found some twenty to thirty unopened pieces of mail in the OFFENDERS' office at the DENKER-YOUNGS' marital residence containing explanation of health benefits, past due bills, letters of collection and check stubs with copies of checks the OFFENDER cashed, whereas PETITIONER alleges OFFENDER with intent ignored and withheld payment to providers retaining insurance monies for his own use and expending marital assets, and credit lines to deliver when he did, payment against such debts.[20]

**WHEREFORE**, THE PETITIONER BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED COMPLAINT AGAINST OFFENDER – EDWARD JOHN DENKER-YOUNGS:

PETITIONER herein, calls upon the Suffolk County District Attorney's Office, Economic Crimes Bureau upon review of the allegations contained herein and preliminary evidence presented, to aide and assist with immediate effect to issue an ORDER OF PROTECTION from the OFFENDER, EDWARD JOHN DENKER-YOUNGS launching an investigation and inquiries for the purpose of holding accountable those who have committed, enabled and perpetrated such economic crimes of GRANCY LARCENY, FRAUD AND COERCION again the PETITIONER and DENKER-YOUNGS' marital estate.

**WHEREFORE**, THE PETITIONER BRIAN H. DENKER-YOUNGS AS AND FOR A VERIFIED COMPLAINT AGAINST OFFENDER – MATJE G.YOUNGS:

PETITIONER herein, calls upon the Suffolk County District Attorney's Office, Economic Crimes Bureau upon review of the allegations contained herein and preliminary evidence presented, to aide and assist with immediate effect to issue an ORDER OF PROTECTION from the OFFENDER, MATGE G. YOUNGS, launching an investigation and inquiries for the purpose of holding accountable those who have committed, enabled and perpetrated such crimes of AGGRAVATED HARASSMENT, MENACING, STALKING, COERCION, GRANCY LARCENY, for the purpose of committing CRIMES of HATE and DISCRIMINATION again the PETITIONER and DENKER-YOUNGS' marital being.

[20] Appendix 5: Copies of just a few of the many medical bills, communications found in OFFENDERS' office related to outstanding payments due to healthcare providers on behalf of the PETITIONER spanning 2013 – 2014.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON.______________________

-------------------------------------------------------X

EDWARD J. DENKER-YOUNGS
Plaintiff

**NOTICE OF MOTION**

-against-

BRIAN H. DENKER-YOUNGS
Defendant, *Pro Se*

INDEX NO.: 16968-14

-------------------------------------------------------X

**STATE OF NEW YORK )**
**) SS.**
**COUNTY OF SUFFOLK )**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of BRIAN H. DENKER-YOUNGS, sworn to on the day of 23rd day of October, and the exhibits annexed thereto, and upon all the prior pleadings and proceedings had herein, the **DEFENDANT** will move the honorable court on the 9th day of November 2015 at the Suffolk County Supreme Court House located at 400 Carleton Avenue, Central Islip, New York before the Honorable David T. Reilly at 9:30 o'clock in the morning, or as soon thereafter as can be heard for an Order:

1. Upon review of Equifax communication of May 29, 2015 and their research into Bethpage Federal Credit Union Account #: 99817x and finding sufficient cause deleting form the Defendant's credit line, Defendant be relieved of any and all liability for the outstanding balance of said account. Such communication attached hereto **exhibit A.**

PLEASE TAKE FURTHER NOTICE that (check the applicable box below):

A copy of these motions papers together with their exhibits have been served onto parties herein at least sixteen days before the motion is scheduled to be heard.

Date: OCTOBER 23, 20215

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON. ____________________________

---X

EDWARD J. DENKER-YOUNGS
Plaintiff

**AFFIDAVIT IN SUPPORT**

-against-

INDEX NO.: 16968-14

BRIAN H. DENKER-YOUNGS
Defendant. *Pro Se*

---X

**STATE OF NEW YORK** )
) SS.
**COUNTY OF SUFFOLK** )

**I, BRIAN H. DENKER-YOUNGS**, being duly sworn, depose and say that:

1. I am the Defendant in the within action.

2. I submit this affidavit in support of my motion finding the preliminary conference form defective as having been altered after your deponent executed the same.

3. Due to the nature of plaintiff's gregarious conduct, your deponent insisted of Ms. Meyers that all images and deposits must be included and did in fact refuse to sign until it was edited (see G2)

4. As such and including that none of the milestone dates have reached, your deponent requests this case be dismissed in its' entirety as it needs to be better addressed and managed.

Service of this motion has been served upon the plaintiff, Edward John Denker-Youngs and Maria G Alibertis, Esq. counsel to the Plaintiff by first-class mail on October 24, 2015 in a sealed envelope addressed thereto respectively.

I have made no prior application for the relief requested in this Motion.

**WHEREFORE,** I respectfully request that my Motion be fully granted.

Sworn To Me October 24, 2015

GLENN E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

GLENN E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON.______________________

-------------------------------------------X

EDWARD J. DENKER-YOUNGS

Plaintiff

-against-

BRIAN H. DENKER-YOUNGS

Defendant. *Pro Se*

INDEX NO.: 16968-14

-------------------------------------------X

**STATE OF NEW YORK** )
) **SS.**
**COUNTY OF SUFFOLK** )

**VERIFICATION**

I, **BRIAN H. DENKER-YOUNGS** am the Defendant in the instant action and hereby state under penalty of perjury that I am fully familiar with the contents of the within motion and them to be true to the best of my knowledge and to the points that are upon information and belief, I reasonably assume to be true.

