

Brian H. Denker-Youngs
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
In re:

BRIAN H. DENKER-YOUNGS                    Chapter 7

     Debtor                                    Case Number 15-41069

--------------------------------------------------------------X

### Letter to Chambers & the Honorable Judge Carla E. Craig

     Brian H. Denker-Youngs, debtor herein, appears this 21st day of December 2015

and provides your honor as an officer of the court the attached Motion to recuse with supporting

documents and exhibits supporting such allegations and potential of docket tampering and fraud

upon the court of Suffolk County Supreme Court in re: Index No. 16968-2014. This is primarily

important to the court given the courts' actions and decisions have been made with taking into

consideration information, orders and the same made available to the honorable court and to

which are faulted and may be entirely erroneous in nature. Your deponent has sent copies of the

same along with initial complaints to such agencies as the New York State Attorney General,

Unitd States Government Attorney and the FBI.

Date:   December 21, 2015



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X

EDWARD JOHN DENKER-YOUNGS                    INDEX NO.: 16968-2014

       *Plaintiff*

      -against-

BRIAN H. DENKER-YOUNGS
       *Defendant, Pro Se*                    NOTICE OF MOTION
------------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the annexed affidavit of the defendant Pro

Se, BRIAN H. DENKER-YOUNGS, sworn to on the 19th day of DECEMBER 2015, and the

exhibits annexed thereto, and upon all the prior pleadings and proceedings had herein, the

DEFENDANT will move this Court located at 400 Carleton Avenue, Central Islip, NY, Part

_____, Room _____ on the 19th day of January 2016 at 9:30am or as soon thereafter as parties

can be heard on Defendant's Motion to Recuse and such other and further relief as this Court

deems just and proper.

       PLEASE TAKE FURTHER NOTICE that these papers have been served on you

at least sixteen days before the motion is scheduled to be heard. You must serve your answering

papers and any notice of cross-motion with supporting papers, if any, at least seven days before

such time. Reply or responding affidavits shall be served at least one day before such time.

Dated: December 19, 2015

From:       Brian H. Denker-Youngs
               25 Boerum Street Apt 18E
               Brooklyn, NY 11206

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
EDWARD JOHN DENKER-YOUNGS                INDEX NO.: 16968-2014

        *Plaintiff*

      -against-
BRIAN H. DENKER-YOUNGS
        *Defendant, Pro Se*
-------------------------------------------------------------------X

**STATE OF NEW YORK**    )
                       ) SS.
**COUNTY OF SUFFOLK**    )


**VERIFICATION**


I, **BRIAN H. DENKER-YOUNGS** am the Defendant in the instant action and petition for a

motion to recuse, hereby state under penalty of perjury that I am fully familiar with the contents

of the within Motion to Recuse Justice David T Reilly, and I know them to be true to the best of

my knowledge and to the points that are upon information and belief, I reasonably assume to be

true.


                         Submitted to this honorable court:


                         Brian H. Denker-Youngs

                         25 Boerum Street  Apt 18E

                         Brooklyn, NY 11206

_____ E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20_17_

Sworn to this __19__ day of December 2015

At Motion Part _____ of the Supreme
Court of the State of New York, held
in and for the County of Suffolk, at
the Courthouse thereof, 400 Carleton
Ave, Central Islip, NY on the _____
day of _____, 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------X

EDWARD JOHN DENKER-YOUNGS                    INDEX NO.: 16968-2014

                    *Plaintiff*

            -against-
BRIAN H. DENKER-YOUNGS
                    *Defendant, Pro Se*                 DEFENDANT'S AFFIDAVIT
--------------------------------------------------------------X      IN SUPPORT OF MOTION TO
                                                         RECUSE


        **STATE OF NEW YORK**      )
                                   ) SS.
        **COUNTY OF SUFFOLK**      )


        Comes Now, BRIAN H. DENKER-YOUNGS, Defendant *Pro-Se* in the

above captioned case, on the 19th day of January, 2016 at 9:30 a.m. or as soon as parties may

appear and will move the SUFFOLK COUNTY SUPREME Court House located at 400 Carleton

Avenue, Central Islip NY for the recusal of the Honorable Judge David T. Reilly from the within

action and thereafter any and all subsequent actions pursuant to the Denker-Youngs, parties

named pursuant to 28 U.S.C. § 455(a) (2000), Judiciary Law §14, Canons 1, 2 and 3 of the Code

of Judicial Conduct, together with any and all other applicable provisions and statutes including

the 5th, 6th, 8th and 14th Amendments of the United States Constitution and the Due Process

Clause of the Fifth Amendment to the U.S. Constitution.

1.        Your deponent appears today by no other choice but *Pro Se,* having made several

applications before the honorable court for counsel fees pursuant to N.Y. DOM. LAW § 237 as

previously submitted by my former attorneys Natasha Meyers and Jennifer Schenker on various

occasions, yet have not been addressed as of even date.

2.    It is your deponent's expressed intent as the named defendant in this action, that all applicable protections afforded by the law of the land in such proceedings be followed and upheld by the same protections as inscribed within the Constitution of the United State of America and all accompanying amendments given as a natural right to all US Citizen including defendant's right pursuant to DRL § 173. Your deponent also clearly establishes his demand for a trial by jury in the final dissolution of the matters set forth including all awards incorporated and a part of the final dissolution of marriage including and not limited to the equitable distribution and any and all other maintenance and support issues therefor in order that all ends of justice be heard.

3.    Your deponent submits this affidavit in support of a motion for the recusal of the Suffolk County Supreme Court Justice David T. Reilly. Pursuant to Judiciary Law § 14, "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] is a party, or in which he [or she] has been attorney or counsel, or in which he [or she] is interested, or if he [or she] is related by consanguinity or affinity to any party to the controversy within the sixth degree and in fact there is such a relation as is displayed in the supporting exhibits,

## PRESERVATION OF PUBLIC'S CONFIDENCE IN OUR JUDICIAL SYSTEM

4.    For many years, cases deciding whether recusal was appropriate or not focused on whether the comments or actions taken by the court were in court or extra-judicial and out of court. Though this motion is based on both, it is important to recognize that the distinction of actions or comments that are categorized as "extra-judicial" or not is not the determining factor.

5.      The Supreme Court has continually upheld making it absolutely clear that the source of the impartiality of the court need not necessarily stem from an extra-judicial source: It is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that "extrajudicial source" is the only basis for establishing disqualifying bias or prejudice. It is the only common basis, but not the exclusive one, since it is not the exclusive reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. *Liteky*, supra, at 551.

6.      "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."    The above is applicable to this court by application of Article VI of the United States Constitution and <u>Stone v Powell,</u> 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

7.      "State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." As such, as referenced within the New York State. <u>"[If] there is [any] reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case."</u> S. Rep. No. 93-419, p. 5 (1973) (emphasis added); H. R. Rep. No. 93-1453, p. 5 (1973) (emphasis added).

8.      With the requirements met under 28 U.S.C. § 144, this Court must then consider "whether impartiality might reasonably be questioned" in the proceeding before this court. 28 U.S.C. § 455(a) creates an objective "reasonable person" standard under which the judge's personal opinion as to his or her ability to impartially decide the issue is irrelevant. The test is clearly whether the impartiality of the court might reasonably be questioned by people other than

the judge in question, or even other judges. In the instant action, court transcript of October 19, 2015 before the Honorable Judge Patrick Leis III and such emails by and from Terenace Schurer and his affidavit for withdrawal affirmatively support this premise that there could exists the potential of such a question arising.

9.     According to the Unified Court System Rules of the Chief Administrative Judge Section 100.2, a judge shall avoid impropriety and <u>the appearance of impropriety</u> in all of the judge's activities. Further, stating (A) A judge shall respect and comply with the law and shall act at all times in a manner that promotes <u>public confidence in the integrity and impartiality of the judiciary</u>. (B) A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment.   Section 100.3 continues and mandates that as an officer of the court, a judge shall perform the duties of judicial office impartially and diligently.

10.     Section 100.3(1)(d) dictates that a judge shall disqualify himself/herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: the judge knows that the judge or the judge's spouse, or <u>a person known by the judge to be within the sixth degree of relationship to either of them, or the spouse of such a person:</u> and (e) <u>The judge knows that the judge or the judge's spouse, or a person known by the judge to be within the fourth degree of relationship to either of them, or the spouse of such a person,</u> is acting as a lawyer in the proceeding or is likely to be a material witness in the proceeding. Herein parties' affiliation to Traci Roethel, Frank Petrone and

Justice Paul Senzer establishing such grounds to which Judge Reilly should disqualify himself.

11.    As put forward herein, in re: Traci Roethel, Principal of the Woodhull School in Huntington, is a longtime friend and former colleague of the plaintiff, also a guest of the plaintiff and I at our wedding and an acquaintance to Judge Reilly as well given his community based support of various initiatives including that to which his spouse Martha Reilly, a Woodhull mathematics teacher is involved and has been in the company of Traci Roethel numerous times as displayed in the attached articles where both attend events for various community outreach initiatives as displayed in the articles provided.

## IMPORTANCE OF RECOGNIZING AND MAINTAINING IMPARTIALITY

12.    "State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law. "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." The above is applicable to this court by application of Article VI of the United States Constitution and <u>Stone v Powell</u>, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

13.    Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias of a judge but is intended to promote public confidence in our system and that of it being fair, just and an impartial judicial process.  That same Section 455(a) "requires a judge 'to recuse themselves in any proceeding in which their impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).  In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that <u>"It is important that the litigant not only actually receive justice, but that he believes that he has received justice."</u>  The Supreme Court has issued rulings in the past reaffirming the same message that "<u>justice must satisfy the appearance of</u>

justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954).

14. When there exists a non-represented litigant (i.e a Pro Se litigant) to an action such as this one where your deponent is Pro Se, historically, courts have upheld and caution that in cases where the court might depart from common place or practice, such automatically establishes the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

## In re: DENKER-YOUNGS vs. DENKER-YOUNGS

15.    [I]n the case of matrimonial actions . . . the withholding of information from the court which, if disclosed, might cause the court to take a different view of the facts, is as much a fraud upon the court as actual misstatements of fact and in matrimonial actions the People of the State of New York have an interest as a matter of public policy in addition to the rights of the plaintiff and defendant as between themselves.

16. The Court has a vital stake at preserving the sanctity of honesty in disclosure on matrimonial actions filed with the Court - - regardless of whether filed by counsel or parties acting pro se. With the State of New York approving "no fault" divorces (Domestic Relations Law § 170[7], discussed in Granger v Granger, 31 Misc 3d 1210(A), 2011 WL [*6]1380205, Slip Op 50560(U) [Sup Ct Queens County 2011] [decision by the undersigned]), it is even more important to require the litigants, upon filing matrimonial papers with the Matrimonial Clerk of the Court, to be truthful in essential disclosures. Id. at 117. See, e.g., Augustin v Augustin, 79 AD3d 651 [1st Dept. 2010] [scheme to obtain a judgment of divorce by deceit]. [*5] As displayed in your

deponents reply papers on motion 1, such allegations of plaintiff's omission of several banking and investment accounts remain unexplored or addressed by this court. Including Plaintiff's sizable deferments of nearly $37,000 a year of marital income and alleged criminal acts of mortgage fraud your deponent has discovered he committed prior to meeting in 2003 and 2006.

17. Under the Fifth Amendment to the Constitution, under the decisions of the U.S. Supreme Court and other federal courts of appeal, and under the laws of Congress, to an impartial and fair judge at all stages of the proceeding. (*U.S. v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985), *cert. denied*, 477 U.S. 908 (1986).) The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS.

18. The Supreme Court adopted the federal procedure for dealing with the problem "that is, when a trial judge in a case pending in that court is presented' with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." (*State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980). *Riggins v. The State*, (*159 Ga. App. 791*), (*285 SE2d 579*), (1981).) In support of your deponent's motion for recusal, the attached exhibits provide for documented occurrences to which validate and affirm that need for the motion herein to be heard before another Justice of the Supreme Court and for which your deponent puts forward given parties' appearance before the Honorable Justice Carl J. Landicino in Kings County Supreme Court on January 20, 2016, such forum would in fact serve to a fair and reasonable forum for this motion to be heard.

## POTENTIAL AREAS WHERE QUESTION / CONFLICT OF INTEREST LAY

19. **Exhibit 1** : The attached two articles to which display a known person(s) in less than the fourth degree, otherwise referenced and known to both Plaintiff and Defendant as Traci

Roethel, a guest at the parties wedding (July 30, 2011) due to her friendship with the Plaintiff herein. Your deponent has also learned that in fact Judge Reilly's wife Martha Reilly is in fact a teacher at that same school and works with Traci Roethel as well.

20. **Exhibit 2:** Depicted is Arthur Van Nostrand, an individual strangely enough who has attended each and every court appearance to the court herein, and known to be the Plainitff's distant Uncle to whom we rarely interacted so personally with over the course of the marriage. Further displaying Van Nostrand as a party to / member of a professional "Linked In" group for David T. Reilly, Candidate for the Suffolk County Supreme Court in 2013 subsequent to a run by Judge Reilly for the position of Huntington Town Attorney which was endorsed and put forward by the plaintiff's friend, Huntington Town Supervisor Frank Petrone and to whom in the capacity of a Rabbi, Frank Petrone and I are also acquainted as well through my prior post at the Historic Thatched Cottage in Centerport, NY.

21. **Exhibit 3** : Displaying Van Nostrands' personal acquaintance and friendship with Justice Paul Senzer of Northport NY, a news article whereby Justice Reilly and Senzer are both a part of the Republican slate and to which Judge Reilly served as the Vice Chair for the Huntington Republican committee.

22. **Exhibit 4:** The attached true and accurate copies of eTrack notifications with such varying and unexplained changes "after the fact" by way of altered submit dates, decisions entered onto court record on motions prior to the April 30, 2015 hearing as displayed in that update of March 17, 2015 where such submit dates are listed as March 16, 2015 and interestingly enough although trial did not start and conclude until April 30th and May 28th respectively which your deponent has suffered damages in exceedingly more legal expenses upward and exceeding an additional $60,000 to the extent it appears decisions by this court had been

already made going into such trial and hearing for Exclusive Use and Occupancy. In total thus far to which your deponent deems to be all "damages" resulting from fraud upon this court, has suffered and spent upward nearly $126,000+ in legal fee all toward the within proceeding. This of course is notwithstanding the fact that the Plaintiff on May 28, 2015 in open court on record admitted to lying about everything he had told the court on cross by my then counsel Jennifer Schenker, Esq

23. **Exhibit 5:** Additionally, provided for and reinforced is a September 18, 2015 signed OSC prejudicing your deponent with granting immediate relief to Terry Schreuer, Esq however, said Order was not entered onto the docket until weeks later after October 2, 2015 and while scheduled for an October 19th return, said transcript before the Honorable Justice Patrick Leis III confirms the court's computers on October 19, 2015 detailed that I still had been represented by Mr. Schruer when in fact Judge Leis confirmed that in fact the signed order in hand executed by Judge Reilly in fact was not what was in court records. Further, Judge Reilly had called out the October 19, 2015 as the transcript illustrates yet significant court record updates transacted on October 17, 2015 and October 22, 2015 as attached.

24. **Exhibit 6:** Matter of fact as displayed in the attached affirmation from Louis Simonetti in a motion he submitted before the Kings County Supreme Court in re: Index No 54031-2015, Mr. Simonetti sites your deponents requests for an adjournment before this court on an "added adhoc" court appearance that did not exist on adjournment of our August 20, 2015 back room conference court date and for which Mr. Simonetti's officer confirmed your adjournment of the same yet, after as displayed:



25. **Exhibit 7 :** Although Michele from Mr. Simonetti's office emails to say the court date was adjourned, it appears by the attached exhibit 7 significant updates to the docket were in fact made October 17 and October 22 despite Judge Reilly not being at work on October 19 to which is displayed on court transcript.

26. **Exhibit 8:** As displayed in various emails from Terence Schurer, Esq as an officer of the court to which clearly displays validity of the motion herein by and from Mr. Schruer's intention and research for said motion on two separate occasions in August 2015.

27. **Exhibit 9:** Oct 19, 2015 Signed Order to Show Cause by the Honorable Justice Patrick Leis III vacating the June 23, 2015 order of Judge David T. Reilly in violation of the 11 USC 362 automatic stay.

28. **Exhibit 10:** November 27, 2015 Signed Order to Show Cause by the Honorable James Quinn dismissing the case herein and/or granting your deponents continued request for change of venue and consolidation with Kings County Supreme Index No. 54031-2015. Of particular curiosity, your deponent is curious as to why good portions of the case file remain in the courts' part opposed to on file?

## ADDITIONAL AND RELATED LAWFUL REFERNECES

29. Pursuant to Judiciary Law § 14, "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] is a party, or in which he [or she] has been attorney or counsel, or in which he [or she] is interested, or if he [or she] is related by consanguinity or affinity to any party to the controversy within the sixth degree.

30. The primary purpose of Judiciary Law § 14 is to insure the dignity, honor, and purity of the judiciary (see Casterella v Casterella, 65 AD2d 614, 615 [1978]). That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which their impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189

31. The Sixth Amendment provides the Constitutional right to self-representation. That right should be enjoyed without fear of harassment or judicial prejudice. Furthermore, no law, regulation, or policy should exist to abridge or surreptitiously extinguish that right. *Pro Se* Litigants have no less of a right to effective due process as those who utilize an attorney.

32. For due process to be secured, the laws must operate alike upon all and not subject the individual to the arbitrary exercise of governmental power. (*Marchant v. Pennsylvania R.R.*, 153 U.S. 380, 386 (1894). At various junctures including the issuance of a restraining order onto your deponent wherein fact such restraining order prohibited your deponent from securing an Order of Protection being effected against the plaintiff who has committed crimes that the court has been provided evidence of the same displaying the plaintiff's past and present criminal acts but failed to extend such protection of your deponent including my requests that the District Attorney be referred the case herein for investigation, none the less such order of protection refused, denying your deponents' lawful request and application with the Kings County Family Court.

