

Richard J. McCord, Trustee
Estate of Brian H Denker-Youngs
Certilman, Balin, Adler & Hyman, LLP
90 Merrick Avenue 9th Floor
East Meadow, NY 11554

<u>RE: BRIAN H. DENKER -YOUNGS</u>

**ADVESARIAL PROCEEDING**

December 20, 2015

Dear Mr. McCord:

It has come to my attention that Mr. Morrison should have and neglected to file notice of an "adversarial proceeding" that I in fact had commenced against my estranged spouse and his mother in Kings County to which I've attached the Summons and Complaint together with Edward's appearance and verified answer. Notwithstanding that I believe my mother-in-law to be in default as she has neither made an appearance nor responded to the complaint.

At present an RJI had been filed and I requested it be enjoined with the Kings County Divorce action to which on January 20, 2016 we will be in front of the Honorable Judge Carl J Landicino for oral argument on a motion at which time I plan to ask Judge Landicino if in fact moving forward to grant my request on an oral motion to enjoin the two. As the allegations do concern my estate, I am happy to explore perhaps motioning before the Honorable Judge Craig to litigate the matter before the Bankruptcy Court since much of the complaint is of course relevant to my financial state at present.

Please feel free to let me know if you have any further questions. Additionally, per my prior filings and in anticipation of the hearings schedule for January 13, 2016, I do respectfully request that should any depositions of my estranged spouse and/or mother-in-law be scheduled or take place that I together with special counsel to the debtor, be included in those proceedings and taking part in them as I put forward on motion pending before the court.

Please feel free to contact me should you have any further questions at 516.462.0895.

Sincerely,

Brian H. Denker-Youngs

Cc:     Chambers – The Honorable Justice Carla E. Craig (to Chambers)
        The United States Trustee (mail)
        Jacqulin Loftin, Esq (mail)

RECEIVED

2015 DEC 23   A 11:47

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------x

BRIAN H. DENKER-YOUNGS    *Pro Se*

                              *Plaintiff*

                    -against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,
aka JOHN J DENKER-YOUNGS,
EDWARD JOHN YOUNGS
AND MATJE G YOUNGS and/or
THE LIVING OF MATJE G. YOUNGS
                              *Defendants*

--------------------------------------------x

INDEX NO.: ~~540013-015~~

S11259/2015

**SUMMONS**

# ACTION AND COMPLAINT FOR
# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND
# FRAUD

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy

of your answer on the Plaintiff within twenty (20) days after the service of this summons, exclusive of the

day of service, where service is made by delivery upon you personally within the State of New York, or

within thirty (30) days after completion of service where service is made in any other manner.  In case of

your failure to appear or answer, judgment will be taken against you by default for the relief demanded in

the complaint.

Dated:  September 11, 2015

Defendant's Address(es)
33 Pennington Drive
Huntington, NY 11743

316 W Neck Road
Huntington, NY 11743

BY: BRIAN H. DENKER-YOUNGS,    *Pro Se*

25 BOERUM STREET APT 18E
BROOKLYN, NY 11206
e: bhdenker@gmail.com
m: 917-373-5019

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------x

BRIAN H. DENKER-YOUNGS      *Pro Se*

INDEX NO.:

Plaintiff

-against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,
aka JOHN J DENKER-YOUNGS,
EDWARD JOHN YOUNGS
**AND** MATJE G YOUNGS and/or
THE LIVING TRUST OF MATJE G. YOUNGS

VERIFICATION

Defendant

-----------------------------------------------------x

VERIFICATION

I, BRIAN H. DENKER-YOUNGS, am the PLAINTIFF in the above-entitled action. I have read the foregoing CAUSE FOR ACTION and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed, this 11th day of September 2015 in KINGS COUNTY, NY.

SIGNED: _____

DATED: _____9 / 11 / 20 15_____

JACQUELINE L VELOSO
Notary Public - State of New York
NO. 01VE6241387
Qualified in Queens County
My Commission Expires 8/5/2019

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x

BRIAN H. DENKER-YOUNGS          *Pro Se*

                                        Plaintiff

-against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,
JOHN J DENKER-YOUNGS,
**AND** MATJE G YOUNGS and/or
THE LIVING OF MATJE G. YOUNGS

                                        Defendants
------------------------------------------------------------x

INDEX NO.:

COMPLAINT
CAUSE  FOR ACTION

PLAINTIFF COMPLAINS AND FOR CAUSES OF ACTION ALLEGES AS FOLLOWS:
BEGINNING ON/AROUND JANUARY 2013 TO <u>PRESENT DAY</u>:

### CAUSE OF ACTION

### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FRAUD, AND PAIN & SUFFERING</u>

1.  Plaintiff, BRIAN H. DENKER-YOUNGS is ignorant of how many actual true names and
    capacities and therefore sues all aliases and thereafter any the defendant may go by with such
    fictitious names. Plaintiff will amend this complaint to allege their true names and capacities
    when ascertained.

2.  Defendant EDWARD J. DENKER-YOUNGS is estranged spouse to the Plaintiff, and at all
    times herein mentioned was a resident of the Town of Huntington, County of Suffolk, State
    of New York.

3.  Defendant MATJE G. YOUNGS aka and represented therein also by THE LIVING  TRUST
    OF MATJE G. YOUNGS, is the estranged mother-in-law to the Plaintiff and at all times

herein mentioned was a resident of the Town of Huntington, County of Suffolk, State of New York.

4. Plaintiff is the estranged spouse and informed and believes and thereon alleges that upon false misrepresentation by the defendant as to being "Protestant" to which **_he is not_**, at all times herein mentioned, each of the defendants sued herein were parties to a legalized same-sex religious Jewish marriage ceremony on July 30, 2011 in Lake Ronkonkoma, NY

5. PLAINTIFF alleges that shortly thereafter, DEFENADNT intentionally and in secrecy engaged in conduct that did not give rise to the defendant's spousal obligations and implied "marital contract", rather Defendant engaged in conduct in direct breach of his husbandly duties bringing about and causing the Plaintiff dire financial and economic harm, emotional distress and abuse and did not fulfill upon his husbandly duties and obligations.

6. PLAINTIFF alleges Defendants' mother's conduct was intentional, having hate and disdain for homosexuals and non-messianic believing Jews, with intent, to the extent that aside from letters of hate and disdain, Defendant Matje inscribed to Defendant Edward in his 2014 birthday card quoting the gospel of "John" - vowing to find "her son another to abide with forever", and for which such acts have caused Plaintiff and the marriage total and complete injury also, concealing, conspiring and withholding in accounts also baring her name and/or benefiting her the same, caused financial and economic harm, abuse, and emotional distress to the Plaintiff.

7. Given the many severe health challenges and life threatening operations and difficult recoveries, DEFENDANT's behavior as such is beyond outrageous, goes beyond the bounds of human decency and should never be allowed or tolerated to have any human being

subjected to. Such behavior has caused Plaintiff to suffer humiliation, mental anguish, and emotional distress, pain and suffering.

8. On January 2, 2013, DEFENDANT without consent made contact to Plaintiff's credit card committing an act of identity theft and completed an unauthorized balance transfer of Four Thousand Dollars $4000 from Defendant's Chase Sapphire credit card to Plaintiff's Discover account causing PLAINTIFF intentional financial hardships.

9. On January 2, 2013, DEFENDANT intentionally withheld funds and prevent such funds from being deposited causing financial overdrafts onto PLAINTIFF's Chase Slate credit card in the amount of Twelve Hundred Fifty-Dollars ($1250) causing PLAINTIFF intentional financial hardships.

