Brian H. Denker-Youngs
25 Boerum Street Apt 18E
Brooklyn, NY 11206
Tel. 917.373.5019

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 DEC 23 A 11: 46

RECEIVED

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

BRIAN H. DENKER-YOUNGS                     Chapter 7

    Debtor                                    Case Number 15-41069

-------------------------------------------------------X

### DEBTOR'S AFFIDAVIT IN FURTHER SUPPORT
### OF ALL MOTIONS CALENDARED FOR HEARING ON JANUARY 13, 2015

I, BRIAN H. DENKER-YOUNGS am the debtor *Pro Se* in the above filed petition before this Honorable Court appearing this 22nd day of December 2015 and wish to submit the following exhibits in further support of motions' calendared to be heard before the court on January 13, 2016 as scheduled and put forth under penalty of perjury and hereby state:

**As and For A Motion to Set Aside Order for Relief and Reinstate All Stays [ECF Doc. 130]**

1. Attached as an appendix hereto is a motion to recuse Suffolk County Supreme Court Justice David T Reilly for which supporting exhibits attached thereto suggests not only acts of docket tampering but fraud upon the court committed by the non-debtor spouse, his counsel and officers of the court to which your deponent has filed complaints and sought after assistance presently from the New York State Attorney General, and the United States Government Attorney and the Federal Bureau of Investigation to which

your deponent submits before this court with an <u>application to file said complaint Under Seal</u>.

2. Your deponent has attempted to communicate without reply from Trustee McCord for assistance.

3. Your deponent makes reference to the attached "exhibit 1", pages 41-65 of court transcript from an October 22, 2015 appearance before this honorable court and directs your attention to page 45 line 7 of the transcript and such presentations made by the non-debtor spouse's counsel Ms. Loftin to which your deponent was proactively attempting to tell the court that such was false. Ms. Loftin stated: "No, it didn't prevent us from getting an appraisal your honor. But my client has stopped because he's --- until he receives relief from the automatic stay that he can proceed with the sale, he just stopped marketing it at this point."

Further page 54 your deponent directs the court's attention to line 4 again, Ms Loftin states: "I don't think that's a problem, I think all we're seeking to do is to go to the matrimonial court and receive authority to sell the property." As such your deponent also redirects this courts attention to exhibit #2 and specifically page 6 of the Suffolk County Supreme Court Order of June 23, 2015 to which states <u>"ORDERED, plaintiff's application directing the sale of the marital residence located at 33 Pennington Drive, Huntington, NY is denied."</u>

4. Such representations made that day by Ms. Loftin on behalf of her client and his present performance of listing the home for sale is in direct defiance of said order re: the house being directed to be sold.

5. Furthermore, attached hereto as "exhibit 3" are pages of the non-debtor spouse's bill for August – September with Simonetti & Associates to which clearly shows Ms. Loftin, the non-debtor spouse and the matrimonial attorneys not only had meetings, but kept in very frequent and close contact. Thus, highly unlikely as represented on October 22, 2015 by Ms. Loftin that she was unaware of your deponent's appeal before the Second Department, in fact not only must Ms. Loftin have known about your deponent's appeal, but she willingly withheld information that there in fact is a secondary action to annul the marriage whereby alleging her client induced your deponent into a marriage fraudulently.

6. Henceforth, established that a pre-meditated course of conduct in deed has come before this honorable court with the intention to inflict harm and further financial demise upon your deponent and to the extent your deponent has repeatedly appeared hesitant in proceedings as resistant to discharging any debts and even to the extent your deponent puts forth in email exchanges to Lawrence Morrison if said filing pre-petition was still necessary (see exhibits attached hereto later within).

### As and For A Motion Objecting to Claim #4 [ECF Doc. No. 80] – VW Credit, Inc.

7. Referencing back to "exhibit 2" is an Order of the Suffolk County Supreme Court dated June 23, 2015 to which page 6 Orders that "Plaintiff (i.e. non-debtor spouse) shall pay all related expenses to the Volkswagen EOS".

