**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Salvatore LaMonica, Esq.
Jacqulyn S. Loftin, Esq.
*Attorneys for Edward John Denker Youngs*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

BRIAN DENKER,

                Debtor.
----------------------------------------------------------------x

Chapter 11
Case Number 15-41069-CEC

**MOTION TO QUASH THE SUBPOENAS ISSUED AND SERVED ON THE FOLLOWING PARTIES:  I) BETHPAGE FEDERAL CREDIT UNION; II) CITIBANK N.A.; III) JP MORGAN CHASE BANK; IV) 3 DIMENSIONAL WEALTH; V) BANK OF AMERICA CORP.; VI) MERRILL LYNCH, WEALTH MANAGEMENT DIVISION, BANK OF AMERICA; VII) THE MEYERS LAW GROUP, P.C.; AND VIII) CLERK OF THE COURT, SUFFOLK COUNTY SUPREME COURT, STATE OF NEW YORK**

**To:**     The Honorable Carla E. Craig
           Chief United States Bankruptcy Judge
           United States Bankruptcy Court
           Eastern District of New York:

Edward John Denker Youngs ("Mr. Youngs"), by and through his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby moves seeking entry of an Order scheduling a hearing on shortened notice and an Order, under Rule 45 of the Federal Rules of Civil Procedure (the "Rules"), as made applicable to this proceeding under Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), quashing the subpoenas (the "Subpoenas") issued and served on the following parties:  i) Bethpage Federal Credit Union; ii) Citibank N.A.; iii) JP Morgan Chase Bank; iv) 3 Dimensional Wealth; v) Bank of America Corp.; vi) Merrill Lynch, Wealth Management Division, Bank of America; vii) The Meyers Law Group, P.C.; and viii) Clerk of the Court, Suffolk County Supreme Court, State of New York (collectively, the

1

"Subpoenaed Parties"), and granting such other, further and different relief as this Court deems proper and represents as follows:

## PRELIMINARY STATEMENT

1. Mr. Youngs respectfully requests that the Court quash the Subpoenas issued and served by the Debtor upon the Subpoenaed Parties on multiple grounds. First, each of the Subpoenas is facially invalid as it references an adversary proceeding that simply does not exist in this bankruptcy matter. Further, the adversary proceeding number referenced on the Subpoena issued against the Clerk of the Court, Suffolk County is actually the Index Number in the Matrimonial Action (as referenced below) between the Debtor and Mr. Youngs. Therefore, attempting to obtain documents in connection with this non-existent adversary proceeding is improper and the Subpoenas should be deemed invalid. More importantly, the Debtor is attempting to obtain Mr. Youngs' personal financial information. Such information is privileged and confidential, thus making the Subpoenas objectionable. There is no basis in the pending bankruptcy proceeding that would give rise to the Debtor's entitlement of Mr. Young's financial information. For these reasons, and those set forth below, Mr. Youngs submits the Subpoenas should be quashed.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

2. On March 13, 2015 (the "Filing Date"), Brian Denker (the "Debtor") filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York (the "Court").

3. On October 1, 2015, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.

4. On October 2, 2015, Richard M. McCord, Esq. was appointed as the Chapter 7 Trustee (the "Trustee") and has since duly qualified by operation of law as the permanent Chapter 7 Trustee appointed to administer this bankruptcy estate.

5. In accordance with a subpoena served pursuant to Bankruptcy Rule 2004 and issued by the Trustee, Mr. Youngs has previously produced all responsive financial documents to the Trustee on December 14, 2015.

6. In connection therewith, on December 21, 2015, Mr. Youngs appeared for an examination conducted by the Trustee pursuant to Bankruptcy Rule 2004.

7. Also, on December 21, 2015, the Debtor submitted subpoenas to the Clerk of the Court for entry by the Clerk, each of which referenced an adversary proceeding captioned as, Brian H. Denker-Youngs v. Edward J. Denker-Youngs. However, there is no such adversary proceeding pending in this Court at this time.

8. Some of the Subpoenas reference "Adv. Proc. No. 16968-2014". Again, no such adversary proceeding number exists in this Court. However, this is the index number of the matrimonial proceeding pending in New York State Supreme Court, Suffolk County captioned: Edward John Denker-Youngs v. Brian H. Denker-Youngs, Index No. 14-16968 (the "Matrimonial Action").

9. In an Order dated December 14, 2015, the Court scheduled a hearing on January 13, 2016 on the following motions (collectively, the "Motions"):

    i.    Motion Objecting to Claim No. 4;
    ii.    Motion to Compel Abandonment;
    iii.    Motion to Object to the Homestead Objection;
    iv.    Final Application for Compensation;
    v.    Order the Schedule Hearing to determine whether the Order converting the case from Chapter 11 to Chapter 7 should be vacated;
    vi.    Motion for Order Clarifying Bankruptcy Code § 362;

      vii.      Motion for an Order directing Mr. Youngs to Cease and Desist Demolition; and

      viii.      Motion to Set Aside Order for Relief and Reinstate all Stays

10.    All but one of these Motions was filed by the Debtor. More importantly, Mr. Youngs has not yet objected to any these Motions, and thus no contested matter exists between Mr. Youngs and the Debtor at this time. Accordingly, the Subpoenas were each issued in connection with a non-existent adversary proceeding or contested matter and are, therefore, invalid.

