Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel for the Chapter 7 Trustee
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Phone: (516) 296-7000
Facsimile: (516) 296-7111

**Hearing Date: January 13, 2016**
**Time: 12:00 p.m.**
**Objection Date: January 6, 2016**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

BRIAN H. DENKER-YOUNGS,

     Debtor.

Chapter 7
Case No.: 1-15-41069-cec

---------------------------------------------------------X

## TRUSTEE'S OPPOSITION TO THE FIRST AND FINAL APPLICATION FOR COMPENSATION FOR MORRISON TENENBAUM PLLC

  **RICHARD J. MCCORD**, an attorney duly admitted to practice law before the courts of the State of New York, and the Eastern District of New York, affirms the following to be true under the penalty of perjury:

  1. I am a member of Certilman Balin Adler & Hyman, LLP ("CBAH"), attorneys for Richard McCord, Esq., as Chapter 7 Trustee (the "Trustee") for the Estate of Brian H. Denker-Youngs ("Debtor"). As such, I am familiar with the background of this matter and the facts stated below.

  2. This affirmation is submitted (a) in opposition to the first and final application for compensation for Morrison Tenenbaum PLLC ("Morrison Tenenbaum"), as counsel to the Debtor, pursuant to sections 105, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Guidelines issued on June 4, 2013, pursuant to the general Order 613 awarding applicant an allowance of compensation as an administrative claim pursuant to Bankruptcy Code

1

3221759.1

§503(b)(2) in the amount of $11,646.00 ("Morrison Compensation Application").

## BACKGROUND

3. On March 13, 2015 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4. Pursuant to Court Order dated May 13, 2015, Morrison Tenenbaum was retained as counsel to the Debtor and Debtor in Possession, nunc pro tunc to the Filing Date.

5. On October 1, 2015, the Debtor's case was converted to one under Chapter 7 and on October 2, 2015, I was appointed the Trustee.

6. Pursuant to the Debtor's Statement of Financial Affairs ("SOFA"), specifically number 9, it appears that Morrison Tenenbaum received $10,000.00 on March 13, 2015 in connection with the Chapter 11 filing. Annexed hereto as **"Exhibit A"** is a copy of portion of the SOFA which reflects same.

7. Pursuant to Court Order dated October 30, 2015, Morrison Tenenbaum was granted leave to withdraw as counsel of record to the Debtor. Annexed hereto as **"Exhibit B"** is a copy of said Order.

8. The Debtor's §341A Meeting of Creditors was held on November 12, 2015 (the "341 Meeting"). The Debtor appeared Pro-Se.

9. On November 12, 2015, Morrison Tenenbaum filed the Morrison Compensation Application. Morrison is requesting allowance of compensation as an administrative claim pursuant to Bankruptcy Code §503(b)(2) in the amount of $11,646.00, based upon 28.80 hours of services rendered to the Debtor post petition.

**TRUSTEE'S OPPOSITION TO MORRISON COMPENSATION APPLICATION**

10. On April 4, 2015, there is a time entry by Lawrence Morrison ("Morrison") reflecting review and finish drafting retention, with the total hours expended to be 2.70. This amount appears exorbitant as retention applications are pro forma.

11. On April 8, 2015, there is a time entry for Marcos Coto-Batres, paralegal ("Coto-Batres"), reflecting 0.80 hour spent editing and filing the retention application. The docket reflects that the retention application was filed on April 7, 2015( Dkt. No. 16).

12. On July 30, 215, there is a time entry for Coto-Batres, reflecting time spent in the amount of 0.80 hour, to amend the Debtor's schedules. An amendment to the Debtor's petition was never filed after that date by Morrison Tenenbaum.

13. On August 19, 2015, there is a time entry by Morrison reflecting 2.50 hours spent in connection with the preparation for and appearance at a status conference. Pursuant to the Court docket, the conference was adjourned without hearing.

14. The Trustee believes that the Debtor's case should have been filed as a Chapter 7 and not a Chapter 11. Schedule J of the bankruptcy petition reflects a -$686.18 as a monthly net income. The Debtor's unsecured debt was $59,807.00. It appears that the Debtor would have never been able to feasibly fund a Chapter 11 plan.

15. Based upon the above, the Trustee respectfully requests that the amount requested be reduced by $2,734.00.

16. The Trustee further believes that the Morrison Compensation Application is premature as there are several Motions pending and returnable on January 13, 2016, which relate to the administration of the Debtor's case.

**WHEREFORE**, it is respectfully requested that the Court (i) reduce the Morrison Application for Compensation by $2,734.00; and (ii) grant the Trustee such other, further and different relief as the Court deems just, proper and equitable.

Dated: East Meadow, New York
December 30, 2015

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Attorneys for Richard J. McCord, Chapter 7 Trustee

        By:    /s/ Richard J. McCord
                Richard J. Mccord (RJM 3290)
                90 Merrick Avenue, 9th Floor
                East Meadow, New York 11554
                (516) 296-7000