Richard J. McCord, Esq. (RJM 3290)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Richard J. McCord, as Chapter 7
Trustee for the Estate of Brian H. Denker-Youngs
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                      Chapter 7

BRIAN H. DENKER-YOUNGS,

                                       Case No. 15-41069-cec

                Debtor.
---------------------------------------------------------X

## REPLY AFFIRMATION IN FURTHER SUPPORT OF TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

**RICHARD J. MCCORD**, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirms the following to be true and under penalty of perjury:

1.      I am the Chapter 7 Trustee (the "Trustee") appointed in the above referenced case and, as such, I am fully familiar with the facts and circumstances set forth herein.

2.      I submit this affirmation (i) in further support of Trustee's motion seeking an Order disallowing the Debtor's claimed homestead exemption in the amount of $148,500.00 for real property located at 33 Pennington Drive, Huntington, New York 11743 (the "Huntington Property") pursuant to Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and CPLR §5206(a); and (ii) in response to Debtor's Affirmation Challenging Trustee's Objection to Debtor's Homestead Exemption [Dkt. No. 110].

1

## BACKGROUND FACTS

3.      On March 13, 2015 (the "Filing Date"), Brian H. Denker-Youngs (the "Debtor")
filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the
"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

4.      On October 1, 2015, the Debtor's case was converted to one under Chapter 7 and
on October 2, 2015, I was appointed the Trustee.

5.      The Debtor listed his street address as 25 Boerum Street, Apt 18E, Brooklyn, New
York 11206 in his bankruptcy petition (the "Boerum Street Property"). The Boerum Street
Property is owned by Lindsay Park Housing Corp., a limited-profit housing company organized
and existing under the laws of the State of New York. Lindsay Park Housing Corp. ("Lindsay
Park") is a cooperative housing company organized under Article 2 of New York's Private
Housing Finance Law, N.Y. Priv. Hous. Fin. Law §§ 10-37 (McKinney 1976) (the "Mitchell-
Lama Law"), financed by loans from New York City and, pursuant to Sections 23 and 32 of the
Mitchell-Lams Law, N.Y. Priv. Hous. Fin. Law §§ 23, 32 (McKinney 1976), is subject to
regulation by the City of New York Department of Housing Preservation and Development
("HPD").[1] The building known as 25 Boerum Street, Brooklyn, New York 11206 owned by
Lindsay Park is cooperative housing governed by the Mitchell-Lama Law. Annexed hereto as
**Exhibit A** is a copy of the Mortgage and Note Modification Agreement between Lindsay Park
and the City of New York ("NYC") with respect to 25 Boerum Street and other real properties

---

[1] The Mitchell-Lama Law was enacted in 1955 to offer private housing companies the incentive to develop low—
and moderate—income housing. The program encourages such housing by offering State and municipal assistance
to developers in the form of long-term, low-interest government mortgage loans and real estate tax exemptions. In
return for these financial benefits, developers agree to regulations concerning rent, profit, disposition of property and
tenant selection. *Gorelik v. Sobol*, 20 Misc. 3d 1134, Slip Op. 51725 (U), WL 35213502008 (Sup. Ct., Kings Co.,
Aug. 14, 2008); *Matter of KSLM—Columbus Apts., Inc. v. New York State Div. of Hous. & Community Renewal*, 5
N.Y.3d 303, 308 (2005); Matter of Columbus Park Corp. v. Dep't of Hous. Preser. & Dev. Of City of NY, 80
N.Y.2d 19, 23 (1992).

3234660.1

owned by Lindsay Park, which was recorded on August 17, 2009; Schedule B thereto sets forth a list of all prior mortgages granted by Lindsay Park to NYC.

6.    HPD has promulgated regulations (the "Regulations") applicable to housing companies subsidized by NYC pursuant to the Mitchell-Lama Law, including Lindsay Park. *See Silberman v. Biderman*, 735 F. Supp. 1138, 1140 (E.D.N.Y. 1990).    Section 3-02(n) of the Regulations provides in pertinent part as follows:

(n)    *Lease and occupancy agreements.*

(1)    No tenant/cooperator shall be permitted to occupy an apartment until an executed lease or occupancy agreement has been approved by HPD.    The minimum term of such lease or occupancy agreement shall be one year.

\*\*\*

(4)    *It is required that the apartment of the tenant/cooperator be at initial occupancy and continue to be his or her primary place of residence. The facts and circumstances to be considered in determining whether a tenant/cooperator occupies a dwelling unit as his or her primary residence include, but are not limited to, whether such tenant/cooperator*

(i)    *specifies an address other than such dwelling unit as his or her place of residence or domicile in any tax return, motor vehicle registration, driver's license or other document filed with a public agency,*

(ii)    *gives an address other than such dwelling unit as his or her voting address,*

(iii)    sublets or permits unauthorized persons to occupy the dwelling unit without written approval by HPD and the housing company or attempts to assign such dwelling unit, or

(iv)    spent less than an aggregate of one hundred eighty-three days in the preceding calendar year in the City at such dwelling unit (unless such individual is in active service in the armed forces of the United States or took occupancy at such dwelling unit during the preceding calendar year).    However, *no dwelling unit may be considered the primary residence of (sic)*

