Richard J. McCord, Esq. (RJM3290)
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee, Richard J. McCord, Esq.
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In Re:

BRIAN H. DENKER-YOUNGS,                           Chapter 7
                                                  Case No.: 15-41069-cec
            Debtor,
-------------------------------------------------------------------X
RICHARD J. McCORD, ESQ., as Chapter 7
Trustee of the Estate of BRIAN H. DENKER-YOUNGS,

                  Plaintiff,                       Adv. Pro. No.: 16-

         -against-

BRIAN H. DENKER-YOUNGS,                            **COMPLAINT**

                  Defendant.

-------------------------------------------------------------------X

     Richard J. McCord, Esq., the Chapter 7 Trustee of the Estate of Brian H. Denker-Youngs

(the "Trustee" or "Plaintiff"), by his attorneys, Certilman Balin Adler & Hyman, LLP, as and for

his complaint against Debtor Brian H. Denker-Youngs (the "Debtor" or "Defendant")

respectfully alleges and sets forth to this Court as follows:

## JURISDICTION AND PARTIES

     1.    This action arises under 11 U.S.C. §§727 (a)(3) and 727(a)(4) and Rules 4004 and

7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

     2.    This adversary proceeding arises in a case under Title 11 of the United States

3235182.1

Code.

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

4.    The statutory predicates for this proceeding are 11 U.S.C. §§521, 727 and Bankruptcy Rules 4004 and 7001, as this action arises in and under the pending Chapter 7 case of the Debtor.

5.    This is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A), (E) and (J).

6.    Venue in this Court is proper pursuant to 28 U.S.C. §1409(a).

7.    By notice of appointment, the Plaintiff was appointed interim Trustee and has since qualified as the permanent Trustee of the Debtor's estate.

8.    Certilman Balin Adler & Hyman, LLP, is counsel to the Trustee, having been retained by Court Order dated November 5, 2015.

9.    Upon information and belief, at all relevant times herein, the Debtor is an individual who resides at 25 Boerum Street, Apt. 18E, Brooklyn, New York 11206.

## BACKGROUND

10.    On March 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York. On October 1, 2015, the Court signed an Order converting the Debtor's Chapter 11 case to Chapter 7.

11.    Schedule A filed with Debtor's Chapter 11 petition reflects real property owned by Debtor jointly with spouse located at 33 Pennington Street, Huntington, New York 11743 (the "Huntington Property"), valued at $350,000.00, with no secured claim, and also reflect that the Debtor is a "shareholder" of a cooperative apartment located at 25 Boerum Street, Apt. 18E,

3235182.1

Brooklyn, New York 11206 (the "Boerum Street Property"), value listed as being unknown, and no secured claim. A copy of Chapter 11 Schedule A and D are annexed hereto as **Exhibit A**.

12.    Debtor's Schedule B filed with his Chapter 11 petition reflects ownership interest in an S Corp, known as Modern Divinities, the value listed as being unknown. Annexed hereto as **Exhibit B** is a copy of the portion of the Chapter 11 Schedule B reflecting the Debtor's ownership interest of Modern Divinities.

13.    Schedule I of the Debtor's Chapter 11 petition reflects monthly income of $2,381.82 and Schedule J of the Debtor's Chapter 11 petition reflects monthly expenses in the amount of $3,068.00, resulting in a monthly net income of -$686.18. Debtor's Chapter 11 Schedule I does not reflect any business income from Modern Divinities. Annexed hereto as **Exhibit C** is a copy of Schedule I and Schedule J filed with the Chapter 11 petition.

14.    The Statement of Financial Affairs ("SOFA") filed with the Chapter 11 petition, specifically number 1, lists income from Frost & Sullivan, in the amount of $11,700.00. Annexed hereto as **Exhibit D** is a copy of the SOFA from the Chapter 11 petition.

15.    On August 4, 2015, Debtor's counsel filed a Notice of Motion to Convert this Debtor case from Chapter 11 to Chapter 7 on the basis that the "Debtor was unable to generate income necessary to fund a plan of reorganization". See **Exhibit E** annexed hereto. The Motion was granted pursuant to Court Order dated October 1, 2015 (the "Conversion Date"). Richard J. McCord was appointed the interim Chapter 7 Trustee on October 2, 2015 and qualified as Trustee on November 12, 2015.

