UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 7

Brian H. Denker-Youngs,                             Case No. 15-41069-cec

                    Debtor.
-------------------------------------------------------------x

# DECISION

## APPEARANCES

| | |
|---|---|
| Richard J. McCord. | Brian H. Denker-Youngs |
| Certilman Balin Adler & Hyman | 25 Boerum Street, Apartment 18 E |
| 90 Merrick Avenue | Brooklyn, New York 11206 |
| East Meadow, New York 11554 | |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Richard J. McCord, Esq., Chapter 7 Trustee (the "Trustee") to disallow the claimed homestead exemption of Brian H. Denker-Youngs (the "Debtor") in property located at 33 Pennington Drive, Huntington, New York (the "Huntington Property").  The Trustee contends that because the Debtor was not living at the Huntington Property when the Debtor commenced this bankruptcy case on March 13, 2015 (the "Petition Date"), and because certain documents in the record (including the petition commencing this case) show a Brooklyn address for the Debtor, the Debtor is not entitled to claim a homestead exemption in the Huntington Property.  The Debtor contends that he is entitled to claim the homestead exemption in the Huntington Property because it is his principal residence, although he moved out of the Huntington Property several months prior to the commencement of this bankruptcy case, in compliance with an order entered in state court.  A trial was held on March 23, 2016, during which the Court heard testimony from the Debtor and the Debtor's former counsel, Lawrence Morrison.

Because the record shows that the Debtor intended to occupy the Huntington Property as his principal residence at the time of the bankruptcy filing, and that he vacated the premises involuntarily as a result of the state court's order awarding exclusive occupancy to his spouse, the Trustee's motion is denied.

## JURISDICTION

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012.  This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (H).

## BACKGROUND

In his original schedules, the Debtor disclosed a $350,000 equity interest in the Huntington Property, which is encumbered by a mortgage. (Sched. A- Real Property, ECF 11.)[1] The Debtor filed amended schedules on October 9, 2015, which state that the Debtor has an equity interest of $275,000 in the Huntington Property. (Amend. Sched. A- Real Property, ECF 64.) In addition, the Debtor owns an apartment located at 25 Boerum Street #18E, Brooklyn, New York 11206 (the "Boerum Street Property"). (Amend. Sched. A- Real Property, ECF 64.) The Boerum Street Property is part of an apartment complex under the New York City Mitchell-Lama Housing Program. (Tr. of the March 23, 2016 Hr'g,, p. 118, ECF 228 (the "Trial Tr.").) The Debtor grew up in the Boerum Street Property and acquired it in 2001 as the successor to a family member. (Trial Tr., p. 139, ECF 228.) The Debtor purchased the Huntington Property with his spouse, Edward John Denker-Youngs in 2012 and they moved into the Huntington Property together in February, 2013. (Trial Tr. p. 123, ECF 228) The Debtor claimed a homestead exemption of $148,500 for the Huntington Property pursuant to CPLR § 5206 on his amended Schedule C. (Amend. Sched. C, ECF 64.)

The Debtor resided at the Huntington Property from February, 2013 until December, 2014, when marital strife between the Debtor and his spouse, caused the Suffolk County Supreme Court, in their matrimonial case, to enter an interim order of exclusive occupancy (the "Exclusive Occupancy Order"), barring the Debtor from entering the Huntington Property. (October 5, 2015 Application for an Order to Show Cause, p. 131-137, ECF 50.) Consequently, the Debtor was prohibited from residing at the Huntington Property at the time that he filed his bankruptcy petition.

---

[1] Citations to "ECF" are to papers filed on the docket of this adversary proceeding, identified by docket number.

On November 12, 2015, the Trustee filed an objection to the Debtor's claimed homestead exemption, arguing that, putting aside the fact that he did not reside there at the Petition Date, the Debtor is in any event not entitled to a homestead exemption in the Huntington Property, because other evidence shows that it is not his principal residence. (Motion to Object to Homestead Exemption, p. 5-7, ECF 102.) The Trustee contends that the Debtor's address shown on his bankruptcy petition as well as other documents, including his driver's license and tax returns, show that the Debtor resided at the Boerum Street Property at all relevant times. (Reply Affirmation in Further Support of Trustee's Obj. to Debtor's Claimed Homestead Exemption, p. 2-5, ECF 177.)