Submitted to this honorable court:

Sworn before me this:

Saturday Oct 24, 2015

Sworn before me
...NE E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20 17

P. O. Box 105518
Atlanta, GA 30348

EQUIFAX

**CREDIT FILE : May 29, 2015**
**Confirmation # 5063044957**

0019518122-1491
Brian Howard Denker-- Youngs
33 Pennington Dr
Huntington, NY 11743-7122

Dear Brian Howard Denker- Youngs:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

***The Results Of Our Reinvestigation***

***Credit Account Information***
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History Status Code Descriptions | | | |
|---|---|---|---|
| | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> ***We have researched the credit account. Account # - 898170* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***Bethpage Federal Cu, 899 S Oyster Bay Rd, Bethpage NY 11714-1030 Phone: (516) 383-0891***

>>> ***We have researched the credit account. Account # - 414720209823* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***Chase Card, PO Box 15298, Wilmington DE 19850-5298 Phone: (800) 432-3117***

( Continued On Next Page )

5063044957AEO-001951812- 1491- 12671 - S

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON. ______________________________

---------------------------------------------------X

EDWARD J. DENKER-YOUNGS
Plaintiff

**AFFIDAVIT IN SUPPORT**

-against-

BRIAN H. DENKER-YOUNGS
Defendant, *Pro Se*

INDEX NO.: 16968-14

---------------------------------------------------X

**STATE OF NEW YORK** )
) **SS.**
**COUNTY OF SUFFOLK** )

**I, BRIAN H. DENKER-YOUNGS**, being duly sworn, depose and say that:

1. I am the Defendant in the within action.

2. I submit this affidavit in support of my motion finding the preliminary conference form defective as having been altered after your deponent executed the same.

3. Due to the nature of plaintiff's gregarious conduct, your deponent insisted of Ms. Meyers that all images and deposits must be included and did in fact refuse to sign until it was edited (see G2)

4. As such and including that none of the milestone dates have reached, your deponent requests this case be dismissed in its' entirety as it needs to be better addressed and managed.

Service of this motion has been served upon the plaintiff, Edward John Denker-Youngs and Maria G Alibertis, Esq. counsel to the Plaintiff by first-class mail on October 24, 2015 in a sealed envelope addressed thereto respectively.

I have made no prior application for the relief requested in this Motion.

**WHEREFORE,** I respectfully request that my Motion be fully granted.

Sworn to me October 24, 2015

GLENN E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County

GLENN E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 2017

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

**WHEREFORE**, your deponent as a result of Plaintiff's perjured motion and non-compliance with demands for discover, moves for this honorable court to strike all pleadings in sanction of the Plaintiff's non-compliance and further to dismiss motion #2 on the docket as well.

Service of this motion has been served upon the plaintiff, Edward John Denker-Youngs and Maria G Alibertis, Esq. counsel to the Plaintiff by first-class mail on October 24, 2015 in a sealed envelope addressed thereto respectively.

I have made no prior application for the relief requested in this Motion.

**WHEREFORE,** I respectfully request that my Motion be fully granted.

10/24/2015

Saturday Oct 24 2015

Sworn before me

...NE E. SCHAEFERING
...y Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20 17

Brian H Denker
25 Bergen St
Brooklyn NY 11201

At a Matrimonial Part 30 of the Supreme Court of the State of New York, held in and for the County of Suffolk, at the Courthouse located at 400 Carleton Avenue, Central Islip, New York, on the 9th day of NOV, 2015

PRESENT: HON. DAVID T. REILLY

HON. ______________________
J.S.C.

MOTION/CROSS/OSC
Fee Paid
Judith A. Pascale
Suffolk County Clerk

---

EDWARD JOHN DENKER-YOUNGS,

Plaintiff,

-against-

BRIAN H. DENKER-YOUNGS,

Defendant.

---

Index No.: 16968-2014

**ORDER TO SHOW CAUSE**

**Justice Assigned:**
Hon. David T. Reilly

Upon the reading and filing of the annexed Affirmation of Louis F. Simonetti, Esq., dated the 27th day of October, 2015; and upon all papers and proceedings heretofore had herein,

LET the Defendant, or the attorneys acting on his behalf, show cause before this Court at an I.A.S. Part ____, before the Honorable Justice ____________, or any other Justice of this Supreme Court, at the Courthouse located at 400 Carleton Avenue, Central Islip, New York, on the 23 day of NOV. 13, 2015 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, why an Order should not be made and entered as follows:

a) Restraining and enjoining the Defendant, BRIAN H. DENKER-YOUNGS from commencing any further legal proceedings against the Plaintiff, EDWARD JOHN DENKER-YOUNGS; and

b) Directing the Defendant, BRIAN H. DENKER-YOUNGS to discontinue all [illegible]

proceedings currently pending against the Plaintiff, EDWARD JOHN DENKER-YOUNGS, other than the instant proceeding; and

c) Restraining and enjoining the Defendant, BRIAN H. DENKER-YOUNGS, from making any application within any pending litigation **without prior leave of the Court**; and

d) Staying any and all litigation including but not limited to motions, applications and Orders to Show Cause currently pending between Plaintiff, EDWARD JOHN DENKER-YOUNGS and Defendant, BRIAN H. DENKER-YOUNGS, particularly BRIAN DENKER-YOUNGS v. EDWARD JOHN DENKER YOUNGS, Etc., Kings County, Index No.: 540112015, other than the instant action; and

e) Staying the matter of PEOPLE v. EDWARD J. DENKER-YOUNGS, currently pending in the District Court of the County of Suffolk, 3rd District (Docket No.: 15-278) until the final disposition of the instant matrimonial action; and

f) For such other and further relief as to this Court may seem just and proper.

**SUFFICIENT REASON APPEARING THEREFORE**, it is

**ORDERED**, that pending the hearing and determination of this application, the Defendant, BRIAN H. DENKER-YOUNGS, is restrained and enjoined from commencing any further legal action, or motion proceedings against the Plaintiff, EDWARD JOHN DENKER-YOUNGS, or his attys arising from the matrimonial action or claims made herein, and its further [illegible] to [illegible] approval of the court

~~**ORDERED**, that pending the hearing and determination of this application, the Defendant, BRIAN H. DENKER-YOUNGS, is directed to discontinue all legal proceedings currently pending against the Plaintiff, EDWARD JOHN DENKER-YOUNGS, other than the instant proceeding; and~~ it is further ORDERED nothing contained herein shall [illegible] [illegible] [illegible] of bankruptcy [illegible]

**ORDERED**, that pending the hearing and determination of this application, the Defendant, BRIAN H. DENKER-YOUNGS, is restrained and enjoined from making any application within any

pending litigation ~~without prior leave of the Court~~; ~~and it~~ is further

**ORDERED**, that pending the hearing and determination of this application, all litigation is stayed including but not limited to motions, applications and Orders to Show Cause currently pending between Plaintiff, EDWARD JOHN DENKER-YOUNGS and Defendant, BRIAN H. DENKER-YOUNGS, particularly BRIAN DENKER- YOUNGS v. EDWARD JOHN DENKER YOUNGS, Etc., Kings County, Index No.: 54013/2015, other than the instant action; and; and it is further

**ORDERED**, let service of a copy of the instant Order to Show Cause together with copies of the papers upon which it is granted, via overnight mail, upon the Defendant, BRIAN H. DENKER-YOUNGS, and by regular mail upon the Office of the Huntington Town Attorney and the Clerk of the Suffolk County District Court, 3rd District, on or before the 9th day of NOV, 2015, be deemed good and sufficient service thereof.