33. Due process allegedly ensures that the government will respect all of a person's legal rights and guarantee fundamental fairness and justice. Your deponent does not feel there has been any fairness nor justices holding the plaintiff accountable for lying to this court, stealing, deceiving and abusing your deponent.

34. Due process holds the government subservient to the law of the land, protecting individual persons from the state. Your deponent in no way feels protected, despite speaking only of the truth and testifying of the same before this court.

35. Under the appearance of impropriety test, it is well-established and understood that proof of actual misconduct is not required. All that is needed is evidence showing "a serious risk of actual bias-based on objective and reasonable perceptions." In other words, proof of a high "probability" or "serious risk of actual bias"46 on a judge's part not only justifies recusal, but also provides grounds for an appellate challenge to a refusal to recuse under the Due Process Clause.

36. Due process requires an established course for judicial proceedings designed to safeguard the legal rights of the individual. Action denying the process that is "due" is unconstitutional. Inherent in the expectation of due process is that the judge will abide by the rules. Your deponent respectfully does not believe that being precluded from my home in 48-hours and thereafter delayed five-months before having had an opportunity to be heard on the matter afford your deponent his due process.

37. An inherent Constitutional right is the honesty of the judge. Every person "has a constitutional and statutory right to an impartial and fair judge at all stages of the proceeding." (*Liteky v U.S.*, 510 US 540 (1994). (See *Stone v Powell*, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).) "[t]rial before an 'unbiased judge' is essential to due process." *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971); accord *Concrete Pipe & Prods. V. Constr. Laborers Pension Trust*, 508 U.S. 602, 617 (1993) (citation omitted).

38. Due process guarantees a basic fairness and to make people feel that they have been treated fairly. Your deponent does not feel there has been fair treatment before this court.

39. In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). Henceforth, your deponent respectfully requests pursuant to 28 U.S.C. § 144, the action herein proceed no further having had multiple acts of fraud upon the court, prejudicing your deponents' right to a fair trial and to the extent that such acts have continued to aide and abed the Plaintiff in his demonstrative attacks for which your deponent sets forth exhibit 9 such displays of disdain and hate in this plaintiff and his mother's very own handwriting to which leads your deponent to question whether such acts in their entirety including the fraudulently induced marriage were all merely anti-sematic and homophobic acts of a biased crime offended by the Plaintiff and his mother..

WHEREFORE, the statements and references contained herein together with the exhibits attached thereto, Defendant Brian H. Denker-Youngs respectfully demands said justice in the interest of preserving and maintaining public confidence in our judicial system and in an effort to avoid any existence or question of a bias or impropriety upon the court, your deponent petitions the honorable court for an Order:

(1) Granting the defendant's motion for the recusal of Supreme Court Justice David T Reilly, or if so denied, thereafter setting the matter down for a hearing before another Justice of the Supreme Court and as suggested before Justice Carl J. Landicino as parties are to appear January 20, 2015 before the honorable justice in Kings County New York.

(2) Setting aside and voiding without effect all prior orders of this court to which such Orders were granted and acquired by Plaintiff's frauds upon this court

(3) Any and all other such relief this court deems just and proper.

Date: December 19 2015

BRIAN H. DENKER-YOUNGS
25 Boerum Street #18E
Brooklyn, NY 11206

Sworn before me this 19 day of December, 2016

....N E. SCHAEFERING
Notary Public State of New York
No. 01SC6139034
Qualified in Nassau County
Term Expires December 27, 20 17








The best information you will find anywhere on the web about Huntington, New York

# The Huntingtonian
### Shedding Light on the Town of Huntington


TCI COLLEGE OF TECHNOLOGY
Learn from Industry Experts and Start Your New Career. Apply t...

HOME     EVENTS     INVESTIGATIONS     NEWS     OPINION     POLICE/FIRE     POLITICS     REAL ESTATE     SPORTS & SCHOOLS

Events     Subscription     Contact Info     Terms and Conditions     Traffic Map     Privacy Policies

Search in site...

## HUFSD Trustees Appoint New Woodhull Principle

December 8, 2013 11:25 am | Filed under: Around Town, News | Posted by: Huntingtonian

With the impending retirement of Mary Stokkers, Huntington School Board members have appointed Traci Roethel as the new principal of Woodhull Intermediate School. The change in command will occur in early February.

Ms. Roethel earned a Bachelor of Arts degree in elementary education at Stetson University in Florida in 1992. She obtained a Master of Science degree in education with a specialization in math at Queens College in 2003 and completed an advanced graduate certificate in educational leadership at Stony Brook University in 2009.

Ms. Roethel is coming to Huntington from Half Hollow Hills, where she has been an assistant principal at Candlewood Middle School since 2010. She previously worked as a sixth grade math teacher and fourth grade classroom teacher in Oyster Bay and as a math consultant to the Oyster Bay-East Norwich, Shoreham-Wading River and Hicksville school districts. She was a fourth grade teacher in Volusia County, Florida for seven years before moving to New York.



"We are excited to welcome Ms. Roethel into the Huntington school community," Huntington Superintendent James W. Polansky said. "She comes to us with a wealth of experience, and a genuine sense of excitement to join the Woodhull family."

At Candlewood, Ms. Roethel has provided supervision of instruction for math, science and special education and overseen the school psychologists and guidance counselors. She has been responsible for all scheduling


NORTHPORT
Power Equipment
Your Lawn & Garden Experts
29 Brightside Ave. E.Northport 11731
631-757-0568
www.NorthportPower.com


LedgerSuite
Cloud/Network based systems

Need a website,
Email server
Network Troubles
Mobile Apps
25+ Years Experience
Getting you operating smoothly
631-385-5154


The Huntingtonian
Shedding Light on Huntington
Advertise
Here
Click for more info

RESIDENTIAL and
COMMERCIAL
24 HOUR EMERGENCY SERVICE


JACK BERLETH & SONS
LICENSED PLUMBING
And HEATING



# NYS Supreme Court Justice Visits Woodhull



Woodhull Intermediate School student council members enjoyed a special treat at their last meeting. New York State Supreme Court Justice David T. Reilly visited and spoke about the intrinsic value of holding public office and serving the community.

Justice Reilly's wife, Martha is a Woodhull math teacher. Wearing his official black robe, the jurist quickly the attention of his audience of fifth and sixth graders. "His purpose was to inspire us to difference at Woodhull and in the Huntington community," said Katie Browne, secretary udent council organization.

ed in November 2013 and sworn into office in January 2014, Justice Reilly's 14 year term ough 2027. Prior to assuming a position on the bench, he was a partner in Reilly & Reilly, Mineola based law firm.

ce Reilly obtained a Bachelor of Arts degree in Russian studies and political science at Madison University in 1983. He earned a Juris Doctor degree at St. John's University in

tate jurist began his session with the Woodhull youngsters by discussing the importance of public office in the United States. "He spoke about his past and answered questions student council members," Ms. Browne said. "Justice Reilly has been practicing law for 0 years. He has had over 700 cases as a lawyer and has been involved in all aspects of the mentioned how as a child he ran for student council and was not elected. He said the ce didn't stop him from going down the path of public service. He never gave up and ed to pursue his dream of making a difference."

Woodhull student council consists of class representatives and a set of dedicated officers,

## 2014-15 News Archive

**Photo Captions:**

*New York State Supreme Court Justice David T. Reilly visited Woodhull students*

**Related Headlines:**

*Woodhull Intermediate School News*

**Related Downloads:**



ıs. Browne. While dressed in his black robe, Justice Reilly administered the oath of office to ıdent council leaders.

odhull Principal Traci Roethel, Assistant Principal Jarrett Stein and student council faculty ıs Christopher Hender and Scott Armyn also attended the session with Justice Reilly, who ected in a Long Island-wide vote and who oversees cases involving Nassau and Suffolk ıs.

ing his visit, Justice Reilly went around the room and asked Woodhull student council ırs about their respective dreams before urging them to not allow any obstacle to stand in ay of pursuing those dreams. He also shared his passion for politics and said no one is ever ıng to get involved in the process.

ın it came time to wrap-up his visit, Justice Reilly posed with the students and their 's for a series of commemorative photos.

ıodhull student council secretary Katie Browne contributed to this article.)

Back to home

Copyright 2014 • Huntington Public Schools • 50 Tower Street • Huntington Station • New York • 11746 • (631) 673-2121 • Contact Us

Select Language    ▼ | Powered by Google Translate






# HUNTINGTON
## HEADLINES

## *Community Read in Day Launches*
## *Southdown PARP*



2014-15 News Archive

**Photo Captions:**

*Top - Supt. Jim Polansky read to an eager Southdown class.*

*Bottom - New York State Supreme Court Justice David Reilly participated in Southdown's read-in.*

**Related Headlines:**

*Southdown Primary School News*

**Related Downloads:**

ipal Scott Oshrin hopes that every Southdown Primary School student develops a love for If they do, the youngsters will never know boredom.

)shrin and Southdown's teachers believe that if students make reading a part of their daily , their lives will be filled with adventure and excitement and their vocabulary, writing, grammar, punctuation and foundation of knowledge in every possible area will grow by d bounds.

idown recently hosted a community read in day in an effort to kick-off the school's as Reading Partners initiative. Mr. Oshrin and the PARP committee consisting of , worked hard to plan an exciting event for students.

was to invite local leaders

business     owners,
rators, legislators, firefighters
ce officers, just to name a few,
and share a book with each of
lasses," Mr. Oshrin said. Guest
shared one or more of their
books with their assigned
ey also spoke about their role in
munity and why reading is
it in their life.

my mission to instill in children at a very young age that reading can and should be fun,"
in said. "It is our job as role models to share the enthusiasm and love of reading we have
students."

: readers included Huntington School Board member Xavier Palacios, State Assemblyman
pinacci, WABC-Eyewitness News reporter Kristin Thorne, Huntington Superintendent
V. Polansky, Assistant Superintendent Ken Card, Assistant Superintendent Sam Gergis,
rams STEM Magnet School Principal Rae Montesano, Woodhull Intermediate School
l Traci Roethel, New York State Supreme Court Justice David Reilly, Woodhull PTA
t Kim Steinberg, Southdown physical education teacher and published author Lynn
Southdown PTA co-President Kerri Rinaldi, Southdown building aide Sarah Meehan,
er Bruce Smith, Southdown teacher Heather Collura, Huntington YMCA early childcare

Nancy Reeves, Suffolk Police
esource officer Andrew Fiorillo
auren   Blackburn   of   the
ton YMCA.

Back to home



Copyright 2015 • Huntington Public Schools • 50 Tower Street • Huntington Station • New York • 11746 • (631) 673-2121 • Contact Us

[PDF] **DAVID T. REILLY, J.S.C. - Unified Court System**

https://www.nycourts.gov/courts/...Part.../Riley.pd... ▾ Judiciary of New York ▾
DAVID T. REILLY, J.S.C. ... E-Mail: SUFREILLY@nycourts.gov ... Trials: 5 days
before trial, parties may provide this Court with their Trial Memorandum of. Law.
Missing: ~~art van nostrand~~

**David Reilly | LinkedIn**

https://www.**linkedin**.com/pub/**david-reilly**/39/5a0/505 ▾
Greater New York City Area - Candidate for Justice of the Supreme Court, 10th Judicial
District of New York
View David Reilly's professional profile on LinkedIn. ... professionals like David Reilly
discover inside connections to recommended ... **Art VanNostrand, ESEP.**

**David T. Reilly - Ballotpedia**

ballotpedia.org/**David_T._Reilly** ▾ Ballotpedia ▾
Apr 9, 2015 - David T. Reilly is a justice of the Supreme Court 10th Judicial ... in the
general election on November 5, 2013, with 21.96 percent of the vote.
Missing: ~~art van nostrand~~

**David Gries, Vita - Cornell University**

www.cs.cornell.edu/gries/vita/vitaembedded.html ▾ Cornell University ▾
ACM Programming Systems and Languages Paper Award 1977 (with S. Owicki). ...
Clarke Award for Excellence in Undergraduate Teaching, College of Arts and Science,
... Member, Steering Group, AAAS Section T on Information, Computing, and
Communication, 1999-. .... **Van Nostrand** Reinhold. New York, 1993. p.



In  Search for people, jobs, companies, and more...
Home · Profile · Connections · Jobs · Interests

CHRO Inner Circle - Join CHROs from America's largest organizations in California. July 19-21. | Read More »



# Art VanNostrand, ESEP

**Recently Retired Systems Engineering Manager**

Greater New York City Area | Aviation & Aerospace

| | |
|---|---|
| Previous | NORTHROP GRUMMAN CORPORATION, Bethpage, NY, Dayton T. Brown, Inc, Dowling College |
| Education | California Institute of Technology |

1st

**Send a message**

**500+** connections

Connected 1 year ago

☆ Relationship | ☷ Contact Info

⊕ | ☑ Note | ⏰ Reminder | 👤 How you met | ⚑ Tag

Connected
🗓 1/9/2014

1 year ago

**Ads You May Be Interested In**

 Apply for a Business Loan
Up to $500k. 2 Years in
Business Required. Over 1
Billion Lent Worldwide!

 GILD 2015 Leadership Seminar
Get custom leadership training
based upon your strengths and
weaknesses.

MBA Strategic Leadership MBA
Online, Accredited, Affordable.
Advance Your Leadership Skills.
Learn More.

**People Also Viewed**

 **David Young**
Corporate Director of Advanced
Concepts- Analysis Center at
Northrop Grumman Corporation

 **David Wilson**
Systems Engineer at SAIC

 **Tom Guida**
Engineering Manager

 **Michael Colasuono**
Mechanical Engineer at Northrop
Grumman Aerospace Systems

 **Todd Reagan**
Field Engineer at Lockheed Martin
Corp.

 **Bill Lewis**
Operations Research Analyst at
Northrop Grumman Corporation,
Information Systems

 **Laura Reilly**
Supportability Engineer at Northrop
Grumman Aerospace Systems

 **Jay Patten**
Mechanical Engineer IV at Northrop
Grumman Aerospace Systems

**Peter Sciotto**
Senior Systems Engineer - IFF/Radar

**Mayur Patel**
MBA Candidate at Kellogg School of
Mgmt / Sr. Systems Engineer @
Northrop Grumman

**In Common with Art**

---

**Background**

## Summary

Recently retired from a major defense contractor as a Systems Engineering Manager. Looking to keep occupied, so I am interested in any part-time and/or short-term consulting as well as adjunct teaching opportunities. I have an ME in Systems Engineering and an MBA in Banking and Finance. Please contact me with any potential opportunities.

Professional qualifications include Systems Engineering (SE), Software, and Supportability management and execution in highly technical specialties. I have effectively managed personnel in both a functional homeroom environment as well as in a project engineering role. I have good interpersonal skills and program management skills such as EVMS and risk management. I am familiar with indirect costs and allocations, capital requirements planning, and AS9100 processes. I have extensive experience with Salary and Performance Management Planning (PMP). Also, I am skilled at working with customers to determine critical end-user and system requirements and specifying and designing technical system projects to meet those demanding requirements. I also have excellent communications skills and the ability to bridge the gap between customers, management, and technical personnel. I possess a unique combination of technical and management skills with good marketing and business ability to define, win, and develop projects, then bring them to completion on time and within budget. I hold multiple technical and business certificates and degrees and continually strive to increase my skill set, extend my knowledge, and share them with others. I have an ME degree in Systems Engineering and am an INCOSE Certified Expert Systems Engineering Professional (ESEP) with the DOD Acquisition Extension. I have particular experience applying SE to complex Systems Of Systems (SOS).

## Experience

### Systems Engineering Manager

NORTHROP GRUMMAN CORPORATION, Bethpage, NY
2010 – July 2014 (4 years)

• I recently retired from my position as a systems engineering section (functional) manager in the Northrop Grumman Aerospace Systems, Systems Engineering (SE) Center of Excellence. Responsibilities include the oversight, planning and coordinating the staffing, staff development (including skills training and career support); performance management and issues resolution; process,



Art W. Van Nostrand
(Billy)

[ Add Friend ]  [ Message ]

Timeline    About    Friends    Photos    More ▾

About

If what they share with friends, send them a friend request.

You and Art have 1 mutual friend

Worked at Northrop Grumman Corporation
Past: Dowling College, Oakdale, NY and Dayton E.
Brown Inc.                                              July 22, 1954

Studied Aerospace Project Management at
California Institute of Technology .
Past: Stevens Institute of Technology and Dowling
College



about?section=relationship&pnref=about

Q

friends, send them a friend request.

mutual friend.

RELATIONSHIP

🐾  Married

FAMILY MEMBERS

Ryan Van Nostrand
Son

Kyle Van Nostrand
Son

Diane Sniffen
Sister

John Youngs
Nephew


Michael T. Sniffen
Nephew

Sofia Van Nostrand



**Paul Senzer**

Add Friend    Message    •••

Timeline    About    Friends  1 Mutual    Photos    More ▾

**About**

🔍 l Senzer

Brian · Home

You and Paul have 1 mutual friend

w

nd Education

He's Lived

and Basic Info

nd Relationships

bout Paul

ts

WORK

**Suffolk County Traffic & Parking Violations Agency**
April 2013 to present · Hauppauge, New York

Principal trial judge at Suffolk's new county-wide traffic court (succeeds former NYS DMV Traffic Violations Bureau). High volume experience involving broad cross-section of the NYS Vehicle & Traffic Law. Presiding over hearings and trials involving: New York State Police; Suffolk County Police; Suffolk County Sheriff; pro-se litigants, county prosecuting attorneys and defense counsel. Red-Light Camera jurisdiction as well.

 **State University of New York at Farmingdale**
Adjunct Assistant Professor · August 2011 to present · Farmingdale, New York
Department of Criminal Justice / Security Systems

**Northport, New York**
Village Justice · March 1994 to present

**Paul H. Senzer, Esq.**
Senior Trial Attorney · 1983 to present
<a target="_blank" href="http://www.youtube.com/watch?v=OJ25sBKTXQw"><img src="http://www.americanregistry.com/previews/image/order_item/410265/801/large.jpg" /> </a>

EDUCATION

**Hofstra University School of Law**
Class of 1980 · Juris Doctor (J.D.)


AT&T
LiVe
proud

How do you Live Prou
att.com/LiveProud
Share your own story b
submitting your "This is
video.