10. On January 7, 2013, while Plaintiff was hospitalized having under gone spinal surgery at Northshore Long Island Jewish - Huntington Hospital, DEFENDANT or someone permitted by DEFENDANT, utilized PLAINTIFF's Bank of America Credit Card to make purchases at Burger King, Rite Aid, CVD and a Floral shop in Farmingdale, NY, intentionally adding debts and expending PLAINTIFF's monies while incapacitated causing Plaintiff intentional financial hardships.

11. On / about February 24, 2013 during the early morning hours PLAINTIFF suffered a sudden onset and complications from having undergone spinal surgery and became temporarily paralyzed in pain. During which time while awaiting return call instructions from the surgeon, DEFENDANT deemed it appropriate to which while PLAINTIFF laid in bed in fear, DEFENDANT decide to pleasure himself to climax whereas, DEFENDANT drew pleasure upon PLAINTIFF's time of fear and medical emergency. Such deplorable behavior was intentional to further abuse the PLAINTIFF.

12. On March 16, 2013 DEFENDANT intentionally withheld funds and prevented such funds from being deposited into bank accounts causing overdrafts onto PLAINTIFF's Chase Slate credit card in the amount of Six Hundred Fifty-Dollars ($650) causing PLAINTIFF intentional financial hardships.

13. On September 2, 2014, DEFENDANT intentionally withheld funds and prevented such funds from being deposited into bank accounts causing overdrafts onto Plaintiff's Chase Slate credit card in the amount of Twelve Hundred Dollars ($1200) causing PLAINTIFF financial hardships.

14. During the time period of May 2012 thru September 2014, DEFENDANT with pre-mediated intention concealed, restricted access and hid marital income and funds commingling funds with his mother in the approximate sum total of Two Hundred Seventeen Thousand Dollars ($217,000) intending to cause PLAINTIFF intentional financial hardships.

15. On September 2, 2014, DEFENDANT willfully with intent files under false allegations and pretense a complaint against the PLAINTIFF for an Order of Protection, causing significant emotional pain and suffering, humiliation and legal expenses with a sum total include of damages of Twenty-Five Thousand Dollars ($25,000) causing PLAINTIFF intentional emotional distress and financial hardships.

16. On August 4, 2013, DEFENDANT stole checks from PLAINTIFF'S business and forged checks without consent belonging to Modern Divinities Corp. in the amount of Five Hundred Dollars ($500) causing PLAINTIFF intentional financial hardships.

17. On August 7, 2013, DEFENDANT stole checks from PLAINTIFF'S business and forged checks without consent belonging to Modern Divinities Corp. in the amount of One Thousand Five Hundred Dollars ($1500) causing PLAINTIFF intentional financial hardships.

18. On August 16, 2013, DEFENDANT stole checks from PLAINTIFF'S business and forged checks without consent belonging to Modern Divinities Corp. in the amount of One Thousand Five Hundred Dollars ($1500) causing PLAINTIFF intentional financial hardships.

19. On July 23, 2013, DEFENDANT took mail addressed to RABBI BRIAN H. DENKER-YOUNGS, and without consent took and utilized, misappropriating funds belonging solely to the PLAINTIFF's business in the amount of FOUR HUNDRED DOLLARS ($400) causing PLAINTIFF intentional financial hardships.

20. On March 23, 2013, DEFENDANT without consent took and utilized a check in the sum amount of Four Hundred Dollars ($400) to which he stole and withheld for some Five months since October 12, 2012 converting and misappropriating such funds for his own sole purposes causing intentional financial hardship for the Plaintiff.

21. During the time frame between August 27, 2014 and present, DEFENDANT has engaged in course of conduct torturous and abusive in nature, conveying pathological lies with the intent of harming and bringing about financial ruins for the PLAINTIFF, causing such economic strain by forcing extraneous amounts of legal fees in the amount of One Hundred Twenty Six Thousand Dollars ($126,000).

22. Wherefore, prior to 2011, DEFENDANT gainfully ensured his employment during the months of July and August earning income to support himself in excess of nearly Seven Thousand Dollars ($7000) each year. Thereafter in 2011, 2012 and 2013, DEFENDANT refused to seek employment and forced the PLAINTIFF to go out to work and refused to work as his mother demanded he tend to her needs and desires around her home, despite PLAINTIFF ailing in poor health, DEFENDANT refused to go out to work and secure earnings, PLAINTIFF suffered increased psychical pain and suffering, working at times with

42-staples within PLAINTIFF's stomach to which DEFENDANT intentionally deprived the household and PLAINTIFF of nearly Twenty-One Thousand Dollars ($21,000) in potential earnings to have helped PLAINTIFF be able to recuperate faster and with less physical pain.

23. From October 2013 thru June 2014, DEFENDANT needlessly and intentionally withdrew without consent assigning debt and liability onto the PLAINTIFF upon secured credit lines of equity with the intended purpose to cause and inflict economic burdens upon the Plaintiff utilizing in such a short time frame paying funds in excess to DEFENDANTS sole and private Credit cards monies in total of One Hundred Twenty-Three Thousand Dollars ($123,000).

24. Defendant Matje G Youngs for a period of time commencing in early 2013 thru 2014, upon information and belief issued checks in excess of nearly Ten Thousand Dollars ($10,000), at times affixing and forging Defendant Edward's signature withdrawing funds upon the Plaintiff and Defendant Edward's joint Chase checking account for her own purposes without consent from the Plaintiff or informing the Plaintiff of the same, paying for housekeeper and grounds expenses to the home located at 316 W Neck Road, Huntington NY 11743.

25. Defendant Matje Youngs through conspired efforts with Defendant Edward and the Living Trust of Matje G Youngs benefited throughout the period and time-span of dissipating equities, withholding and concealing marital income form the Plaintiff and to which PLAINTIFF makes the demand for the return of all funds.

26. The Defendant's together, intentionally planned and victimization, financially and economically abused the Plaintiff's seeking to injure and inflict harm, emotional distress, and strip away Plaintiff's financial independence and credit worthiness causing permanently and

irrevocable harm steaming from his documented and proven disdain for homosexuals, as Defendant and his family portray in their own words and letters.

WHEREFORE, the plaintiff prays judgment against defendant as follows:

As and for:

1. An award for punitive damages to which has caused Plaintiff severe emotional distress, economic and financial harm and abuse, emotional pain and suffering in the sum of One Hundred Thousand Dollars ($100,000);

2. Extraneous legal fees directly resulting from DEFENDANT's willful and intentional pathological lying, financial thefts of moneys, debt assignments, granting an award for exemplary damages in the amount of Two Hundred Forty-Four Thousand Nine-Hundred Dollars ($244,900);

3. Monies DEFENDANT together with his mother commingled, converted and withheld from DEFENDANT and the marital household, a punitive award of half in the sum of One Hundred and Eight Thousand Dollars ($108,000).

Together with any and such other and further relief as the court may deem proper.