8. Notwithstanding this order alone should preclude such claim from a discharge against your deponent, in calling and speaking to the claimant, your deponent was informed that in fact the claim was filed upon filing for bankruptcy and that in fact they would need to determine how much is really owed (if anyone the vehicle) as their SOP is to

immediately file a claim upon the filing of any applicant to any VW Credit account. Thus in fact VW Credit, Inc. may have no claim or any claim near $27,286.57 against your deponent's estate.

9. Given the state issued court order, your deponent does not have access to that VW Credit file and hence the court should direct Edward John Denker-Youngs to provide all payment and detailed paperwork for an update on the status of the account to determine if any outstanding debt is owed and if so, your deponent requests permission to bring an adversary action against the non-debtor spouse for the payment of any outstanding debt against the vehicle and your deponent's estate to the effect of claim #4 herein.

**As and For A Motion to Compel the Trustee's Abandonment of 33 Pennington Drive, Huntington NY [ECF Doc. No. 86];**

10. Attached hereto as "exhibit 4" is the bank's appraisal of the Pennington Drive property to which establishes on September 2012 the property's value at $470,500.

11. Attached hereto as "exhibit 5" is an email from original broker "Anne Peters" the sellers agent to whom represented the seller on the sale of 33 Pennington Drive and additionally attached therewith, a survey of the property together with the buyer's independent inspection overview page, the town's property record and title search all which clearly refute the possibility as Trustee McCord represented as the possibility of sub-division of the property as the property is a 1-home zoning with a minimum requirement of .75acres and for which the property is only 1.11 acres. Thus just by mere ordnance of the town, the property is and can only remain as a single home property.

12. Further exhibited in the attached #6 are comparative listings of the homes' value ranging from $526,900 from homes.com, $585,015 from Zillow, $529,800 from homesnap, and even by Aventine Properties LLC in re: Tax Assessment the property value in re: grieving taxes was listed by them as $551,724.

13. Your deponent also attaches in exhibit #7 remaining unfinished work within the home and to which also reduces the listing prices significantly for a buyer, included among the same is the fact that there is no gas hook up to the kitchen for a gas stove top. At present non-debtor spouse has a propane tank with coper piping rigging the same. The oil burner is on its' last legs and a conversion to gas would cost an estimated $35,000. The main hallway stairs are buckling and need to be reinforced / redone and as exhibited there is still slate counter top in the backyard as well as fencing that requires work.

14. Further attached as exhibit #8 is the non-debtor's listing the house for sale at a price of $649,000 for which your deponent is curious how such a price was devised. Factoring into it, the house immediately next door to the north and across the street to the south are both on the market and completed finished homes.

15. At a negotiable best and benefit of the doubt, a sale of the home at $600,000, there is the listing agent and broker to whom also would come off of the available funds remaining.

16. At present there is an estimated $340,000 remaining on the mortgage and a lien of the non-debtor spouses' for $123,737 which bring the total owed to $463,737 for which is ironic given we only purchased the house for $455,000. Nonetheless, a brokers' commission and listing if anything may leave $100,000 to which the non-debtor spouse filed a fabricated claim against your deponent's estate for nearly double, hence forth, in

theory if such a claim were valid, that would mean the non-debtor spouse was willing to lose nearly $60,000+ on the house? Further your deponent easily has established $44,000 from my separate pre-marital 401(k) was drawn for the down payment and purchase of a home, thereafter, if allowed a homestead, there isn't even enough equity to take a full homestead against the property as would be allowable by law, hence your deponent is still very much confused on where the value and benefit to the creditor's and trustee are in establishing an interest against the home.

### As and For A Motion of the Trustee to Object to Homestead Exemption [ECF Doc. No. 102];

17. Your deponent makes reference to the attached "exhibit's 9, 10 and 11" to which are an Order to Show Cause signed by the Honorable Patrick Leis III making such returnable November 9, 2015 and calls for vacating the pen dente lite order of June 23, 2015 to which is the reason your deponent is unable to reside at his own home; transcript of the said proceeding before Judge Leis to which reinforces your deponent's claim that fraud upon the court of Suffolk County Supreme has been committed by the non-debtor spouse and his counsel from Simonetti & Associates to which the third Order to Show Cause signed by the Honorable James Quinn and attached hereto further reinforces making returnable an Order to Show Cause dismissing the proceedings in Suffolk County Supreme Court among which violations of the New York State Professional Rules of Conduct Part 1200 have been violated, and further suggests a bias of the court. Hence forth such denial of a homestead based upon an order of said proceedings would be deemed questionable and potentially moot if in fact the proceedings in fact are dismissed on next appearance of even on appeal and thereafter your deponent would in fact return to being in residence at the home.