## BASIS FOR THE RELIEF REQUESTED

11.    As a threshold matter, the Subpoenas do not comply with Rule 45(A)(1)(ii), as applicable under Bankruptcy Rule 9016, and thus the Subpoenas are invalid and unenforceable. Rule 45(a)(1)(ii) provides as follows:

  (a) In General.

    (1) *Form and Contents.*

      (A) Requirements--In General. Every subpoena **must**:

      . . .

        (ii) state the title of the action and its civil-action number;

Fed. R  Civ. P. 45(a)(1)(ii) (**emphasis added**). "The failure to include, or the affirmative misstatement of, any of [the information required under Rule 45(a)(1)(A)] makes the subpoena facially invalid and unenforceable." 9 Moore's Federal Practice § 45.10[2] (Matthew Bender 3d Ed.) (collecting cases).

12.    In this instance, the Subpoenas bear a caption for an adversary proceeding that was never commenced and does not exist. Therefore, they do not comply with Rule 45(a)(1)(ii) and are invalid and unenforceable. *See Scott v. County of Suffolk*, 2008 U.S. Dist. LEXIS 88332, *1-2 (E.D.N.Y. 2008) (quashing subpoena because "the subpoenas are defective under Rule 45

inasmuch as . . . the subpoenas are issued under a caption that is not the one reflected in the docket of this case.").

13.     Equally, there is no contested matter before the Court as Mr. Youngs has not objected to any of the Debtor's numerous Motions.  Although the Clerk has authority to issue subpoenas under Rule 45, as applicable under Bankruptcy Rule 9016, in a contested matter, no such matter presently exists in this case.  Further, the scope of the information sought, all of which relates to Mr. Youngs' financial disposition, has absolutely no relevance to the pending Motions, this bankruptcy proceeding or the administration of this estate.  Rather, the Debtor is attempting to somehow use his own bankruptcy case to obtain information purportedly relevant to an unrelated matter from Mr. Youngs.

14.     Mr. Youngs further challenges the Subpoenas on the basis that they seek the production of privileged financial information from third party financial institutions.  A party may move to quash a subpoena of a non-party where the party has "'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas. '"*In re Flag Telecom Holdings Ltd*, 2006 U.S. Dist. LEXIS 69140, *5 (S.D.N.Y. 2003) (quoting *Sierra Rutile Ltd. v. Katz*, 1994 U.S. Dist. LEXIS 6188, *6 (S.D.N.Y. 1994)); *see also Griffith v. United States*, 2007 U.S. Dist. LEXIS 36672 (S.D.N.Y. 2007) ("[C]ourts of this circuit have found that 'individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'"); *Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068 *1 (S.D.N.Y. 2007)(standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs"); *Chazin v.*

*Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding a party had standing to challenge a subpoena served on non party financial institutions based on privacy grounds).

15. Here, there is no basis to allow the Debtor to obtain documents relating to Mr. Youngs' personal and confidential financial information. It is clear that the Debtor is attempting to use this Court to obtain discovery in connection with the Matrimonial Action. Respectfully, the Debtor's motives are improper and impermissible. Should the Debtor seek such information in connection with the Matrimonial Action, he is free to do so in the proper jurisdiction — the State Court.

16. Even assuming, *arguendo,* that Mr. Young's privileged financial information is remotely relevant to the bankruptcy proceeding, such information has already been produced to the proper party — the Trustee as administrator of this estate. As set forth above, Mr. Youngs has complied with the Trustee's subpoena pursuant to Bankruptcy Rule 2004 and produced all of the requested financial information of himself and of Mr. Youngs' mother, Matje G. Youngs. Further, Mr. Youngs has recently appeared for an examination by the Trustee in connection with his financial history and current status. Should the Trustee seek additional financial information, Mr. Youngs will certainly comply and produce all responsive documents. Nonetheless, the fact still remains that there is no valid basis that entitles the Debtor to Mr. Youngs' privileged financial information.

17. Further, this issuance of these Subpoenas is just another example of the Debtor's continued harassment of Mr. Youngs. Indeed, the Debtor is now threatening criminal action against Mr. Youngs and his mother. Specifically, in an email dated December 24, 2015, the Debtor stated "In response to your clients' Objection and unwillingness to cooperate, together with said docs filed (ECF docs 151 and 152), I will be filing the attached Order to Show Cause

seeking the court's consent on proceeding with *launching any such advesarily [sp] and criminal actions necessary against your client and his mother* and further holding any and all parties liable for an irrevocable damages your undersigned would suffer." A copy of the email is annexed as **Exhibit "A"**.  Such threatens are improper and should not be rewarded.

18.    Based on the foregoing, Mr. Youngs respectfully request that the Court enter an Order, pursuant to Rule 45 as applicable under Bankruptcy Rule 9016, quashing the Subpoenas.

**WHEREFORE**, Mr. Youngs respectfully requests that the Court grant the motion to quash the Subpoenas pursuant to Rule 45 as applicable under Bankruptcy Rule 9016 and such other, further and different relief as to the Court may deem just and proper.

Dated:  December 28, 2015
       Wantagh, New York

                          **LaMONICA HERBST & MANISCALCO, LLP**
                          Attorneys for Mr. Youngs

               By:    ***s/ Salvatore LaMonica***
                       Salvatore LaMonica, Esq.
                       Jacqulyn S. Loftin, Esq.
                       3305 Jerusalem Avenue, Suite 201
                       Wantagh, New York 11793
                       Ph. 516.826.6500

*M:\Documents\Company\Cases\Youngs, Edward\Mtn to Quash\Motion to Quash.docx*