3

> *the tenant/cooperator's name is listed on income documentation that must be sent by the tenant/cooperator to the Department or to any other governmental agencies (for example: income affidavits, re-certifications or Section 8 forms) for the most recent preceding year for which such documentation was required. No dwelling unit may be considered the primary residence of the tenant/cooperator unless the tenant/cooperator provides proof that he or she either filed a New York City Resident Income Tax return at the claimed primary residence for the most recent preceding taxable year for which such return should have been filed* or that the tenant/cooperator was not legally obligated to file such tax return pursuant to § 1705(b)(1)(A) and § 1751(a) of the Administrative Code due to residency in a foreign country or pursuant to § 11-1751(a) of the Administrative Code and § 6-01 of the Tax Law because the tenant/cooperator's income for such year was below that required for the filing of a return pursuant to § 893 or 894 of the Internal Revenue Code due to employment by a foreign government or international organization or due to any treaty obligation of the United States which applies to such taxpayer. *The tenant/cooperator whose residency is being questioned will be obligated to provide proof that his or her apartment is his or her primary place of residence, including but not limited to certified New York State income tax returns, utility bills and voter registration data.*

> (5)  The terms and conditions of all licensing agreements and all tenancies, including tenancies of commercial and professional space, shall be subject to HPD written approval.

Mitchell-Lama Regs. § 3-01(n) (emphasis supplied).

7.     The Debtor has produced to the Trustee his 2013 and 2014 Tax Returns ("Tax Returns"), which reflects his home address as the Boeurm Street Property. Annexed hereto as **Exhibit B** is copy of the first page of the Tax Returns reflecting same.

8.     Additionally, the Profit and Loss from Business, attached to the Tax Returns, reflects that the business address for the Debtor's business, Modern Divinities, is the Boerum Street Property. Annexed hereto as **Exhibit C** is the portion of the Tax Returns which reflects same.

4

9.    A search of the website of the Kings County Board of Elections reveals that the Debtor is registered to vote in Brooklyn, New York.    The Districts in which he votes are as follows:

Congressional District: 7
Senate District:  18
Assembly District:  53
Election District: 15

A copy of Debtor's voter registration information is annexed hereto as **Exhibit D**.

10.    At a hearing held on May 13, 2015, prior counsel for the Debtor represented to this Court that "it is clear now that [Debtor's] homestead really is in Brooklyn and not in – and not in Huntington." *See* Transcript of 5/13/15 Hrg., at 6 [Dkt. No. 23]., a copy of which is annexed hereto as **Exhibit E**.

11.    The Trustee has attempted to depose the Debtor regarding the instant matter pursuant to a Notice to Take Deposition dated December 21, 2015, a copy of which is annexed hereto as **Exhibit F**.  However, the Debtor has indicated that he is unavailable for deposition until the end of January 2016.  See email correspondence annexed hereto as **Exhibit G.**

12.    On October 5, 2015, the Debtor filed an Order to Show Cause seeking a preliminary injunction and restraining order ("Debtors OSC")(Dkt. No. 50). Attached as an Exhibit to the Debtor's OSC, is an Affidavit in Support, dated August 28, 2015, submitted by the Debtor in the divorce action pending against Edward J. Denker-Youngs in the Supreme Court of the State of New York, County of Kings, which states "your deponent has always maintained and been a permanent and voting registrant herein the County of Kings having been raised in Williamsburg Brooklyn, living in a development known as Lindsay Park Corp. to which my parents are active members of the community, its leaders and developments Mitchell Lama's Cooperative Board. Attached hereto labeled exhibit I your deponent's driver's license, several

5

years of tax returns filed in Brooklyn to which I pay city taxes and are attached", a copy of which is annexed hereto as **Exhibit H.**

13.    Annexed hereto as **Exhibit I,** is a copy of the correspondence from Lindsay Park, which reflects the Debtor is the sole occupant and shareholder of the Boerum Street Property.

14.    The Debtors New York State driver's license reflects his principal residence to be the Boerum Street Property, not the Huntington Property. Annexed hereto as **Exhibit J** is a copy of his driver's license.

15.    Section 522(b) of the Bankruptcy Code provides that a debtor may exempt certain property from the bankruptcy estate. Section 522(b)(2) permits a debtor to utilize exemptions set forth in the New York Debtor & Creditor Law. 11 U.S.C. §522(b)(2).

16.    CPLR § 5206(a), provides that "[a lot of land with a dwelling thereon] not exceeding one hundred fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof." N.Y. C.P.L.R. § 5206(a).

17.    In order to be entitled to a homestead exemption, CPLR §5206(a) requires evidence of: an ownership interest in real property and residency by the debtor in that property and proof property is owned and occupied as a principal residence.... *In re: Martinez*, 392 B.R. 530, 535 (Bankr. E.D.N.Y. 2008).

18.    The Trustee respectfully requests that based on the foregoing, the Court should grant the Trustee's objection to the Debtor's claimed homestead exemption with respect to the Huntington Property. In the alternative, it is respectfully requested that the Court set this matter down for an evidentiary hearing and enter a scheduling order imposing a discovery schedule

3234660.1                                                     6

which the Debtor must abide by.

**WHEREFORE**, it is respectfully requested that the Court enter an order disallowing the Debtor's claimed homestead exemption in the amount of $148,500.00 in the Huntington Property, together with such other, further and different relief as the Court may deem just, proper and equitable.

Dated:  East Meadow, New York
       January 8, 2016

               **CERTILMAN BALIN ADLER & HYMAN, LLP**
               Attorneys for the Chapter 7 Trustee for the Estate
               Of Brian H. Denker-Youngs

               By:    /s/ Richard J. McCord_____
                       **RICHARD J. MCCORD, ESQ.**
                       90 Merrick Avenue
                       East Meadow, New York 11554
                       (516) 296-7000

7