16.    On October 6, 2015, Debtor's counsel, Morrison Tenenbaum PLLC, filed an Order to Show to be allowed leave to withdraw as counsel to the Debtor. On October 30, 2015, the Motion was granted. The Debtor has proceeded with his case Pro-Se from that date to the

3235182.1

date of the instant reply.

17.     On October 9, 2015, the Debtor filed schedules amending Schedules filed with his Chapter 11 petition. Amended Schedule A reflects a reduced value of the Huntington Property in the amount of $275,000.00 and the Boerum Street Property listed a value of $1,500.00.  Upon information and belief, there was no change of circumstances that would result in the Debtor changing values of said properties i.e. no appraisal.  Upon information and belief, the Debtor intentionally undervalued the Huntington Property and the Boerum Street Property. Annexed hereto as **Exhibit F** is a copy of Amended Schedule A. Thereby making a false oath and account, Debtor has also falsified records as to his financial condition as defined in 11 U.S.C. §727(a)(3). Amended Schedule D reflects secured claims on the Huntington Property held by Chase Mortgage in the amount of $340,000.00 and Bethpage Federal Credit Union in the amount of $123,737.00. Upon information and belief, the Debtor was aware of the existence of these claims at the time he filed his Chapter 11 petition and intentionally omitted including said debt, thereby knowingly making a false oath and account. The Debtor has also falsified records as to his financial condition as defined in 11 U.S.C. §727(a)(3).  Annexed hereto as **Exhibit G** is a copy of the amended Schedule D.

18.     The Debtor's amended Schedule I, reflects an increase of his monthly income to $7,800.00, but there is no income listed for Modern Divinities. Annexed hereto as **Exhibit H** is a copy of amended Schedule I. Upon information and belief, the Debtor was aware of this financial information at the time of the filing of the Chapter 11 petition and intentionally omitted it.  The Debtor intentionally concealed and falsified his Chapter 11 and amended to prevent this Court and his creditors from ascertaining the Debtor's true financial condition and business transactions and thereby has falsified his records to conceal his true financial condition

3235182.1

as defined in 11 U.S.C. §727(a)(3).

19.    The Boerum Street Property is owned by Lindsay Park Housing Corp., a limited-profit housing company organized and existing under the laws of the State of New York. Lindsay Park Housing Corp. ("Lindsay Park") is a cooperative housing company organized under Article 2 of New York's Private Housing Finance Law, N.Y. Priv. Hous. Fin. Law §§ 10-37 (McKinney 1976) (the "Mitchell-Lama Law"), financed by loans from New York City and, pursuant to Sections 23 and 32 of the Mitchell-Lama Law, N.Y. Priv. Hous. Fin. Law §§ 23, 32 (McKinney 1976), is subject to regulation by the City of New York Department of Housing Preservation and Development ("HPD").   The building known as 25 Boerum Street, Brooklyn, New York 11206 owned by Lindsay Park is cooperative housing governed by the Mitchell-Lama Law. Pursuant to Mitchell-Lama Law, it is required that the apartment of the tenant be at initial occupancy and continue to be his or her primary place of residence.

20.    Schedule C of the Chapter 11 petition reflects the Debtor's claim for a homestead exemption pursuant to NYCPLR §5206 for the Huntington Property in the amount of $150,000.00. Annexed hereto as **Exhibit I** is a copy of Schedule C. The Debtor's amended Schedule C lists a claim for a homestead exemption in the amount of $148,500.00 for the same property, a copy of which is annexed hereto as **Exhibit J**. Upon information and belief, the different amounts claimed by the Debtor in the schedules i.e. $150,000.00 and $148,500.00, is a demonstration that the Debtor understood what he was doing in claiming a homestead exemption and intentionally filed for a homestead exemption on property in which he knew he wasn't entitled to do so and therefore knowingly made a false oath and account as defined in 11 U.S.C. §727(a)(4)(A).

3235182.1

21.     On November 12, 2015, the Trustee filed the Notice of Motion and Application in Support for an Order Disallowing the Debtor's Homestead Exemption (the "Homestead Motion") (Dkt. No.102), which is pending before this Court and scheduled for hearing on January 13, 2016. Additionally, the Debtor listed in his Chapter 11 petition that the Boerum Street Property was his primary residence which is another demonstration of his intention to file a claim for an exemption he is not entitled to which is a detriment to the estate.