## LEGAL STANDARD

Exemption statutes are construed liberally in favor of the Debtor. In re Keil, 88 F.2d 7, 8 (2d Cir. 1937); In re Hunt, 250 B.R. 482, 485 (Bankr. E.D.N.Y. 2000); In re McNeill, 193 B.R. 654, 659 (Bankr. E.D.N.Y. 1996); In re Moore, 177 B.R. 437, 441 (Bankr. N.D.N.Y. 1994); In re Miller, 167 B.R. 782, 783 (Bankr. S.D.N.Y. 1994); In re Rundlett, 153 B.R. 126, 130 (S.D.N.Y. 1993). A party objecting to a debtor's exemption bears the burden of proof to show that the exemption is improper. Fed. R. Bankr. P. 4003(c).

"Under § 522(b) [of the Bankruptcy Code] 'an individual debtor may exempt from property of the estate' property that is exempt under federal law pursuant to § 522(d) or under applicable state law, unless applicable state law only authorizes the debtor to claim the state law exemptions." In re Schneider, 2013 WL 5979756 at * 3 (Bankr. E.D.N.Y. 2013)(quoting 11 U.S.C. § 522(b)). New York became an "opt in state" in 2011, meaning that debtors in New York may elect to claim either the federal or New York State exemptions. In re Schneider, 2013 WL 5979756 at * 3 (Bankr. E.D.N.Y. 2013).

Section 282 of the New York Debtor and Creditor Law provides in relevant part "an individual debtor domiciled in this state may exempt from the property of the estate… personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules." N.Y. Debt. & Cred. Law § 282(i). CPLR § 5206(a), in turn, provides that a "[lot of land with a dwelling thereon] not exceeding one hundred fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for purchase thereof." N.Y.C.P.L.R. § 5206 (a). The Debtor elected the New York State exemption scheme and claimed a $148,500 homestead exemption in the Huntington Property pursuant to CPLR § 5206(a). (Amend. Sched. C, ECF 64.)

## DISCUSSION

### A. Occupancy

When determining the allowance of an exemption, a court must consider the circumstances as they existed on the petition date. In re Scott, 233 B.R. 32, 40 (Bankr. N.D.N.Y. 1998). Courts have interpreted CPLR § 5206(a) to require "actual physical occupancy on a regular basis," and, since a homeowner may only have one principal residence, the homestead "must be occupied by the debtor on a more regular basis than any other residence." Id. Additionally, to establish a principal residence, a debtor must have an "intent to reside there permanently." Id.

The Debtor's ouster from the Huntington Property pursuant the Exclusive Occupancy Order does not prevent him from claiming a homestead exemption in the Huntington Property. In In re Moulterie, 398 B.R. 501 (Bankr. E.D.N.Y. 2008), the court considered a similar

objection to a homestead exemption claimed in a marital residence by a divorcing debtor who had moved out prior to the commencement of his bankruptcy case, and concluded that

> the requirement that the property be 'owned and occupied as a principal residence' by the debtor is satisfied when a debtor spouse leaves the principal marital residence, pending final resolution by the state courts of the spouses' respective property rights in the residence, while the debtor's family remains living there.

In re Moulterie, 398 B.R. 501, 505 (Bankr. E.D.N.Y. 2008) (quoting In re Smith, 57 B.R. 81, 82 (Bankr. N.D.N.Y. 1985). In In re Smith, the court concluded that "the New York courts would not construe absence from the marital abode pending final resolution of property rights by its courts to constitute an abandonment of rights of residency or occupancy of a homestead under section 5206 of [the CPLR]." In re Smith, 57 B.R. 81, 82-83 (Bankr. N.D.N.Y. 1985). The rationale for the rule is that a strict interpretation of the occupancy requirement in this context "would encourage, if not require, the often hostile parties to a matrimonial dispute to continue to share the marital abode on penalty of loss of property rights." Id. at 81, 82. The circumstances contemplated in Smith and Moulterie are present in this case, as the Debtor was forced to leave his marital residence by the Exclusive Occupancy Order several months prior to the commencement of this case. It would be improper to deny the Debtor a homestead exemption in the Huntington Property based on the fact that he did not reside there on the Petition Date under these circumstances.