E N T E R :

**HON. DAVID T. REILLY**

Attorney signature pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR)

Louis F. Simonetti, Jr.

GRANTED

NOV 09 2015

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

ORDERED, that D shall comply with the Town of Huntington requests with regard to the cottage.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------X

EDWARD JOHN DENKER-YOUNGS,

Plaintiff,

-against-

BRIAN H. DENKER-YOUNGS,

Defendant.

---------------------------------------------------------------X

Index No.: 16968-2014

AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE

LOUIS F. SIMONETTI, an attorney duly admitted to practice law before the courts of the State of New York, affirms the following under penalties of perjury:

1. I am the principal of the law offices of SIMONETTI & ASSOCIATES, attorneys for the Plaintiff in the captioned matter, and as such I am fully familiar with the pleadings and proceedings heretofore had herein.

2. I submit the within Affirmation in support of the relief requested in Plaintiff's instant Order to Show Cause wherein he is seeking an Order:

a) Restraining and enjoining the Defendant, BRIAN H. DENKER-YOUNGS from commencing any further legal proceedings against the Plaintiff, EDWARD JOHN DENKER-YOUNGS; and

b) Directing the Defendant, BRIAN H. DENKER-YOUNGS, to discontinue all legal proceedings currently pending against the Plaintiff, EDWARD JOHN DENKER-YOUNGS, other than the instant proceeding; and

c) Restraining and enjoining the Defendant, BRIAN H. DENKER-YOUNGS, from making any application within any pending litigation **without prior leave of the Court**; and

d) Staying any and all litigation including but not limited to motions, applications and

Orders to Show Cause currently pending between Plaintiff, EDWARD JOHN DENKER-YOUNGS and Defendant, BRIAN H. DENKER-YOUNGS, particularly BRIAN DENKER-YOUNGS v. EDWARD JOHN DENKER YOUNGS, Etc., Kings County, Index No.: 54013/2015, other than the instant action; and

e) Staying the matter of PEOPLE v. EDWARD J. DENKER-YOUNGS, currently pending in the District Court of the County of Suffolk, 3rd District (Docket No.: 15-278) until the final disposition of the instant matrimonial action; and

f) For such other and further relief as to this Court may seem just and proper.

3. For the reasons stated herein, Plaintiff's application should be granted in its entirety.

**BACKGROUND**

4. This matrimonial action was commenced via Summons with Notice, dated August 27, 2014. Plaintiff subsequently filed and served a Verified Complaint, dated September 29, 2014. Defendant interposed a Verified Answer, dated November 6, 2014. Copies of the aforementioned pleadings are annexed hereto as **Exhibit "A."**

5. Your affirmant need not relate the entire procedural history of this case to this Court, as this Court is undoubtedly more than familiar with the instant proceedings. What this Court must now urgently address, however, is the recent behavior of the Defendant, who, now as a *pro se* litigant, has purposefully commenced several other proceedings against the Plaintiff, as well as members of his family, forcing our client to defend himself against Defendant's frivolous claims in a multitude of Courts. This Court simply cannot allow Defendant's rampant abuse of the legal system to continue unchecked.

**THE OTHER ACTIONS**

6. Simultaneously with this matrimonial action, the Defendant has commenced several other legal proceedings against the Plaintiff in other venues, forcing Plaintiff to incur unnecessary legal fees to defend himself in these matters. It is clear that these other actions are part of a deliberate strategy on the part of the Defendant to drain the Plaintiff financially and to distract him from being able to prosecute the action before this Court in an effective manner. Essentially, he has created a game of legal "whack-a-mole" which is designed purposefully to force the Plaintiff into submission emotionally and financially. Respectfully, this Court simply cannot countenance such a flagrant abuse of our Courts. As a *pro se* litigant, Defendant is unconstrained by the costs that would normally be associated with such litigation, and even though many of his claims are arguably meritless, the Plaintiff is forced to incur significant expenses nonetheless just to respond to them. This course of conduct simply cannot continue.

7. Specifically, the Defendant has commenced proceedings in several other Courts which remain pending, which your affirmant shall address in turn. Firstly, the Defendant commenced an action in the Small Claims part of the Suffolk County 3rd District Court against the Plaintiff as well as Ken Bell, an insurance agent who allegedly issued insurance policies for the marital residence at the time it was purchased by the parties. A copy of the Defendant's complaint is annexed hereto as **Exhibit "B."** In sum and substance, Defendant alleges, without much specificity, some malfeasance with regard to the issuance of the homeowners' and flood policies for the residence. He claims that he incurred legal fees during his representation by Anthony A. Capetola's office as a result of subpoenas they allegedly issued regarding this matter. Clearly, such a claim would be better addressed in this Court, to the extent that it even has merit. Regardless, a hearing of this claim before an arbitrator was had on September 29, 2015. A decision was rendered and is annexed herein as **Exhibit "C"**. Clearly, the

Defendant did not prevail.

8. Additionally, the Defendant has commenced **another concurrent matrimonial action** in Kings County, encaptioned BRIAN H. DENKER-YOUNOS v. EDWARD JOHN DENKER-YOUNGS, et al., (Index No. 54013/2015). A copy of the Summons and Complaint for this matter is annexed hereto as **Exhibit "D."** Defendant herein, improperly served that action by UPS mail on the Plaintiff. Defendant's commencement of a new matrimonial action in another venue while the instant matter remains pending is patently frivolous, and can have no purpose other than forum shopping and to further exhaust the Plaintiff's resources. The Defendant simply should not be permitted to force the Plaintiff to engage in two matrimonial actions at the same time in two different Courts. In addition, he has filed numerous motions in connection with that proceeding. **Annexed herein as Exhibit "E"** are copies of the Order to Show Cause pages for his motions. Plaintiff has filed an application seeking to dismiss the proceeding. (**Exhibit "F"** herein).