FREE Social Media Too
Sign Up For Free Today
Easily Schedule Posts &
Measure Engagement Ac
All Your Social Networks
Hootsuite.

w.facebook.com/paul.senzer/about?section=education&pnref=about








Sponsored



FREE Social Media 1
Sign Up For Free Tod
Easily Schedule Posts
Measure Engagement
All Your Social Networ
Hootsuite.

How do you Live Pro
att.com/LiveProud
Share your own story
submitting your "This t
video.

enzer

Paul Senzer

Add Friend   Message   •••

Timeline   About   Friends 1 Mutual   Photos   More ▾

ds

Mutual Friends   Recently Added   People You May Know   Following      van nost

Add Friend

*uncle.*



*cousin*

Ari W. Van Nostrand
Northport, New York

Add Friend

Kyle Van Nostrand
CUNY John Jay · Northport, New
York

Add Friend

Create Page   Developers   Careers   Privacy   Cookies   Ad Choices ▷   Terms   Help

Chat (Off)

ebook.com/paul.senzer/friends?collection_token=100003025647164%3A025621924%2...

mention The Long Islander Newspapers when doing business with our advertisers.

www.LongIslanderNews.com

THE HALF HOLLOW HILLS NEWSPAPER • JUNE 5, 20

WN OF HUNTINGTON

# lap Over Judges Divides Allies

## OP chair accuses Conservative leader of breaking District Court endorsement pact

Janny Schrafel

jels@longislandernews.com

ntington's Republican Committee
woman is vowing to primary the Con-
ive District Court slate after accusing
rty's leader of breaking a deal to sup-
t Republican candidate this year and
d striking a cross-endorsement deal
he Democrats.

irwoman Toni Tepe said Monday that
rvative chair Frank Tinari "over-
d his hounds" and agreed to endorse,
e district court bench, Democrats
Matthews and Patricia Flynn, both of
port, in exchange for Democratic
g of Conservative incumbent Paul
y, of Northport.

ocratic chairwoman Mary Collins
e deal also includes a future en-
nent of a Conservative judicial can-

Initially, Republicans suggested an
endorsement deal that would essen-
nsure a Democrat, Republican Steve
ling and Conservative Paul Hensely
return to the bench for another six

when I spoke to the Conservatives,
ere more generous – they offered
r two," Collins said, allowing
ws and Flynn to run on a slate with
y. The second endorsement would
n a future race.

i denied such a deal with Tepe, stat-



Pictured in happier political times, Huntington GOP chair Toni Tepe, second from left, joins Conservative chair Frank Tinari, far right, in celebrating the election of Superintendent of Highways Peter Gunther, left, and Supreme Court Justice David Reilly, third from left, on election night 2013. The two leaders are now at odds over District Court endorsements.

ing that "there's no future endorsements on
the table that I'm aware of." Regardless,
however, Tepe said that a Republican was
due the seat.

"That seat was not his to give away, and
the Republican Party is offended by the
fact that he would renege on an agree-
ment," Tepe said.

That arrangement, Tepe said, is rooted in
an agreement they struck four years ago,

when Justice Jerry Asher was elevated
from the District Court to the Supreme
Court bench in 2010. Tepe said Tinari ap-
proached her and asked her to support Con-
servative John Andrew Kay for the Asher
vacancy. She said she agreed, but with a
condition.

"I agreed to do that, with a commitment
from Frank Tinari that whenever Kay left
the bench, that seat returns to the Republi-

can Party," she said.

Tinari denied Monday that any such
agreement was in place.

"That's not my understanding," he sa
In response to the Democratic-Conse
vative line, Tepe vowed to primary the
Conservatives with a Republican slate in-
cluding incumbent Justice Hackeling, of
Lloyd Harbor, Northport Village Justice
Paul Seztier and attorney Walter Long, of
Dix Hills.

The Conservative chairman said he is
prepared to fend off a Republican chal-
lenge.

"With the judicial races, anyone can run
a primary. We're prepared to get our sig-
natures. We're prepared to get our slate
elected," he said.

Meanwhile, with Matthews, Flynn,
Hensely and Hackeling all circulating Inde-
pendence party petitions – Senzer and Long
haven't made up their minds yet, Tepe s
– a second primary seems likely as well.

While Collins intimated that the Inde-
pendents are backing the Democratic-Con-
servative slate, the Independents weren't so
firm.

Independence Party Chairman Ken
Bayne explained that that since no Wilson-
Pakula, or authorization given by a politi-
cal party for a non-party member to run on
their slate, is needed in a judicial race, the
party won't weigh in until the dust settles
and a primary field is set.

 



Brian Denker-Youngs <rabbibriand@moderndivinities.com>

## eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) Updated

1 message

**eCourts@nycourts.gov** <eCourts@nycourts.gov>
To: rabbibriand@moderndivinities.com

Tue, Mar 17, 2015 at 3:37 PM

Index Number: 016968/2014
The following case which you have subscribed to in eTrack has been updated. Changes from the last update are shown in red and are annotated.

Court: Suffolk Civil Supreme
Index Number: 016968/2014
Case Name: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
Case Type: Contested Matrimonial
Track: Standard
Upstate RJI Number:
Disposition Date:
Date NOI Due:
NOI Filed:
Calendar Number:
RJI Filed: 10/01/2014
Jury Status:
Justice Name: DAVID T. REILLY

Attorney/Firm for Plaintiff:
SIMONETTI & ASSOCIATES
144 WOODBURY ROAD
WOODBURY, NY 11797
Attorney Type: Attorney Of Record
Status: Active

Attorney/Firm for Defendant:
STERN & DEROSSI, ESQS.
1565 FRANKLIN AVE, STE 301
MINEOLA, NY 11501
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
MEYERS LAW GROUP, P.C.
55 ELM STREET
HUNTINGTON, NY 11743
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Active

Last Appearance:

://mail.google.com/mail/u/1/?ui=2&ik=580e4cb4f8&view=pt&q=ecourt&qs=true&search=query&th=14c293dc7d63d331&siml=14c293dc7d63d331

1/3




On For: Supreme Trial
Appearance Outcome: Conf Held — *Information updated*
Justice: DAVID T. REILLY — *Information updated*
Part: HEARING PART 30 — *Information updated*
Comments: N/A PLNTF & — *Information updated*
PLNTF ATTY — *Information updated*

Future Appearances: — *Information updated*
Appearance Date: 03/23/2015 — *Information updated*
Appearance Time: — *Information updated*
On For: Supreme Trial — *Information updated*
**Appearance Outcome:**
**Justice: DAVID T. REILLY**
**Part: HEARING PART 30**
**Comments:**

Older appearances may exist but are not shown.

**Motions: Motion Number: 3**
**Date Filed: 03/04/2015**
**Filed By: DEF**
**Relief Sought: Punish For Contempt**
**Submit Date: 03/16/2015**
**Answer Demanded: No**
**Status: Open:**

**Before Justice: REILLY**
**Decision:**
**Order Signed Date:**

**Motion Number: 2**
**Date Filed: 02/02/2015**
**Filed By: PLAINT**
**Relief Sought: Punish For Contempt**
**Submit Date: 03/16/2015**
**Answer Demanded: No**
**Status: Open:**

**Before Justice: REILLY**
**Decision: APPLICATION FOR ATTORNEYS FEES**
**Order Signed Date:**

**Motion Number: 2**
**Date Filed: 02/02/2015**
**Filed By: PLAINT**
**Relief Sought: Punish For Contempt**
**Submit Date: 03/16/2015**
**Answer Demanded: No**
**Status: Open:**

**Before Justice: REILLY**
**Decision: OTHER RELIEFS**
**Order Signed Date:**

**Motion Number: 1**
**Date Filed: 11/06/2014**
**Filed By: DEF**

://mail.google.com/mail/u/1/?ui=2&ik=580e4cb4f8&view=pt&q=ecourt&qs=true&search=query&th=14c293dc7d63d331&siml=14c293dc7d63d331

2/3

 

Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: COMPEL ACCOUNTING EXPENDITURES
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 12/10/2014
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: OTHER RELIEFS
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 12/10/2014
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: PAYMENT OF MARITAL EXPENSES
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 12/10/2014
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: APPLICATION FOR ATTORNEYS FEES
Order Signed Date:

Scanned Decisions: None on file.

To access this case directly click here.
This is an automated e-mail. If you have questions please e-mail eCourts@nycourts.gov — *Information updated*

://mail.google.com/mail/u/1/?ui=2&ik=580e4cb4f8&view=pt&q=ecourt&qs=true&search=query&th=14c293dc7d63d331&siml=14c293dc7d63d331

3/3



*/21/2015*     Gmail - Fwd: eTrack~ ~ DENKER-YOUNGS, EDWARD JOHN vs. D~ ~UNGS, BRIAN H. (016968/2014) Updated

Brian Denker-Youngs <bhdenker@gmail.com

---

# Fwd: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) Updated
1 message

**bhdenker** <bhdenker@gmail.com>
To: Jennifer Schenker <jschenker@capetolalaw.com>        Thu, Apr 9, 2015 at 4:39 PM

this is what I see when I get something

Sent via the Samsung Galaxy Note® 3, an AT&T 4G LTE smartphone

------ Original message ------
From: eCourts@nycourts.gov
Date: 04/09/2015 1:08 AM (GMT-05:00)
To: bhdenker@gmail.com
Subject: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) Updated

Index Number: 016968/2014
The following case which you have subscribed to in eTrack has been updated. Changes from the last update are shown in red and are annotated.

Court: Suffolk Civil Supreme
Index Number: 016968/2014
Case Name: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
Case Type: Contested Matrimonial
Track: Standard
Upstate RJI Number:
Disposition Date:
Date NOI Due:
NOI Filed:
Calendar Number:
RJI Filed: 10/01/2014
Jury Status:
Justice Name: DAVID T. REILLY

Attorney/Firm for Plaintiff:
SIMONETTI & ASSOCIATES
144 WOODBURY ROAD
WOODBURY, NY 11797
Attorney Type: Attorney Of Record
Status: Active

Attorney/Firm for Defendant:
STERN & DEROSSI, ESQS.
1565 FRANKLIN AVE, STE 301
MINEOLA, NY 11501
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:



HUNTINGTON, NY 11743
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Active

Last Appearance:
Appearance Date: 03/30/2015 — *Information updated*
Appearance Time:
On For: Motion — *Information updated*
Appearance Outcome: Fully Submitted — *Information updated*
Justice: DAVID T. REILLY
Part: MOTION PART 30 — *Information updated*
Comments: FIP — *Information updated*

Future Appearances:
Appearance Date: 04/30/2015
Appearance Time:
On For: Supreme Trial
Appearance Outcome:
Justice: DAVID T. REILLY
Part: HEARING PART 30
Comments: 9:30AM

Older appearances may exist but are not shown.

Motions: Motion Number: 3
Date Filed: 03/04/2015
Filed By: DEF
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision:
Order Signed Date:

Motion Number: 2
Date Filed: 02/02/2015
Filed By: PLAINT
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: APPLICATION FOR ATTORNEYS FEES
Order Signed Date:

Motion Number: 2

://mail.google.com/mail/u/0/?ui=2&ik=d51b66eff6&view=pt&q=etrack&qs=true&search=query&th=14c9fe8b4587161e&siml=14c9fe8b4587161e

2/



Relief Sought: Punish For Contempt
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: OTHER RELIEFS
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: COMPEL ACCOUNTING EXPENDITURES
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: OTHER RELIEFS
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: PAYMENT OF MARITAL EXPENSES
Order Signed Date: — *Information updated*

Motion Number: 1 — *Information updated*
Date Filed: 11/06/2014 — *Information updated*
Filed By: DEF — *Information updated*
Relief Sought: (PI) Excl. Occupancy-Residence — *Information updated*
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No — *Information updated*
Status: Open: — *Information updated*

Before Justice: REILLY — *Information updated*
Decision: APPLICATION FOR ATTORNEYS FEES — *Information updated*
Order Signed Date: — *Information updated*

Scanned Decisions: None on file. — *Information updated*

This is an automated e-mail. If you have questions please e-mail eCourts@nycourts.gov — *Information updated*



At a Term Part 30 of the Supreme Court, State of New York, held in and for the County of SUFFOLK at the Courthouse located at 400 Carleton Avenue, Central Islip, NY 11772 on the 18th day of September, 2015

ESENT HON. DAVID T. REILLY
J.S.C.

MOTION/CROSS/OSC
FEE PAID
Judith A. Pascale
Suffolk County Clerk

---X

WARD JOHN DENKER-YOUNGS

Plaintiff,

-against-

IAN H. DENKER-YOUNGS

Defendant.

---X

Index No. 016968/2014

ORDER TO SHOW CAUSE
TO BE RELIEVED AS COUNSEL
TRO REQUESTED

(Hon. David T. Reilly)

UPON READING AND FILING the annexed Affirmation of TERENCE CHRISTIAN EURER, ESQ., dated the 16TH day of September, 2015, and upon all prior papers and proceedings tofore had herein,

LET the Defendant, BRIAN H. DENKER-YOUNGS, show cause before this Court at a Term, Part ____ of, before the Honorable David T. Reilly to be held at the Courthouse located at 400 Carleton Avenue on the 19th day of ~~September~~ October, 2015 at 9:30 a.m., or as soon thereafter as counsel may be heard, y an order should not be made and entered herein as follows:

a) Relieving TERENCE CHRISTIAN SCHEURER, P.C. as attorneys for Defendant, BRIAN H. DENKER-YOUNGS;

b) Pursuant to CPLR §2201, staying all proceedings in this matter for a period of at

least thirty (30) days after service of a copy of any order to be entered in connection with this application; and

SCHERR, P.C. in regard to the above-certified action, and impressing a charging lien in the amount of $4,075.56

c) _____ the above-certified action to TERENCE CHRISTIAN LAW

d) Pursuant to DRL Sections 237 and 238, granting a money judgment against the Defendant in favor of TERENCE CHRISTIAN SCHERR, P.C. for the amount and billings due and owing to that Law Firm, and entering said judgment in the Suffolk County Clerk's Office in said judgment is not satisfied within 15 days of the granting of said money judgment;

e) Granting such other and further relief as the Court deems just -

and proper; and it is further;

ORDERED, that TERENCE CHRISTIAN SCHERR, P.C. is hereby relieved as attorneys for the Defendant, BRIAN DENKER-YOUNG; and it is further;

ORDERED the _____ the _____ _____ the _____ *[handwritten]* the matter will be continued to OCT 19 2015 at 9:30 AM at which time no further _____ will be _____ and it is further;

ORDERED that pursuant to CPLR §7205, staying all proceedings in this matter for a period of at least thirty (30) days after service of a copy of any order to be entered in connection with this application; and

*SUFFICIENT CAUSE* appearing therefor, it is:

ORDERED that service of a copy of this Order together with the papers upon which it was based, upon the defendant, BRIAN H. DENKER-YOUNGS, 25 Boerum Street, Brooklyn, NY by personal delivery and overnight mail/RRR, and the attorney for Plaintiff, Louis F. Simonetti, Esq., 144 Woodbury Road, Woodbury, NY, 11797, by over-night mail/ RRR, on or before _Sept 25, 2015_, be deemed good and sufficient service.

GRANTED
SEP 18 2015
JUDITH A. _____
CLERK OF SUFFOLK COUNTY

ENTER:

_____
J.S.C.

HON. DAVID T. REILLY

____ tified pursuant to Section 130-1.1a
___ he Rules of the Chief Administrator

_____
____ nce C. Scheurer, Esq.
____ ney for Defendant, BRIAN H. DENKER-YOUNGS



Brian Denker-Youngs <rabbibriand@moderndivinities

# Fwd: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) Updated

1 message

**Rabbi Dr. Brian H. Denker-Youngs, D.D.** <rabbibriand@moderndivinities.com>
Reply-To: rabbibriand@moderndivinities.com                    Fri, Aug 21, 2015 at 12:
To: Stephanie Carrera <sct@scheurerlawfirm.com>, Terry Scheurer <tcs@scheurerlawfirm.com>

Hi Terry / Stephanie -

I am currently scheduled to be out of the country overseas for work Oct 4th thru Oct 25th

———— Forwarded Message ————
Subject: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
(016968/2014) Updated
Date: Fri, 21 Aug 2015 11:53:40 -0400
From: eCourts@nycourts.gov
To: rabbibriand@moderndivinities.com

Index Number: 016968/2014
The following case which you have subscribed to in eTrack has been updated. Changes from the last update a
shown in red and are annotated.

Court: Suffolk Civil Supreme
Index Number: 016968/2014
Case Name: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
Case Type: Contested Matrimonial
Track: Standard
Upstate RJI Number:
Disposition Date:
Date NOI Due:
NOI Filed:
Calendar Number:
RJI Filed: 10/01/2014
Jury Status:
Justice Name: DAVID T. REILLY

Attorney/Firm for Plaintiff:
SIMONETTI & ASSOCIATES
144 WOODBURY ROAD
WOODBURY, NY 11797
Attorney Type: Attorney Of Record
Status: Active

Attorney/Firm for Defendant:
STERN & DEROSSI, ESQS.
1565 FRANKLIN AVE, STE 301
MINEOLA, NY 11501
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:

11/21/2015    Modern Divinities Mail - Fwd: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) U...

MEYERS LAW GROUP, P.
55 ELM STREET
HUNTINGTON, NY 11743
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
BRIAN H. DENKER-YOUNGS - Prose

Attorney Type: Pro se
Status: Inactive

Attorney/Firm for Defendant:
JENNIFER L. SCHENKER/ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
TERENCE C. SCHEURER, P.C.
ONE OLD COUNTRY RD, STE 125
CARLE PLACE, NY 11514
Attorney Type: Attorney Of Record
Status: Active

Last Appearance:
Appearance Date: 08/20/2015 — *Information updated*
Appearance Time:
On For: Supreme Trial
Appearance Outcome: Status Conference Held
Justice: DAVID T. REILLY
Part: CONFERENCE CALENDAR PART 30
Comments: — *Information updated*

Future Appearances:
Appearance Date: 10/08/2015 — *Information updated*
Appearance Time:
On For: Supreme Trial
Appearance Outcome:
Justice: DAVID T. REILLY
Part: CONFERENCE CALENDAR PART 30
Comments: 2:30PM — *Information updated*

Older appearances may exist but are not shown.