DATED: 09/11/2015

_____

BRIAN H. DENKER-YOUNGS
25 BOERUM STREET #18E
BROOKLYN, NY 11206
TEL: 917-373-5019
EMAIL: BHDENKER@GMAIL.COM
FAX: 253-461-2543

9

Circuit Court for KINGS COUNTY
City or County

# CIVIL - DOMESTIC CASE INFORMATION REPORT

***DIRECTIONS:***

***Plaintiff:*** *This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111.* ***A copy must be included for each defendant to be served.***

***Defendant:*** *You must file an Information Report as required by Rule 2-323(h).*

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE***

FORM FILED BY: [X] PLAINTIFF [ ] DEFENDANT CASE NUMBER ____________ (Clerk to insert)

CASE NAME: BRIAN H. DENKER-YOUNGS (Plaintiff) vs. EDWARD J. DENKER-YOUNGS etc / Matj (Defendant)

PARTY'S NAME: Matje G Youngs / Edward Youngs etc PHONE: ( 917 ) 373 - 5019 (Day Time Phone)

ADDRESS: 25 BOERUM STREET APT 18E

PARTY'S ATTORNEY'S NAME: PRO SE PHONE: ( 917 ) 373 5019

ATTORNEY'S ADDRESS:

[ ] I am not represented by an attorney

RELATED CASE PENDING? [X] Yes [ ] No If yes, Court and case #(s) if known: 054013/2015

Special Requirements? [ ] Interpreter (Please attach Form CC-DC 41)

[ ] ADA accommodation (Please attach Form CC-DC 49)

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation [ ] Yes [ ] No
B. Arbitration [ ] Yes [ ] No
C. Settlement Conference [ ] Yes [ ] No
D. Neutral Evaluation [ ] Yes [ ] No

IS THIS CASE CONTESTED? [X] Yes [ ] No If yes, which issues appear to be contested?

[X] Ground for divorce
[ ] Child Custody [ ] Visitation
[ ] Child Support
[ ] Alimony [ ] Permanent [ ] Rehabilitative
[X] Use and possession of family home and property
[X] Marital property issues involving:
 [ ] Valuation of business [X] Pensions [X] Bank accounts/IRA's [ ] Real Property
 [X] Other: FINANCIAL INFIDELITY / CONVERSION OF FUNDS, IIE, FRAUD
[ ] Paternity
[ ] Adoption/termination of parental rights
[X] Other: LARCENY, FRAUD

Request is made for: [ ] Initial order [ ] Modification [ ] Contempt [ ] Absolute Divorce [ ] Limited Divorce

For non-custody/visitation issues, do you intend to request:
[X] Court-appointed expert (name field) ACCOUNTIN [ ] Mediation by a Court-sponsored settlement program
[X] Initial conference with the court [X] Other: COUNSEL APPOINTED BY THE COURT

For custody/visitation issues, do you intend to request:
[ ] Mediation by a private mediator [ ] Appointment of counsel to represent child (...)

CASE NAME BRIAN DENKER-YOUNGS  vs  EDWARD J DENKER-YO  CASE NUMBER
_____Plaintiff_____Defendant_____(Clerk to Insert)

**TIME ESTIMATE FOR A MERITS HEARING:** 4 hours _____ days

**TIME ESTIMATES FOR HEARING OTHER THAN A MERITS HEARING:** _____ hours 2
days

| COMPLEX SCIENCE MEDICAL CASE |
| MANAGEMENT PROGRAM (ASTAR) |

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202,*
*Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of filing          ☐ Standard - Trial within 18 months of filing

_____          _____
Signature of Counsel/Party                                          Date  9/11/18

BRIAN H. DENKER-YOUNGS
_____
Print Name

25 BOERUM STREET
_____
Street Address

BROOKLYN, NY 11206
_____
City/State/Zip



# NYSCEF - Kings County Supreme Court

## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**Brian H Denker-Youngs - v. - Edward John Denker-Youngs**

**Index Number NOT assigned**

## Documents Received on  09/12/2015 12:28 AM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 1 | SUMMONS | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **Brian Howard Denker-Youngs**
Phone #:  **9173735019**
Fax #:

E-mail Address:  **bhdenker@gmail.com**
Work Address:  **25 Boerum Street**
                                  **Brooklyn, NY 11206**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 09/12/2015 12:28 AM :

**Denker-Youngs, Brian Howard - bhdenker@gmail.com**

**NOTE:** If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.



# NYSCEF - Kings County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**Brian H Denker-Youngs - v. - Edward John Denker-Youngs**

**Index Number NOT assigned**

## Documents Received on   09/12/2015 12:28 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |
| 2 | COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **Brian Howard Denker-Youngs**
Phone #:   **9173735019**
Fax #:

E-mail Address:   **bhdenker@gmail.com**
Work Address:   **25 Boerum Street
Brooklyn, NY 11206**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 09/12/2015 12:28 AM :

Denker-Youngs, Brian Howard - bhdenker@gmail.com

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

## VERIFICATION

STATE OF NEW YORK      }
COUNTY OF KINGS        }   SS.:


**BRIAN DENKER-YOUNGS**, being duly sworn, under the penalties of perjury, deposes and says:

That your deponent is the Plaintiff in the instant action, residing at 25 Boerum Street, Apt 18E, Brooklyn, NY, that he has read the foregoing **VERIFIED SUMMONS AND COMPLAINT FOR DIVORCE AND ANNULMENT** and knows the contents thereof; that same is true to his knowledge except as to the matters alleged upon information and belief, and as to those matters your deponent believes them to be true.


_____
BRIAN H. DENKER-YOUNGS


Sworn to me  27th day
of August, 2015

_____
Notary Public

VINAY VOHRA
Notary Public of New York
No. 01VO4967185
Qualified in Queens County
Commission Expires _____

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

-----------------------------------------------------X

BRIAN H. DENKER-YOUNGS

                                    Plaintiff,

            -against-

EDWARD J. DENKER-YOUNGS, aka
EDWARD JOHN DENKER-YOUNGS
a.ka JOHN YOUNGS, aka E J YOUNGS ,
a.ka JOHN J DENKER-YOUNGS, aka
EDWARD JOHN YOUNGS,
aka E JOHN YOUNGS

                                    Defendant.

-----------------------------------------------------X

INDEX NO.: 54013/15

DATE SUMMONS FILED: 8/31/2015

**SUMMONS**

*Plaintiff's designates KINGS COUNTY as proper venue and basis for Trial by Jury, as county of residence and venue of Plaintiff's Chapter 11 Bankruptcy estate that is before Hon. Chief Judge Carla Craig.*

## ACTION FOR DIVORCE
## COMPLAINT FOR ANNULMENT

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the State of New York, or within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 24, 2015

BY: BRIAN H. DENKER-YOUNGS, *Pro Se*
25 BOERUM STREET APT 18E
BROOKLYN, NY 11206
e: bhdenker@gmail.com
m: 917-373-5019

Defendant's Address:
33 Pennington Drive
Huntington, NY 11743

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------X

BRIAN H. DENKER-YOUNGS        *Pro Se*

                                            Plaintiff

              -against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,
aka JOHN J DENKER-YOUNGS,
aka EDWARD JOHN YOUNGS

                                            Defendant
--------------------------------------------------X

INDEX NO.:
DATE SUMMONS FILED:


**VERIFIED COMPLAINT**


**BRIAN H. DENKER-YOUNGS**, being duly sworn, deposes and says under the penalty of perjury that:

1. I am the Plaintiff in the above-entitled action as such, I am fully familiar with all of the facts and circumstances surrounding the instant matter and complaint seeking an annulment of marriage and finding sufficient cause herein, pursuant to NY DRL§ 7.

2. At all times hereinafter mentioned, and at the time of the commencement of this action, the parties were and still are residents of the State of New York.

3. I currently reside at 25 Boerum Street, Apt. 18E in the County of Kings, State of New York and am debtor-in-possession having been forced to file a Voluntary Petition for Chapter 11 Bankruptcy with the United States Bankruptcy Court Eastern District of New York, Case: 15-41069 on March 13, 2015 currently before the Honorable Chief Justice Carla E. Craig as a direct result of the economic abuse and fraudulent acts of the defendant.