**As and For An Determining whether the Order converting the case from Chapter 11 to Chapter 7 should be vacated [ECF Doc. Nos. 105 & 106];**

18. Attached here to as "exhibit 12" is your deponent's Equifax credit reports of May 29, 2015 and of March 9, 2015 to which clearly displays the Bethpage Home Equity Line of Credit of $123,737 removed from your deponents credit file. There after removing the same from your deponents' schedules and in light of the reality that there has been a fraud upon the court by the non-debtor spouse, your deponent would have cause for retribution of legal expenses and thereafter essentially would bring your deponent into a realm of not being bankrupt or without options for paying debts hence forth, such examinations are critical in determining the path forward however, your deponent again reinforces the point that such conversion was done prematurely to which your deponent believes was intentional and a setup by Lawrence Morrison and the non-debtor spouse and his counsel. Your deponent requests the consent of this court to commence adversary proceedings against the non-debtor spouse and his mother who utilized and benefited from such home equity line of credit so that such debt may be satisfied and removed from the petition and filing herein.

19. Attached hereto as "exhibit 13" are emails prior to even filing a Chapter 11 petition between your deponent and Morrison inquiring about the need of filing having just found out about the home equity line of credit removal from your deponent's credit file. Further, as displayed by Morrison's own letter to this court of August 6, 2015 and the additional emails, Morrison did not perform and conduct such due diligence with respect to determining the liability of such debts.

20. Hereto as "exhibit 14" is a list of accounts and further Morrison's confirmation of readying such subpoenas for such determination. Morrison never did send the same, however attached hereto as "exhibit 14", your deponent has in fact not only gathered the same together but service of the same has commenced to secure and analyze the same and determining liability.

21. Further attached as "exhibit 15" is your deponents "Power of Attorney" executed on January 29, 2012 only months after the non-debtor spouse and your deponent married. To that extent the importance of this document is two-fold; first the non-debtor spouse as displayed never had authorization ever from your deponent to ever act "solely" by himself on behalf of your deponent. The non-debtor spouse was expected to (if ever at all) act and perform jointly with your deponent's aunt and/or cousin in agreement and consenting. Further, such power of attorney was clearly made known and understood as the non-debtor spouse's mother served as one of the witnesses to the executive of this instrument.

22. Your deponent also calls attention to the last page to which is executed and clearly displays that upon request agents will provide an accounting for all funds handled and all acts performed in the capacity of acting as my agent. Henceforth, your deponent represents again by this mere document, reinforces the appropriateness as well not only to your deponents' request for the examination and forensic accounting due to the gregarious conduct of the non-debtor spouse and his mother with your deponent's finances to which have caused the present situation but in executing this agreement, they have already consented to such performance requests and only seek to be alieved from the same as they have in fact acted disingenuously against your deponent, my estate and

thereafter committed such acts of fraud, conversion, misappropriation, identity theft and grand larceny and not only be held liable and repay what was taken but also face such appropriate charges for their crimes.

WHEREFORE, your deponent submits the above and attached in further support of this court's Order on motions scheduled for January 13, 2016,

1. Vacating the conversion from Chapter 11 to 7
2. Reinstating all stays pursuant to 11 USC 362
3. Denying Morrison's final application and ordering the return of the debtor's payment for retainer of $10,000
4. Denying Trustee McCord's Objection to Homesteading
5. Directing the non-debtor spouse withdraw all listings of the real property located at 33 Pennington Drive, Huntington, NY
6. Granting your deponent's application for homesteading
7. Any and other such relief this court deems just and proper

Date:  December 22, 2015

Brian H. Denker-Youngs
25 Boerum Street
Brooklyn, NY 11206
T. 917.373.5019
e: bhdenker@gmail.com

Cc:  Richard McCord, Trustee (by mail)
Jacqulin Loftin, Counsel to Edward J. Denker-Youngs (by email)
Edward J. Denker-Youngs    (by mail)
US Trustee (by mail)