22.     On October 5, 2015, the Debtor filed an Order to Show Cause seeking a preliminary injunction, which contained numerous exhibits of documents filed in connection with his matrimonial action against Edward Denker-Youngs. One of the exhibits is an Affidavit in Support, signed by the Debtor under penalties of perjury, on September 24, 2015, submitted in connection with the OSC filed in Supreme Court, County of Kings, in which the Debtor states that he has always "maintained and been a permanent and voting registrant herein the County of Kings having been raised in Williamsburg, Brooklyn…".  Annexed hereto as **Exhibit K** is a portion of the Debtor's affirmation reflecting same. The Debtor has intentionally misrepresented to the Court and his creditors his primary residence to claim a windfall from a homestead exemption he was not entitled to and thereby making a false oath and account as defined in 11 U.S.C. §727(a)(4)(A).

23.     The Debtor filed a copy of the Appellants Affidavit, signed on August 28, 2015 by the Debtor under penalties of perjury, which was filed in the Supreme Court, State of New York, Appellate Division, Second Department, which states that the Pennington Property is the legal address for Modern Divinities. Annexed hereto as **Exhibit L** is a copy of that portion of the Affidavit which reflects this statement from the Debtor. The SOFA filed herein, specifically number 18, does not reflect any business information of the Debtor and therefore the Debtor has

knowingly made a false oath and account as defined in 11 U.S.C. §727(a)(4)(A).

24.    The Debtor provided the Trustee with his 2013 and 2014 Federal and New York State Income Tax Returns, which reflects the Debtor's mailing address to be the Boerum Street Property. Annexed hereto as **Exhibit M** is a copy of the first page of each return reflecting same.

25.    The Debtor's 2013 tax returns reflect gross income from Modern Divinities, whose business address is the Boerum Street Property, in the amount of $34,180.00 and the 2014 tax returns reflect gross income from Modern Divinities in the amount of $19,282.00. Annexed hereto as **Exhibit N** are copies of the portion of each tax return reflecting this gross income and business address.

26.    The Debtor has been married to Edward Denker-Youngs since July 30, 2011. The Debtor's 2013 and 2014 tax returns reflect that he is single, not married.

27.    Upon information and belief, the Debtor has failed to list any income on his bankruptcy schedules which is generated from Modern Divinities. Upon information and belief, the Debtor has intentionally not listed the financial information to mislead the Court and his creditors and therefore the Debtor has falsified his records to that his real financial condition cannot be ascertained as defined in 11 U.S.C. §727(a)(3).

28.    Upon information and belief, the principal residence of the Debtor is the Boerum Street Property not the Huntington Property and the Debtor has intentionally filed a claim for a homestead exemption to gain a windfall at the expense of the estate and in violation of the provisions of 11 U.S.C. §§727(a)(3) and (a)(4)(A).

29.    Upon information and belief, prior to the Petition Date, the Debtor completed a Uniform Residential Loan Application, as a co-borrower with his estranged non-Debtor spouse,

3235182.1

in connection with the purchase of the Pennington Property in October 2012. The Debtor listed the Boerum Street Property on the Schedule of Assets and Liabilities, listing a present market value of $200,000.00.  Annexed hereto as **Exhibit O** is a copy of said application.

30.     The Debtor valued the Boerum Street Property to be $1,500.00 on his amended Schedule A and unknown on Schedule A filed in his Chapter 11 petition.

31.     Upon information and belief, the Debtor inflated the value of the Boerum Street Property to obtain a mortgage from JP Morgan Chase, the mortgagor for the Pennington Street Property.

32.     On November 19, 2015, the Debtor filed Debtor's Affirmation Challenging Trustees' Objection to Debtor's Homesteads of the Real Property Located at 33 Pennington Drive, Huntington, New York 11743 (Dkt. No. 110). Debtor indicates that the Pennington Property "is and was the debtor's primary residence".  See **Exhibit P** annexed hereto. The Debtor has knowingly made a false account to this Court by making this statement when he stated the Boerum Street Property was his premises and listed the Boerum Street Property as his principal residence in this Chapter 11 petition and amended schedules in violation of 11 U.S.C. §§727(a)(3) and (a)(4)(A).