The Trustee argues that even if the Debtor is not disqualified from claiming a homestead exemption in the Huntington Property because he did not reside there on the Petition Date, documentary evidence shows that the Debtor did not consider the Huntington Property to be his principal residence either before or after he moved out. The Trustee points to the Debtor's tax returns, driver's license, bankruptcy petition and voter registration, all of which refer to the

5

Boerum Street Property as the Debtor's address. (Reply Affirmation in Further Support of Trustee's Obj. to Debtor's Claimed Homestead Exemption, p. 2-6, ECF 177.)

The Debtor's failure to change his address to the Huntington Property on his driving license, tax returns and voter registration does not establish that the Debtor's principal residence was anywhere other than the Huntington Property. The Debtor testified at the trial that he moved into the Huntington Property in February, 2013. (Trial Tr. p. 123, ECF 228.) The Debtor was forced to leave the Huntington Property in December, 2014. (October 5, 2015 Application for an Order to Show Cause, p. 131-137, ECF 50.) Of the two tax returns listing the Boerum Street Property as the Debtor's address, only one, the Debtor's 2013 federal tax return, was filed during the period after the Debtor and his spouse moved to the Huntington Property and before the Debtor was forced to move out. The Debtor testified that his accountant prepared his tax returns and that he was unsure whether he provided his new address to his accountant after he moved to the Huntington Property. (Trial Tr. p. 141-142, ECF 228.) The Debtor's failure to change his address on a tax return does not establish that he did not intend the Huntington Property to be his principal residence.

The Debtor's voter registration is also insufficient to establish that the Debtor did not reside at the Huntington Property. The Trustee offered into evidence a "Voter Search," time stamped December 31, 2015, which shows that the Debtor is registered to vote at the Boerum Street Property address. (Reply Affirmation in Further Support of Trustee's Obj. to Debtor's Claimed Homestead Exemption, p. 1, ECF 177-4.) The Debtor testified that he did not recall when he registered to vote. (Trial Tr., p. 144, ECF 228.) The Debtor also testified that he cannot recall whether he voted during his time at the Huntington Property. (Id. at 148.) Moreover, the "Voter Search" is dated more than a year after the Debtor left the Huntington Property pursuant

to the Exclusive Occupancy Order. (Reply Affirmation in Further Support of Trustee's Obj. to Debtor's Claimed Homestead Exemption, p. 1-2, ECF 177-4.) This document does not provide any information about whether the Debtor considered the Huntington Property his principal residence on the Petition Date.

The Debtor's bankruptcy petition and driver's license also fail to establish that the Debtor did not consider the Huntington Property to be his principal residence on the Petition Date. The Debtor's bankruptcy petition was filed after the Debtor moved out of the Huntington Property as required by the Exclusive Occupancy Order. Given that fact, and given the Debtor's contentious relationship with his spouse, the Debtor needed to receive notices and communications relating to the bankruptcy at the Boerum Street Property, not the Huntington Property. While the Debtor could have accomplished this result by listing his residence as the Huntington Property and his mailing address as the Boerum Street Property, the Debtor's (and his counsel's) failure to utilize this option does not, on these facts, show that he intended to reside permanently at the Boerum Street Property.

Nor does the Debtor's driver's license undercut the Debtor's claim to a homestead exemption in the Huntington Property. The copy of the Debtor's driver's license submitted in evidence by the Trustee, which lists the Boerum Street Property address, shows that the license was issued on September 29, 2011. (Trustee's List of Exhibits and Witnesses in Connection with Trustee's Motion to Object to Homestead Exemption, ECF 221-10.) The Debtor did not move into the Huntington Property until February, 2013. (Trial Tr. p. 123, ECF 228.) The fact that the Debtor's 2011 driver's license shows a different address says nothing about the Debtor's residence on the Petition Date. Indeed, the Debtor testified that he obtained a Suffolk County driver's license in 2012 or 2013. (Trial Tr., p. 148, ECF 228.)