9. The Defendant has also commenced yet another action, this time against both the Plaintiff **and his mother**, in Kings County, allegedly for intentional infliction of emotional distress, amongst other things. A copy of the Summons and Complaint for this matter is annexed hereto as **Exhibit "G."** While it is respectfully submitted that there is no merit to this action, it is more than apparent that Defendant is utilizing the Courts not to seek relief for legitimate claims, but to harass and annoy the Plaintiff and members of his family in an attempt to gain leverage and further drain his resources.

10. Defendant also filed a Family Offense Petition in the Kings County Family Court, seeking an Order of Protection against the Plaintiff. As this Court is well aware, such an application could have been brought within the context of the instant proceeding, and Defendant's application in another Court is more than likely a deliberate decision to force the Plaintiff to appear in yet another

Court in yet another action. A copy of Defendant's Family Offense Petition and the accompanying summons is annexed hereto as **Exhibit "H."** He failed to appear in that action and his petition was dismissed. **(Exhibit "I"** herein).

11.    In addition to these four pending actions and the instant action before this Court, the Defendant also pressed criminal charges against the Plaintiff in Kings County for an alleged violation of an Order of Protection. These charges were ultimately dropped. The Certificate of Disposition is annexed herein as **Exhibit "J"** and the Order of Protection was dismissed. There was also previously pending a Family Offense proceeding in Suffolk County Family Court which was consolidated into the matrimonial action before this Court.

12.    The Defendant has commenced a frivolous Bankruptcy proceeding and has filed several applications in connection with that proceeding as well.

13.    Lastly, the Defendant has filed three separate applications with the Appellate Division. The first was his application seeking leave to appeal this Honorable Court's determination of the TRO's in the respective *pendente lite* applications. This application was denied by the Appellate Court. The second application sought to appeal Justice Reilly's June 2015 decision. This motion is being held in abeyance due to the bankruptcy proceeding. (Decision annexed herein as **Exhibit "K"**). He recently filed a third application, wherein your undersigned was improperly noticed. The Appellate Court allowed us to conference the motion via telephone. Ultimately, the Appellate Judge denied to sign the motion as there is a bankruptcy proceeding and its duplicative. We have since received letters from the Defendant, which have been improperly noticed, indicating his intention to file additional motions. Annexed herein as **Exhibit "L"** are said letters. Accordingly, this firm has represented Plaintiff in a staggering number of actions and applications which are attributable to the Defendant.

**DEFENDANT SHOULD BE ENJOINED FROM PROSECUTING ANY AND ALL COLLATERAL ACTIONS AND MAKING FURTHER APPLICATIONS**

14. Free access to the Courts is an essential right which should not be abridged lightly; however, the Defendant's actions are a clear abuse of this right. In the matter of *Sassower v. Signorelli*, the Appellate Division, Second Department, held as follows:

> To be sure, public policy mandates free access to the courts and zealous advocacy is an essential component of our legal system, and, ordinarily, the doctrine of former adjudication will serve as an adequate remedy against repetitious suits. Nonetheless, a litigious plaintiff pressing a frivolous claim can be extremely costly to the defendant and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose. Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation. 99 AD 2d 358 (App. Div. 2nd Dept. 1984).

15. The actions of the Defendant herein are within this vein as well. The numerous actions which he has initiated are clearly an abuse of the judicial process and are a sole result of his ill will and spite towards Plaintiff, the spouse he is now divorcing. Accordingly, it is respectfully requested that he be restrained from further pursuing his rampant abuse of the legal system.

16. Furthermore, In the matter of *Shreve v. Shreve*, the Appellate Division, Fourth Department, affirmed a lower court ruling which restricted a party from filing further petitions without prior leave of the Court. The Court balanced the litigant's right to free access to the Courts against his pattern of abuse of the judicial process, and confirmed that the Court may indeed grant such relief in cases such as this. *See* Shreve v. Shreve, 229 AD 2d 1005 (App. Div. 4th Dept. 1996).

**THE HUNTINGTON TOWN PROCEEDING MUST BE STAYED**

17. On or about January 5, 2015, the Town of Huntington issued a summons to both parties herein concerning the marital residence, alleging, in sum and substance, that certain aspects of the home were in violation of the certificate of occupancy. As such, a criminal proceeding was commenced against both parties. A copy of the summons is annexed hereto as **Exhibit "M."** Upon information and belief, the Town consented to an Adjournment in Contemplation of Dismissal for the Defendant's case.

However, the case remains pending against Plaintiff, apparently due to the fact that he was granted exclusive use and occupancy of the home by this Court. In order to bring the residence into compliance with Town Code, certain alterations may have to be made to the premises, all of which could be construed as a violation of the automatic orders provided for by the DRL. As such, Plaintiff cannot take the appropriate actions at this time to bring the premises into compliance and resolve the criminal case against him. As such, it is respectfully requested that the Town of Huntington criminal proceeding be stayed until such time as the case at bar is disposed, at which time the ultimate distribution of the marital residence, and therefore, responsibility for code compliance therewith, would be determined.

18.     Notice of the within application was given to the Defendant and the Huntington Town Attorney's Office in accordance with Uniform Rule 202.7(f). Attached hereto as **Exhibit "N"** is a copy of the Notices sent.

19.     No prior application for the within relief has been made.

**WHEREFORE**, it is respectfully requested that the relief requested in Plaintiff's Order to Show Cause be granted in its entirety together with such other and further relief as this Court deems just, proper and necessary.

Dated:  October 27, 2015
        Woodbury, New York

                                                LOUIS F. SIMONETTI, JR.