Motions: Motion Number: 4
Date Filed: 04/09/2015
Filed By: DEF
Relief Sought: Punish For Contempt

Case 1-15-41069-cec    Doc 151    Filed 12/23/15    Entered 12/23/15 12:34:20

11/21/2015    Modern Divinities Mail – Fwd: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN - DENKER-YOUNGS, BRIAN H. (016968/2014) Up

Submit Date:
Answer Demanded: No
Status: Decided: 01-MAY-15
MOTION WITHDRAWN
Before Justice: REILLY
Decision: Short Form Order
Order Signed Date: 05/01/2015

Motion Number: 3
Date Filed: 03/04/2015
Filed By: DEF
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision:
Order Signed Date:

Motion Number: 2
Date Filed: 02/02/2015
Filed By: PLAINT
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: APPLICATION FOR ATTORNEYS FEES
Order Signed Date:

Motion Number: 2
Date Filed: 02/02/2015
Filed By: PLAINT
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: OTHER RELIEFS
Order Signed Date:

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence
Submit Date: 03/30/2015
Answer Demanded: No
Status: Decided: 23-JUN-15
MOTION DECIDED
Before Justice: REILLY
Decision: Short Form OrderMOTION DECIDED COMPEL ACCOUNTING EXPENDITURES
Order Signed Date: 06/23/2015

Motion Number: 1
Date Filed: 11/06/2014
Filed By: DEF
Relief Sought: (PI) Excl. Occupancy-Residence — *Information updated*
Submit Date: 03/30/2015 — *Information updated*

Answer Demanded: No — *Information updated*
Status: Decided: 23-JUN-15 — *Information updated*
MOTION DECIDED — *Information updated*
Before Justice: REILLY — *Information updated*
Decision: Short Form OrderMOTION DECIDED OTHER RELIEFS — *Information updated*
Order Signed Date: 06/23/2015 — *Information updated*

Motion Number: 1 — *Information updated*
Date Filed: 11/06/2014 — *Information updated*
Filed By: DEF — *Information updated*
Relief Sought: (PI) Excl. Occupancy-Residence — *Information updated*
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No — *Information updated*
Status: Decided: 23-JUN-15 — *Information updated*
MOTION DECIDED — *Information updated*
Before Justice: REILLY — *Information updated*
Decision: Short Form OrderMOTION DECIDED PAYMENT OF MARITAL EXPENSES — *Information updated*
Order Signed Date: 06/23/2015 — *Information updated*

Motion Number: 1 — *Information updated*
Date Filed: 11/06/2014 — *Information updated*
Filed By: DEF — *Information updated*
Relief Sought: (PI) Excl. Occupancy-Residence — *Information updated*
Submit Date: 03/30/2015 — *Information updated*
Answer Demanded: No — *Information updated*
Status: Decided: 23-JUN-15 — *Information updated*
MOTION DECIDED — *Information updated*
Before Justice: REILLY — *Information updated*
Decision: Short Form OrderMOTION DECIDED APPLICATION FOR ATTORNEYS FEES — *Information update*
Order Signed Date: 06/23/2015 — *Information updated*

Scanned Decisions: None on file. — *Information updated*

To access this case directly click here. — *Information updated*
This is an automated e-mail. if you have questions please e-mail eCourts@nycourts.gov — *Information updated*

☐ **rabbibriand.vcf**
  1K



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

 

**New York State Unified Court System**

# COURTS

*WebCivil Supreme – Case Detail*

| Add to eTrack |

| | |
|---|---|
| Court: | **Suffolk Civil Supreme** |
| Index Number: | **016968/2014** |
| Case Name: | **DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.** |
| Case Type: | **Contested Matrimonial** |
| Track: | **Standard** |
| RJI Filed: | **10/01/2014** |
| Date NOI Due: | |
| NOI Filed: | |
| Disposition Date: | |
| Calendar Number: | |
| Jury Status: | |
| Justice Name: | **DAVID T. REILLY** |

**Attorney/Firm For Plaintiff:**
**SIMONETTI & ASSOCIATES**                    Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**144 WOODBURY ROAD**
**WOODBURY, NY 11797**
**516 248 5600**

**Attorney/Firm For Defendant:**
**STERN & DEROSSI, ESQS.**                    Attorney Type: **Attorney Of Record**    Atty. Status: **Inactive**    Inactive Date: **10/**
**1565 FRANKLIN AVE, STE 301**
**MINEOLA, NY 11501**
**516-280-6900**

**MEYERS LAW GROUP, P.C.**                    Attorney Type: **Attorney Of Record**    Atty. Status: **Inactive**    Inactive Date: **12/**
**55 ELM STREET**
**HUNTINGTON, NY 11743**
**631-784-7722**

**ANTHONY A. CAPETOLA, ESQ.**                Attorney Type: **Attorney Of Record**    Atty. Status: **Inactive**    Inactive Date: **04/**
**TWO HILLSIDE AVE, BLDG C**
**WILLISTON PARK, NY 11596**
**516-746-2300**

**BRIAN H. DENKER-YOUNGS - Prose**            Attorney Type: **Pro se**              Atty. Status: **Inactive**    Inactive Date: **12,**

**JENNIFER L. SCHENKER/ANTHONY A. CAPETOLA, ESQ.**    Attorney Type: **Attorney Of Record**    Atty. Status: **Inactive**    Inactive Date: **06,**
**TWO HILLSIDE AVE, BLDG C**
**WILLISTON PARK, NY 11596**
**516-746-2300**

**TERENCE C. SCHEURER, P.C.**                Attorney Type: **Attorney Of Record**    Atty. Status: **Active**
**ONE OLD COUNTRY RD, STE 125**
**CARLE PLACE, NY 11514**
**516-535-1500**

| Close | Show Appearances | Show Motions |

I/2/2015                                                    WebCivil Supreme - Motion Detail

New York State Unified Court System

# COURTS

## *WebCivil Supreme - Motion Detail*

Court:              **Suffolk Civil Supreme**
Index Number:   **016968/2014**
Case Name:       **DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.**
Case Type:       **Contested Matrimonial**
Track:              **Standard**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Submit Date | Answer Demanded | Status | Decision | Order Signed Date |
|---|---|---|---|---|---|---|---|---|
| 005 | 09/30/2015 | DEF | Withdraw Attorney | | No | Open:<br><br>Before Justice: REILLY | | |
| 005 | 09/30/2015 | DEF | Withdraw Attorney | | No | Open:<br><br>Before Justice: REILLY | | |
| 004 | 04/09/2015 | DEF | Punish For Contempt | | No | Decided: 01-MAY-15 MOTION WITHDRAWN Before Justice: REILLY | Short Form Order | 05/01/2015 |
| 003 | 03/04/2015 | DEF | Punish For Contempt | 03/30/2015 | No | Open:<br><br>Before Justice: REILLY | | |
| 002 | 02/02/2015 | PLAINT | Punish For Contempt | 03/30/2015 | No | Open:<br><br>Before Justice: REILLY | | |
| 002 | 02/02/2015 | PLAINT | Punish For Contempt | 03/30/2015 | No | Open:<br><br>Before Justice: REILLY | | |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED COMPEL ACCOUNTING EXPENDITURES | 06/23/2015 |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED OTHER RELIEFS | 06/23/2015 |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED PAYMENT OF MARITAL EXPENSES | 06/23/2015 |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy- | 03/30/2015 | No | Decided: 23-JUN-15 | Short Form OrderMOTION DECIDED APPLICATION FOR ATTORNEYS FEES | 06/23/2015 |

| 12/10/2014 | Motion | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 12/03/2014 | Supreme Trial | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 001 |
| 11/18/2014 | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | O/C | |
| 11/13/2014 | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 11/13/2014 | Motion | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | O/C | |
| 11/06/2014 | Supreme Trial | Preliminary Conference Held | DAVID T. REILLY MOTION PART 30 | FIP | 001 |
| 10/08/2014 | Supreme Initial (first time on) | Adjourned | DAVID T. REILLY PRELIMINARY CONF PART 30 | PCOS | |
| | | | DAVID T. REILLY PRELIMINARY CONF PART 30 | | |

Close



WebCivil Supreme - Appearance Detail

New York State Unified Court System



# WebCivil Supreme - Appearance Detail

**Court:** **Suffolk Civil Supreme**
**Index Number:** **016968/2014**
**Case Name:** **DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.**
**Case Type:** **Contested Matrimonial**
**Track:** **Standard**

## Appearance Information:

| Appearance Date | Time | On For | Appearance Outcome | Justice / Part | Comments | Motion Seq |
|---|---|---|---|---|---|---|
| /19/2015 | | Supreme Trial | | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /9/2015 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 005 |
| /18/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /20/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /18/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | ATTYS ONLY | |
| /28/2015 | | Supreme Trial | Hearing Held | DAVID T. REILLY HEARING PART 30 | DECISION RESERVED | |
| /21/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY HEARING PART 30 | | |
| /15/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY HEARING PART 30 | C/D | |
| /06/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 10:00AM | |
| /01/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 10:00AM | |
| /30/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 9:30AM | |
| /30/2015 | | Motion | Motion Decided-Open Appearance | DAVID T. REILLY MOTION PART 30 | *SEE CCOM | 004 |
| /30/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 001 |
| /10/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 003 |
| /10/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 002 |
| /3/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY HEARING PART 30 | | |
| /6/2015 | | Supreme Trial | Conf Held | DAVID T. REILLY HEARING PART 30 | N/A PLNTF & PLNTF ATTY | |
| /6/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 002 |
| /6/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 003 |
| /2/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /8/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /5/2014 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| /1/2014 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | 9:15AM | |

Subject: eTrack Supreme: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. (016968/2014) Updated
From: eCourts@nycourts.gov
Date: 10/17/2015 12:57 AM
To: rabbibriand@moderndivinities.com

Index Number: 016968/2014
The following case which you have subscribed to in eTrack has been updated. Changes from the last update are shown in red and are annotated.

Court: Suffolk Civil Supreme
Index Number: 016968/2014
Case Name: DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
Case Type: Contested Matrimonial
Track: Standard
Upstate RJI Number:
Disposition Date:
Date NOI Due:
NOI Filed:
Calendar Number:
RJI Filed: 10/01/2014
Jury Status:
Justice Name: DAVID T. REILLY

Attorney/Firm for Plaintiff:
SIMONETTI & ASSOCIATES
144 WOODBURY ROAD
WOODBURY, NY 11797
Attorney Type: Attorney Of Record
Status: Active

Attorney/Firm for Defendant:
STERN & DEROSSI, ESQS.
1565 FRANKLIN AVE, STE 301
MINEOLA, NY 11501
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
MEYERS LAW GROUP, P.C.
55 ELM STREET
HUNTINGTON, NY 11743

Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
BRIAN H. DENKER-YOUNGS - Prose

Attorney Type: Pro se
Status: Inactive

Attorney/Firm for Defendant:
JENNIFER L. SCHENKER/ANTHONY A. CAPETOLA, ESQ.
TWO HILLSIDE AVE, BLDG C
WILLISTON PARK, NY 11596
Attorney Type: Attorney Of Record
Status: Inactive

Attorney/Firm for Defendant:
TERENCE C. SCHEURER, P.C.
ONE OLD COUNTRY RD, STE 125
CARLE PLACE, NY 11514
Attorney Type: Attorney Of Record
Status: Active

Last Appearance:
Appearance Date: 09/18/2015
Appearance Time:
On For: Supreme Trial
Appearance Outcome: Adjourned
Justice: DAVID T. REILLY
Part: CONFERENCE CALENDAR PART 30
Comments:


Future Appearances:
Appearance Date: 10/19/2015

Appearance Time:
On For: Supreme Trial
Appearance Outcome:
Justice: DAVID T. REILLY
Part: CONFERENCE CALENDAR PART 30
Comments:

Appearance Date: 10/19/2015
Appearance Time:
On For: Motion
Appearance Outcome: Fully Submitted --- *Information updated*
Justice: DAVID T. REILLY
Part: MOTION PART 30
Comments: FIP --- *Information updated*

Older appearances may exist but are not shown.

Motions: Motion Number: 5
Date Filed: 09/30/2015
Filed By: DEF
Relief Sought: Withdraw Attorney
Submit Date: 10/19/2015 --- *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: STAY PROCEEDINGS
Order Signed Date:

Motion Number: 5
Date Filed: 09/30/2015
Filed By: DEF
Relief Sought: Withdraw Attorney
Submit Date: 10/19/2015 --- *Information updated*
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: WITHDRAW ATTORNEY
Order Signed Date:

Motion Number: 4
Date Filed: 04/09/2015
Filed By: DEF
Relief Sought: Punish For Contempt
Submit Date:
Answer Demanded: No
Status: Decided: 01-MAY-15
MOTION WITHDRAWN
Before Justice: REILLY
Decision: Short Form Order
Order Signed Date: 05/01/2015

Motion Number: 3
Date Filed: 03/04/2015
Filed By: DEF
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision:
Order Signed Date:

Motion Number: 2
Date Filed: 02/02/2015
Filed By: PLAINT
Relief Sought: Punish For Contempt
Submit Date: 03/30/2015
Answer Demanded: No
Status: Open:

Before Justice: REILLY
Decision: OTHER RELIEFS
Order Signed Date:

Motion Number: 2
Date Filed: 02/02/2015
Filed By: PLAINT --- *Information updated*
Relief Sought: Punish For Contempt --- *Information updated*
Submit Date: 03/30/2015 --- *Information updated*
Answer Demanded: No --- *Information updated*
Status: Open: --- *Information updated*

Motion Number: 1 — *Information updated*

Date Filed: 11/06/2014 — *Information updated*

Filed By: DEF — *Information updated*

Relief Sought: (PI) Excl. Occupancy-Residence — *Information updated*

Submit Date: 09/30/2015 — *Information updated*

Answer Demanded: No — *Information updated*

Status: Decided: 23-JUN-15 — *Information updated*

MOTION DECIDED — *Information updated*

Before Justice: REILLY — *Information updated*

Decision: Short Form OrderMOTION DECIDED APPLICATION FOR ATTORNEYS FEES — *Information updated*

Order Signed Date: 06/23/2015 — *Information updated*

Scanned Decisions: None on file. — *Information updated*

This is an automated e-mail. If you have questions please e-mail eCourts@nycourts.gov — *Information updated*

To access this case directly click here. — *Information updated*

**Subject:** RE: August 20th – we have friends joining us in court
**From:** Terence Scheurer <tcs@scheurerlawfirm.com>
**Date:** 8/5/2015 6:38 PM
**To:** Rabbi Dr Brian Denker-Youngs <rabbibriand@moderndivinities.com>

Hi Brian,

When can you drop files back ?  I am researching MOTION TO RECUSE JUDGE.  No call back from PO Mangi – It's time for a letter to his superiors.  I'm out of town for a few days but want to schedule a meeting with you either Tuesday or Wednesday.  Let me know if late in day on either day works for you.

In the interim, any news on Bankruptcy case ?  Did he respond to subpoena ?

Please let me know.

Thanks,
TC

*Terence C. Scheurer, Esq.*
TERENCE CHRISTIAN SCHEURER, P.C.
One Old Country Road
Suite 125
Carle Place, NY 11514
516.535.1500
516.535.1111 (fax)

**Subject:** Motion to Recuse
**From:** Terence Scheurer <tcs@scheurerlawfirm.com>
**Date:** 8/19/2015 8:15 PM
**To:** "Rabbi Dr. Brian H. Denker-Youngs, D.D." <rabbibriand@moderndivinities.com>
**CC:** Stephanie Carrera <sct@scheurerlawfirm.com>

Brian,

I am in the middle of legal research on motion to recuse Judge.  Please bullet point for me your reasons why he should be recused.

Thanks,
TC

*Terence C. Scheurer, Esq.*
TERENCE CHRISTIAN SCHEURER, P.C.
One Old Country Road
Suite 125
Carle Place, NY 11514
516.535.1500
516.535.1111 (fax)
tcs@scheurerlawfirm.com

of 1                                                                                              8/30/2015 12:46 PM

Re: INQUIRY: Notice of Appeal Status

**Subject:** Re: INQUIRY: Notice of Appeal Status
**From:** Terence Scheurer <tcs@scheurerlawfirm.com>
**Date:** 8/22/2015 10:44 PM
**To:** "rabbibriand@moderndivinities.com" <rabbibriand@moderndivinities.com>
**CC:** Stephanie Carrera <sct@scheurerlawfirm.com>

Brian,

As you are aware we have discussed at length whether or not to appeal Judge Reilly's temporary decision as it relates to exclusive use and occupancy. You agreed with my assessment that appealing said decision is NOT the course to take. Indeed, besides being economically unwise, an appeal of a temporary ruling could take many, many months (possibly longer). I explained to you that the prudent course of action is to seek a "speedy trial" date to resolve all issues. Again, YOU agreed with my advice.

During our last court appearance, both sides discussed exchanging discovery within 2 weeks and also setting up a possible 4-way to discuss settlement. This was agreed to even though the court believes that litigation is "stayed" while your case continues in bankruptcy court; John's attorney advised the court that he hired separate counsel to "lift" the stay in bankruptcy court. We are back in court on October 8th at 2pm to discuss the status of the case and to hopefully pick Trial dates. Again, this is the fastest, smartest and most economical way to move this case forward.

As to your request to file a separate complaint or counterclaim for an annulment, I'm not sure that is the way to go. If an annulment is granted than the court will declare your marriage a "nullity," which means your marriage never occurred. It also means you would not be entitled to any of John's retirement plans (pension, etc.) as you are not entitled to equitable distribution. Rather, your only argument would be a partition action for your home (and have the court determine what portion of the proceeds the parties are entitled to). Although your marriage is "short-term" and you will only receive a small portion of all of his retirement plans, I don't think you would want to forgo this money.