4. Defendant upon information and belief is currently residing at 33 Pennington Drive, Huntington, NY 11743 with an established known secondary residence and address of 316 West Neck Road, Huntington, NY 11743 and upon filing of an instant application through his counsel on August 6,

2015 accepted venue as the County of Kings, establishing himself as creditor to my bankruptcy estate.

5. As debtor-in-possession, presently residing in Kings County, New York and of limited financial resources, to which my entire estate is being administrated through US Trustee in the County of Kings, therefore hereby designates KINGS COUNTY as the proper venue and jurisdiction for trial.

6. Defendant and I met February 9, 2009 and became domiciled and or about August 10, 2010 having opened joint checking accounts with Bethpage Federal Credit Union and conjoined insurance policies and had a verbal arrangement and understanding as we began to create a joint home together therein and prior to amended NY Dom Rel. § 10-a, 10-b, 11, 13, no such legal or judiciary ruling of same-sex.

7. Defendant and I were parties however within days of New York State's legalization of same-sex marriages, to a public display and solmization of marriage on July 30, 2011 in Lake Ronkonkoma, New York, Suffolk County having performed the rites and religious rituals required thereof by Jewish tradition, both speaking words of public intention vowing by and in accordance with *"the Law of Moses and Israel."*

## AS AND FOR DEFENDANTS ACTIONS AND REPRENTATIONS IN SUPPORT OF DEEMING PARTIES' MARRIAGE VOIDABLE PURSUANT TO NY DRL 7

8. Consent to marry and be an agreeable party to said marriage was obtained thru fraudulent and intentional misrepresentations and lies by the Defendant. Prior to said marriage, for the specific purpose of inducing me into marrying him, promising to me that he would be a good, loyal and dutiful husband.

9. As such and maintained throughout our relationship and reinforced even during a recent informal discussion with Defendants pastor Jack Crabtree to which is available reinforcing the points herein, I relied upon Defendant's representations and was induced thereby consenting to said

3

marriage relying upon such promises and representations, however Defendant knew them to be false and untrue and yet still conveyed the same intending to deceive and defraud me as is exhibited in a telephone discussion via a recorded line on August 25, 2014, such that:

i. Prior to the marriage, Defendant represented that he identified with and was of "Protestant" faith and agreed, promising to raise any children that we may parent together in the "Jewish" faith. Defendant even went forth having desired and took on the obligations of "Jewish mitzvoth" in the taking of a Jewish name. However, subsequent to the marriage and prior to the commencement of the within action, Defendant had lied and misrepresented his religion and in fact when confronted, Defendant outwardly admitted to such non-disclosure specific to he being of a "Born-Again Evangelical Christian" faith. Found hidden away within our home were handwritten documents both of the Defendant and his mother which contained anti-Semitic undertones and anti-gay/homosexual rhetoric of hate and disdain. Financial statements and even the Defendants' taxes showcased that he had been and was secretly funding and supporting institutions like "Youth for Christ" and "Shelter Rock Church" who publically make condemnations about homosexuals, same-sex marriages and proclaim only messianic believing Jews as being "true Jewish people" with thousands of dollars each year.

ii. Moreover, subsequent to the marriage, and discovery of Defendant's true religious faith and beliefs, the Defendant informed me that he would not agree to raise any children we may have in the Jewish. Soon thereafter, I also began to become subjected to and exposed to constant and public ridicule and emotional abuse by Defendant's controlling and manipulative mother Matje G. Youngs, and her sister Niesje Lowne, who regularly and continually berated my religious beliefs as a non-messianic believing practicing Jew and as a homosexual male asserting that g-d detests homosexuals, and that I would be

4

destined for nothing but a life of condemnation, challenges and illness unless I change my ways and embrace evangelical Christian teachings as they do.

iii.  Defendant also never disclosed the true and accurate state of his financial affairs to me but have discovered dating back to even 2006 before ever meeting him, even by way of emails and letters of his mother that he was in a bad financial way.

## AS AND FOR GROUNDS FOR AN ACTION OF DIVORCE - NY DRL§ 170

10. Facts and circumstances to which the defendant not only lived secretly, a second life religiously, defendant concealed a life-style conjectured around dishonesty, financial and economic fraud and unethical conduct for which Plaintiff became the subject and target of such fraud and economic domestic abuse and acts of financial infidelity.

11. Subsequent to the parties' marriage, your Deponent has only recently learned also committed acts of economic fraud, engaged in a life-style to which he and his mother are engaged for years.

12. Such conduct that appears to have begun even prior to the marriage, Defendant began unnecessarily incurring and reassigning debts in my name, secretly began deferring sizable amounts of his salary upwards near Twenty-Thousand Dollars plus a year, re-directing, withholding, commingling and converting an approximated Two Hundred Seventeen Thousand Dollars ($217,000) of marital funds/income earnings between 2012 and 2014 with his mother. Defendant had also been bank-rolling his mother's living expenses and debts out of their shared Bank of America accounts, using the same utility companies and outside services where when question would claim they were our joint expenses.

13. Defendant it appears in 2003 committed his first act of mortgage fraud adding a secondary mortgagor to his 99 W Shore Road mortgage in the name of E J Youngs and Edward J Youngs who are both aliases he uses and are one and the same.  Thereafter in 2006, submitted a



universal loan application claiming the original value and price of his Three Hundred Thousand ($300,000) 2001 home purchase was $625,000 and secured a loan for nearly $305,000.

14. Unbeknownst to me until recent, Defendant was engaging in a conduct dissipating any joint credit or liquid funds and assets we had jointly to the tune of hundreds of thousands of dollars. Our household and marital finances, debt obligations and the day-to-day handling of mail and household related items had been handled from the time we became domiciled thru September 2014 by the Defendant whereby I routinely and consistently without cause to assume otherwise relied upon representations made by the Defendant as being complete, factual and truthful.

15. On closer review and self-auditing of all accounts I could still grant access to as the Defendant I discovered manipulated my access to access in having my access issued as being "custodial" to his . The Defendant would routinely and regularly circulate money between accounts, make and circulate cash / atm withdrawals and quite frequently wrote checks payable to both of us named all without my knowledge and simply wrote "For Deposit Only" affixing both his name and mine as endorsing amounts in the thousands.

16. Defendant also within a matter of months without my knowledge or consent dissipated a home equity line of credit needlessly and without my consent funding his and his mother's everyday living and several costly updates to 316 W Neck Road, Huntington, NY 11743 withdrawal sizable amounts as exampled:

- On October 10, 2013 in the amount of Seven Thousand Five Hundred Forty Dollars and Thirty Four cents ($7,540.34).
- On October 28, 2013 in the amount of Sixteen Thousand One Hundred and Eighteen Dollars ($16,118).
- On October 15, 2013 in the amount of Eleven Thousand Seven Hundred Dollars ($11,700).
- On November 17, 2013 in the amount of Sixteen Thousand One Hundred Seventeen Dollars and Seventy-Two Cents ($16,117.72).