33.     The Debtors New York State driver's license reflects his principal residence to be the Boerum Street Property, not the Huntington Property. Annexed hereto as **Exhibit Q** is a copy of his driver's license.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### UNDER 11 U.S.C. § 727(a)(3)

34.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "33" as if fully set forth herein.

3235182.1

35.    Section 727(a)(3) of the Bankruptcy Code provides that the court shall grant the debtor a discharge unless . . . "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to action was justified under all of the circumstances of the case." 11 U.S.C. §727(a)(3).

36.    The Debtor's initial Chapter 11 petition was filed on March 13, 2015, which was signed by the Debtor under penalties of perjury, and did not list the secured claims of JP Morgan Chase and Bethpage Federal Credit Union.

37.    The Petition was not amended until October 9, 2015, more than seven (7) months after the filing date, to include the secured creditors in the bankruptcy case.

38.    The Debtor has failed to list income generated from all sources on his bankruptcy petition initially filed or the amended schedules, specifically, the income received from his business, Modern Divinities.

39.    Upon information and belief, the Debtor has perpetrated a fraud against Mitchell Lama and this Court in that he claims that the Pennington Property is his primary residence, however, pursuant to Mitchell Lama Law, it is required that the tenant continue with occupancy as his or her primary residence.

40.    Upon information and belief, the Debtor falsified his loan application with JP Morgan Chase and inflated the value of the Boerum Street Property.

41.    By reason of the foregoing, the Plaintiff is entitled to the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(3).

3235182.1

## AS AND FOR A SECOND CLAIM FOR RELIEF
## UNDER 11 U.S.C. § 727(a)(4)(A)

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "41" as if fully set forth herein.

43.     Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall grant the debtor a discharge unless . . . "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account.  11 U.S.C. § 727(a)(4)(A).

44.     The Debtor's Chapter 7 Petition, Schedules, SOFA and Amended Schedules were signed by the Debtor under penalty of perjury.

45.     The omission of income and/or assets from the Debtor's Petition, Schedules and/or SOFA is tantamount to a false oath and falsification of information in Chapter 11 petition schedules and amended schedules.

46.     The Debtor failed to list any income, other than from employment at Frost & Sullivan, although his tax returns reflect business income from Modern Divinities.

47.     Upon information and belief, Debtor falsely swore an oath on Schedule B that Modern Divinities had an unknown value when pursuant to the Debtor's tax returns, an income was generated therefore demonstrating value of Modern Divinities.

48.     The Debtor falsely swore an oath on Schedule A of Chapter 11 petition and the amended schedules, as the Trustee has obtained an evaluation of the Huntington Property valuing same around $600,000.00.

49.     The false oaths related materially to the bankruptcy case, as it resulted in concealing a potentially valuable asset of the Debtor and/or income received by the Debtor.

50.     In addition, the Debtor did not amend the SOFA to disclose the Modern Divinities or explain in further detail the ownership interest as needs to be reflected on number 18 of the

3235182.1

SOFA.

51.     By reason of the foregoing, pursuant to 11 U.S.C. §727(a)(4)(A), the Plaintiff Trustee is entitled to a judgment denying the Debtor a discharge.

<b><u>RESERVATION OF RIGHTS</u></b>

52.     It is the intent of the Plaintiff to object to the Debtor's discharge.  As such, Plaintiff hereby specifically reserves its right to amend this Complaint to bring any and all other claims and causes of action that it may maintain against the Debtor to the extent discovery in this action or further investigation by the Plaintiff reveals such additional claims or causes of action.

<b><u>RELIEF REQUESTED</u></b>

**WHEREFORE,** Plaintiff prays for an order and judgment (i) determining that the Debtor's discharge should be denied pursuant to Bankruptcy Code § 727(a)(3) and (a)(4)(A); and (ii) granting Plaintiff  such other, further or different relief as this Court deems just, proper, and equitable under the circumstances of this case.

Dated: East Meadow, New York
        January 8, 2016

                    **CERTILMAN BALIN ADLER & HYMAN, LLP**
                    Attorneys to the Chapter 7 Trustee

                    By:     /s/ Richard J. McCord
                            **RICHARD J. MCCORD, ESQ.**
                            90 Merrick Avenue, 9th Floor
                            East Meadow, New York 11554
                            Phone: (516) 296-7000

3235182.1