The Debtor clearly stated, under oath, that he considered the Huntington Property his principal residence and that he had intended to remain there absent the Exclusive Occupancy Order, which forbade him to do so.  (Debtor's Affirmation Challenging Trustee's Objection to Debtor's Homestead Exemption, p. 2-3, ECF 110.)  This testimony is persuasive.  The record reflects that, as is typical in a marriage, the Debtor considered the Huntington Property, where he resided with his spouse, and which they owned together, to be his principal residence, and only left the Huntington Property when forced to do so by the Exclusive Occupancy Order.

### B. Estoppel

Judicial estoppel prevents a party who has made a statement during a legal proceeding from subsequently taking a contrary position, simply because his interests have changed, especially if the contrary position prejudices the party who has acquiesced in the position formerly taken by him.  DeRoasa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010) (citing New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).  Judicial estoppel will apply when 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage or would impose an unfair detriment on the opposing party if not estopped.  In re Adelphia Recovery Trust, 634 F. 3d 678, 695-696 (2d Cir. 2011); DeRosa v. Nat'l Envelope Corp., 595 F. 3d 99, 103 (2d Cir. 2010); New Hampshire v. Maine, 532 U.S. 742, 751 (2001).  Absent intervening factors, "a party should not be allowed to gain an advantage by litigation on one theory and then seek an inconsistent advantage by pursuing an incompatible theory."  18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981).  The purpose of the doctrine is to maintain the

integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.  United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993).

The Trustee asserts that the Debtor should be judicially estopped from claiming a homestead exemption in the Huntington Property because he filed an affidavit in an action which he commenced against his spouse in September, 2015 in Supreme Court, Kings County, in which he stated that "your deponent has always maintained and been a permanent and voting registrant herein the County of Kings having been raised in Williamsburg Brooklyn, living in a development known as Lindsay Park Corp."  (Trustee's Response to Debtor's Affirmation in Further Support of Claimed Homestead Exemption, p. 3, ECF 188.)  Although the Debtor's statement seems to be inconsistent with his claim that the Huntington Property was his principal residence on the Petition Date, there is no evidence that the Kings County Court adopted this statement in any way.  Nor is there any evidence that the Debtor would derive an unfair advantage or impose an unfair detriment on the estate if he is permitted, notwithstanding this statement, to claim a homestead exemption in the Huntington Property.  Accordingly, the doctrine of judicial estoppel has no application here.

The Trustee also asserts that the Debtor should be estopped from claiming the Huntington Property as his principal residence because in the Debtor's 2013 and 2014 federal tax returns, he stated his address as the Boerum Street Property.  "It is well established that the doctrine of judicial estoppel applies equally where the prior statements were made to administrative agencies, i.e., in administrative of quasi-judicial proceedings."  Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc., 704 F. Supp. 2d 177, 193 (E.D.N.Y. 2013).  Courts in this district have applied this doctrine to prevent parties in litigation from asserting factual positions that are contrary to positions asserted in a tax return.  Youngman v. Robert Bosch LLC, 923 F.

9

Supp. 2d 411, 422 (E.D.N.Y. 2013); Ginor v. Lansberg, 159 F.3d 1346, 1346 (2d Cir 1998) (party who obtained a tax deduction by representing to IRS on tax return that a property subject to a mortgage was partnership property was estopped, in subsequent litigation, from claiming that the mortgage was not a partnership obligation).

The elements of quasi-estoppel mirror those of judicial estoppel. Quasi-estoppel applies when 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage or would impose an unfair detriment on the opposing party if not estopped. Here, only the Debtor's 2013 tax return, was filed during the time after he moved into the Huntington Property and before he was forced to leave; the Debtor's tax return for 2014 was filed in 2015, following the Debtor's ouster from the Huntington Property. (Trial Tr., p. 125, ECF 228.) There is no evidence that the Debtor's use of the Boerum Street Property address on his 2013 tax return provided any unfair advantage or would impose an unfair detriment on the opposing party in the absence of estoppel. In the absence of any benefit to the Debtor through his inconsistent statement, the doctrine of quasi-estoppel does not apply in this case.

## **CONCLUSION**

For the foregoing reasons, the Trustee's objection to the Debtor's homestead exemption in the Huntington Property is overruled. A separate order will issue.



**Dated: Brooklyn, New York**
**June 2, 2016**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**