[PDF] DAVID T. REILLY, J.S.C. - Unified Court System
https://www.nycourts.gov/courts/...Part...Riley.pd... ▾ Judiciary of New York
DAVID T. REILLY J.S.C. ... E-Mail: SUPREILLY@nycourts.gov ... Trials: 5 days before trial, parties may provide this Court with their Trial Memorandum of Law
Missing: art van nostrand

David Reilly | LinkedIn
https://www.linkedin.com/pub/david-reilly/39/5a0/505 ▾
Greater New York City Area - Candidate for Justice of the Supreme Court, 10th Judicial District of New York
View David Reilly's professional profile on LinkedIn. ... professionals like David Reilly discover inside connections to recommended ... Art VanNostrand, ESEP.

David T. Reilly - Ballotpedia
ballotpedia.org/David_T._Reilly ▾ Ballotpedia
Apr 9, 2015 - David T. Reilly is a justice of the Supreme Court 10th Judicial ... In the general election on November 5, 2013, with 21.95 percent of the vote
Missing: art van nostrand

David Gries, Vita - Cornell University
www.cs.cornell.edu/gries/vita/vitaembedded.html ▾ Cornell University
ACM Programming Systems and Languages Paper Award 1977 (with S. Owicki) ... Clarke Award for Excellence in Undergraduate Teaching, College of Arts and Science ... Member, Steering Group, AAAS Section T on Information, Computing, and Communication, 1999- ... Van Nostrand Reinhold, New York, 1983. p



Search for people, jobs, companies, and more

Home Profile Connections Jobs Interests

CHRO Inner Circle - Join CHROs from America's largest organizations in California, July 19-21. | Read More »

# Art VanNostrand, ESEP

Recently Retired Systems Engineering Manager

Greater New York City Area · Aviation & Aerospace

Previous: NORTHROP GRUMMAN CORPORATION, Bethpage, NY, Dayton T. Brown, Inc, Dowling College

Education: California Institute of Technology

500+ connections

1 year ago

Relationship | Contact Info

Note | Reminder | How you met | Tag

Connected 1 year ago

Background

## Summary

Recently retired from a major defense contractor as a Systems Engineering Manager. Looking to keep occupied, so I am interested in any part-time and/or short-term consulting as well as adjunct teaching opportunities. I have an ME in Systems Engineering and an MBA in Banking and Finance. Please contact me with any potential opportunities.

Professional qualifications include Systems Engineering (SE), Software, and Supportability management and execution in highly technical specialties. I have effectively managed personnel in both a functional homeroom environment as well as in a project engineering role. I have good interpersonal skills and program management skills such as EVMS and risk management. I am familiar with indirect costs and allocations, capital requirements planning, and AS9100 processes. I have extensive experience with Safety and Performance Management Planning (PMP). Also, I am skilled at working with customers to determine critical end-user and system requirements and specifying and designing technical system projects to meet those demanding requirements. I also have excellent communications skills and the ability to bridge the gap between customers, management, and technical personnel. I possess a unique combination of technical and management skills with good marketing and business ability to define, win, and develop projects, then bring them to completion on time and within budget. I hold multiple technical and business certificates and degrees and continually strive to increase my skill set, extend my knowledge, and share them with others. I have an ME degree in Systems Engineering and am an INCOSE Certified Expert Systems Engineering Professional (ESEP) with the DOD Acquisition Extension. I have particular experience applying SE to complex Systems Of Systems (SOS).

## Experience

**Systems Engineering Manager**

NORTHROP GRUMMAN CORPORATION, Bethpage, NY

2010 – July 2014 (4 years)

• I recently retired from my position as a systems engineering section (functional) manager in the Northrop Grumman Aerospace Systems, Systems Engineering (SE) Center of Excellence. Responsibilities include the oversight, planning and coordinating the staffing, staff development (including skills training and career support); performance management and issues resolution; process

Ads You May Be Interested In

Apply for a Business Loan Up to $500k. 2 Years in Business Required. Over 1 Billion Lent Worldwide!

2015 Leadership Seminar Get custom leadership training based upon your strengths and weaknesses.

MBA Strategic Leadership MBA Online, Accredited, Affordable. Advance Your Leadership Skills. Learn More.

People Also Viewed

David Young
Corporate Director of Advanced Concepts- Analysis Center at Northrop Grumman Corporation

David Wilson
Systems Engineer at SAIC

Tom Giuda
Engineering Manager

Michael Colasuono
Mechanical Engineer at Northrop Grumman Aerospace Systems

Todd Reagan
Field Engineer at Lockheed Martin Corp.

Bill Lewis
Operations Research Analyst at Northrop Grumman Corporation, Information Systems

Laura Reilly
Supportability Engineer at Northrop Grumman Aerospace Systems

Jay Patten
Mechanical Engineer IV at Northrop Grumman Aerospace Systems

Peter Sciotto
Senior Systems Engineer - EF/Radar

Mayur Patel
MBA Candidate at Kellogg School of Mgmt / Sr. Systems Engineer @ Northrop Grumman

In Common with Art







About





Married



 Ryan Van Nostrand

 Kyle Van Nostrand

 Diane Sniffen

 John Youngs

 Michael T. Sniffen

Sofia Van Nostrand



PLACES

Bob's Restaurant — Lu Holden ... Art W. Van Nostrand and 2 others.

Owl's Head Barn — Lu Holden ... Art W. Van Nostrand

Rockefeller Center

REVIEWS

Cubs Cove
★★★★★

Paul Senzer for Huntington District Court

BREAKING NEWS - OBSERVER ENDORSES SENZER FOR DISTRICT COURT

October 31, 2014 - "Judge Paul Senzer has been the Northport Village Justice for more than 20...

See More

Share

Paul Senzer shared a photo to Art W. Van Nostrand's Timeline.

Best Choice for District Court ?
Judge for Yourself...
Judge Paul Senzer
✓ Village Justice
✓ County Judicial Hearing Officer
✓ 20 years of Judicial Experience
senzer.
district court

Paul Senzer for Huntington District Court

Chat (Off)

Judge for Yourself...

Share

Sponsored

Retro Modern Design: Up to 60% Off Chic Mod Furniture & Decor. Shop

The sky's the limit.
A new rewards program the horizon. Earn points. More to use at another!

17 friends posted on Art's timeline for their birthday

Art W. Van Nostrand
Birthday: July 26

Paul Senzer > Art W. Van Nostrand

Happy belated birthday, friend.