Lastly, as we discussed in court, I strongly advise you not to "post" anything further about this case on Facebook, emails or any blogging sites (whether created by you or not). The court was not happy with what John's attorney showed it regarding a posting by you; your posting addressed conversations and strategy that were discussed in private between you and your attorney (revealing attorney/client privilege such as possibly filing a motion to recuse the judge, etc.), the status of your case and also stating where the Judge lived. Such a posting does not shed a positive light on you. I understand that you deny that it was a posting but rather an email from you that someone "hacked into"; either way it does not help your case. I also suggest that you do not give any interviews to magazines, shows or blogs as it will only distract from the real issue in this case - - - - which is that your husband is a fraudster and a thief. I am happy to report that I was able to convince the court to move past the "postings" and focus on the real issues in the case but I need you to stop publishing any further postings. Why give your husband any ammunition against you when YOU are the victim in this case ? Why give him the opportunity to allege that you violated the Judge's order not to publish information about this case ? As to the people who accompany you to court (family, friends and advocates) please note that when you discuss with them

**Subject:** Response to your Email dated August 28, 2015
**From:** Terence Scheurer <tcs@scheurerlawfirm.com>
**Date:** 8/28/2015 3:54 PM
**To:** "rabbibriand@moderndivinities.com" <rabbibriand@moderndivinities.com>
**CC:** Stephanie Carrera <sct@scheurerlawfirm.com>

Brian,

I am extremely disappointed by your false allegations and defamatory statements in your last email to me. I have diligently and zealously represented you over the past two (2) months. Indeed, our emails to each other over the past week easily proves that your allegations about filing (or lack of filing) a Notice of Appeal in this case are patently false. Luckily, every time you "mischaracterized" our meetings, court conferences or telephone calls, I immediately memorialized, *in writing*, what actually occurred. Please make sure that you show your new counsel ALL OF THE EMAIL CORRESPONDENCE between us so he, or she, has the "Full Story" and not just your "one-sided" and "self-serving" view of what transpired during this case.

As to my retainer fee, it is now clear that you *lied* to me when you stated, *in writing*, that someone committed fraud against you; that you had nothing to do with the illegal seizing of the $5,000.00 from my account. Indeed, you had the audacity to lead me to believe that someone perpetrated a fraud against you and that you had nothing to do with the funds being taken from my account. Incredibly, you wrote the following to me via email,

> "On August 27, 2015,
>
>     Hi Terence
>
> >
> > Apologies, as I was behind closed door meetings all day and am again tomorrow. Yes, unfortunately the Chase Ink card has been subject to fraud which as you know from the attached, on several discovered questions finding and transactions I've been fighting for months about getting a proper report as far up as internal Affairs; unfortunately as you know, you were unable to join me on Monday for my scheduled meeting with Officer Mangi to modify the incorrect police report he took. and as it so happened to turn out so was Officer Mangi."

> "August 28, 2015
>
> Hi Terry
>
> I believe since its another fraud report they have froze the account until there can be an investigation as I alerted them i've attempted to call police."

Again, I am disappointed by your egregious conduct and I suggest that you re-pay the $5,000.00 owed to me by 5pm today. If not, I will have no choice but to avail myself of all legal remedies available to rectify this very serious issue. I have attached, as previously promised, the legal bill to date. The legal bill clearly shows that legal services were rendered and your representation to your credit card company to the contrary - - - that services "were not" rendered will be easily disproven.

In sum, your disturbing correspondence makes it clear that our attorney/ client relationship has irretrievably broken down. As such, I will immediately cease and desist from working on your file. Kindly have your new

**Subject:** Court Date
**From:** Michelle Bertucci <mbertucci@lousimonetti.com>
**Date:** 10/2/2015 10:19 AM
**To:** "rabbibriand@moderndivinities.com" <rabbibriand@moderndivinities.com>

Dear Mr. Denker-Youngs,

Please be advised that Justice Reilly adjourned the Supreme Court Matter from October 19, 2015 to November 9, 2015 at 9:30.

Please confirm that you will not be filing an application before the Appellate Division today.

Thank you,

Michelle Bertucci,
Legal Assistant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X   Index No.: 54013/2015
BRIAN H. DENKER-YOUNGS,

                              Plaintiff,                                        AFFIRMATION IN SUPPORT
                                                                              OF DEFENDANT'S CROSS
                                                                              ORDER TO SHOW CAUSE AND
                                                                              IN OPPOSITION TO PLAINTIFF'S
                                                                              ORDER TO SHOW CAUSE

                  -against-

EDWARD J. DENKER-YOUNGS, aka
EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS,
aka JOHN J DENKER-YOUNGS, aka
EDWARD JOHN YOUNGS,
aka E JOHN YOUNGS,

                              Defendant.
------------------------------------------------------------------X
          LOUIS F. SIMONETTI, JR., an attorney and counselor at law duly admitted to practice law

in the Courts of the State of New York, affirms under the penalties of perjury, and as an officer of

this Court, that counsel has no knowledge that the substance of the within submission is false.

          1.        I am the principal of SIMONETTI & ASSOCIATES, attorneys for the Defendant,

and as such I am fully familiar with the facts and circumstances pertaining to all of the proceedings

had herein. I submit the within affirmation seeking to dismiss Plaintiff's action for divorce in Kings

County, pursuant to CPLR §3211, together with such other and further relief as the Court deems just

and proper.

          2.        I am compelled to make this application seeking to dismiss the Plaintiff's action

for divorce in Kings County as a result of the fact that a duplicative divorce matter has been

pending in Suffolk County since the commencement of that action by Summons with Notice on

August 27, 2014.  See, Summons with Notice annexed hereto as **Exhibit "A"**.  Subsequently, a

Request for Judicial Intervention and a Request for a Preliminary Conference was filed and a

Preliminary Conference was held on November 6, 2014.  Annexed herein as **Exhibit "B"**

respectively are the Request for Judicial Intervention and the Request for Preliminary Conference. Also annexed herein as **Exhibit "C"** is the Preliminary Conference Order executed by both Plaintiff and Defendant, as well Justice Reilly. Also annexed herein as **Exhibit "D"** is an e-courts print out indicating each appearance in the matter. To date, this matter continues to be pending before Justice David T. Reilly of the Suffolk County Supreme Court under Index number 16968/2014. In fact, this matter was scheduled for a status conference on October 19, 2015 before the Honorable Justice Reilly, however the Defendant himself requested an adjournment. Annexed herein as **Exhibit "E"** is his adjournment request and a follow up letter.

3.    Plaintiff's commencement of a duplicative action in this Court is entirely indefensible and frivolous, and is nothing less than a complete and utter waste of judicial resources, and an attempt to financially drain our client. It is an abuse of the judicial system of the highest order, and simply cannot be tolerated. It is also a transparent attempt at forum-shopping, as the Plaintiff is clearly unhappy with the decisions issued by Justice Reilly thus far, and seeks a second bite at the apple. Namely, a pendente lite decision rendered by Justice Reilly on June 23, 2015, after a lengthy hearing. Annexed herein as **Exhibit "F"** is said decision.

4.    As this Court is well aware, "The purpose of ... [CPLR 3211 (a) (4)] is to prevent a party from being harassed or burdened by having to defend a multiplicity of suits" (Blank v Miller, 122 AD2d 356, 358 [1986] [citations omitted]). In determining whether two causes of action are the same, we consider "(1) [whether] both suits arise out of the same actionable wrong or series of wrongs[] and (2) as a practical matter, [whether] there [is] any good reason for two actions rather than one being brought in seeking the remedy" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY. Book 7B, CPLR C3211:15 at 29).

5.      Such is true under the circumstances presented to this Court. The Suffolk County action, which has been pending for over a year, clearly arises out of the breakdown of the parties' marital relationship. Plaintiff was free to bring any counterclaim he desired in that action. Annexed herein as **Exhibit "G"** is the Verified Complaint and **Exhibit "H"** is the Verified Answer filed by Defendant's counsel on his behalf. There is no justifiable reason for these litigants to proceed in two separate Courts to obtain the same ultimate relief.

6.      To briefly address the Plaintiff's application seeking to transfer the matter to the Integrated Domestic Violence part of Kings County, there is no legitimate reason for doing so besides the above. The parties do in fact have respective refrain from Family Court Orders of Protection. A criminal matter which was pending in District Court was dismissed as there was no valid basis for the allegations contained therein. This Order of Protection in District Court was dismissed and vacated. Annexed herein as **Exhibit "I"** is the dismissal. There is no basis for this matter to be transferred to the Integrated Domestic Violence Part in Kings County.

7.      As such, it is respectfully requested that the Plaintiff's action commenced by Summons and Verified Complaint is dismissed with prejudice. See, attached Summons and Verified Complaint annexed hereto as **Exhibit "J"**.

8.  No Previous application for this relief has been made.

**WHEREFORE**, I respectfully request that the Court grant the Defendant's relief requested, as well as such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
        October 9, 2015

LOUIS F. SIMONETTI. JR.

10/17/2015



WebCivil Supreme - Appearance Detail

## WebCivil Supreme - Appearance Detail

**Court:** **Suffolk Civil Supreme**
**Index Number:** **016968/2014**
**Case Name:** **DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.**
**Case Type:** **Contested Matrimonial**
**Track:** **Standard**

**Appearance Information:**

| Date | Part | Appearance Type | Justice | Court | Part |
|------|------|-----------------|---------|-------|------|
| 10/19/2015 | | Supreme Trial | | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | |
| 10/19/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FTP | 305 |

Close   Show All Appearances

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON. H. PATRICK LEIS, III

------------------------------------------------------X
EDWARD J. DENKER-YOUNGS
                    Plaintiff

            -against-
BRIAN H. DENKER-YOUNGS
                    Defendant. *Pro Se*
------------------------------------------------------X

STATE OF NEW YORK    )
                     ) SS.
COUNTY OF SUFFOLK    )

*Special Term Pt II*

At IAS Part of the Supreme Court of
the State of New York, held in and for
the County of Suffolk at the Courthouse
located at 400 Carleton Avenue, Islip
New York, the 19th day of October,
2015.

ORDER TO SHOW CAUSE
TO VACATE A MATRIMONIAL
PENDENTE LITE ORDER

INDEX NO.: 16968-14

MOTION/CROSS/OSC
FEE PAID
Judith A. Pascale
Suffolk County Clerk

Upon reading and filing of the annexed affidavit of **BRIAN H. DENKER-YOUNGS**, the

defendant in the within action, sworn to on **OCTOBER 19, 2015,** together with the papers attached

thereto, Let the plaintiff, **EDWARD JOHN DENKER-YOUNGS,** or Plaintiff's counsel show cause

at IAS Part 30, of this Court to be held at the Suffolk County Supreme Court at **400 CARLETON**

**AVENUE, CENTRAL ISLIP, NY,** on the ____ day of November, 2015 at

____ AM/PM or as soon thereafter as parties may be heard, why an Order should not be

made:

Vacating a *Pen Dente Lite* Order, as void without effect having been issued by this honorable

court pursuant to CPLR § 5241 post bankruptcy petition of the Defendant herein moves to be

within compliance with and thereof Defendant's March 13, 2015 Chapter 11 Bankruptcy

petition and automatic stay having been effected pursuant to 11 U.S.C. § 362(a), (d)-(f)[1],

---

[1] See, e.g., Middle Tennessee News Co., Inc. v. Charter of Cincinnati, Inc., 250 F.3d 1077, 1082 (7th Cir.2001); Far Out Productions, Inc. v. Oskar, 247
F.3d 986, 995 (9th Cir.2001); In re Soares, 107 F.3d 969, 976 (1st Cir.1997); In re Smith, 876 F.2d 524, 526 (6th Cir.1989); 1 Lawrence P. King et al.,
Collier Bankruptcy Manual ¶ 362.11[1] (3d ed. rev. 2001). - See more at: http://caselaw.findlaw.com/dc-court-of-
appeals/1314802.html#sthash.SazAJCv8.dpuf

2

Defendant application vacating without effect said order together with such other and further relief of this court

**ORDERING** the Plaintiff Edward John Denker-Youngs with immediate effect on/before October 20, 2015 is to remove any and all barriers to entry and/or access and entry and preclusion to which prohibits the Defendant from access and entry to property of "the bankruptcy estate" of Brian H. Denker, Case No. 15-41069; and

**STAYING** all proceedings herein are stayed until such time as relief is granted and provided for by Order of the United States Bankruptcy Court, Eastern District of New York;

**SANCTIONING** the Plaintiff, Edward John Denker-Youngs for his willful misrepresentations of this court and willful non-compliance to discovery, therefore is now precluded from entering into evidence such discoveries, defenses or documents for trial to which he has failed to comply with and provide for as requested of the Defendant and Defendant's counsel in October 2014 which dispute Defendant's allegations set forth of Plaintiff's economic and financial misconduct during the marriage.

**SERVICING**, a copy of this Order and the papers upon which it is granted, be made by certified mail *and regular mail* upon the Plaintiff at 33 PENNINGTON DRIVE, HUNTINGTON, NY 11743, service to Plaintiff's Counsel MARIA G. ALIBERTIS / SIMONETTI & ASSOCIATES on or before _October 26, 2015_ deemed good and sufficient service. An affidavit or other proof of service shall be filed with the court a minimum of one week prior to the return of this Order.

**SERVICING**, that a copy of this Order and the papers upon which it is granted, be made by personal service upon the HONORABLE CHIEF JUSTICE CARLA E. CRAIG, United States Bankruptcy Court, Eastern District of New York at 271-C Cadman Plaza East, Brooklyn, NY 11215, presiding Justice in re: Brian H. Denker Case No. 15-41069 on or before

3

deemed good and sufficient service. An affidavit or other proof of service shall be filed with the court a minimum of one week prior to the return of this Order.

Date: 10|19|15

HON. H. PATRICK LEIS, III
JUSTICE OF SUPREME COURT STATE

GRANTED

OCT 19 2015

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

--------------------------------------------------------X

EDWARD J. DENKER-YOUNGS

              Plaintiff

        -against-

BRIAN H. DENKER-YOUNGS

              Defendant. *Pro Se*

--------------------------------------------------------X

STATE OF NEW YORK     )

                      ) SS.:

COUNTY OF KINGS      )

**INDEX NO.: 16968-14**

**AFFIDAVIT IN SUPPORT
TO SET ASIDE AND
VACATE ORDER**

      I, BRIAN H. DENKER-YOUNGS, being duly sworn, appearing this 19th day of October 2015, deposes and says:

1. I am the defendant in this divorce action. I make this affidavit in support of my application to vacate an Order of this honorable court issued on June 23, 2015 and filed on July 30, 2015.

2. I presently reside at 25 BOERUM STREET, APT 18E, BROOKLYN, NY 11206.

3. I, <u>BRIAN H. DENKER-YOUNGS</u>, defendant in the above captioned action, appearing this 19th day of October, 2015, hereby submits this affidavit in support of an Order and Opinion of this honorable court, setting aside and deeming said Order of June 23, 2015 voidable without effect pursuant to 11 U.S.C. § 362(a) and U.S.C. § 362(d)-(f) [11], having reviewed the affidavit herein, together with the exhibits attached hereto, and finding sufficient cause, your deponent respectfully requests an Order and opinion of this honorable court:

     1.     Pursuant to  an Order and Decision of this court signed on June 23, 2015, having calendared matters related thereof on December 11, 2014 and thereafter adjourned by the plaintiff on and thereafter several dates inclusive of January 15, 2015,

---

[11] See, e.g., Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1082 (7th Cir.2001); Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 995 (9th Cir.2001); In re Soares, 107 F.3d 969, 976 (1st Cir.1997); In re Smith, 876 F.2d 524, 526 (6th Cir.1989); 1 lawrence P. King et al., Collier Bankruptcy Manual ¶ 362.11[1] (3d cd. rev.2001). - See more at: http://caselaw.findlaw.com/dc-court-of-appeals/1314802.html#sthash.SazAJCv8.dpuf

January ⟨ ⟩ and March 16, 2015, it is the ⟨ ⟩ of the court that contained within an Order of this court signed June 23, 2015,

2.    Further extending a stay of proceedings as issued by this honorable Court pursuant to CPLR § 2201 by Order of this Court signed September 18, 2015 and filed September 30, 2015 yielding to debtors 2004 Application and Examination of the Plaintiff before the United States Bankruptcy Court Eastern District of New York

3.    Dismissing Plaintiff's motion for Contempt against your deponent filed February 2, 2015, and returnable on March 16, 2015 for which neither Plaintiff nor counsel appeared.

4.    Any and all other relief that this honorable court deems just and proper.

Your deponent further states under penalty of perjury and alleges:

1.    Your deponent this weekend received the attached communication from JP Morgan Chase on Saturday to which is attached hereto and labeled *exhibit A* which is in response to your deponent serving upon Chase the appropriate Bankruptcy filings and copies of his schedules to which are filed with the United States Bankruptcy Court, Eastern District of New York claiming homestead and exemptions and which are also attached hereto as *exhibit B.*

2.    Given the response issued by Chase, it has become a matter of even greater urgency to your deponent respectfully submits this Order to Show cause pre-emptive and absent any counsel and for which your deponent respectfully asks the court for some latitude in any improper formats or conformities as being unintended.

3.    As the result of some recent occurrences with respect to your deponent's bankruptcy filing to which was submitted March 13, 2015 as is indicated in the attached *exhibit C* to which is accompanying summary of your deponents' filling and date, your deponent's attorney's email inquiring so proactively if Ms. Schenker informed the court about the filing.

4. As the honor⬤t may recall, on March 16, 201⬤ eral adjournments as is exhibited in the attached *exhibit D*, on the hearing to which was initially scheduled for January 15, 2015 and then January 28 and then March 16, we were scheduled to begin the hearing and address the prior motions of the docket, to which Ms. Schenker and I made sure to prepare even the motion replies, each attached hereto as *exhibit E and F*. but neither the plaintiff nor his counsel even showed up only Ms. Schenker and I did.