- On December 5, 2013 in the amount of Ten Thousand Two Hundred Dollars ($10,200.).
- On January 13, 2014 in the amount of Ten Thousand Nine Hundred Twenty-Five Dollars ($10,925.00).
- On February 14, 2014 in the amount of Five Thousand Nine Hundred Eighteen Dollars ($5,918.00).
- On March 18, 2014 in the amount of Two Thousand Five Hundred Dollars ($2,500.00).
- A total estimated of Eighty-One Thousand Nineteen Dollars and Forty Cents ($81,019.41) in additional monies to his Chase Sapphire from our joint checking
- Over Sixteen Thousand ($16,000) in total from our Home Equity and Joint Chase Account to his and his mother's Citibank account

17. Defendant has stripped our home that we jointly purchased in October 2012, to which I withdrew almost $45,000 from my separate pre-marital 401(k) toward the down payment of the house, and maxed out and utilized a One Hundred Twenty-Five Thousand Dollar Bethpage Federal Credit Union Home Equity Line of Credit (without my knowledge or consent), again without my knowledge, subsidized and never disclosed having done so, several costly home improvements and renovations to the house where his mother resides and to which he is co-trustee.

18. Defendant within only weeks of marrying, and while Defendant's father spent his final weeks hospitalized before having passed-away was secretly running around, applying and securing mortgage re-financing for nearly Three Hundred Thousand Dollars ($300,000), opened secret banking and money market accounts while Defendant's mother and I traveled daily from Suffolk County Long Island to the Upper West Side of Manhattan to visit the hospital all.

19. Defendant had been engaging in a course of conduct seeking out to intentionally ruin my credit worthiness engaging in acts including that of identity theft, transacting on my personal accounts without authorization, transferring debts, incurring unnecessary charges and late fees, intentionally missing payments or paying minimum balances while living off his credit cards

and paying them routinely in full, rerouting and withholding mail, bills, and causing negative filings and unnecessary late fees posting to my credit file..

20. Defendant was also engaging in a course of conduct setting up fake electronic payee accounts in online banking portals, secretly moderating and restricting my access rights to banking and financial accounts of ours, Evidence of the same and other acts have been documented via a formal complaint filed November 2014 against Defendant and Defendant's mother  seeking assistance" from Economic Crimes Bureau Chief Maureen McCormick ·with the Suffolk County District Attorney's Office who would only engage due to us being married with a court requesting their intervention and examination for fraud and such violations under DRL § 155, 190 and other relevant New York State Family Offenses.

21. Defendant's conduct throughout has proven to be nothing but fraudulent, misrepresentations lies and theft, influenced and conspiring with his mother Matje G. Youngs acting at times jointly and individually to intentionally cause and bring about financial harm and debt without my knowledge, consent or authorization.

22. Evidenced of the same on May 6, 2015, Detective Kenneth Giallanza of the 90th Police Precinct, Brooklyn, New York traveled to Suffolk County, NY and arrested the Defendant and thereafter was arraigned in Kings County Criminal as the suspected offender of a New York Police Department Investigation into an unauthorized Citibank AHC that was traced by the banking institution to an account benefiting John Youngs.

23. Defendant took advantage of my declining health and several surgeries which began on / around December of 2011, requiring surgeries and hospitalizations including a Posterior Inter-body Lumbar Fusions (PILF) L4-S1 (Northshore-LIJ Huntington Hospital 1/7/2013), an Anterior Inter-body Lumbar Fusion (AILF) L4-S1 (Northshore-LIJ Manhasset 05/15/2013), Hernia repair along with abdominal wall reconstructive surgery and abdominal scar revision

(Northshore-LIJ Manhasset 09/09/2013), three (3) stress fracture repairs to the lower left extremity (2011-2013), Gastrointestinal bleed – Northshore-LIJ Manhasset 12/25/2011), Gaul bladder removal (St. Francis Hospital 07/16/2014), and a stroke (Northshore-LIJ Huntington and Manhasset 09/26/2014).

24. Defendant maintains a plentiful list of accounts held in secret building his nest to which he even allowed the plaintiff to potentially forfeit and post pone surgery during August 2013 had it not been for plaintiff's aunt lending money toward patients responsibility for a surgery to correct a hernia repair, as well as scar revision, reconstruction and abdominal disfigurement resulting from plaintiffs' May 2013 urgent surgery. Plaintiff was led into believing the parties had limited finances to get through the summer, although plaintiff was the only part working or thus understood the need for income to pay bills. Rather in fact despite plaintiff's aunt lending plaintiff Seven Thousand Nine Hundred ($7900) Dollars as to not have to forego the operation; most disturbing is that Defendant prioritized lying and restricting access to financial resources over ensuring his spouse would not have to worry.

25. A good general list of all the various accounts to which the defendant had only disclosed as having two of the entire list and in fact misrepresents account ownership as "his mothers." In fact upon information and belief, Defendant has always comingled monies with his mother as far back as forever to the extent there is no clear line of separation for them.

26. Such other economic acts the Defendant committed included apparently very pre-meditated and almost daily maneuvering for example while tending to medical clearance to undergo my first spinal surgery, on January 2, 2013 the Defendant contacted my Discover credit card as me and transferred Four Thousand Dollars ($4000) of debt from Defendant's Chase Sapphire credit card. Whereas, just days earlier, transacting sizable payments to his credit cards in amounts of Eight Hundred Forty Dollars Thirty Five cents ($840.35) to a Citibank Credit Card

in the name E J Youngs, Twenty Seven Thousand Nine Hundred Seventy Nine Dollars ($27,979) to a Citibank Credit Card in the name E John Youngs and Six Thousand Six Hundred Twenty Dollars and Sixty-Four cents ($6,620.64) to a GM Mastercard account in the name E John Denker Youngs.

27. On several occasions including January 2013, March 2013 and September 2014, Defendant while making sizable payments to his credit cards, would intentionally cause a delay in making a deposit to our joint Chase Checking account, thus forcing our mortgage for the marital home located at 33 Pennington Drive to present with non-sufficient funds, forcing an overdraft of charges to my separate Chase credit account (often that had no balance) such that on January 2, 2013 an overdraft of One Thousand Two Hundred Dollars ($1200), on March 7, 2013 an overdraft for Six Hundred Fifty Dollars ($650) and on September 6, 2014 an overdraft for One Thousand Two Hundred Fifty Dollars ($1250).

28. Another such example on March 25, 2013 without authorization, Defendant endorsed a check by printing my name on the back of a check for Four Hundred Dollars ($400), depositing the check into our joint Chase Checking Account. Not aware of even having received the check as defendant withheld the same as he apparently was doing with healthcare insurance medical reimbursement checks, presented a check from Marc Gerber, Attorney at Law on October 12, 2012 payable to Brian Denker-Youngs for nearly five plus months. I only discovered this and other checks and transactions recently after requesting duplicate copies of every transaction on this checking account from the bank.

29. Defendant even withheld business mail and client payments such that on July 24, 2013 without consent or authorization of myself or a Board Member of Modern Divinities, Corp. took mail addressed to "Rabbi Brian Denker-Youngs" which contained a check in the amount of Four Hundred Dollars ($400), endorsing the check "For Deposit Only" affixing my name and



misappropriating funds intended for Modern Divinities Corp. by depositing such funds into our joint account.

## AS AND FOR DEFENDANT'S ACTS TO DEFRAUD PLAINTIFF

## USING THE MARITAL HOME

30. On October 12, 2012, your deponent and the Defendant closed on some real property located at 33 Pennington, Drive Huntington, NY 11743 whereby a certified true copy of the JPMorgan Chase Bank Mortgage Document indicating "Borrower" for the property referenced both "Edward J. Denker-Youngs and Brian H. Denker-Youngs."

31. Defendant engaged with personal friend Ken Bell of K Bell & Associates issue and manage such insurance policies and declarations for the same real property located at 33 Pennington Drive, Huntington NY 11743 and referenced hereto as the marital home, co-owned by your deponent and defendant.

32. Title insurance had been issued by First American Title Insurance Company of New York declaration dated October 12, 2012 illustrates both names of the insured homeowner(s) as Edward J. Denker-Youngs and Brian H. Denker-Youngs.