Stephen Garvey > Art W. Van Nostrand

Happy Birthday.

Art W. Van Nostrand likes this.

See 15 more posts

Lu Holden > Art W. Van Nostrand

Bob's Restaurant

Save

Share

2 people like this.

Alfonse Cerbone > Art W. Van Nostrand

yes HAPPY HOLIDAYS TOO SHA SHA AND ART, AND THE VERY BEST NEXT YEAR 2015....BETZY

Paul Senzer > Art W. Van Nostrand

LI Politics.com endorses SENZER for DISTRICT COURT!

THE REAL VOTERS GUIDE FOR HUNTINGTON THIS ELECTION DAY | Huntington Politics

This is the voter's guide to end all voter's guides. Why? Because we realize most people don't vote and of those who that do, so few pay attention.

Share

Paul Senzer > Art W. Van Nostrand

VOTE THE PERSON - NOT THE PARTY.

Editorial: Why Matthews Should NOT Receive a Suffolk County District Court Seat

The November 4th elections include 3 picks for the Suffolk County District Court seat. In total, six candidates are vying for three judicial seats. They include Walter D...

Share

Paul Senzer shared a link to Art W. Van Nostrand's Timeline.

1 mutual friend: Dawn Thompson Arenella

Worked at Northrop Grumman Corporation

Past: Dowling College, Oakdale, NY and Dayton T. Brown Inc.

Studied Aerospace Project Management at California Institute of Technology

Art W. Van Nostrand

Art W. Van Nostrand Timeline Recent

Add Friend

Share

FRIENDS

Dawn Thompson Arenella

Paul Senzer shared a photo to Art W. Van Nostrand's Timeline.

VOTE THE PERSON - NOT THE PARTY!

The Observer

PHOTOS



aul Senzer
Paul Senzer
Add Friend
Message
Timeline
About
Friends
Photos
More

Sponsored

FREE Social Media
Sign Up For Free
Easily Schedule Posts
Measure Engagement
All Your Social Network

riends

Add Friend

nds Mutual Friends Recently Added People You May Know Following van nost

esults for: van nost

uncle.

cousin

Art W. Van Nostrand
Northport, New York

Add Friend

Kyle Van Nostrand
CUNY John Jay · Northport, New York

Add Friend

How do you Live Pr
att.com/LiveProud
Share your own story
submitting your "This
video.

ate Ad Create Page Developers Careers Privacy Cookies Ad Choices Terms Help

015

Chat (Off)



Paul Senzer
Add Friend
Message

Timeline About Friends Photos More

## bout

l Senzer

Brian Home

You and Paul have 1 mutual friend

Sponsored

nd Education

nd Relationships

WORK

### Suffolk County Traffic & Parking Violations Agency

April 2013 to present · Hauppauge, New York

Principal trial judge at Suffolk's new countywide traffic court [illegible] Traffic Violations Bureau). High volume experience [illegible] Vehicle & Traffic Law. Presiding over hearings and trials involving New York State Police, Suffolk County Police, Suffolk County Sheriff [illegible] and defense counsel. [illegible]

### State University of New York at Farmingdale

Adjunct Assistant Professor · August 2011 to present · Farmingdale, New York

Department of Criminal Justice / Security Systems

### Northport, New York

Village Justice · March 1994 to present

### Paul R. Senzer, Esq.

Senior Trial Attorney · 1983 to present

[illegible]

EDUCATION

### Hofstra University School of Law

Class of 1980 · Juris Doctor (J.D.)

AT&T
proud
How do you Live Proud
att.com/LiveProud
Share your own story by submitting your "This is" video.
FREE Social Media Tool
Sign Up For Free Today
Easily Schedule Posts & Measure Engagement Across All Your Social Networks
Hootsuite

# Flap Over Judges Divides Allie

***GOP chair accuses Conservative leader of breaking District Court endor***

By [illegible]

[illegible]

[illegible]

[illegible] Party.

[illegible]

"That's not my understanding," he said.

In response [illegible] Tepe accused [illegible] Conservatives [illegible] Republican [illegible] of Lloyd Harbor, Northport Village Justice [illegible] of Dix Hills.

The Conservative chairman said he is prepared [illegible] Republican [illegible]

"[illegible] a primary. We're prepared to [illegible]. We're prepared to [illegible] elected," he said.

Meanwhile, [illegible]

[illegible]



# NYS Supreme Court Justice Visits Woodhull

Woodhull Intermediate School student council members enjoyed a special treat at their last meeting. New York State Supreme Court Justice David T. Reilly visited and spoke about the intrinsic value of holding public office and serving the community.

Justice Reilly's wife, Martha is a Woodhull math teacher. Wearing his official black robe, the jurist quickly gained the attention of his audience of fifth and sixth graders. "His purpose was to inspire us to make a difference at Woodhull and in the Huntington community," said Katie Browne, secretary of the student council organization.

Elected in November 2013 and sworn into office in January 2014, Justice Reilly's 14 year term runs through 2027. Prior to assuming a position on the bench, he was a partner in Reilly & Reilly, LLP, a Mineola based law firm.

Justice Reilly obtained a Bachelor of Arts degree in Russian studies and political science at James Madison University in 1983. He earned a Juris Doctor degree at St. John's University in 1988.

The state jurist began his session with the Woodhull youngsters by discussing the importance and role of public office in the United States. "He spoke about his past and answered questions from the student council members," Ms. Browne said. "Justice Reilly has been practicing law for almost 30 years. He has had over 700 cases as a lawyer and has been involved in all aspects of the law. He mentioned how as a child he ran for student council and was not elected. He said the experience didn't stop him from going down the path of public service. He never gave up and continued to pursue his dream of making a difference."

2014-15 News Archive

*Photo Captions:*

*New York State Supreme Court Justice David T. Reilly visited Woodhull students*

*Related Headlines:*

*Woodhull Intermediate School News*

*Related Downloads:*

Appendix M

**Subject:** Re: Marriage Certificate
**From:** "Edward J. Denker-Youngs" <jfremer@yahoo.com>
**Date:** 8/25/2014 5:34 PM
**To:** glenn gordon <ggordon@gwnsecurities.com>

Glenn,
Hi. Could you please give me a call. I have a question cashing in a portion of my 403b early. Please give me a call.