5. The honorable court as it did on December 11, 2014, addressed and acknowledged my disappointment and frustration of wanting the honorable court to hear your deponent and the truth, asked that I further be patient and understanding and that my concerns were known. Attached hereto and labeled *exhibit G*.

6. Further the honorable court also reinforced that it was ruling on conveyances of the Plaintiff and that it believed to be true, quoting " 11, has come of the opinion that the Plaintiff and his attorneys continue to not only misrepresent and lie to this honorable court but I believe have been working specifically to setup your deponent and leveraging the automatic stay from the bankruptcy to their benefit and avoidance of complying with discovery and/or having to furnish any documents in the within action.

7. Indicative of the same, attached hereto labeled *exhibit H* is your deponent's estranged spouses' attorney's letter of August 6, 2015 [document 37] representing to the court "The matrimonial action which was in discovery phase, was stayed upon the Debtor's voluntary filing. Yet, upon the filing date, the Debtor filed the instant 2004 Application demanding the production of documents by and the examination of. Mr Youngs." and further your estranged spouses declaration [document no. 45] to which is dated August 14, 2015 stating "As a result of the Debtor's filing, the Matrimonial Action has been stayed" and "…to allow the Matrimonial action to proceed so that the State Court can make finial determinations in connection with the parties rights, including but not limited to the equitable distribution of property and the nature and extent of support and maintenance to

be awarded ⌣ ing such and other, further reli ⌣ ; Court deems proper." As already established discovery requests and demands were exchanged five months prior to the filing of a petition in October and November to which your deponent complied but his estranged spouse for five months thereafter never did, proof is provided attached hereto as *exhibit I.*

8.  As was also acknowledged on December 11, 2014 and to which your deponent has subsequent to that day come upon even more details to support all the reasons why the Plaintiff's separate property claim isn't just a lie but impossible to even remotely be true.

9.  Notwithstanding the obvious as was pointed out in the attached *exhibit E, Affidavit in Opposition and in Further Support, page* on page 3 paragraph 7 thru page 10, mathematical it doesn't add up. And in furtherance attached hereto and labeled *exhibit J,* are copies of the checks from closing and the supporting paperwork inclusive of the joint application for the mortgage and rate lock confirmation dated September 20, 2012 and the certified and true first page of the Mortgage document all reflective of your deponents' equal ownership.

10. Additionally, your deponent has provided the following documents and informed his previous attorneys of the same to which I am unsure as to why it has "yet" to be known to the honorable court however, Plaintiff not only had little to no equity in his prior home in the first place, but has a recorded history of mortgage fraud apparently.

11. In fact, Edward J Denker-Youngs to much surprise your deponent has discovered has a past history of unlawful acts including that of mortgage fraud as can be established via the Suffolk County Public Record for 99 W Shore Road, Huntington NY 11743 to which is attached as *exhibit K* and showcases that in 2003 Edward J Denker-Youngs (aka Edward J Youngs) added a second mortgagor to the record as E J Youngs, one of many and several apparent active aliases used by the Edward J Denker-Youngs.

*exhibit L* and secures financing of nearly $305,000 with false claims of the original value of the home being $625,000, to which has never in the history of the property been the case. Also to take note through the Suffolk County Public Record, Edward J Denker-Youngs refinanced the property frequently that Edward J Denker-Youngs thereby never having any equity in the home.

13. In 2009, Edward J Denker-Youngs and your deponent met and by August 2010, began creating communal and joint property as is exhibited in the attached labeled *exhibit M* to which is an initial banking statement from Bethpage Federal Credit Union and joint car insurance policies from Geico respectively. Thus the instant matter herein stretches beyond a time frame to which parties were legally married, therefore this filing is independent of the marriage and Edward J Denker-Youngs must be a willing and cooperative part of the process to determine the best approach for administration of the estate and not simply given a "get out of jail card" to pass go; especially since the debts before me that I am tied to are namely caused by him but nonetheless, my responsibility to which is important that such is addressed.

14. Further indicative of Edward's conniving conduct, in November 2011, just three months after legally wedding your deponent and without my knowledge, Edward J Denker-Youngs refinanced the 99 W Shore Road property for $295,000 and thereafter in/around February 2012, began to encourage your deponent that we should move and purchase a new home with a pool.

15. Your deponent in good faith, starting what I believe was to be a new life with my spouse, withdrew as the down payment toward a home purchase, $44,000 from my separate 401(k) retirement account. Affixed hereto labeled *exhibit N* are statements regarding the same in accompanied by checks for the closing on the current property known as the marital home and for which your deponent claimed as an exemption and homestead in his bankruptcy

29

"Fresh start" and explained as able to be provided to your deponent thereafter all bankruptcy proceedings conclude.

16. As is illustrated to the attached *exhibit O* the mortgage application with Chase and accompanying conditions to which indicates that the Edward J Denker-Youngs had a lien of $191,000 not a credit, to which also illustrated, he could not close title on the property at the time of sale. Edward J Denker-Youngs's sworn statement of Net worth is attached hereto labeled *exhibit P*. To which within the statement of Net worth, not only does it claim that placed $190k separate property (to which never existed) toward renovations, there exists obviously more than enough assets to pay the debts, I suspect because that is where he siphoned monies rather than pay your deponents bills as he led your deponent to believe he had been doing.

17. Clearly the plaintiff is not only lying but your deponent believes has intentionally now maneuvered himself into a position by lying and with intent to which would make such a violation against the automatic orders to secure exclusive occupancy of the marital residence, have me precluded from our home and further challenged at such homesteading and exemptions to which I would be entitled.

18. Upon further exploring how best to handle the issue of homesteading and exemptions, your deponent came across the following to which apparently holds true in that with the filing of my Order to Show Cause (motion 1) the commencement of such action is the date of making the application (November 6) which means that the judgement was issued post-petition and is technically considered voidable without effect.

19. Thus if such is true, that means that the plaintiff has violated the automatic stay as I believe his continuous adjournments were intentional and therefore I ask this honorable court to then set aside and void its' Order. (In re: the stay is automatic upon filing of the petition

commencing ⬤ nder Code chapters 7 (liquidatio ⬤ nicipal debt adjustment), 11 (reorganization), 13 (individual debt adjustment), or chapter 15 (cross-border cases) with respect to foreign main proceedings. See e.g. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002); "the automatic stay requires an immediate freeze of the status quo by precluding and nullifying post-petition actions"; and In re Best Payphones, Inc., 279 B.R. 92 (Bankr. S.D.N.Y. 2002), administrative law judge's post-petition decision in proceeding commenced pre-petition 'but concluded after debtor's chapter 11 filing' was void and without effect because it violated automatic stay.)

Respectfully Submitted :

October 19, 2015

_____

Brian H. Denker-Youngs, *Pro Se*
25 Boerum Street #18E
Brooklyn, NY 11206
t. 917-373-5019
f: 253-461-2543

To:
Honorable Chief Justice Carla E Craig
United States Bankruptcy Court — Eastern District of New York
271-C Cadman Plaza East
Brooklyn, NY 11215

Maria G. Alibertis
Simonetti & Associates
144 Woodbury Road
Woodbury, NY 11797



NYCOURTS

# WebCivil Supreme - Appearance Detail

Court: **Suffolk Civil Supreme**
Index Number: **016968/2014**
Case Name: **DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.**
Case Type: **Contested Matrimonial**
Track: **Standard**

**Appearance Information:**

| Appearance Date | Time | On For | Appearance Outcome | Justice / Part | Comments | Motion Seq |
|---|---|---|---|---|---|---|
| 11/27/2015 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 011 |
| 11/23/2015 | | Supreme Trial | | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 11/23/2015 | | Motion | | DAVID T. REILLY MOTION PART 30 | *SEE CCOM | 012 |
| 11/09/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 11/09/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 009 |
| 11/09/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 008 |
| 11/09/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 007 |
| 11/09/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 006 |
| 11/09/2015 | | Motion | | DAVID T. REILLY MOTION PART 30 | *SEE CCOM | 010 |
| 10/19/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 10/19/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 005 |
| 09/18/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 08/20/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 06/18/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | ATTYS ONLY | |
| 05/28/2015 | | Supreme Trial | Hearing Held | DAVID T. REILLY HEARING PART 30 | DECISION RESERVED | |
| 05/21/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY HEARING PART 30 | | |
| 05/15/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY HEARING PART 30 | C/D | |
| 05/06/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 10:00AM | |
| 05/01/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 10:00AM | |
| 4/30/2015 | | Supreme Trial | Hearing Continue | DAVID T. REILLY HEARING PART 30 | 9:30AM | |
| 4/30/2015 | | Motion | Motion Decided-Open Appearance | DAVID T. REILLY MOTION PART 30 | *SEE CCOM | 004 |
| 3/30/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 001 |
| 3/30/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 002 |
| 3/30/2015 | | Motion | Fully Submitted | DAVID T. REILLY MOTION PART 30 | FIP | 003 |

# WebCivil Supreme – Motion Detail

| | |
|---|---|
| **Court:** | Suffolk Civil Supreme |
| **Index Number:** | 016968/2014 |
| **Case Name:** | DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H. |
| **Case Type:** | Contested Matrimonial |
| **Track:** | Standard |

**Motion Information:**

| Motion Number | Date Filed | PartMtn Filed By | Relief Sought | Submit Date | Answer Demanded | Status | Decision | Order Signed Date |
|---|---|---|---|---|---|---|---|---|
| 012 | 11/10/2015 | PLAINT | Temp Rest Order | | No | Open: Before Justice: REILLY | | |
| 011 | 11/10/2015 | PLAINT | Dismiss Motion (X-Motion) | | No | Open: Before Justice: REILLY | | |
| 010 | 11/06/2015 | DEF | Punish For Contempt | | No | Open: Before Justice: REILLY | | |
| 009 | 10/26/2015 | DEF | Vacate Order/Judgment | 11/09/2015 | No | Open: Before Justice: REILLY | | |
| 008 | 10/26/2015 | DEF | Other Reliefs | 11/09/2015 | No | Open: Before Justice: REILLY | | |
| 007 | 10/26/2015 | DEF | Other Reliefs | 11/09/2015 | No | Open: Before Justice: REILLY | | |
| 006 | 10/26/2015 | DEF | Other Reliefs | 11/09/2015 | No | Open: Before Justice: REILLY | | |
| 005 | 09/30/2015 | DEF | Withdraw Attorney | 10/19/2015 | No | Open: Before Justice: REILLY | | |
| 005 | 09/30/2015 | DEF | Withdraw Attorney | 10/19/2015 | No | Open: Before Justice: REILLY | | |
| 04 | 04/09/2015 | DEF | Punish For Contempt | | No | WITHDRAWN MOTION MAY-15 Before Justice: REILLY | Decided: 01- Short Form Order | 05/01/2015 |
| 03 | 03/04/2015 | DEF | Punish For Contempt | 03/30/2015 | No | | | |

 





## *WebCivil Supreme - Appearance Detail*

**Court:** Suffolk Civil Supreme
**Index Number:** 016968/2014
**Case Name:** DENKER-YOUNGS, EDWARD JOHN vs. DENKER-YOUNGS, BRIAN H.
**Case Type:** Contested Matrimonial
**Track:** Standard

**Appearance Information:**

| Appearance Date | Time | On For | Appearance Outcome | Justice / Part | Comments | Motion Seq |
|---|---|---|---|---|---|---|
| 01/19/2016 | | Supreme Trial | | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 003 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 002 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 007 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 006 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 011 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 008 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 009 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 010 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | *SEE CCOM | 005 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | FIP | 012 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 015 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 014 |
| 01/19/2016 | | Motion | | DAVID T. REILLY MOTION PART 30 | | 013 |
| 11/27/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 011 |
| 11/23/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 11/23/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 012 |
| 11/09/2015 | | Supreme Trial | Status Conference Held | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |
| 11/09/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 007 |
| 11/09/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 008 |
| 11/09/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 009 |
| 11/09/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP *SEE CCOM | 010 |
| 11/09/2015 | | Motion | Adjourned | DAVID T. REILLY MOTION PART 30 | FIP | 005 |
| 10/19/2015 | | Supreme Trial | Adjourned | DAVID T. REILLY CONFERENCE CALENDAR PART 30 | | |

| 002 | 02/02/2015 | PLAINT | Punish For Contempt | 03/30/2015 | No | Justice: REILLY Open: Before Justice: REILLY | | |
| 002 | 02/02/2015 | PLAINT | Punish For Contempt | 03/30/2015 | No | Open: Before Justice: REILLY | | |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED APPLICATION FOR ATTORNEYS FEES | 06/23/2015 |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED COMPEL ACCOUNTING EXPENDITURES | 06/23/2015 |
| 001 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED OTHER RELIEFS | 06/23/2015 |
| 01 | 11/06/2014 | DEF | (PI) Excl. Occupancy-Residence | 03/30/2015 | No | Decided: 23-JUN-15 MOTION DECIDED Before Justice: REILLY | Short Form OrderMOTION DECIDED PAYMENT OF MARITAL EXPENSES | 06/23/2015 |

Close

Court of the State of New York, held
in and for the County of Suffolk, at
the Courthouse thereof, 400 Carleton
Ave, Central Islip, NY on the 27
day of November, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PRESENT: HON. _____ HON. _____ QUINN _____
-----------------------------------------------------X
EDWARD J. DENKER-YOUNGS                         **ORDER TO SHOW CAUSE**
                            Plaintiff

                    -against-                              INDEX NO.: 16968-14
BRIAN H. DENKER-YOUNGS
                            Defendant. *Pro Se*
-----------------------------------------------------X

        **STATE OF NEW YORK** )
                              ) SS.
        **COUNTY OF SUFFOLK** )

MOTION/CROSS/OSC
FEE PAID
Judith A. Pascale
Suffolk County Clerk


        Upon the annexed affidavit of BRIAN H. DENKER-YOUNGS, the Defendant *Pro Se* in

this action, having appeared this 27th day of November 2015, together with the papers attached to

this Order to Show Cause,

        LET, EDWARD J. DENKER-YOUNGS, the Plaintiff herein or counsel to the plaintniff,

show cause before this Court at Part _____, Room _____ hereof to be held at the

Courthouse located 400 Carleton Avenue, New York, NY on ____January 19, 2016____

at 9:30a.m. or as soon thereafter as the parties can be heard why and Order Should Not be

entered:

        a.  Dismissing the proceeding herein pursuant to CPLR 3126 with prejudice to this venue

            and county or if so deemed not dismissible, granting Defendants request for Change

3

of Venue in Kings County Supreme Court consolidating the case herein with Index

No. 54031-2015

b. Disqualifying counsel to the Plaintiff for Violations of New York State Rules of

Professional Conduct Part 1200

c. Granting Defendant' application for a witness subpoena to obtain depositions from

Jennifer Schenker, Esq and Terence Schruer, Esq. as and for the related references

herein

d. Holding Plaintiff, Louis Simonetti, Esq and Maria G. Alibertis, Esq, liable for all

legal expenses paid and owed in association with the proceedings herein for the

representation of the Defendant paid and owed to date in an estimated sum of

$126,000.

e. Holding Plaintiff directly accountable for estimated loss of business and income

suffered by the Defendant since December 2014 to the approximated sum total of

$40,000 as conveyed in prior motions before this court.

f. Issuing an award of compensatory damages to the Defendant in the sum total of

Plaintiff's entire deferred income between 2011-2014 in an sum total of $110,000.

g. Granting such other and further reliefs the court deems just and proper

And Sufficient case appearing therefore it is ORDERED, that pending the hearing and

determination of the within application:

4

HP Officejet Pro 8620 Series

**Fax Log for**
Rabbi Brian Denker-Youngs
347-529-4978
Nov 24 2015 9:54PM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| | | | | Digital Fax | | |
| Nov 24 | 9:49PM | Fax Sent | 516-470-9019 | 3:56 N/A | 12 | OK |

**First Page of Sent Fax**

B. Denker-Youngs

144 Woodbury Road
Woodbury, New York 11797

November 24, 2015

VIA FAX / EMAIL

COUNTY OF SUFFOLK

PRESENT: HON. _____
-------------------------------------------------X
EDWARD J. DENKER-YOUNGS                              **AFFIDAVIT IN SUPPORT**
                          Plaintiff

            -against-                                INDEX NO.: 16968-14
BRIAN H. DENKER-YOUNGS
                          Defendant. *Pro Se*
-------------------------------------------------X

> **STATE OF NEW YORK** )
>                       ) SS.
> **COUNTY OF SUFFOLK** )

     **I, BRIAN H. DENKER-YOUNGS**, am the defendant *Pro Se*, appearing

before this honorable court the 27th day of November 2015 being duly sworn, deposed and says

that:

1.    I am the Defendant in the within action captioned Edward J. Denker-Youngs v Brian H.

Denker-Youngs in the County of Suffolk in the State of New York Index No. 16968-

2014 to which the docket is attached hereto labeled exhibit "1" and am appearing by no

other choice but *Pro Se*, having made several applications to this honorable court for

counsel fees pursuant to N.Y. DOM. LAW § 237 as submitted by my former

counsel Natasha Meyers on November 6, 2014 contained within my Order to Show

Cause (motion 1) filed as exhibited in the attached on November 6, 2015 attached hereto

and labeled exhibit "2"

1.    As such, it is your deponent's expressed and spoken intent that as the named defendant of

the within proceeding, that all applicable protections afforded by the law of the land in



Constitution of the United State of America and all accompanying amendments given as

a natural right to all US Citizen including defendant's right pursuant to DRL § 173

demanding a trial by jury in the final dissolution of the matter set forth within this venue

and county ensuring all ends of justice be heard.

## DEFENDANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL

2.    Your deponent appears before this court today in hand and affixed hereto as exhibit "3"

an Order to Show Cause returnable today, November 27, 2015 to which is indicated on

docket as motion 11 but with a date filing of November 10, 2015 yet that does not appear

to be the same on the face of your deponents "Order to Show Cause" to which your

deponent has yet to even be served what goes with such motion.