33. Despite Defendants' sudden and surprising representation that apparently I had to come off the mortgage or risk us getting a higher interest rate, Defendant beginning in April 2012 and continuing through October 2012, kept having two concurrent mortgage loan applications run with us jointly and individually, up until the very day of closing. I was a co-applicant on the current mortgage as late as September 20, 2012 as far as I have documentation for.

34. Defendant apparently was planning some form of fraud with respect to the home purchase and against me as without authorization he and his family's friend Ken Bell reissued property insurance declarations after closing removing me from such declarations.

35. On or about November 26, 2012, without my knowledge or consent he and Bell submitted a Nationwide Mutual Federal Flood Insurance application certifying "under punishment of fine or imprisonment under applicable federal law" the statements made therein are correct to the best of their knowledge. They listed one owner of the home, John Denker-Youngs and ironically enough our marital home I have been informed is not within a flood zone that would require flood insurance.

## AS AND FOR A JUDGEMENT OF DIVORCE AND COMPLAINT ANNULING OF THE MARRIAGE

36. Such acts referenced herein and throughout are not acts that would be deemed that of a good, loyal and dutiful husband.

37. Aside from being economically and financially victimized and abused by the defendant, had any of the aforementioned, be it his true religion, he and his family's hatred and discriminatory disdain for homosexuals, and Jews or the truth about their criminal white collar lifestyle, I never would have agreed to become domiciled or marry the Defendant.

38. Since the discovery of all of these deceptions, lies and betrayal I have not cohabited with the Defendant.

39. No children have been born of this marriage and as a result of the Defendant's true character and beliefs as I never would consent or agree to raising children in any other faith but Judaism or raising children with a dishonest individual.

40. The within action is being commenced within the required two (2) years of discovery of facts pursuant to CPLR§203(f) and the facts herein alleged as constituting grounds for finding the marriage of parties voidable due to Defendants intentional acts, lies and misrepresents.

41. I also respectfully am requesting that the Honorable Court find sufficient cause of such frauds to rise to the level of deeming this marriage voidable pursuant to DRL§ 7 and issuing judgment

against the Defendant pursuant to DRL§170, awarding ancillary relief for Plaintiff with an absolute annulment of marriage without prejudice to entitlements having had been a victim of frauds committed by both the Defendant and his mother.

42. Despite my challenging and declining health, many operations requiring weeks of recovery, I have always been a good, dutiful, and proper HUSBAND, unwavering in believing and wanting to be a devoted friend to the Defendant, and accepted member of his family.

43. I do not know and will never know why the Defendant chose to target me for his criminal acts, that he clearly chose to commit and engage in with his mother, Matje G. Youngs, a clear and willing co-conspirator and accomplice to such economic thefts and fraud.

**WHEREFORE,** I ask this honorable court find sufficient cause and thereafter entering an immediate judgment against the Defendant for the within action for divorce, by and between the parties such that:

a) Granting ancillary relief to the Plaintiff finding the marriage voidable and issuing a decree of absolute Annulment without prejudice to the division of assets and pension or retirement entitlements

b) Pursuant to NY DOM. LAW § 237, with defendant being the moneyed spouse and not bankrupt, granting an award for counsel fees in the sum of Thirty-Thousand Dollars ($30,000) with leave, payable directly on retainer with any balance in excess held in escrow toward anticipated and future litigation expenses to counsel of Plaintiff's choosing.

c) Directing and appointing a Forensic Accounting of defendants' income, expenses, and banking, credit and investment and financial accounts opened or active from August 2010 through present.

13

d)      Awarding Plaintiff a greater equitable share of the marital property compensating the Plaintiff with a reasonable sum commensurate with the fiscal theft and impact resulting from Defendant's fraudulent conduct, marital waste and conversion of funds.

e)      Awarding Plaintiff sole ownership and title to the marital home and all of its' contents therein.

f)      Awarding Plaintiff his equitable share of Defendant's Pension inclusive of additional years' parties bought back and earned through Defendants secret deferments and increased contributions

g)      Awarding Plaintiff his equitable share of investment and wealth management, accounts and retirement trusts held by the Defendant

h)      Directing the Defendant to maintain a minimum life insurance policy in the amount of One Million Dollars ($1,000,000) naming Plaintiff as owner and sole beneficiary.

i)      Awarding Plaintiff his equitable share of all monies recorded on deposit August 26, 2015 in checking, savings, investment accounts.

j)      Awarding Plaintiff exclusive use and enjoyment of the 2014 Mercedes GLK 350 along with assignment of all expenses related thereto

k)      Directing the Defendant to bring current any and all arears, repairs, violations, open permits, and expenses associated with the marital home.

l)      Directing the Defendant to return any and all items removed from the marital home for inventorying and equitable division as showcased in December 12, 2014 video of marital home capture with plaintiff's counsel and available to the court

m)   Directing the Defendant to maintain medical / health coverage for the Plaintiff on his State/Government Health Insurance plan for a period of no less than 36-calendared months avoiding any issues of coverage for pre-existing medical conditions and the immediate and significant increase in health coverage costs and minimal coverage on private plans.

n)   Granting the Plaintiff any and other further relief the court deems just and proper.

Dated: August 27, 2015                    Respectfully submitted,


VINAY VOHRA
Notary Public of New York
No. 01VO4437185
Qualified in Queens County
Commission Expires

BRIAN H. DENKER-YOUNGS, *Pro Se*
25 Boerum Street  Apt 18E
Brooklyn, NY 11206



NOTICE OF ENTRY OF AUTOMATIC ORDERS (D.R.L. 236) Rev. 1/13
FAILURE TO COMPLY WITH THESE ORDERS MAY BE DEEMED
A CONTEMPT OF COURT

PURSUANT TO the Uniform Rules of the Trial Courts, and DOMESTIC RELATIONS LAW
236, Part B, Section 2, both you and your spouse (the parties) are bound by the following
AUTOMATIC ORDERS, which have been entered against you and your spouse in your divorce
action pursuant to 22 NYCRR §202.16(a), and which shall remain in full force and effect during
the pendency of the action unless terminated, modified or amended by further order of the court
upon written agreement between the parties:

ORDERED: Neither party shall transfer, encumber, assign, remove, withdraw or in any way
dispose of, without the consent of the other party in writing, or by order of the court, any
property (including, but not limited to, real estate, personal property, cash accounts, stocks,
mutual funds, bank accounts, cars and boats) individually or jointly held by the parties, except in
the usual course of business, for customary and usual household expenses or for reasonable
attorney's fees in connection with this action.

ORDERED: Neither party shall transfer, encumber, assign, remove, withdraw
in any way dispose of any tax deferred funds, stocks or other assets
in any individual retirement accounts, 401K accounts, profit sharing plans, Keogh accounts,
any other pension or retirement account, and the parties shall further refrain from applying for
requesting the payment of retirement benefits or annuity payments of any kind, without the
consent of the other party in writing, or upon further order of the court ; except that any party
that is already in pay status may continue to receive such payments thereunder.

ORDERED: Neither party shall incur unreasonable debts hereafter, including, but not limited
further borrowing against any credit line secured by the family residence, further
encumbering any assets, or unreasonably using credit cards or cash advances against credit
, except in the usual course of business or for customary or usual household expenses, or for
reasonable attorney's fees in connection with this action.

ORDERED: Neither party shall cause the other party or the children of the marriage to be
removed from any existing medical, hospital and dental insurance coverage, and each, and each
shall maintain the existing medical, hospital and dental insurance coverage in full force and
.