Thanks,
John

On Friday, February 10, 2012 9:27 AM, glenn gordon <ggordon@gwnsecurities.com> wrote:

It was good meeting with you too. Enjoy your weekend, and your cruise as well
> Glenn,
>
> Hi. It was good meeting with you yesterday.
>
> Here is a copy of the marriage certificate.
>
> John

Glenn Gordon
Registered Principal
631 232 7900

# QUICK TRANSCRIPTION SERVICE

Best Transcription Service at Affordable Price

**NOTARY CERTIFICATE**

I, MICHAEL KEEN certify;

The (Voice 002.m4a & Voice 003.m4a ) docs was taken down by our company (Quick Transcription Service & Vanan Group of Companies) they are true and 100% accurate and transcribed by a certified transcriber. The audio was transcribed from English to English.

We further certify that we are not a relative or employee of any attorney or any of the parties, nor financially interested in the action. We use certified translator to perform this project. We declare under penalty of perjury under the laws of the State of New Jersey that the foregoing is true and correct to the best of my ability.

Dated this 25th day of September, 2015.

Signed By

Printed Name MICHAEL KEEN

Vanan Innovation Services Pvt. Ltd

Corporate Identify Number: U74900TN2009PTC073697

ISO 9001:2008 Certificate# (EA/NACE : 33/72.6)

State of New Jersey, County of Union

Subscribed and sworn to, or affirmed, before me this 25th day of September, 2015, by MICHAEL KEEN X.

Audio Transcription: Legal Request The Audio was transcribed from English to English.

Kandyce Peterson

| Notary Public Signature (Notary Seal) | Kandyce Peterson<br>Notary Public Name | May 29, 2019<br>My commission expires: |
|---|---|---|

KANDYCE N. PETERSON
NOTARY PUBLIC OF NEW JERSEY
ID #2440761
My Commission Expires 5/29/2019

[illegible]vananservices.com, Support@quicktranscription.com
[illegible]anservices.com , www.quicktrancription.com Phone Number: 866-221-3843

**Telephone call from 5164620895 to 6317907086 on August 25, 2014**

[phone ringing]

**John:** Hello?

**Bryan:** Hey. How are you?

**John:** I'm okay. How are you?

**Bryan:** Okay. Where are you?

**John:** I'm home.

**Bryan:** Okay. Can you do me a favor? Because I'm just trying something that makes sense to me.

**John:** Okay.

**Bryan:** October, can you look on your bank statement?

**John:** Okay.

**Bryan:** I'm sorry. October to November, can you look on these? This past October, how much did you deposited into our account? I'm just trying to balance something out.

**John:** What was that?

**Bryan:** I'm trying to balance something out that doesn't make sense.

**John:** Okay. Hold on. Okay. There's 213.

**Bryan:** What do you mean 213?

**John:** 2013.

**Bryan:** This past October into November.

**John:** They're not recorded anymore, so just wait a second. Okay.

**Bryan:** I just want to check because those were months that the 26,000 from Home Equity went to Chase. So, I'm just trying to balance everything, where I'm trying to balance all of our income for that month, where every dollar went.

**John:** I'm looking, I'm looking. Give me a second. August then the one that is shown there, September October. Hold on. Give me a second, I'm going to look where I can find the other statement. I've had it, I kept it.

**John:** October to November.

**Bryan:** Starting this October 1st, because I'm trying to account for every Dollar that we earned and spent because that's with the first. Go line by line with the date and transaction, and how much went to our account, what you took from ATM. Cause I'm trying to find from our total income for that month.

**John:** Okay. Hold on. Well, it started at August 15th.

**Bryan:** No, October 1st.

**John:** Okay.

**Bryan:** From October 1st until--Because we had to go look into that part of November or early November.

**John:** Okay, the reason I'm saying that because the statement. Give me the statement date.

**Bryan:** Okay. What's the--

**John:** September 9.

**Bryan:** Okay.

**John:** September 9th, October 9th until November.

**Bryan:** Start with October 9.

**John:** Fine.

**Bryan:** I want to go to the end of the year, because we have--

**John:** In just one thing that I written out of it, correct?

**Bryan:** No. I want transaction by transaction, because I'm trying to account for every dollar we earned that month, because this doesn't make sense. Because we start in October, you wrote 26,000 to one card. I can't figure out, and we had money in the bank going into there. Something doesn't make sense. I have a copy of the Chase credit card from October till the end of the year doesn't make sense. Go line by line, every transaction.

**John:** Okay. This is how it's done. It says deposit.

**Bryan:** Okay.

**John:** Here we go. Bank of America, $20 cash on the 16th.

**Bryan:** Of what month?

**John:** September.

**Bryan:** Okay.

**John:** Do you want from October on?

**Bryan:** From October on.

**John:** Okay. October 1st, 498.44, US Bank.

**Bryan:** Okay.

**John:** November 3rd, $60 cash.

**Bryan:** Okay.

**John:** Flyper, October 4th.

**Bryan:** Wait, hold on. I'm sorry. November 3rd what?

**John:** No. October 4th.

**Bryan:** Okay. $60?

**John:** Flyper, $839.

**Bryan:** Okay.

**John:** A check. They separate things out differently. I've wrote a check for $10. One second, I have to look at things differently. Hold on. Accounts, Checking.

**Bryan:** Just go line by line.

**John:** Okay. I have to get there Bryan. I was looking at the statement, not looking at the actual check register, all right?

**Bryan:** Okay.

**John:** So, just give me a second, and stop yelling at me. Okay. October 3rd, I wrote a check to pay my loan to My 41-K, for 188.71

**Bryan:** What date?

**Bryan:** I want every transaction including ATM withdrawals. I'm accounting for $6800 that month. Line by line.

**John:** I'm giving it to you line by line. I'm giving you the reason before, I want to make sure you have it, so I'm asking you.

**Bryan:** I am.

**John:** Okay. Do you have US Bank, yes or no?

**Bryan:** Yes.

**John:** Okay. You have two lines, correct?

**Bryan:** Correct. That doesn't tell me where, I have that all subtracted from, because I know what the bills are from 6800. Now tell me where the rest of your money that month went? Line by line.