3.    Your deponent further on appearance November 9, 2015 received the attached exhibit

"4" to which was presented to the court by the Plaintiff's counsel, not even the Plaintiff

provided an affidavit in support to such violation and infringement on your deponents

constitutional right to due process. None the less, as provided for in my Opposition

papers filed with this court on November 23, 2015 attached hereto and labeled exhibit

'5', also marked as November 9, 2015 but reflective on the docket as November 10,

2015, your deponent as stated received no prior notice to such application being brought

before this court yet was restrained and enjoined by the same, and responded in

opposition to the same as exhibited in the attached, this court struck through all requested

7

even being bankruptcy was addressed. Your deponent will ask the court please take note of the particular part of the transcript pages 1-4 and page 11 line 20 to which call out on record certain deviations from standard practices of the court as well as a particular order of the court and scheduled returns before an absent presiding Justice that day.

7.    Attached hereto labeled exhibit "9" is a Notice of Presentment scheduled in the United States Bankruptcy Court Eastern District of New York submitted by Trustee Ronald McCord the appointed Trustee to your deponent's bankruptcy estate inclusive of the marital home to which at present the Plaintiff has exclusive use and occupancy having been granted the same by a directive off the bench subsequent fraudulent representations made by the Plaintiff and Plaintiff's counsel to the honorable court. Transcript of that December 11, 2014 proceeding is attached hereto and labeled exhibit "10".

8.    As Trustee McCord puts forth, his presentment is objecting to your deponents constitutional right to a "fresh start"[1] afforded to him pursuant to CPLR § 5206 on the basis that your deponent does not reside in the marital home located at 33 Pennington Drive, Huntington, NY 11743.

9.    Your deponent puts forth has he has repeatedly before this court, that such granting of exclusive occupancy to the Plaintiff was in protest by your deponent on record December

---

[1] Upon commencement of a bankruptcy case, all the debtor's legal or equitable interests in property become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Although the bankruptcy estate is expansive, certain assets may be "exempted" from the reach of creditors. Exemptions are crucial to facilitating the debtor's "fresh start," In re Magee, 444 B.R. 254, 258 (Bankr. S.D.N.Y. 2011), and thus "[e]xemption statutes are to be construed liberally in favor of the debtor." In re Moulterie, 398 B.R. 501, 504 (Bankr. E.D.N.Y. 2008).

numerous times allegations and thereafter paperwork to which attached hereto again as

exhibit "13" is the Suffolk County Public Record for 99 W Shore Road in Huntington,

NY to which was sold in July 2012 but prior to had been refinanced frequently since the

Plaintiff's purchase in 2001 for always more than the preceeding mortgage and in fact in

2003 E John Youngs paid off Edward Youngs' mortgage with Bank of America and

thereonafter submitted a universal loan application for $305,000 with claims that the

home itself was purchased and valued at $625,000 securing said loan.  In 2011, just

months after officially marrying your deponent, the Plaintiff once again in November

2011 without your deponent's knowledge re-financed for $295,000.  Hence the Plaintiff

not only committed what would be construed an act of mortgage fraud but further never

had equity in his home to begin with.  This is further exhibited by the fact that as

illustrated in the attached  as plaintiff could not close title and had to leave money in

escrow because of the same.

## PLAINTIFF'S FRAUD CONTINUES WITH THE MARITAL HOME

12.      While Plaintiff and his counsel appear to paint this picture of your deponent as a

endless litigant on the subject matter, this is because the very fraud that the Plaintiff has

committed in siphoning and converting over $217,000 of marital income over the course

of just 2012-2014 to which your deponent is aware of, in addition to dissipating a

$125,000 Home Equity Line of Credit from Bethpage Federal Credit Union whereas the

11

the plaintiff pay said Home Equity as part of the pendent lite order, the balance still remains today $123,737. All marital assets and equity the Plaintiff has drained utilizing access to the same and living off of your deponents' credit lines while stashing away marital earnings into several 403(b) retirement trusts and sizable deferments of marital income and earnings to Plaintiff's pension for which in such an action as the within, your deponent would only be entitled to a percentage based upon the duration of the marriage and not the actual theft and amount of money Plaintiff stole and withheld from our household. Hence becomes the eagerness of the Plaintiff that the house is sold, so to finally rid any possibility of your deponent being made financially whole again to the extent that your deponent has filed motions 6, 7 and 8 and to which were properly served as exhibited attached hereto as exhibit "13" and to which among them asked for the Home Equity Debt reassignment to the Plaintiff as Equifax has found the account to be deemed an act of fraud by the Plaintiff sanctioned as an account take-over and further also as established and provided to herein as exhibit "14" all of the checks from closing on the property inclusive of the 401(k) separate property claim your deponent makes reference to of nearly $45,000 from his own separate pre-marital 401(k) that in fact not only was paid out and returned but deposited into our joint Chase checking account as is exhibited by the Plaintiff's deposit ticket of the same attached hereto as exhibit "15".

used $190,000 of separate property toward the house purchase for the reasons cited in

your deponent's appellate brief and for the mere fact that on October 12, 2012 as

displayed in the mortgage loan application signed by the Plaintiff in the exhibit 16,

there is a reported account balance to a Citibank account ending in x3584 (to which

was not reported on the Plaintiff's statement of net worth as your deponent testified to

in his reply papers for motion 1) of a reported $135,432.00. Therefore, if on the day

of closing such monies remained in a Citibank account, Plaintiff clearly could not

have a $190,000 separate property claim or even a $160,000 separate property claim

as reported on his claim filed with the bankruptcy court against your deponent's

estate for nearly $200,000 attached hereto as exhibit "18" along with the Plaintiff's

false conveyances of needing relief from the stay for the "state to rule on the final

dissolution of the marriage and equitable distribution". This is ironic since even the

Honorable Chief Justice Carla E Craig presiding over the bankruptcy case stated on

record, the dissolution of marriage can go forward to be finalized without stay relief,

when in fact the only thing that is stayed is the division of property. That does not

mean discovery and such accountings may not take place as in fact such is required in

being able to assert any claim by the Plaintiff against your deponent's estate.

Henceforth, in failing to address your deponents motions 6, 7 and 8, this court further

infringes on your deponents bankruptcy case as stated and attached hereto as exhibit

United States Bankruptcy Courts as to which your deponent asserts fraudulent transfers of funds by the Plaintiff hence such discovery is absolutely required and if not through the State Courts proceedings, your deponent is so encouraged to re-motion on presentment an Order for a 2004 Application to require Plaintiff's deposition and production of documents as noted in the attached exhibit "20" a letter from Lawrence Morrison to the Court in response to Plaintiff's attorney's objection on behalf of her client as to his willingness to voluntarily submit as he has repeatedly done in the case herein as well.

### THE NEVER ENDING DEFICIENT MATRIMONIAL LITIGATION THIS IS

17. Your deponent also puts forth plaintiff's bestselling fiction entitled "Affidavit in Opposition to Defendant's Order to Show Cause..." dated November 24, 2014 as exhibit "21"   While your deponent can easily furnish evidence for each and every statement asserted by the Plaintiff as being a lie, including the fact that police had reported to the scene because the plaintiff tripped the alarm, not because anyone called the police on him (such was confirmed during the hearing) but for the interest in conservation of the trees, and how lengthy this motion will likely already be, your deponent will focus on the key tales relevant to the matter at hand.  Calling the courts attention to this sworn affidavit and makes citations to *page 2, paragraph 3* "he continued to reside at least 3-4 nights a week in his Brooklyn apartment", *page 6*

puts forth exhibit "22" to which contains Plaintiff's W-2's for 2013 **AND 2011** (your deponent recently found to which was not submitted to the court), Plaintiff's STAR exemption application to which he lists the marital home as your deponents' primary residence, your deponents November 2014 HELOC payment, your deponent's September 2014 credit card bill as well as January 2013 credit card bill to which the Plaintiff would withhold his deposit forcing the overdraft of the mortgage onto my separate credit card while my salary was direct deposit to the account, in essence your deponent paying the mortgage and also a signed statement from our pool guy with respect to the Plaintiff's avoidance of bills. Also encompassed is in fact your deponent's email to the Plaintiff requesting discussions on paying bills.    Of particulars the court will recognize surely that in fact the Plaintiff is an outright liar in stating that he wasn't hiding money, when nearly $37,000 a year as illustrated in comparing the two W-2's was being deferred while your deponent underwent several major and serious operations and still worked with 42-staples in his stomach.

18. Despite Plaintiff's calculations that this was "only a three year marriage" (how convenient when syphoning funds and converting funds fraudulently into retirement trusts and pensions), your deponent put forward evidence before this court that parties became domiciles in August 2010 and had joint bank accounts and car insurance policies commending that same time frame whether recognized as a marriage or not ,

and thus the mere entering into such contractual obligations with financial and banking institutions in and of itself establishes the intent of creating community property and therefore your deponents basis that all marital / community property for the purpose of the dissolution of the marriage and defining assets must be allowed to be commenced from August 2010 forward as any other such would be deemed discriminatory to what the law of the land now finally deems a right to each and every American, to love and marry any one of any sexual orientation, gender or creed.

19. By my calculation of numbers even going by Plaintiff's "3-yr rule", plaintiff intentionally withheld to cause financial strain onto marriage and bring financial ruins onto your deponent to the approximate sum total of $110,000 in deferred income as well as an audited approximate total of $217,000 of income that underhandedly went to subsidize Plaintiff's mother's living expenses day to day plus the $123,737 to which supported by the attached Equifax removal (and this court must re-assign such debtor to the Plaintiff's responsibility as such in its' entirety), the Plaintiff has drained form the marital relationship a total of $451,737.  Half of which equates to $225,868.50.

20. Together taking your deponent's $44,000 separate 401(k) property claim and such homestead exemption to which is your deponents' constitutional right for which $148,000 has been petitioned for homesteading in the martial home brings a sum total

whole from the deceptive financial abuse your deponent has suffered at the hands of the Plaintiff.

21. Your deponent puts forth as exhibit labeled "exhibit 23" marital home appraisal and comparison cost estimates to which value the marital home no more than $525,000 hence forth with a remaining mortgage of approximately $340,000 plus $123,737 in home equity owed leaves approximately $61,263 in equity. Plaintiff therefore quite easily displayed has no leg to stand on or claim on the marital home to even one red cent and continues as the exclusive occupant on the sole basis of his frauds and lies.

22. To that extent this court by not moving to vacate the pendente lite order of exclusive occupancy of the marital home granted to the defendant, not only contributes to prohibiting your deponent from asserting his constitutional rights to a homestead but further enables the concealment and potential washing away of Plaintiff's criminal acts of mortgage fraud and quite possibly insurance frauds and grand larcenies.

23. In further support of your deponents statements made herein, in the absence of financially being able to afford a transcript costing nearly $3,000 to support the fact that added to the allegations above, Plaintiff in open court during the hearing and trial admitted to flying for an order of protection frivolously, his ex parte cross order being intentional to "oust your deponent" from the home, your deponent respectfully requests that the court grant your deponent a witness subpenoa to depose via the

18


on the grounds of fraud, August 31, 2015 and serviced upon the defendant in that case

more than five (5) times as defendant has including as plaintiff in this proceeding done

nothing but attempt to circumvent and evade service as illustrated in the attached exhibit

copy of said Summons and Complaint labeled exhibit "24" all of the various forms of

notice given to both the party and his counsel from Simonetti & Associates.

26.    Your deponent asserts that the Kings County Proceeding therein is the only valid

proceeding to which exists having both summons and complaints served and filed and

straight forward unlike Plaintiff's games and falsehoods upon this court.

27.    Your deponent specifically alleges that Louis Simonetti, Esq and Maria G. Alibertis, Esq

in furtherance to the Plaintiff's lies and deceptive tales to this court in covering up

criminal acts of mortgage fraud, banking fraud, check fraud, identity theft, et al. have

violated such Rules of Professional Conduct Part 1200: DR 1-102(a) 1-5 and DR 2-

110(b), DR 7-102, DR 7-106, DR 9-101 and therefore further establishing themselves as

accomplices to the Plaintiff's actions and to which their representation of the Plaintiff to

the action should with immediate effect be disqualified.

## IMPORTANT BACKGROUND

28.    As first brought before this court upon my initial filing of an Order to Show Cause

(hereon in Motion 1), your deponent and counsel Natasha Meyer's brought to the courts

attention not only your deponents fragile state of health and many ailments but further put



conduct to which began prior to the parties solmization of the marriage which was just

four days subsequent to modification of N.Y. EXEC LAW § 296 (11) and 292 (2).

29.    Such is easily exhibited in the attached exhibit "25" to which are the parties March 2013

and August 2014 Credit Report Summary Pages that your deponent found within the

marital home as apparently the Plaintiff had been frequently pulling the parties'

respective credit reports. Your deponent points out that between the time period of March

2013 to August 2014, while undisputed that the Plaintiff was indeed the individual within

the marital household that managed and handled all finances even prior to the marriage,

your deponents debts increased.

30.    As displayed above and throughout Plaintiff's conduct does merit this court to hold him

accountable to explain and back up with documented evidence not just smoke screen

assertions as he has done for nearly a year and costing your deponent nearly $126,000 of

legal fees that your deponent certainly does not have.

31.    Your deponent now puts forward as exhibit "27" the Order to Show Cause and

affirmation from motion 9 to which is of Terence Christian Scheurer, Esq. reporting on

docket as filed September 30, 2015 to which clearly was signed prior to and as exhibited

in the transcript before Honorable Justice Patrick Leiss) the record on October 19, 2015

did in fact not reflect the actual order your deponent has received.

disingenuous act against your deponent given this application is the direct and complete

opposite to the facts and truth of what your deponent had been advised and working with

Terence Scheurer, Esq. as such and as stated previously in putting forward such defense

in support of establishing what the truths are facts are, your deponent's ability to a fair

and just proceeding in the within venue is now compromised to the extent that your

deponent, both by motion having properly been serviced previously and as I am making

herein again pursuant to N.Y. CVP. LAW § 510 and 511 requesting a change of venue to

Kings County should the entire action herein not be dismissible as argued below.

33. Your deponent only recently began realizing that Terry was actually forewarning what

the Plaintiff and his counsel were planning. Directing your attention to the various

CAPITALIZED WORDS, italics, under lined et al. to the attached exhibit '28' and for

which isolate words like "LIFT STAY', "NOT YOU", "SET THE RECORD

STRAIGHT, "CORRECT" etc. This is how I realized as attached and exhibited, in

March 2015 all of the motion submit dates were changed to be post-bankruptcy petition

where they actually were not attached hereto as exhibit '29' is the eTrack notification of

the same. I also began (as stated in my prior affidavits) realizing that the dockets was

continually being changed or touched even when there was no court appearances and

hence forth as illustrated in eTrack, your deponent fears for what must be in that docket

most for which must be all fabricated against your deponent.

Terry Schurer to Judge Riley with his motion to withdraw whereby he not only makes

references again using "quotes" but also italicizes certain words vs. underlines other

words including references to case law and citations for example:

> Paragraph 10 where he refers to DR 2-110 ( C) **(1)** (d) but only bolds (1) and not
> the rest of the reference citations?

> Paragraph 10 (e) on page 4, he underlines <u>Judiciary Law DR 2110</u> (not
> underlining 110)

35. As is evident from my understanding and emails to / from Terry Schreurer,
something happened August 20, 2015 back in Chambers off-record that he did a
complete 180 on me from what we had discussed given the gregarious and fraudulent
lies and conduct of the Plaintiff to which I am beginning to be of the belief or
question if there is in fact reason to believe there may be a perceived impropriety
before the court possibly for the fact that I am gay, jewish or the plaintiff's uncle
being tied in some way to Justice Reilly's campaign for election to the Supreme
Court in some way or the Plaintiff's Uncle and his friendship to Justice Paul Senzer
and the Huntington Republican Committee or even the Plaintiff's friendship with
Frank Patrone, Huntington Town Supervisor that caucused for candidates in the 2013
election for Town Attorney which Justice Reilly took a run for or event that Tracey
Roethel, Principal of the ~~Willow~~ School in Huntington, NY that I believe Justice
Reilly is very familiar with, as he visits the children there and apparently Mrs.
Reilly's class. Tracey Roethel not only was in attendance as a guest of ours at our
wedding, but Mrs. Reilly's boss is in fact very good friends and a long-time colleague
to the Plaintiff. Affixed is supporting document of the same as exhibit "30"

any knowledge of (as I did not, till now) where Justice Reilly resides, however in the Plaintiff's Affidavit and Opposition papers, he informs us that in fact Justice Reilly and his uncle live in the same town of Northport, NY.

37. Henceforth, your deponent respectfully requests as exhibit through Mr. Schrurer's emails but never having made the motion on your deponents' behalf, your deponent requests Justice Reilly's recusal and further seeks approval for a witness subpoena of Terence Christian Schrurer, Esq.

### AS TO RECUSUAL/ DISMISSAL/CHANGE OF VENUE

38. Mr. Schrurer eludes in paragraph 15 of his affirmation referencing exhibit A and sub-exhibit B was basically referencing to your deponent to go back to the original email exchanged and in fact what that led to discovering is further backed up in the court transcript before the Honorable Justice Bivona on April 3, 2015 to which your deponent appeared and is attached hereto as exhibit "31" referencing page 13, line 15 "COURT: ".....you've been served with a summons. I don't know that you've been served with a complaint...." Hence some seven months after filing said summons, Judge Bivona confirms no complaint on record hence forth your deponent moves to dismiss this entire proceeding as the verified answer is technically void.

39. Attached hereto exhibit "31" are the Summons, **BLANK** Affidavit of Service (as your deponent was never personally served a summons), a Verified Complaint apparently served but **NEVER** filed and thereafter a mysterious "Sworn Statement /Acknowledgement of Service" from Mr. Simonetti's law firm clearly erroneous by

Complaint September 11, 2014 whereas, Mr. DeRossi's notice of appearance only was sent via first class mail on September 11, 2014 and the Verified Complaint wasn't signed by either party until September 16 and 18th respectively with an affidavit from Simonetti's office notarized on September 22nd stating and affirming that on the September 23rd service was performed. How does one attest to doing something they have yet done? Such performance by Mr. Simonetti and his firm is a direct violation of New York State Rules of Professional Conduct Part 1200 and to which has made this entire proceeding a yearlong game by the Plaintiff and his counsel against your deponent and this court.