ORDERED: Neither party shall change the beneficiaries of any existing life insurance policies
each party shall maintain the existing life insurance, automobile insurance, homeowners and
rs insurance policies in full force and effect.

IMPORTANT NOTE: After service of the Summons with Notice or Summons and Complaint
divorce, if you or your spouse wishes to modify or dissolve the automatic orders, you must
the court for approval to do so, or enter into a written modification agreement with your
be duly signed and acknowledged before a notary public.

# V E R I F I C A T I O N

STATE OF NEW YORK)
)  ss.:
COUNTY OF *Nassau*)

    Edward John Denker-Youngs, being duly sworn, deposes and says:

    I am a Defendant in the within action and I have read the foregoing Verified Answer with Affirmative Defenses and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                            Edward John Denker-Youngs

Sworn to before me this 29^n
day of September , 2015

Notary Public

ANTOINETTE KANAPES
Notary Public, State of New York
No. 01KA4973266
Qualified in Nassau County
Commission Expires October 15, 2018

FILED: KINGS COUNTY CLERK 09/29/2015 01:16 PM
NYSCEF DOC. NO. 6

INDEX NO. 511259/2015
RECEIVED NYSCEF: 09/29/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
BRIAN H. DENKER-YOUNGS,

               Plaintiff,

      -against-

EDWARD JOHN DENKER-YOUNGS aka
JOHN YOUNGS, aka EJ YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS, aka
JOHN J DENKER-YOUNGS, EDWARD JOHN
YOUNGS and MATJDE G. YOUNGS and/or THE
LIVING TRUST OF MATJE G. YOUNGS,

               Defendants.
------------------------------------------------------------------X

Index No.:

**VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES**

      Defendant, EDWARD JOHN DENKER-YOUNGS aka JOHN YOUNGS, aka EJ

YOUNGS, aka EDWARD J YOUNGS, aka E JOHN YOUNGS, aka JOHN J DENKER-

YOUNGS, EDWARD JOHN YOUNGS, by his attorneys, Simonetti & Associates, as and for his

Answer to the Complaint herein, alleges as follows:

     1.     Denies the allegations contained in the paragraph designated "1" of Plaintiff's

Complaint.

     2.     Denies the allegations contained in the paragraph designated "2" of Plaintiff's

Complaint, except to admit that Defendant is a resident of the Town of Huntington, County of

Suffolk, State of New York.

     3.     Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraphs designated "3" of Plaintiff's Complaint.

     4.     Denies the allegations contained in the paragraph designated "4" of Plaintiff's

Complaint, except to admit that that Plaintiff and Defendant were married on July 30, 2011.

     5.     Denies the allegations contained in the paragraph designated "5" of Plaintiff's

Complaint.

6.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "6" of Plaintiff's Complaint.

7.    Denies the allegations contained in the paragraphs designated "7," "8," 9," "10," "11," "12," "13," and "14," of Plaintiff's Complaint.

8.    Denies the allegations contained in the paragraph designated "15" of Plaintiff's Complaint, except to admit that Defendant filed a petition for an Order of Protection.

9.    Denies the allegations contained in the paragraphs designated "16," "17," "18," "19," "20," "21," "22," and "23," of Plaintiff's Complaint.

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "24" of Plaintiff's Complaint.

11.    Denies the allegations contained in the paragraphs designated "25," and "26," of Plaintiff's Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

12.    Plaintiff has failed to obtain personal jurisdiction over the answering defendant.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

13.    Plaintiff has filed to state a cause of action upon which relief may be granted.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

14.    Upon information and belief, Plaintiff is not a real party in interest and therefore lacks standing to bring this action.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

15.    Upon information and belief, this action is barred by arbitration and award,

culpable conduct of plaintiff, release, and failure to name a necessary party.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

16.     Plaintiff's claims against Defendant are barred by the doctrines of waiver,

estoppel, laches, and unclean hands.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

17.     Plaintiff's claims against Defendant are barred by the doctrines of accord and

satisfaction, settlement, collateral estoppel and/or res judicata.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

18.     Plaintiff's claims against Defendant are barred by the doctrine of mutual mistake.

## AS AND FOR A EIGHTH
## AFFIRMATIVE DEFENSE

19.     Plaintiff's claims against Defendant are barred by the doctrine of ratification.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

20.     Plaintiff's claims against Defendant are barred by the doctrines of prevention of
performance and hindrance of contract.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

21.     Plaintiff's claims against Defendant are barred by the doctrine of reasonable
accommodation.

## AS AND FOR A ELEVENTH
## AFFIRMATIVE DEFENSE

22.     Plaintiff's claims against Defendant(s) are barred by Plaintiff's assumption of risk.

## AS AND FOR A TWELVETH
## AFFIRMATIVE DEFENSE

23.     Plaintiff's claims against Defendant are barred by the statute of frauds.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

24.    Defendant is not a proper party to this action and the Complaint should be dismissed as against said Defendant.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

25.    Plaintiff's claims against Defendants are barred by the applicable Statute of Limitations.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred by reason of documentary evidence.

## AS AND FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE

27.    The summons and compliant are defective as a matter of law inasmuch as said documents were not signed in accordance with 22 NYCRR 130-1.1-a.

**WHEREFORE**, the Defendant, EDWARD JOHN-DENKER YOUNGS aka JOHN YOUNGS, aka EJ YOUNGS, aka EDWARD J YOUNGS, aka E JOHN YOUNGS, aka JOHN J DENKER-YOUNGS, EDWARD JOHN YOUNGS demands judgment as follows:

a)    Dismissing the Complaint, in its entirety, with prejudice;

b)    Awarding Defendant costs and expenses, including attorneys' fees, incurred and to be incurred in connection with this Action;

c)    Awarding Defendant such other and further relief which as to this Court seems just and proper.

Dated:  Woodbury, New York
         September 29, 2015

                              SIMONETTI & ASSOCIATES
                              Attorneys for Defendant
                              EDWARD JOHN-DENKER
                              YOUNGS aka JOHN YOUNGS,
                              aka EJ YOUNGS, aka
                              EDWARD J YOUNGS, aka E
                              JOHN YOUNGS, aka JOHN J
                              DENKER-YOUNGS, EDWARD
                              JOHN YOUNGS

                              By:_____
                              Louis F. Simonetti, Jr.
                              144 Woodbury Road
                              Woodbury, N.Y.  117979
                              (516) 248-5600

TO:     Brian H. Denker-Youngs
        Plaintiff Pro-Se
        25 Boerum Street, Apt. 18E
        Brooklyn, New York 11206
        (917) 373-5019

# CIVIL COVER SHEET

JS 44 (Rev. 1/2013)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

BRIAN H DENKER-YOUNGS

**(b)** County of Residence of First Listed Plaintiff   KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

N/A

**DEFENDANTS**

EDWARD J DENKER-YOUNGS, AKA JOHN YOUNGS, AKA E J YOUNGS AKA JOHN J DENKER-YOUNGS AKA EDWARD YOUNGS AKA E JOHN YOUNGS, MATJE G YOUNGS & TRUST OF

County of Residence of First Listed Defendant   SUFFOLK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

UNKNOWN

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government
       Plaintiff
- ☐ 2  U.S. Government
       Defendant
- ☐ 3  Federal Question
       *(U.S. Government Not a Party)*
- ☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | *Habeas Corpus:* | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 463 Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | ☐ 448 Education | *Other:* | ☐ 462 Naturalization Application | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CONVERSION / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Brief description of cause:
PARTIES TOGETHER WORKED TO ECONOMICAL ABUSE & ACCESS TO FUNDS AND CONVERTED I

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 452,900.00

CHECK YES only if demanded in compla
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*

JUDGE  CARL J LANDICINO        DOCKET NUMBER  54301-2015

DATE  9/23/15

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  511259/2015       AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

INDEX NO.       RECEIVED NYSCEF: 09/29/2015       NYSCEF DOC. NO. 7

FILED: KINGS COUNTY CLERK 09/29/2015 06:12 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    Index No.