**John:** Okay. I'm going line by line. I just wanted to make sure I have everything you needed. You have a deposit, correct?

**Bryan:** Yes.

**John:** The 15th?

**Bryan:** Yes.

**John:** All right. I had a check 1638, 2500 to our account.

**Bryan:** Okay.

**John:** That's 1537, Citi Bank, $500.

**Bryan:** Okay. That is still not telling me. I'm sure you had transactions in between checks. What are the ATM encounter? I know what you said in bills. Where did the rest of the balance of money go?

**John:** Say that one more time.

**Bryan:** I know what you paid in bills, but where did the rest of $6800 that you earn in that month go? That's what I want you to tell me, line by line. You say you didn't have. Honestly, you said you took money to spend. You have ATM withdrawals. What ATM withdrawals? I'm

**John:** You got 500 for Citibank. 1537. 10-16, this is a different Citibank. It's a bill payment to Domestic Express One, 81.20.

**Bryan:** Okay.

**John:** Hold on. Check 1639, was to Twin Harbor Auto Repair, I had check them on the Suburban, had an oil change, and inspection, all that kind of stuff, all right?

**Bryan:** Okay.

**John:** On 10-21, it says I have to ask for what is it. Partronics?

**Bryan:** Okay.

**John:** It's 51.75

**Bryan:** Okay.

**John:** I don't know what that is.

**Bryan:** Okay. Now, what--

**John:** That's 51.75. On the 21st, there's a $20 out at the ATM. On the 25th, I took $60 out.

**Bryan:** Okay.

**John:** On the 28th, I paid my loan back to 41K, check 1640 for 188.71.

**Bryan:** You paid a loan. What 41K did you take a loan from?

**John:** I took a $10,000 for my 41K.

**Bryan:** Can you e-mail me the loan payment and e-mail me the check that you wrote? A copy of the loan payment. I want the full loan payment, and a copy of the check you wrote, and the check you write every month, and loan payment every month.

**John:** Can I show you one for now, and then I can--

**Bryan:** No. You will now go to Hall Park in the morning, and liquidate a 124,000 and we will go to the bank, or I go to the district's attorney because it's cold. I'm sitting in front of an attorney. I will go to the district's attorney tomorrow. You have an attorney, this is recorded. I will file charges or you will liquidate, and pay the home equity, and you will pack a bag, and get

How dare you do this to me John? I've been there for you. How dare you! How dare you! Okay.

**John:** Enough with the screaming Bryan.

**Bryan:** No. My attorney is listening, he's listening. You've make purchases. I want you to pack a bag. Get the fuck out. You will liquidate the account tomorrow, and pay off the home equity line, immediately. Or I am filing charges against you. I remind you, it is a felony. It is a felony.

So, I'm fore warning you before I sign papers with this attorney. I'm giving you a chance to rectify this because I have been there for you. I can't believe you would deceive me this way. After everything I have tried to do for you, and I have given my life. I almost died. I'm giving you once last chance that least says here, trying to force me. I will not sign these papers.

So, you have 24 hours to liquidate the account. You'll have a check made payable to the two of us from that account, and liquidate the entire investment or I go to the district attorney tomorrow. By tomorrow night, you will be in the jail for arraignment. So, I'm giving you a chance to rectify. You go liquidate that.

You will also furnish to me 3 years for your Citibank checking account immediately, or I'm at the district attorney's tomorrow. So, I'm giving you a chance. You lie to my face continually. You bought dividends. I have all the account purchases. I have your entire quarterly statement, so you'll go to Hall Park. You will liquidate and have a check made payable to the two of us. Within 24 hours, do you understand? Or I will be at the district attorney.

**John:** Can you stop and talk?

**Bryan:** No! You continue to lie to me. You will liquidate that and have a check for the full account, made payable to the two of us, and we will pay that home equity line credit off. You will furnish 3 years of your statement for your Citibank account, immediately. Or, we will be at district attorney tomorrow. I refuse to sign because you know what John, I still love you. I have never lied. I had given you, and John, and you can continue to lie and do this to me.

I am giving you a chance because I don't want to see you in jail because your mother and Danny needs you. And because you know what, to satisfy, I lost a friend. Someone who is my best friend. I can't believe you did this to me. I can't believe you would do this to me.

**John:** Can you listen?

**Bryan:** No. No. There's no excuse. I've listened yesterday. There's no excuse. So, before I go to the districts, John you better call and get a check. Close the account. You will have a check issued in both our names. And we will go to Beth Page tomorrow, we will pay the entire home equity. And then, we will sit.

**John:** I am not going to talk to you, if you--

**Bryan:** John! I don't want to talk. There's nothing to talk to me. You continue to lie to me. There's nothing to talk to about. Do you understand? I am giving you a gift because I love you. I don't lie to you, I have been honest. Do you understand me?

**John:** I cannot understand anything you're saying Bryan because you're yelling.

**Bryan:** You will liquidate.

**John:** I was trying to talk clearly, which I told you about five minutes ago, and you didn't stop.

**Bryan:** Okay. Well, you will. I'm sitting this call once recorded, okay? This call. I have your entire quarterly statement. You will go to Hall Park tomorrow, because I am not despite-- If I took a motion out of this, I should sign these papers John. But you know something? I am in shocked. I don't know how you would do this to me. How you can justify doing any of these?

[end]

**Appendix M**

**Subject:** Re: Marriage Certificate
**From:** "Edward J. Denker-Youngs" <ifremer@yahoo.com>
**Date:** 8/25/2014 5:34 PM
**To:** glenn gordon <ggordon@gwnsecurities.com>

Glenn,
Hi. Could you please give me a call. I have a question cashing in a portion of my 403b early.
Please give me a call.

Thanks,
John

On Friday, February 10, 2012 9:27 AM, glenn gordon <ggordon@gwnsecurities.com> wrote:

It was good meeting with you too. Enjoy your weekend, and your cruise as well
> Glenn,
>
> Hi. It was good meeting with you yesterday.
>
> Here is a copy of the marriage certificate.
>
> John

Glenn Gordon
Registered Principal
631 232 7900