39. Furthermore, while the plaintiff's falsehoods continue to be the life of the proceeding, plaintiff has been engaging in conduct outside this court room that is beyond the bounds of human decency.

40. While the plaintiff deserves to do jail time for what he's done not just to me, but for the criminal activities he's engaged, such will never repair what hurt the reality of who and what he really is has been. Moreover, plaintiff as even greater a priority isn't to answer to me for what he's done, plaintiff even in my few attempts to exchange dialogue or try to take a step in a better direction as exhibited in the attached     email     from     April     2015     labeled     exhibit 32", Plaintiff cowardly runs or hide instead of owning what he's done. But the single

 

persons each year who he's not lived up to being the person they believe him to be.

WHEREFORE, based on the statements and allegations contained herein, Defendant demands an Order of this court:

    a.  Dismissing the proceeding herein pursuant to CPLR 3126 with prejudice to this venue and county or if so deemed not dismissible, granting Defendants request for Change of Venue to Kings County Supreme Court consolidating the case herein with Index No. 54031-2015

    b.  Disqualifying counsel to the Plaintiff for Violations of New York State Rules of Professional Conduct Part 1200

    c.  Granting Defendant' application for a witness subpoena to obtain depositions from Jennifer Schenker, Esq and Terence Schruer, Esq. as and for the related references herein.

    d.  Holding Plaintiff, Louis Simonetti, Esq and Maria G. Alibertis, Esq, liable for all legal expenses paid and owed in association with the proceedings herein for the representation of the Defendant paid and owed to date in an estimated sum of $126,000.

e.  Holding ⬤ directly accountable for estima..o.. f business and income

suffered by the Defendant since December 2014 to the approximated sum total of

$40,000 as conveyed in prior motions before this court.

f.  Issuing an award of compensatory damages to the Defendant in the sum total of

Plaintiff's entire deferred income between 2011-2014 in a sum total of $110,000.

g.  Granting such other and further reliefs the court deems just and proper and it is

further

Sufficient case appearing therefore it is ORDERED, that pending the hearing and determination

of the within application:

e.  Respectfully requesting in an effort to avoid any questionable appearance of

impropriety that Justice Reilly recuse himself

f.  Vacating the June 23, 2015 pen dente lite order of the court removing any and all

barriers to the Defendant's right to homesteading of the marital residence

g.  Defendant' application for a witness subpoena to obtain depositions from Jennifer

Schenker, Esq and Terence Schruer, Esq. as and for the related references herein is

granted

h.  Attorney's Louis Simonetti, Esq. and Maria G. Alibertis are disqualified from

representation of the Plaintiff to the within action

27

i.   Defend: _est for a change of venue is here _gr_ _ed and the return of this

motion and review of the same be done in consolidation with Kings County Index.

No. 54031-2015.

No prior application for the same reliefs has been requested before this

Respectfully Submitted:

Date:        November 27, 2015

Brian H. Denker-Youngs
25 Boerum Street #18E
Brooklyn, NY 11206

State of: New York
County of Suffolk
Sworn to this 27th day of November 2015

MICHAEL D. VARRIALE
Notary Public, State of New York
No. 01VA6297378
Qualified In Suffolk County
Commission Expires February 18, 20_LY_

Cc:    United States Government Attorney
       271-A Cadman Plaza East
       Brooklyn, NY 11201

       Honorable Chief Justice Carla E Craig
       United States Bankruptcy Court – Eastern District of New York
       271-C Cadman Plaza East
       Brooklyn, NY 11201

       Honorable Justice Carl J. Landicino
       Supreme Court State of New York
       County of Kings
       360 Adams Street
       Brooklyn, NY 11201

You have been Bought with a price!

# ABOFF'S
### The Choice For Color Since 1929

Blood of Christ!

# Pro-Show

John - FOR GOD's sake listen to HIS WORD

Ecclesiastes

12 : 13 & 14

13    Fear God and keep his Commandments - for this is the whole duty of man -

14. For God will bring every deed into judgement; incl. every hidden thing whether it is good or evil.

I Cor 6 : 9 - 20

- I Cor. 9 - Do not be deceived Neither sexually immoral nor idolaters, no male prostitutes nor homosexual offenders nor thieves nor swindlers greedy or drunkards will inherit the kingdom of God

- We must obey God ! all else is unimportant

JOB # _____    DATE _____

DESCRIPTION: _____

LABOR: _____    TEL # _____

VENDOR: _____    TEL # _____

MATERIAL:

Lets us all take a good look at ourselves
and realize how truly sinful we are.
Immorality is always wrong.
Homosexuality is gross immorality
totally against God Design.
John how can you possibly fall
for this just to get a good friend.
You need to know that only Christ
Can heal your emotional needs and
When you have learned that then
you can make good friends.
You need to break all ties with
these friends and ask God the
strength to do this & to forgive you
for given yourself to them.

John
You have been drawn
into the wrong kind
of thinking [Deceived]
Just like anyone
that gets involved in
a cult - you are deceived!
You are God's special child
He can & will meet your
every need if you'll only
let him - Do not throw
your life & testimony
for him away for a
bunch of "nice guys"
who subconsciously are
poisoning your mind.
DO something Run away
from that destructive
life style - you'll will lose
everything. ( your desperate
Marline friends

Appendix V

Dear John                                              11/7/10

Just wanted to let you know that you are loved!

As I was in church this morning, I was reminded of the fact that, as christians we are the son's of God. That in 1 John 1—2 it states also that the world knows us not It reminded me if the fact that because we belong to Jesus we are to seperate ourselves from the world. Verse 3 states that "every man that has this hope in him purified himself, even as He (Jesus) is pure.

It reminded me, as God spoke to me, thru His word, that I personally have a long way to go. But the fact remains that we are to seperate ourselves from the world and its ideas. The world me say that certain things are alright, but when the Bible states the opposite we need to follow God's word — We are to be different. Not to seek after the world but after Christ. and to be more like Him.

God has set each of us apart for His purpose, not our own. We are to follow after Him.

2/13/13

Lieve John

_W_hen a son
is as thoughtful as you are,
you want him to know
how much you appreciate
all he does…

When a son
is as special as you are,
you hope for
all life's best for him —
things like happiness,
success, and love…

_A_nd when a son
is as wonderful as you are,
you just can't help
but love him more, yourself,
with every year that passes.

_Happy Birthday_

Much love
always!

Mom

John 14:16-17



SEARCH THE BIBLE

FIND A BIBLE VERSE

( Search )    | John          ▾ |  Chapter: 14    ( Find )

## John 14:16

## And I will pray the Father, and he shall give you another Comforter, that he may abide with you for ever;

*- King James Bible "Authorized Version", Cambridge Edition*

Bible Verses like John 14:16  |  Inspirational Image for John 14:16

Share This Verse:  

<< Read previous verse: John 14:15                    Read next verse: John 14:17  >>

<< Read the whole chapter of John 14

<< Read the entire book of John

## Steven P. Kuhn

New York Family Law Attorney. Contact Us For A Free Consultation.

## *Other Translations of John 14:16*

And I will pray the Father, and hee shall giue you another Comforter, that he may abide with you for euer,
*- King James Version (1611) - View 1611 Bible Scan*

"I will ask the Father, and He will give you another Helper, that He may be with you forever;
*- New American Standard Version (1995)*

And I will pray the Father, and he shall give you another Comforter, that he may be with you for ever,
*- American Standard Version (1901)*

And I will make prayer to the Father and he will give you another Helper to be with you for ever,
*- Basic English Bible*

God has made us to SOAR like Eagles We are to soar above our circumstances. God uses things in our lives to make us more like Jesus

What impressed me is that as Christians we are Gods children. What does that really mean? To me it means to become or be more like Jesus — Some days I am better at this than others, I need to grow But, what I really wanted to say is. You are Gods child, Does your life portray Christ? Does my life portray Christ. In 1 Peter 2:9—11 It also says that we are a chosen Generation (Set apart)

Too, Remember even in the Garden Jesus prayed for us (John 17:14—26)

John, as you make decisions for your future, Remember that God has called you to be set apart from this world. You are Special and He does have a plan for you! as He has for each of us when we Surrender our plans to Him every day.

love
Aunt Nessie

John,                          4/15

Please make time
to read. — You do
have time —
but you choose to
spend it in
your "other" life —
this continues to
Break my heart (

                    mom.

| | |
|---|---|
| **From:** | MATJE YOUNGS <nlmatty@hotmail.com> |
| **Sent:** | Friday, February 03, 2006 9:26 AM |
| **To:** | blutitan@optonline.net |
| **Subject:** | Romans Chapter 1 |

John:
Read it every day.  It is very clear to me!
Mom









# ROMANS

---

### Greeting

1 Paul, [a] a servant[1] of Christ Jesus, [b] called to be an apostle, [c] set apart for the gospel of God, 2 which [d] he promised beforehand [e] through his prophets in the holy Scriptures, 3 concerning his Son, [f] who was descended from David[2] [g] according to the flesh 4 and [h] was declared to be the Son of God [i] in power according to the Spirit of holiness by his resurrection from the dead, Jesus Christ our Lord, 5 through whom [j] we have received grace and [k] apostleship [l] to bring about the obedience of faith for the sake of his name [m] among all the nations, 6 including you who are [n] called to belong to Jesus Christ,

7 To all those in Rome who are loved by God and called to be saints:

[o] Grace to you and peace from God our Father and the Lord Jesus Christ.

### Longing to Go to Rome

8 First, [p] I thank my God through Jesus Christ for all of you, [q] because your faith is proclaimed in all the world. 9 [r] For God is my witness, [s] whom I serve with my spirit in the gospel of his Son, [t] that without ceasing I mention you 10 always in my prayers, asking that somehow [u] by God's will I may now at last succeed in coming to you. 11 For [v] I long to see you, that I may impart to you some spiritual gift to strengthen you—12 that is, that we may be mutually encouraged [w] by each other's faith, both yours and mine. 13 I do not want you to be unaware, brothers,[3] that [x] I have often intended to come to you (but [y] thus far have been prevented), in order that I may reap some [z] harvest among you as well as among the rest of the Gentiles. 14 [a] I am under obligation both to Greeks and to [b] barbarians,[4] both to the wise and to the foolish. 15 So I am eager to preach the gospel to you also who are in Rome.



## The Righteous Shall Live by Faith

16 For [d] I am not ashamed of the gospel, for it is [e] the power of God for salvation to everyone who believes, to the Jew [f] first and also to [g] the Greek. 17 For in it [h] the righteousness of God is revealed [i] from faith for faith,[5] [j] as it is written, "The righteous shall live by faith."[6]

## God's Wrath on Unrighteousness

18 For [k] the wrath of God [l] is revealed from heaven against all ungodliness and unrighteousness of men, who by their unrighteousness suppress the truth. 19 For what can be [m] known about God is plain to them, because God has shown it to them. 20 For his invisible attributes, namely, his eternal power and divine nature, [n] have been clearly perceived, ever since the creation of the world,[7] in the things that have been made. So they are without excuse. 21 For although they knew God, they did not honor him as God or give thanks to him, but they [o] became futile in their thinking, and their foolish hearts were darkened. 22 [p] Claiming to be wise, they became fools, 23 and [q] exchanged the glory of [r] the immortal God for images resembling mortal man and birds and animals and creeping things.

24 Therefore [s] God gave them up in the lusts of their hearts to impurity, to [t] the dishonoring of their bodies among themselves, 25 because they exchanged the truth about God for [u] a lie and worshiped and served the creature rather than the Creator, [v] who is blessed forever! Amen.

26 For this reason [w] God gave them up to [x] dishonorable passions. For their women exchanged natural relations for those that are contrary to nature; 27 and the men likewise gave up natural relations with women and were consumed with passion for one another, [y] men committing shameless acts with men and receiving in themselves the due penalty for their error.

28 And since they did not see fit to acknowledge God, [z] God gave them up to [a] a debased mind to do [b] what ought not to be done. 29 They were filled with all manner of unrighteousness, evil, covetousness, malice. They are full of envy, murder, strife, deceit, maliciousness. They are gossips, 30 slanderers, haters of God, insolent, haughty, boastful, inventors of evil, disobedient to parents, 31 foolish, faithless, heartless, ruthless. 32 Though they know [c] God's righteous decree that those who practice such things [d] deserve to die, they not only do them but [e] give

 

approval to those who practice them.

*Footnotes*

[1] **1:1** Or *slave* (for the contextual rendering of the Greek word *doulos,* see Preface)

[2] **1:3** Or *who came from the offspring of David*

[3] **1:13** Or *brothers and sisters*. The plural Greek word *adelphoi* (translated "brothers") refers to siblings in a family. In New Testament usage, depending on the context, *adelphoi* may refer either to men or to both men and women who are siblings (brothers and sisters) in God's family, the church

[4] **1:14** That is, non-Greeks

[5] **1:17** Or *beginning and ending in faith*

[6] **1:17** Or *The one who by faith is righteous shall live*

[7] **1:20** Or *clearly perceived from the creation of the world*

### Romans 1

Live Support    Feedback    Donate    News and Updates    © 2001–2015

**From:** MATJE YOUNGS <nlmatty@hotmail.com>
**Sent:** Thursday, February 02, 2006 10:20 PM
**To:** blutitan@optonline.net
**Subject:** Where are you?

John:
I have been trying to call you for the last hour. I can't get a hold of you and I am very concerned.
Dad said you brought someone to Chamberlin's house who he did not care for.
He seemed very disturbed about it.
What is going on?
Ever since you came back from Florida, you are not acting right.
I have a very heavy feeling that something is very wrong. Do not let this guy move in.
You are better off selling the house.
Call me when you get home.
Mom



**From:**     MATJE YOUNGS <nlmatty@hotmail.com>
**Sent:**     Wednesday, May 24, 2006 5:30 PM
**To:**       blutitan@optonline.net
**Subject:**  PASTOR MAC STARLING

JOHN:

I TALKED TO PASTOR MAC STARLING THIS AFTERNOON. I GOT HIS NAME FROM YVONNE.

PLEASE CALL HIM FRIDAY AFTER SCHOOL. (HE IS BUSY TOMORROW)

HIS PHONE#1-603-444-2763 EXT.14

HE HAS GREAT UNDERSTANDING OF YOUR STRUGGLES.

LOVE,
MOM

PS: REMEMBER, I WILL FIGHT FOR YOU THE REST OF MY LIFE. YOU ARE WAY TOO VALUABLE TO US.

6/28

Dear Mom,

I guess it's time for me to write you a letter. I don't always remember what I want to say when we talk because I get flustered when you're upset.

First of all, please remember that I do love the Lord. My relationship with God is a special one. I speak with Him every day. I greet Him each morning to start my day off.

Secondly I want you to ~~remember~~ remember that I am the same person. My thoughts on this subject have been with me for a long time. Please don't put the blame on my friends. Yes, we discuss things, but we also do very normal, regular and everyday stuff together.

You've asked me why didn't I come to you sooner with this issue. I would have to say that I didn't know how you and Dad would respond. I knew your feelings on the issue, and I didn't want to hurt you. I only gave you the full story after you kept asking. I felt that your not knowing what was going on was more difficult for you.

You've also said to me, that I used to be so close
to the Lord and that I know the Bible so well.
Well, I still am close to the Lord. That's the only way I'm
getting through this. Yes, I do know a lot about the Bible.
That hasn't changed, but I am looking into the passages
that deal with this issue. I've gotten some books to
help me understand it better.

Because of what I was taught, I repressed these
feelings. I knew they were there and strong. I prayed
daily and consistently for them to go away. I
whole heartedly and earnestly went through all the
steps for freedom in Christ. I truly believed that
would be the end of it. It wasn't. I went up
during special prayer times and had many discussions
with the Lord about this. No matter how much I
wanted these feelings and thought process to change
they would not.

I have not "given in" to these feelings, but
rather believe that I should understand them.
I don't have a proud spirit with the attitude
that goes along with it. I am willing to
speak with a counselor, but I don't want it
to be someone from our everyday
experiences. I would not be able to open
that person.

I have already called the 1800-New-Life #, the Exodus # and Hope Dept Ministries #. There were no counselors available at those numbers. I even called Exodus again today to get more numbers, but they're closed on Saturdays and Sundays.

I've always done my best to be the best son I could be to you and Dad. I have tried to please you and make you feel proud (in the positive sense.) I still have that as one of my goals. I am not just trying to appease you. I would like to work through it with you at the right pace. So, please be patient.

There are lots of other things running through my mind, but I guess this will be it for now.

Love,
John

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X

EDWARD JOHN DENKER-YOUNGS                    INDEX NO.: 16968-2014

       *Plaintiff*

     -against-

BRIAN H. DENKER-YOUNGS
      *Defendant, Pro Se*
-------------------------------------------------------------X

---

## MOTION TO RECUSE

Pursuant to CPLR 130-1.1, upon the presentation of the papers herein, as defendant *Pro Se*, under penalty of perjury, I am familiar with the papers and contentions herein and attest to the fact that the contents are not frivolous as defined in section 130-1.1

---

*By Defendant Pro Se*

    Brian H. Denker-Youngs, *Pro Se*
    25 Boerum Street Apt 18E
    Brooklyn, NY 11206
    917.373.5019
    253.461.2543 *(fax)*
    bhdenker@gmail.com

Dated: December 19, 2015

    Brian H. Denker-Youngs

---

Service of a copy of the within        is hereby submitted,

Dated:                 -----------------------------------

---

PLEASE TAKE NOTICE:

1. NOTICE OF ENTRY
   that the within is a (certified) true copy of a  duly entered in the office of the clerk of the
   within named court on          20___

2. NOTICE OF SETTLEMENT
   that an order                  of which the within is a true copy will
   be presented for settlement to the       one of the judges of the within named
   Court, at          on      ,20___ at 9:30 a.m.

Dated: _____, 2015

                _____
                Brian H. Denker-Youngs, *Pro Se*