BRIAN H. DENKER-YOUNGS,

              Plaintiff,

     -against-

EDWARD JOHN DENKER-YOUNGS aka JOHN YOUNGS, aka EJ YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS, aka JOHN J DENKER-YOUNGS, EDWARD
JOHN YOUNGS and MATJDE G. YOUNGS and/or THE LIVING TRUST OF MATJE G.
YOUNGS,
              Defendants.

---

### VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES
Signature Requirement Pursuant to NYCRR 130.1(a):

LOUIS F. SIMONETTI, JR.

---

To:

---

Service of a copy of the within                    is hereby admitted.

Dated:

                    _____
                    Attorney(s) for

**Notice of Settlement:**
Please take notice that a(n)            of which the within is a true copy will be presented for
settlement to the Hon.                   one of the Judges of the within named court, on        ,2015
at      a.m.


**Notice of Entry:**
Please take notice that the within is a true copy of a(n)                duly entered in the
office of the clerk of the within named court on or about          , 2015.

Dated:

                                        Yours etc.,

                                        **SIMONETTI & ASSOCIATES**
                                        *Attorneys for Defendant*
                                        *Edward John Denker-Youngs*
                                        144 Woodbury Road
                                        Woodbury, New York 11797
                                        Phone: 516-248-5600
                                        Fax: 516-470-9019

| Name | Email Address |
|------|---------------|
| Brian Denker-Youngs | bhdenker@gmail.com |

Note: Service of initiating documents and the "Notice of Availability Regarding Electronic Filing" (in consensual cases) or the "Notice of Commencement of Mandatory E-Filed Case" (in mandatory cases) must be made in hard copy (unless the party agrees to accept service by electronic means). These forms can be found on the NYSCEF site under the "Forms" menu. The served copies also must bear the assigned Index Number and the date of filing (CPLR 305).

## Documents Filed
*(To view a document, click the document type link)*

| Doc # | Document Type | Additional Doc Info | Special Instructions | Filed Date |
|-------|---------------|---------------------|----------------------|------------|
| 1 | SUMMONS | Summons | | |
| 2 | COMPLAINT | Complaint | | |

*THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE NEW YORK STATE COURTS ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.*

KINGS COUNTY CLERK 09/25/2015 10:31 PM

DOC. NO. 4

INDEX NO. 511259/2015

RECEIVED NYSCEF: 09/25/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------x          INDEX NO.:

BRIAN H. DENKER-YOUNGS          *Pro Se*

                                        *Plaintiff*

              -against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,          **AFFIDAVIT OF SERVICE**
JOHN J DENKER-YOUNGS,
aka EDWARD JOHN YOUNGS **AND** MATJE G YOUNGS
and/or the LIVING TRUST OF MATJE G YOUNGS
                                        *Defendant* (s)
------------------------------------------------x

STATE OF NEW YORK          )

COUNTY OF KINGS   ) SS:

**I, LAURA MOSKOWTIZ** being duly sworn, depose and says; that I am at least 18 years of age and not a

party to the above action, and reside at 18-09 147TH STREET, WHITESTONE, NY 11357:

1       On the 14th day of September, 2015, at _10:36 a.m._____

        at _101 Commercial St, Henstan_____, in the City of ~~HUNTINGTON~~ Plainview, in the state of
                                                                          Lock Co
        New York, I personally served a copy of a **SUMMONS W/ COMPLAINT – CIVIL TORT**

2.      I personally served _Matje g Youngs_____ copies of the said papers by

        delivering and leaving with _receptionist Sharon_____ at said time and place.

3.      I knew the person so served to be the person name in said papers as the DEFENDANT in this action

4.      DESCRIPTION OF PERSON SERVED: sex: _F_   color of skin: _olive_   hair: _black_

        approx. age: _28-29_ approx. ht _5'_   approx. wt: _120_____

6.      Also, Depositing a secondary true copy of said papers upon **MATJE G. YOUNGS** and/or

THE LIVING TRUST OF MATJE G YOUNGS enclosed in a post-paid wrapper in the

HUNTINGTON Branch Post Office addressed to 316 W NECK ROAD, HUNTINGTON, NY

11743.

ARISLEYDA BORDAS
Notary Public - State of New York
NO. 01BO6249234
Qualified in Queens County
My Commission Expires _01/15/20__

Sworn to before me this:

_14_ day of _September_, 20~~8~~15_____

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EDWARD J DEXKER HOUSE
316 W NECK ROAD
HUNTINGTON NY 11743

9590 9401 0040 5071 5984 22

...cle Number (Transfer from service label)

7520 0003 5651 8546

COMPLETE THIS SECTION ON DEL...

A. Signature

X W. Young

B. Received by (Printed Name)

D. Is delivery address different from item... If YES, enter delivery address below

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO.:

-----------------------------------------------------x

BRIAN H. DENKER-YOUNGS        *Pro Se*

                              *Plaintiff*

        -against-

EDWARD JOHN DENKER-YOUNGS
aka JOHN YOUNGS, aka E J YOUNGS, aka
EDWARD J YOUNGS, aka E JOHN YOUNGS,        **AFFIDAVIT OF SERVICE**
JOHN J DENKER-YOUNGS,
aka EDWARD JOHN YOUNGS **AND** MATJE G YOUNGS
and/or the LIVING TRUST OF MATJE G YOUNGS
                              *Defendant* (s)
-----------------------------------------------------x

STATE OF NEW YORK      )

COUNTY OF KINGS   ) SS:

**I, LAURA MOSKOWTIZ being duly sworn, depose and says;** that I am at least 18 years of age and not a

party to the above action, and reside at 18-09 147TH STREET, WHITESTONE, NY 11357:

1    On the 14th day of September, 2015, at ____10¹³ am_____

     at __316 W Neck Road__, in the City of HUNTINGTON, in the state of

     New York, I personally served a copy of a **SUMMONS W/ COMPLAINT – CIVIL TORT**

2.   I personally served _Edward J Denker Youngs_ copies of the said papers by

     delivering and leaving with __at door - defendant would not open door__ at said time and place.

3.   I knew the person so served to be the person name in said papers as the DEFENDANT in this action

4.   DESCRIPTION OF PERSON SERVED: sex: _M_   color of skin: _white_ hair: _dirty blonde_

     approx. age: _50_   approx. ht _5'10_   approx. wt: _180_

6.   Also, Depositing a secondary true copy of said papers upon __EDWARD J. DENKER-__

__YOUNGS__ enclosed in a post-paid wrapper in the __HUNTINGTON__ Branch Post Office addressed to

__33 PENNINGTON DR, HUNTINGTON, NY 11743.__

Sworn to before me this:

_14_ day of _September_, 200 15 _____        _Laura Moskowitz_

_____

**(Notary Public)**

ARISLEYDA BORDAS
Notary Public - State of New York
NO. 01BO6249254
Qualified in Queens County
My Commission Expires 10/08/2015



**Laura Moskowitz** added 3 new photos — with **John Youngs** at 316 W Neck RD.

5 mins · Huntington, New York · ⊛





